B1 (Official Form 1)(04/13)

| United States Bankruptcy Court<br>District of Delaware | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Parallel Energy LP** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**FKA Parallel Energy Acquisitions LP** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all)<br>**99-0369322** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**1323 East 71st Street**<br>**Suite 200**<br>**Tulsa, OK**                                   ZIP Code **74136** | Street Address of Joint Debtor (No. and Street, City, and State):                                   ZIP Code |
| County of Residence or of the Principal Place of Business:<br>**Tulsa** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):                                   ZIP Code | Mailing Address of Joint Debtor (if different from street address):                                   ZIP Code |

Location of Principal Assets of Business Debtor
(if different from street address above):

| Type of Debtor<br>(Form of Organization) (Check one box)<br>☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>■ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.) | Nature of Business<br>(Check one box)<br>☐ Health Care Business<br>☐ Single Asset Real Estate as defined<br>in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>■ Other | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box)<br>☐ Chapter 7<br>☐ Chapter 9<br>■ Chapter 11<br>☐ Chapter 12<br>☐ Chapter 13<br><br>☐ Chapter 15 Petition for Recognition<br>of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition<br>of a Foreign Nonmain Proceeding |
|---|---|---|
| **Chapter 15 Debtors**<br>Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding<br>by, regarding, or against debtor is pending: | **Tax-Exempt Entity**<br>(Check box, if applicable)<br>☐ Debtor is a tax-exempt organization<br>under Title 26 of the United States<br>Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box)<br>☐ Debts are primarily consumer debts,<br>defined in 11 U.S.C. § 101(8) as<br>"incurred by an individual primarily for<br>a personal, family, or household purpose."    ■ Debts are primarily<br>business debts. |

| Filing Fee (Check one box)<br>■ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must<br>attach signed application for the court's consideration certifying that the<br>debtor is unable to pay fee except in installments. Rule 1006(b). See Official<br>Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | Chapter 11 Debtors<br>Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>■ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates)<br>are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors,<br>in accordance with 11 U.S.C. § 1126(b). |
|---|---|

| Statistical/Administrative Information<br>■ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid,<br>there will be no funds available for distribution to unsecured creditors. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

Estimated Number of Creditors

| ☐<br>1-<br>49 | ☐<br>50-<br>99 | ☐<br>100-<br>199 | ☐<br>200-<br>999 | ■<br>1,000-<br>5,000 | ☐<br>5,001-<br>10,000 | ☐<br>10,001-<br>25,000 | ☐<br>25,001-<br>50,000 | ☐<br>50,001-<br>100,000 | ☐<br>OVER<br>100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| ☐<br>$0 to<br>$50,000 | ☐<br>$50,001 to<br>$100,000 | ☐<br>$100,001 to<br>$500,000 | ☐<br>$500,001<br>to $1<br>million | ☐<br>$1,000,001<br>to $10<br>million | ☐<br>$10,000,001<br>to $50<br>million | ☐<br>$50,000,001<br>to $100<br>million | ■<br>$100,000,001<br>to $500<br>million | ☐<br>$500,000,001<br>to $1 billion | ☐<br>More than<br>$1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| ☐<br>$0 to<br>$50,000 | ☐<br>$50,001 to<br>$100,000 | ☐<br>$100,001 to<br>$500,000 | ☐<br>$500,001<br>to $1<br>million | ☐<br>$1,000,001<br>to $10<br>million | ☐<br>$10,000,001<br>to $50<br>million | ☐<br>$50,000,001<br>to $100<br>million | ■<br>$100,000,001<br>to $500<br>million | ☐<br>$500,000,001<br>to $1 billion | ☐<br>More than<br>$1 billion |
|---|---|---|---|---|---|---|---|---|---|

B1 (Official Form 1)(04/13)                                                                                                                    Page 2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | **Name of Debtor(s):**<br>**Parallel Energy LP** |
|---|---|

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet)

| Location<br>Where Filed:  **- None -** | Case Number: | Date Filed: |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor:<br>**- None -** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A**<br><br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br>X _____<br>   Signature of Attorney for Debtor(s)          (Date) |
|---|---|

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
#### (Check any applicable box)

- ■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

- ■ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

- ☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
#### (Check all applicable boxes)

- ☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

  _____
  (Name of landlord that obtained judgment)

  _____
  (Address of landlord)

- ☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

- ☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

- ☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(04/13)                                                                                                    Page 3

| **Voluntary Petition** | Name of Debtor(s): |
| *(This page must be completed and filed in every case)* | **Parallel Energy LP** |

### Signatures

<table>
<tr><td colspan="1">

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

</td><td colspan="1">

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

</td></tr>
</table>

**Signature of Attorney***

X  /s/ David M. Bennett     /s/ Neil B. Glassman
Signature of Attorney for Debtor(s)

**David M. Bennett 02139600**     Neil B. Glassman No. 2087
Printed Name of Attorney for Debtor(s)

**Thompson & Knight LLP**     Bayard, P.A.
Firm Name

**333 Clay St.**                222 Delaware Ave.
**Suite 3300**                  Suite 900
**Houston, TX 77002**           Wilmington, DE 19801
Address

**713-654-8111  Fax: 713-654-1817**   302-655-5000
Telephone Number

_____
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

---

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

**Richard N. Miller**
Printed Name of Authorized Individual

**Chief Financial Officer**
Title of Authorized Individual

_____
Date

---

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

B1 (Official Form 1)(04/13)                                                                                                           Page 3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Parallel Energy LP** |

**Signatures**

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

### Signature of Attorney*

X  /s/ David M. Bennett
_____
Signature of Attorney for Debtor(s)

  **David M. Bennett 02139600**
_____
Printed Name of Attorney for Debtor(s)

  **Thompson & Knight LLP**
_____
Firm Name
  **333 Clay St.**
  **Suite 3300**
  **Houston, TX 77002**
_____
Address

  **713-654-8111  Fax: 713-654-1817**
_____
Telephone Number

_____
Date
*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual
  **Richard N. Miller**
_____
Printed Name of Authorized Individual
  **Chief Financial Officer**
_____
Title of Authorized Individual

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

## PARALLEL ENERGY GP LLC

### UNANIMOUS WRITTEN CONSENT OF THE BOARD OF DIRECTORS

November 9 , 2015

      The undersigned, being all of the members of the Board of Directors (the "**Board**") of Parallel Energy GP LLC, a Delaware limited liability company (the "**General Partner**") and the general partner of Parallel Energy LP, a Delaware limited partnership, do hereby waive any and all requirements for calling, giving notice of and holding a special meeting of the Board, and pursuant to Section 18-404(d) of the Delaware Limited Liability Company Act, as amended, and Section 5.6 of the Limited Liability Company Agreement of the General Partner, dated April 14, 2011, do hereby consent to the adoption of the resolutions attached hereto as Exhibit A, effective as of the date first written above.

**THE BOARD:**

_____
Sigmund L. Cornelius

_____
F. H. "Mim" James

_____
Richard M. Alexander

# PARALLEL ENERGY GP LLC

## UNANIMOUS WRITTEN CONSENT OF THE BOARD OF DIRECTORS

### November  9 , 2015

The undersigned, being all of the members of the Board of Directors (the "**Board**") of Parallel Energy GP LLC, a Delaware limited liability company (the "**General Partner**") and the general partner of Parallel Energy LP, a Delaware limited partnership, do hereby waive any and all requirements for calling, giving notice of and holding a special meeting of the Board, and pursuant to Section 18-404(d) of the Delaware Limited Liability Company Act, as amended, and Section 5.6 of the Limited Liability Company Agreement of the General Partner, dated April 14, 2011, do hereby consent to the adoption of the resolutions attached hereto as Exhibit A, effective as of the date first written above.

**THE BOARD:**

_____
Sigmund L. Cornelius


_____
F. H. "Mim" James



_____
Richard M. Alexander

# PARALLEL ENERGY GP LLC

## UNANIMOUS WRITTEN CONSENT OF THE BOARD OF DIRECTORS

### November __9__, 2015

The undersigned, being all of the members of the Board of Directors (the "**Board**") of Parallel Energy GP LLC, a Delaware limited liability company (the "**General Partner**") and the general partner of Parallel Energy LP, a Delaware limited partnership, do hereby waive any and all requirements for calling, giving notice of and holding a special meeting of the Board, and pursuant to Section 18-404(d) of the Delaware Limited Liability Company Act, as amended, and Section 5.6 of the Limited Liability Company Agreement of the General Partner, dated April 14, 2011, do hereby consent to the adoption of the resolutions attached hereto as Exhibit A, effective as of the date first written above.

**THE BOARD:**

_____

Sigmund L. Cornelius

_____

F. H. "Mim" James

_____

Richard M. Alexander

## PARALLEL ENERGY LP

## WRITTEN CONSENT OF THE SOLE LIMITED PARTNER

### November __9__, 2015

The undersigned, being the sole limited partner (the "**Limited Partner**") of Parallel Energy LP, a Delaware limited partnership, does hereby waive any and all requirements for calling, giving notice of and holding a special meeting of the Limited Partner, and pursuant to Section 17-302(e) of the Delaware Revised Uniform Limited Partnership Act, as amended, does hereby consent to the adoption of the resolutions attached hereto as Exhibit A, effective as of the date first written above.

**THE LIMITED PARTNER:**

PARALLEL ENERGY COMMERCIAL TRUST

By: Parallel Energy Inc., its Trustee

By:_____
Name:
Title:

## PARALLEL ENERGY LP

## WRITTEN CONSENT OF THE GENERAL PARTNER

### November  9 , 2015

The undersigned, being the general partner (the "**General Partner**") of Parallel Energy LP, a Delaware limited partnership, does hereby waive any and all requirements for calling, giving notice of and holding a special meeting of the General Partner, and pursuant to Section 17-405(d) of the Delaware Revised Uniform Limited Partnership Act, as amended, does hereby consent to the adoption of the resolutions attached hereto as Exhibit A, effective as of the date first written above.

**THE GENERAL PARTNER:**

PARALLEL ENERGY GP LLC

By: _____
Name: Richard N. Miller
Title: Chief Financial Officer

## EXHIBIT A

*Relating to the Bankruptcy Case*

WHEREAS, each of Parallel Energy Commercial Trust, an Alberta trust (the "**Limited Partner**) and the sole limited partner of Parallel Energy LP, a Delaware limited partnership (the "**Partnership**"), and Parallel Energy GP LLC, a Delaware limited liability company (the "**General Partner**", and together with the Limited Partner, the "**Partners**") and the general partner of the Partnership, have reviewed and considered the financial and operational condition of the Partnership, and the Partnership's business on the date hereof, including the historical performance of the Partnership, the assets of the Partnership, the current and long-term liabilities of the Partnership, the market for the Partnership's products and services, and the credit market conditions; and

WHEREAS, each of the Partners has received, reviewed and considered the recommendations of the Partnership's legal, financial and other advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under the provisions of Chapter 11 of Title 11 of the United States Code ("**Chapter 11**");

NOW, THEREFORE, BE IT RESOLVED that, in the judgment of the Partners, it is desirable and in the best interests of the Partnership, its creditor and other interested parties, that a voluntary petition under Chapter 11 be initiated in Delaware for the Partnership (the "**Petition**"); and it is further

RESOLVED, that each of (a) Richard N. Miller, solely in his capacity as Chief Financial Officer of the Partnership, (b) the General Partner, solely in its capacity as the general partner of the Partnership, and (c) each of the executive officers of the General Partner, solely in their respective capacities as such (each of (a), (b) and (c), a "**Designated Person**"), be, and hereby is, severally authorized, directed and empowered, on behalf of and in the name of the Partnership or the General Partner, as applicable, to (i) execute and verify the Petition as well as any and all other documents ancillary thereto and to cause the Petition to be filed with the United States Bankruptcy Court for the District of Delaware commencing a case (the "**Bankruptcy Case**") and to make or cause to be made prior to the execution thereof any modifications to the Petition or such ancillary documents, and (ii) execute, verify and file or cause to be filed all petitions, schedules, lists, motions, applications and other papers or documents, and to take all further action, in each case, as in his, her or its judgment is reasonable, expedient, convenient, necessary or proper in connection with the foregoing, the execution thereof by such Designated Person to be conclusive evidence of such determination; and it is further

RESOLVED, that notwithstanding Section 17-402(a) of the Delaware Revised Uniform Limited Partnership Act, as amended, the General Partner shall continue as the general partner of the Partnership from and after the filing of the Petition and the commencement of the Bankruptcy Case; and it is further

RESOLVED, that the law firm of Thompson & Knight LLP ("**T&K**") be, and hereby is, authorized and empowered to represent the Partnership as bankruptcy co-counsel and to represent and assist the Partnership in carrying out its duties under Chapter 11, including,

without limitation, the preparation of pleadings and filings in the Bankruptcy Case; and in connection therewith, each Designated Person be, and hereby is, severally authorized, directed and empowered, on behalf of and in the name and on behalf of the Partnership or the General Partner, as applicable, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of T&K; and it is further

RESOLVED, that the law firm of Bayard, P.A. ("**Bayard**") be, and hereby is, authorized and empowered to represent the Partnership as bankruptcy co-counsel and to represent and assist the Partnership in carrying out its duties under Chapter 11, including, without limitation, the preparation of pleadings and filings in the Bankruptcy Case; and in connection therewith, each Designated Person be, and hereby is, severally authorized, directed and empowered, on behalf of and in the name and on behalf of the Partnership or the General Partner, as applicable, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Bayard; and it is further

RESOLVED, that Alvarez & Marsal North America, LLC ("**A&M**") be, and hereby is, authorized and empowered to serve as the financial advisor and to represent and assist the Partnership in carrying out its duties under Chapter 11, including, without limitation, the preparation of pleadings and filings in the Bankruptcy Case; and in connection therewith, each Designated Person be, and hereby is, severally authorized, directed and empowered, on behalf of and in the name and on behalf of the Partnership or the General Partner, as applicable, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of A&M; and it is further

RESOLVED, that Prime Clerk LLC ("**Prime**") be, and hereby is, authorized and empowered to serve as the notice, claims, solicitation and balloting agent in connection with the Bankruptcy Case; and in connection therewith, each Designated Person be, and hereby is, severally authorized, directed and empowered, on behalf of and in the name of the Partnership or the General Partner, as applicable, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Prime; and it is further

RESOLVED, each Designated Person be, and hereby is, severally authorized, directed and empowered, on behalf of and in the name of the Partnership or the General Partner, as applicable, to employ any other individual and/or firm as professionals or consultants or financial advisors to the Partnership as are deemed necessary to represent and assist the Partnership in carrying out its duties under Chapter 11, and in connection therewith, each Designated Person be, and hereby is, severally authorized, directed and empowered, on behalf of and in the name of the Partnership to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of such individuals and/or firms; and it is further

A – 2

RESOLVED, that each Designated Person be, and hereby is, severally authorized and empowered, on behalf of and in the name of the Partnership or the General Partner, as applicable, to obtain post-petition financing according to terms substantially similar to those presented to the Partners on or before the date hereof (the "**DIP Financing**"), including, without limitation, under debtor-in-possession credit facilities or relating to the use of cash collateral; and to enter into any guarantees and to pledge and grant liens on its assets as may be contemplated by or required under the terms of such post-petition financing or cash collateral agreements; and in connection therewith, each Designated Person be, and hereby is, severally authorized and directed to execute such loan agreements, cash collateral agreements and related ancillary documents, in each case, as in his, her or its judgment is reasonable, expedient, convenient, necessary or proper in connection with the foregoing, the execution thereof by such Designated Person to be conclusive evidence of such determination; and it is further

RESOLVED, that each Designated Person be, and hereby is, severally authorized, directed and empowered, on behalf of and in the name of the Partnership or the General Partner, as applicable, to secure the payment and performance of such DIP Financing by (a) pledging or granting liens or mortgages on, or security interests in, all or any portion of the Partnership's assets, including all or any portion of the issued and outstanding capital stock, partnership interests, or membership interests of any subsidiaries of the Partnership, whether now owned or hereafter acquired, and (b) negotiating, finalizing, entering into or causing to be entered into such credit agreements, guarantees, other debt instruments, security agreements, pledge agreements, control agreements, inter-creditor agreements, mortgages, deeds of trust, and other agreements, including, without limitation, a Restructuring Support Agreement among Parallel Energy Trust, the Limited Partner, the General Partner and the Partnership substantially in a form previously presented to the Limited Partner and the General Partner, in each case, as in his, her or its judgment is reasonable, expedient, convenient, necessary or proper in connection with the foregoing, the execution thereof by such Designated Person to be conclusive evidence of such determination; and it is further

RESOLVED, that each Designated Person be, and hereby is, severally authorized, directed and empowered from time to time in the name and on behalf of the Partnership or the General Partner, as applicable, to perform or cause the performance of the obligations of the Partnership under Chapter 11, and to take all such further actions as in his, her or its judgment is reasonable, expedient, convenient, necessary or proper in connection with the foregoing, the taking of such action by such Designated Person to be conclusive evidence of such determination; and it is further

RESOLVED, that each Designated Person be, and hereby is, severally authorized, directed and empowered from time to time in the name of and on behalf of Partnership or the General Partner, as applicable, to cause the Partnership or the General Partner, as applicable, to enter into, execute, deliver, certify, file, record and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, to pay all expenses, including filing fees, and to take such other actions, as in his, her or its judgment is reasonable, expedient, convenient, necessary or proper in connection with the foregoing, the execution thereof or the taking of such action by such Designated Person to be conclusive evidence of such determination.

*Relating to the DIP Financing*

WHEREAS, the Partners consider it necessary and advisable and in the best interests of the Partnership that the Partnership enter into a credit agreement (as ultimately executed, the "**Credit Agreement**") with Canadian Imperial Bank of Commerce, as Administrative Agent and Collateral Agent ("**Agent**"), and certain financial institutions (collectively, "***Lenders***" and each a "**Lender**"), providing for term loans in the aggregate principal amount of $10,500,000 (the "**Term Loans**");

WHEREAS, in connection with the Credit Agreement, the General Partner is required to execute and deliver an absolute and unconditional guarantee and collateral agreement (as ultimately executed, the "**Guarantee and Collateral Agreement**") guarantying all present and future obligations and indebtedness of the under the Credit Agreement, all promissory notes and other documents and instruments at any time delivered in connection therewith (all such obligations, together with any other obligations that may be described in the Guarantee, being herein collectively called the "**Obligations**"); and

WHEREAS, in connection with the Credit Agreement, the General Partner and the Partnership, as applicable, are required to execute and deliver to Agent (or to any collateral agent or co-trustee designated by Agent), in order to secure the Obligations, the Guarantee and Collateral Agreement, various deeds of trust, mortgages, assignments, collateral assignments, security agreements, pledge agreements, guaranty and collateral agreements, trust agreements, and other similar agreements and instruments covering any and all assets of the General Partner and the Partnership, as applicable (together with the Guarantee and Collateral Agreement, the "**Security Documents**").

NOW, THEREFORE, BE IT RESOLVED, that the Partnership provide for the Term loans by entering into, and that the Partnership enter into, the Credit Agreement with Agent and Lenders.

RESOLVED, that, pursuant to the Credit Agreement, the Partnership from time to time execute and deliver the following documents and instruments to or for the benefit of Agent and Lenders (collectively, the "**Lender Parties**"), with each such document or instrument to be in form and substance acceptable to Agent and to the officer or representative of the Partnership executing the same:

(a)    one or more promissory notes of the Partnership (collectively, the "**Notes**"), as contemplated in the Credit Agreement, including among others any replacement or renewal Notes.

(b)    one or more Security Documents made by the Partnership for the benefit of the Lender Parties to grant liens and security interests in any or all real or personal properties of the Partnership, in order to secure the payment and performance of the obligations under the Credit Agreement, the Notes, and/or any other therein described obligations of the Partnership to Agent and/or the Lender Parties; and it is further

A – 4

RESOLVED, that the Board of Directors of the General Partner deem it necessary and advisable and in the best interests of the General Partner, in that valuable benefits will be derived by the General Partner from the Credit Agreement, that the General Partner execute and deliver the Security Documents; and it is further

RESOLVED, that all of the terms, provisions, and conditions included or to be included in the Credit Agreement, the Notes, each Security Document and each of the other foregoing described documents are hereby ratified and approved in all respects, and each Designated Person is hereby severally authorized and directed to execute and deliver the Credit Agreement, the Notes, each Security Document, and each of the other foregoing described documents, in the name and on behalf of the Partnership and the General Partner, as applicable, in such forms as each Designated Person executing and delivering the same may in his or her sole and absolute discretion approve, such approval to be conclusively evidenced by his or her execution and delivery thereof; and it is further

RESOLVED, that each Designated Person is hereby authorized and directed, in the name and on behalf of the Partnership and the General Partner, to execute and deliver for the benefit of the Lender Parties such financing statements, utility security instruments, account control agreements, escrow agreements, intercreditor agreements, subordination agreements, guaranties, notices, ratifications, confirmations, acknowledgments, certificates, and other instruments, documents, agreements, and writings of every kind, to make such attestations to any signatures, and to do and perform or cause to be done and performed all other acts that each Designated Person from time to time considers necessary, advisable or appropriate in order (a) to consummate the transactions described in the Credit Agreement or any Security Document, or any amendment or supplement to any of the foregoing, (b) to give or undertake additional security, assurances, or obligations to Agent or Lender Parties in connection therewith, or (c) to perform and comply with all covenants and agreements and meet and satisfy all conditions and obligations of the Partnership or the General Partner set forth in the Credit Agreement, the Notes, the Security Documents, or any other instruments, documents, and agreements executed or delivered in connection therewith or otherwise authorized in these resolutions; and it is further

RESOLVED, that each Designated Person is hereby authorized to enter from time to time into amendments or supplements to any of the documents authorized under these resolutions, in such forms as such Designated Person in his or her sole and absolute discretion considers appropriate, including without limitation any amendments or supplements to the Credit Agreement that increase the aggregate amount of the term loans to be made thereunder; and it is further

RESOLVED, that the Designated Persons (together with such other officers and employees of the Partnership or the General Partner under their supervision as any of them directs) are hereby severally authorized to request from Lenders, on behalf and as the act of the Partnership, from time to time and in such amounts as each considers necessary and desirable for the Partnership, advances of funds and other extensions of credit in accordance with the Credit Agreement; and it is further

RESOLVED, that the Designated Persons (together with such other officers and employees of the Partnership or the General Partner under their supervision as any of them

directs) are hereby severally authorized from time to time to make, on behalf and as the act of the Partnership, elections as contemplated in the Credit Agreement; and it is further

RESOLVED, that the execution by any Designated Person of any document authorized by the foregoing resolutions or any document executed in the accomplishment of any action or actions so authorized, is (or will become upon delivery) the enforceable and binding act and obligation of the Partnership or the General Partner, as applicable, without the necessity of the signature or attestation of any other officer or the affixing of any seal; and it is further

RESOLVED, that any Designated Person is hereby authorized and directed to certify these resolutions to Agent and Lender Parties; and it is further

RESOLVED, that the Designated Persons (together with such other officers and employees of the Partnership or the General Partner under their supervision as any of them directs) are hereby severally authorized and directed in the name and on behalf of the Partnership or the General Partner, as applicable, to do or cause to be done any and all further acts which they may from time to time consider necessary, advisable or appropriate to carry out the purpose and intent of the foregoing resolutions or to facilitate the Partnership's or the General Partner's continuing relationship with Agent and Lender Parties.

### *Relating to the Purchase and Sale Agreement*

WHEREAS, the Partnership desires to enter into a Purchase and Sale Agreement with Scout Energy Group II, LP, a Texas limited partnership ("**Buyer**"), substantially in the form presented to the Partners on or before the date hereof (the "**Purchase Agreement**"),  pursuant to which, subject to the terms and conditions set forth therein, the Partnership would sell substantially all of its assets to Buyer.

NOW, THEREFORE, BE IT RESOLVED,  that the Partners have determined it is in the best interests of the Partners, the Partnership, its creditors and other interested parties to enter into the Purchase Agreement; and it is further

RESOLVED, the terms and provisions of the Purchase Agreement are hereby approved and adopted in all respects; and it is further

RESOLVED, that each Designated Person be, and hereby is, severally authorized, directed and empowered, in the name and on behalf the Partnership or the General Partner, as applicable, to (a) execute and deliver the Purchase Agreement and all documents ancillary thereto, including, without limitation, the Escrow Agreement (as defined in the Purchase Agreement), with such changes therein or subsequent amendments thereto as in his, her or its judgment is reasonable, expedient, convenient, necessary or proper in connection with the foregoing, the execution and delivery thereof by such Designated Person to be conclusive evidence of such determination, and (b) cause the Partnership to perform its obligations under the Purchase Agreement and all such ancillary documents, including, without limitation, the Escrow Agreement.

518185 000003 16272530.3

*Relating to the Ratification of Prior Acts*

BE IT RESOLVED, that any and all actions taken by each of the Designated Persons, in the name and on behalf of the Partnership or the General Partner, as applicable, prior to the adoption of these resolutions in connection with or related to the foregoing matters are hereby approved, ratified, adopted and confirmed in all respects.


[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]