# **<u>Exhibit B</u>**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PARALLEL ENERGY LP, *et al.*[1] | § | Case No. 15-_____ (__) |
| | § | (Joint Administration Requested) |
| Debtors. | § | |
| | § | **Related D.I.:** _____ |

### ORDER (A) AUTHORIZING AND APPROVING THE SALE OF SUBSTANTIALLY ALL OF DEBTORS' ASSETS TO SCOUT ENERGY GROUP II, LP IN ACCORDANCE WITH THE TERMS OF THE PURCHASE AND SALE AGREEMENT FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, (B) APPROVING THE ASSUMPTION AND ASSIGNMENT OF THE ASSUMED CONTRACTS, AND (C) GRANTING RELATED RELIEF

Upon the Debtors' *Motion Pursuant to 11 U.S.C. §§ 105, 363, 365, 503 and 507 and Bankruptcy Rules 2002, 6004, and 6006 for (I) Entry of an Order (A) Establishing Bid and Auction Procedures Related to the Sale of Substantially All of the Debtors' Assets; (B) Approving Related Bid Protections; (C) Scheduling an Auction and Sale Hearing; (D) Establishing Certain Notice Procedures for Determining Cure Amounts for Executory Contracts and Unexpired Leases to be Assumed and Assigned; and (E) Granting Certain Related Relief; and (II) Entry of an Order (A) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; and (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases* [D.I.    ] (the "Sale Motion"),[2] for entry of orders pursuant to sections 105, 363 and 365 of title 11 of the United States Code

---

[1] The Debtors are Parallel Energy LP and Parallel Energy GP LLC.

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Purchase and Sale Agreement (as defined herein) and the Sale Motion, as applicable. To the extent of any inconsistency, the Purchase and Sale Agreement shall govern.

(the "Bankruptcy Code"), and rules 2002, 6004, 6006, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (a) authorizing a sale process for substantially all of Parallel Energy LP's assets and approving the sale of the assets free and clear of all liens, claims, encumbrances and other interests (excluding the Buyer's Assumed Obligations and Permitted Encumbrances) pursuant to the terms and conditions of that certain Purchase and Sale Agreement (substantially in the form attached hereto as **Exhibit A**, the "Purchase and Sale Agreement") by and between Parallel Energy LP, on the one hand, and Scout Energy Group II, LP, a Texas limited partnership (the "Buyer"), on the other hand, dated as of [_____ __, 2015; (b) authorizing and approving the assumption and assignment of the Assumed Contracts; and (c) granting related relief; and the Court having entered the *Order Pursuant to 11 U.S.C. §§ 105, 363, 365, 503 and 507 And Fed. R. Bankr. P. 2002, 6004, and 6006 (A) Establishing Bid and Auction Procedures for the Proposed Sale of Substantially All of The Debtors' Assets, (B) Approving the Purchase and Sale Agreement, (C) Approving Related Bid Protections, (D) Scheduling an Auction and a Sale Hearing and Approving Notice Thereof; (E) Approving Procedures for Determining Cure Amounts For Executory Contracts and Unexpired Leases to be Assumed and Assigned and Notice Thereof; and (F) Granting any Related Relief* [Docket No. __] on [_____ __, 2015]  (the "Bid Procedures Order"); and upon adequate and sufficient notice of the Sale Motion, the Auction and the hearing held before the Court on [_____ __, 2015]  (the "Sale Hearing"); and the Court having reviewed and considered (a) the Sale Motion and all relief related thereto, (b) the objections and related responses thereto, and (c) the statements of counsel and evidence presented in support of the relief requested by the Debtors at the hearing after which the

Bid Procedures Order was entered by the Court (the "Bid Procedures Hearing")  and at the Sale Hearing; and it appearing that the Court has jurisdiction over the Sale Motion and judicial authority to enter a final order with respect to this matter; and it further appearing that the legal and factual bases set forth in the Sale Motion, at the Bid Procedures Hearing and at the Sale Hearing establish just cause for the relief granted herein (the "Sale Order"); and it appearing that the relief requested in the Sale Motion is in the best interests of the Debtors, their estates, creditors and other parties in interest; and upon the record of the Bid Procedures Hearing and the Sale Hearing, and all other pleadings and proceedings in these Chapter 11 Cases, including the Sale Motion; and after due deliberation thereon and good and sufficient cause appearing therefor, it is hereby **FOUND AND DETERMINED THAT:**[3]

### Jurisdiction, Final Order and Statutory Predicates

A.      This Court has jurisdiction to hear and determine the Sale Motion pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O).  Venue is proper in this District and in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.      This Sale Order constitutes a final order within the meaning of 28 U.S.C. § 158(a).

---

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  All findings of fact and conclusions of law announced by the Court at the Sale Hearing in relation to the Sale Motion are hereby incorporated herein to the extent not inconsistent herewith.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.     The statutory predicates for the relief requested in the Sale Motion are §§ 105(a), 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, 9007 and 9014.

### Notice of the Sale and Auction

D.     In accordance with the Bid Procedures Order approving, among other things, the proposed procedures for bidding at the auction, actual written notice of the Sale Motion was provided to the following parties (the "Notice Parties"): (a) the United States Trustee for the District of Delaware; (b) the Debtors' pre-petition and post-petition lenders or their agents; (c) the creditors listed on the Debtors' consolidated list of 20 largest unsecured creditors, as filed with the Debtors' chapter 11 petitions; (d) counsel to the Buyer; (e) all parties asserting a security interest in the assets of the Debtors to the extent reasonably known to the Debtors; (f) each of the Debtors' landlords and each of the notice parties identified in the real property leases, to the extent possible; (g) various federal, state, county and city tax and regulatory authorities; (h) all entities known to have expressed an interest in a transaction with respect to the Property or that has been identified by the Debtors or their advisors as a potential buyer of the Property; (i) the Federal Trade Commission; (j) the United States Attorney General/Antitrust Division of the Department of Justice; (k) the United States Department of Labor; (l) local and state environmental authorities and the federal Environmental Protection Agency; and (m) local, state and federal authorities and agencies that have issued license or permits to the Debtors with respect to the operation and use of the Property, and (n) all parties requesting notice pursuant to Bankruptcy Rule 2002.

E.      Notice of the Auction was published one day in the *Tulsa World* and the Southwest Edition of the *Wall Street Journal*, and on the Debtors' website maintained by its noticing agent.

F.      Notice of the Auction and Sale Hearing was reasonably calculated to provide all interested parties with timely and proper notice of the Sale, Sale Hearing and Auction.

G.      As evidenced by the affidavits of service previously filed with the Court, proper, timely, adequate, and sufficient notice of the Sale Motion, Auction, Sale Hearing, the Sale and the transactions contemplated thereby has been provided in accordance with the Bid Procedures Order, sections 105(a) and 363 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004, 6006, 9007 and 9008. The notices described above were good, sufficient and appropriate under the circumstances, and no other or further notice of the Sale Motion, Auction, Sale Hearing or the Sale is or shall be required.

H.      The disclosures made by the Debtors concerning the Sale Motion, the Purchase and Sale Agreement, the Auction and the Sale are good, complete and adequate.

I.      A reasonable opportunity to object and be heard with respect to the Sale and the Sale Motion and the relief requested therein has been afforded to all interested persons and entities, including the Notice Parties.

## Good Faith of Buyer

J.      The Purchase and Sale Agreement was negotiated, proposed and entered into by the Seller and the Buyer without collusion, in good faith and at arm's length.

K.      Neither the Debtors nor the Buyer have engaged in any conduct that would cause or permit the Purchase and Sale Agreement to be avoided under section 363(n) of the Bankruptcy Code.  Specifically, the Buyer has not acted in a collusive manner with any person and the aggregate price paid by Buyer for the Property (the "Purchase Price") was not controlled by any agreement among any potential or actual bidder for the Property.

L.      The Buyer is purchasing the Property in good faith, is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code and is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code. The Buyer has proceeded in good faith in all respects in connection with this proceeding, as, *inter alia*: (a) the Buyer complied with the provisions in the Bid Procedures Order; (b) the Buyer's bid was subject to the competitive bidding procedures set forth in the Bid Procedures Order; and (c) all payments to be made by the Buyer in connection with the Sale have been disclosed.

## Highest and Best Offer

M.      The Debtors conducted an auction process in accordance with, and have otherwise complied in all respects with, the Bid Procedures Order.  The auction process set forth in the Bid Procedures Order afforded a full, fair and reasonable opportunity for any person or entity to make a higher or otherwise better offer to purchase the Property. The Auction was duly noticed and conducted in a fair, good faith manner and a reasonable opportunity has been given to all interested parties to make a higher and better offer for the Property and no evidence was presented as to any collusion among bidders or potential bidders.

518185 000003 16197542.11

N.     The offer contained in the Purchase and Sale Agreement for the purchase of the Property constitutes the highest and best offer for the Property.  The Debtors' determination that the Purchase and Sale Agreement constitutes the highest and best offer for the Property constitutes a valid and sound exercise of the Debtors' business judgment.

## No Fraudulent Transfer

O.     The consideration provided by the Buyer pursuant to the Purchase and Sale Agreement for the Property acquired from the Debtors (a) is fair and reasonable, (b) is the highest or best offer for the Property, and (c) constitutes fair consideration and reasonably equivalent value (as those terms are defined in each of the Uniform Fraudulent Transfer Act, Uniform Voidable Transfer Act (as applicable), Uniform Fraudulent Conveyance Act and section 548 of the Bankruptcy Code) under the Bankruptcy Code and under the laws of the United States, any state, territory, possession or the District of Columbia.

P.     The Debtors have subjected the Property to the market pursuant to the Bid Procedures Order and the process has not produced an offer of greater economic value to the Debtors estates than the Buyer's offer, as set forth in the Purchase and Sale Agreement.

Q.     Approval of the Sale Motion and the Purchase and Sale Agreement and the consummation of the transactions contemplated thereby is in the best interests of the Debtors, their estates, creditors and other parties in interest.

R.     The Buyer is not a continuation of the Debtors or of their estates, and there is no continuity of enterprise between the Buyer and the Debtors.  The Buyer is not holding itself out to the public as a continuation of the Debtors.  The Buyer is not a

7

successor to the Debtors or their estates and the Sale does not amount to a consolidation, merger or *de facto* merger of the Buyer and the Debtors.

<u>**Validity of Transfer**</u>

S.      Each Debtor (a) has full corporate power and authority to execute and deliver the Purchase and Sale Agreement and all other documents contemplated thereby, (b) has all corporate authority necessary to consummate the transactions contemplated by the Purchase and Sale Agreement and (c) has taken all corporate action necessary to authorize and approve the Purchase and Sale Agreement and the consummation of the transactions contemplated thereby.  The Debtors' sale of the Property has been duly and validly authorized by all necessary corporate action.  No consents or approvals, other than those expressly provided for in the Purchase and Sale Agreement, are required for the Debtors to consummate the Sale and the Purchase and Sale Agreement and the transactions contemplated thereby.

T.      No evidence was presented to establish that (a) the Purchase and Sale Agreement was entered into for the purpose of hindering, delaying or defrauding creditors under the Bankruptcy Code or under the laws of the United States, any state, territory, possession or the District of Columbia, and (b) either the Debtors or the Buyer are entering into the transactions contemplated by the Purchase and Sale Agreement fraudulently for the purpose of statutory and common law fraudulent conveyance and fraudulent transfer claims.

U.      Parallel Energy LP is the sole and lawful owner of the Property.  Subject to section 363(f) of the Bankruptcy Code, the transfer of the Property to the Buyer  will be, as of the closing of the transactions contemplated by the Purchase and Sale Agreement (the "<u>Closing</u>"), a legal, valid, and effective transfer of the Property, which

transfer vests or will vest the Buyer with all right, title, and interest of the Debtors to the Property free and clear of all liens of any kind (statutory, otherwise, or whether known or unknown, secured or unsecured or in the nature of setoff or recoupment, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or nonmaterial, disputed or undisputed, whether arising prior to or subsequent to the commencement of the Bankruptcy Case, and whether imposed by agreement, understanding, Law, equity, or otherwise, including claims otherwise arising under doctrines of successor liability) (collectively, "Liens"), encumbrances, claims (as defined in section 101(5) of the Bankruptcy Code), interests, rights, demands, charges, mortgages, deeds of trust, options, pledges, security interests or similar interests, title defects, hypothecations, security agreements, rights of recovery, rights of first refusal, preemptive rights, judgments, decrees, consent decrees, taxes, conditional sale or other title retention agreements, product liability or any claims based on any theory that Buyer is a successor, transferee or continuation of each Debtor or such Debtor's business, and other impositions, imperfections or defects of title or restrictions on transfer or use of any nature whatsoever (collectively, "Claims"), including, but not limited to, any applicable Uniform Commercial Code filings and liens pursuant to state statutory lien laws or any other applicable local laws, relating to, accruing or arising any time prior to the Closing Date, with the exception of Buyer's Assumed Obligations and the Permitted Encumbrances.

**Section 363(f) is Satisfied**

V.      The Debtors may sell the Property free and clear of all Liens and Claims against the Debtors, their estates or any of the Property (other than the Buyer's Assumed Obligations and the Permitted Encumbrances) because, in each case, one or more of the standards set forth in section 363(f)(1)–(5) of the Bankruptcy Code has been satisfied. Those holders of Liens or Claims against the Debtors, their estates or any of the Property who did not object, or who withdrew their objections, to the Sale or the Sale Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.  All other holders of Liens or Claims (except to the extent that such Liens or Claims are the Buyer's Assumed Obligations  or Permitted Encumbrances) are adequately protected by having their Liens or Claims, if any, in each instance against the Debtors, their estates or any of the Property, attach to the net cash proceeds of the Sale ultimately attributable to the Property, in which such creditor alleges a Lien or Claim, in the same order of priority, with the same validity, force and effect that such Liens or Claims had prior to the Sale, subject to any claims and defenses the Debtors and their estates may possess with respect thereto.

W.      Unless otherwise expressly included in the Buyer's Assumed Obligations and Permitted Encumbrances, the Buyer shall not be responsible for any Liens or Claims, including in respect of the following: (a) any labor or employment agreements; (b) all mortgages, deeds of trust and security interests; (c) intercompany loans and receivables between the Debtors and any non-Debtor subsidiary; (d) any pension, welfare, compensation or other employee benefit plans, agreements, practices and programs, including, without limitation, any pension plan of any Debtor; (e) any other employee, worker's compensation, occupational disease or unemployment or temporary

disability related claim, including, without limitation, claims that might otherwise arise under or pursuant to (i) the Employee Retirement Income Security Act of 1974, as amended, (ii) the Fair Labor Standards Act, (iii) Title VII of the Civil Rights Act of 1964, (iv) the Federal Rehabilitation Act of 1973, (v) the National Labor Relations Act, (vi) the Worker Adjustment and Retraining Act of 1988, (vii) the Age Discrimination and Employee Act of 1967 and Age Discrimination in Employment Act, as amended, (viii) the Americans with Disabilities Act of 1990, (ix) the Consolidated Omnibus Budget Reconciliation Act of 1985, (x) state discrimination laws, (xi) state unemployment compensation laws or any other similar state laws or any other state or federal benefits or claims relating to any employment with any of the Debtors or any of their respective predecessors; (f) Claims or Liens arising under any Environmental Laws with respect to any assets owned or operated by Debtors or any corporate predecessor at any time prior to the Closing Date; (g) any other liabilities of the Debtors other than the Buyer's Assumed Obligations (collectively, the "Excluded Liabilities"); (h) any bulk sales or similar law; (i) any tax statutes or ordinances, including, without limitation, the Internal Revenue Code of 1986, as amended and state tax statutes or ordinances providing for the payment of sales taxes; and/or (j) any theories of successor liability.

**Compelling Circumstances for an Immediate Sale**

X.     Good and sufficient reasons for approval of the Purchase and Sale Agreement and the Sale have been articulated.  The relief requested in the Sale Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest.  The Debtors have demonstrated both (a) good, sufficient and sound business purposes and justifications and (b) compelling circumstances for the Sale other than in the ordinary course of business, pursuant to section 363(b) of the Bankruptcy Code

11

before, and outside of, a plan of reorganization, in that, among other things, the immediate consummation of the Sale to the Buyer is necessary and appropriate to maximize the value of the Debtors' estates and the Sale will provide the means for the Debtors to maximize distributions to creditors.  The Purchase and Sale Agreement does not impermissibly restructure the rights of the Debtors' creditors and does not impermissibly dictate the terms of a chapter 11 plan for the Debtors, and therefore does not constitute a *sub rosa* plan.

Y.     To maximize the value of the Property and preserve the viability of the business to which the Property relate, it is essential that the Sale of the Property occur within the time constraints set forth in the Purchase and Sale Agreement.  Time is of the essence in consummating the Sale.

Z.     Given all of the circumstances of these Chapter 11 Cases and the adequacy and fair value of the Purchase Price under the Purchase and Sale Agreement, the proposed Sale of the Property to the Buyer constitutes a reasonable and sound exercise of the Debtors' business judgment and should be approved.

AA.    The consummation of the Sale and the assumption and assignment of the Assumed Contracts is legal, valid and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105(a), 363(b), 363(f), 363(m) and 365 and all of the applicable requirements of such sections have been complied with in respect of the transaction.

### Adequate Assurance of Future Performance

BB.    The Buyer has demonstrated adequate assurance of future performance with respect to the Assumed Contracts pursuant to Bankruptcy Code section 365(b)(1)(C).

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

<u>**General Provisions**</u>

1.      The relief requested in the Sale Motion is granted and approved as set forth in this Sale Order, and the Sale contemplated thereby is approved.

2.      Any objections to the Sale Motion or the relief requested therein that have not been withdrawn, waived, or settled as announced to the Court at the Sale Hearing or by stipulation filed with the Court, and all reservations of rights included therein, are hereby denied and overruled with prejudice for the reasons articulated by the Court at the Sale Hearing.

<u>**Approval of the Purchase and Sale Agreement**</u>

3.      The Purchase and Sale Agreement and all other ancillary documents, and all of the terms and conditions thereof, are hereby approved.  The Buyer shall file final versions of the Purchase and Sale Agreement and all other ancillary documents (excluding related disclosure schedules) with the Court upon closing the Sale.  Disclosure schedules that do not contain confidential information shall be provided to other parties only upon a reasonable written request to the Debtors.

4.      Pursuant to sections 363(b) and (f) of the Bankruptcy Code, the Debtors are authorized and empowered to take any and all actions necessary or appropriate to (a) consummate the Sale of the Property to the Buyer pursuant to and in accordance with the terms and conditions of the Purchase and Sale Agreement, (b) close the Sale as contemplated in the Purchase and Sale Agreement and this Sale Order, (c) execute and deliver, perform under, consummate, implement, and close fully the Purchase and Sale Agreement together with all additional instruments and documents that may be

13

reasonably necessary or desirable to implement the Purchase and Sale Agreement and the Sale.

5.      This Sale Order shall be binding in all respects upon the Debtors, their estates, all creditors of, and holders of equity interests in, any Debtor, any holders of Liens, Claims or other interests in, against or on all or any portion of the Property (whether known or unknown), the Buyer and all successors and assigns of the Buyer, the Property and any trustees, if any, subsequently appointed in any of the Debtors' Chapter 11 Cases or upon a conversion to chapter 7 under the Bankruptcy Code of any of the Debtors' cases.  This Sale Order and the Purchase and Sale Agreement shall inure to the benefit of the Debtors, their estates and creditors, the Buyer and the respective successors and assigns of each of the foregoing.

6.      The Purchase and Sale Agreement and any ancillary documentation may be modified, amended or supplemented by the parties thereto, in a writing signed by the parties and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the Debtors' estates.

## Assumption and Assignment of  Contracts

7.      Pursuant to Bankruptcy Code sections 105(a) and 365, and subject to and conditioned upon the closing of the Sale, the Debtors' assumption and assignment to the Buyer, and the Buyer's assumption on the terms set forth in the Purchase and Sale Agreement, of the Assumed Contracts is hereby approved and the requirements of Bankruptcy Code section 365(b)(1) with respect thereto are hereby deemed satisfied.

8.      The Debtors are authorized and directed in accordance with sections 105(a), 363 and 365(a) of the Bankruptcy Code to (a) assume and assign to the Buyer,

effective upon the Closing of the Sale, the Assumed Contracts, free and clear of all Claims, Liens or other interests of any kind or nature whatsoever; and (b) execute and deliver to Buyer such documents or other instruments as may be reasonably necessary to assign and transfer the Assumed Contracts to the Buyer.

9.    The Assumed Contracts shall be transferred to, and remain in full force and effect for the benefit of, the Buyer in accordance with their respective terms, notwithstanding any provision in any such Assigned Contract (including those of the type described in sections 365(b)(2) and (f) of the Bankruptcy Code) that prohibits, restricts or conditions such assignment or transfer.  In addition, pursuant to section 365(k) of the Bankruptcy Code, the Debtors shall be relieved from any further liability with respect to the Assumed Contracts after such assignment to, and assumption by, the Buyer, except as may be provided in the Purchase and Sale Agreement.

10.    Defaults or other obligations of the Debtors under the Assumed Contracts arising or accruing prior to the Closing Date (without giving effect to any acceleration clauses or any default provisions of the kind specified in Bankruptcy Code section 365(b)(2)) shall be cured pursuant to the terms of the Purchase and Sale Agreement on the Closing Date, or as soon thereafter as is reasonably practicable.

11.    To the extent a counterparty to an Assigned Contract failed to timely object to a Cure Amount, such Cure Amount shall be deemed to be finally determined and any such counterparty shall be prohibited from challenging, objecting to or denying the validity and finality of the Cure Amount at any time, and such Cure Amount, when paid, shall completely revive any Assigned Contract to which it relates.  No sections or provisions of any Assigned Contract that purport to provide for additional payments,

penalties, charges or other financial accommodations in favor of the non-debtor third party to the Assumed Contracts shall have any force and effect with respect to the Sale and assignments authorized by this Sale Order.   Such provisions constitute unenforceable, anti-assignment provisions under section 365(f) of the Bankruptcy Code and are otherwise unenforceable under section 365(e) of the Bankruptcy Code.  The non-debtor party to each Assigned Contract shall be deemed to have consented to such assignment under section 365(c)(1)(B) of the Bankruptcy Code and Buyer shall enjoy all of the Debtors' rights and benefits under each such Assigned Contract as of the applicable date of assumption without the necessity of obtaining such non-debtor party's consent to the assumption or assignment thereof.

12.    With respect to objections to any Cure Amounts that remain unresolved as of the Sale Hearing, such objections shall be resolved in accordance with the procedures set forth in the Bid Procedures Order.

13.    Nothing in this Sale Order, the Sale Motion or in any notice or any other document is or shall be deemed an admission by the Debtors that any contract is an executory contract or must be assumed and assigned pursuant to the Purchase and Sale Agreement or in order to consummate the Sale.

14.    The failure of the Debtors or the Buyer to enforce at any time one or more terms or conditions of any Assigned Contract shall not be a waiver of such terms or conditions or of the Debtors' and Buyer's rights to enforce every term and condition of such Assigned Contract.

15.    All parties to the Assumed Contracts are forever barred and enjoined from raising or asserting against the Buyer any assignment fee, default, breach, Claim,

pecuniary loss or condition to assignment arising under or related to the Assumed Contracts existing as of the Closing Date or arising by reason of the Closing, except for any amounts that are Buyer's Assumed Obligations.

**Transfer of the Property**

16.     Pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code, the Debtors are authorized to transfer the Property to the Buyer on the Closing Date, and such transfer shall constitute a legal, valid, binding, and effective transfer of such Property and shall vest the Buyer with title to the Property, upon the Debtors' receipt of the Purchase Price and with the exception of the Buyer's Assumed Obligations and Permitted Encumbrances, free and clear of all Liens, Claims and other interests of any kind or nature whatsoever, including but not limited to, successor or successor-in-interest liability and Claims in respect of the Excluded Liabilities, with all such Liens, Claims or other interests to attach to the net cash proceeds, ultimately attributable to the property against or in which such Liens, Claims or interests are asserted, subject to the terms thereof, with the same validity, force and effect, and in the same order of priority, which such Liens, Claims or interests now have against the Property, subject to any rights, claims and defenses the Debtors or their estates, as applicable, may possess with respect thereto.  Upon the Closing, the Buyer shall take title to and possession of the Property subject only to the Buyer's Assumed Obligations and Permitted Encumbrances.

17.     Except with respect to the Buyer's Assumed Obligations and Permitted Encumbrances, all persons and entities that are in possession of some or all of the Property on the Closing Date are directed to surrender possession of such Property to the Buyer at the Closing.  On the Closing Date, or as soon as possible thereafter, each of the Debtors' creditors is authorized and directed, and the Buyer is hereby authorized, on

behalf of each of the Debtors' creditors, to execute such documents and take all other actions as may be reasonably necessary to release such creditor's Liens, Claims or other interests in the Property, if any, as such Liens, Claims or interests may have been recorded or may otherwise exist.

18.     The Debtors are authorized to take any and all actions necessary to consummate the Purchase and Sale Agreement, including any actions that otherwise would require further approval by members, managers, shareholders or a board of directors without the need of obtaining such approvals.

19.     On the Closing Date, this Sale Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance and transfer of the Debtors' interests in the Property.  Each and every federal, state, and local governmental agency and department is directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase and Sale Agreement.

20.     A certified copy of this Sale Order may be filed with the appropriate clerk and/or recorded with the recorder to act to cancel any Liens, Claims, and other encumbrances of record, except the Buyer's Assumed Obligations and Permitted Encumbrances.

21.     If any person or entity which has filed statements or other documents or agreements evidencing Liens on, or interests in, all or any portion of the Property (other than statements or documents with respect to Buyer's Assumed Obligations and Permitted Encumbrances) shall not have delivered to the Debtors prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements,

instruments of satisfaction, releases of liens and easements, and any other documents necessary for the purpose of documenting the release of all liens or interests which the person or entity has or may assert with respect to all or any portion of the Property, the Debtors are authorized and directed, and the Buyer is authorized, on behalf of the Debtors and each of the Debtors' creditors, to execute and file such statements, instruments, releases and other documents on behalf of such person or entity with respect to the Property.

22.    This Sale Order is and shall be effective as a determination that on the Closing Date, all Liens, Claims or other interest of any kind or nature whatsoever existing as to the Property prior to the Closing Date, other than the Buyer's Assumed Obligations and Permitted Encumbrances, shall have been unconditionally released, discharged and terminated, and that the conveyances described herein have been effected; provided, however, that notwithstanding anything to the contrary in this Sale Order, all Liens, Claims or other interests of any kind or nature whatsoever existing as to the assets of the Debtors other than the Property shall have the same validity, force, priority and effect that such Liens, Claims or interests had prior to the Sale, subject to any claims and defenses the Debtors and their estates may possess with respect thereto.

23.    This Sale Order is and shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or

19

release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase and Sale Agreement.

24.     As of the Closing Date, the Buyer, its successors and assigns, shall be designated and appointed the Debtors' true and lawful attorney with full power of substitution in the Debtors' name and stead on behalf of and for the benefit of the Buyer, its successors and assigns, for the following sole and limited purposes:  have the power to demand and receive from any third party any and all of the Property and to give receipts and releases for and in respect of the Property, or any part thereof, and from time to time to institute and prosecute against third parties for the benefit of the Buyer, its successors and assigns, any and all proceedings at law, in equity or otherwise, which the Buyer, its successors and assigns, may deem proper for the collection or reduction to possession of any of the Property.

25.     To the extent permitted by section 525 of the Bankruptcy Code, no governmental unit may revoke or suspend any permit or license relating to the operation of the Property sold, transferred or conveyed to the Buyer on account of the filing or pendency of the Debtors' Chapter 11 Cases or the consummation of the transactions contemplated by the Purchase and Sale Agreement.

26.     As of the Closing Date, the Buyer shall be authorized, to operate under any license, permit, registration and governmental authorization or approval of the Debtors with respect to the Property, and all such licenses, permits, registrations and

governmental authorizations and approvals are deemed to have been, and hereby are, deemed to be transferred to the Buyer as of the Closing Date.

## Prohibition of Actions Against the Buyer

27.    Except for the Buyer's Assumed Obligations and Permitted Encumbrances, the Buyer shall not have any liability or other obligation of the Debtors. Without limiting the generality of the foregoing, and except as otherwise specifically provided herein or in the Purchase and Sale Agreement, the Buyer shall not be liable for any Claims against the Debtors or any of its predecessors or affiliates, and the Buyer shall have no successor or vicarious liabilities of any kind or character, including, but not limited to, under any theory of antitrust, environmental, successor or transferee liability, labor law, *de facto* merger, mere continuation, or substantial continuity, whether known or unknown as of the Closing Date, now existing or hereafter arising, whether fixed or contingent, whether asserted or un-asserted, whether legal or equitable, whether liquidated or unliquidated, including, but not limited to, liabilities on account of warranties, intercompany loans and receivables between the Debtors and any non-Debtor subsidiary, liabilities relating to or arising from any Environmental Laws, and any taxes arising, accruing or payable under, out of, in connection with, or in any way relating to the operation of any of the Property prior to the Closing.

28.    Except with respect to the Buyer's Assumed Obligations and Permitted Encumbrances, all persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax and regulatory authorities, lenders, trade creditors, litigation claimants and other creditors, holding Liens, Claims or other interests of any kind or nature whatsoever against or in all or any portion of the Property (whether legal or equitable, secured or unsecured, matured or un-matured, contingent or

21

non-contingent, liquidated or unliquidated, senior or subordinate), arising under or out of, in connection with, or in any way relating to the Debtors, the Property, the operation of the Debtors' Business prior to the Closing Date or the transfer of the Property to the Buyer, hereby are forever barred, estopped and permanently enjoined from asserting against the Buyer, any of its affiliates, its successors or assigns, its property or the Property, such persons' or entities' Liens, Claims or interests in and to the Property, including, without limitation, the following actions:  (a) commencing or continuing in any manner any action or other proceeding against the Buyer, any of its affiliates, its successors, assets or properties; (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against the Buyer, any of its affiliates, its successors, assets or properties; (c) creating, perfecting, or enforcing any Lien or other Claim against the Buyer, any of its affiliates, its successors, assets, or properties; (d) asserting any setoff, right of subrogation, or recoupment of any kind against any obligation due to the Buyer, any of its affiliates or successors; (e) commencing or continuing any action, in any manner or place, that does not comply or is inconsistent with the provisions of this Sale Order or other orders of the Court, or the agreements or actions contemplated or taken in respect thereof; or (f) revoking, terminating or failing or refusing to transfer or renew any license, permit or authorization to operate any of the Property or conduct any of the businesses operated with the Property.

29.    All persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Debtors to sell and transfer the Property to the Buyer in accordance with the terms of the Purchase and Sale Agreement and this Sale Order.

518185 000003 16197542.11

30.    Except to the extent expressly included in the Buyer's Assumed Obligations, or by applicable law or statute, the Buyer and its affiliates shall have no liability, obligation or responsibility under the WARN Act (29 U.S.C. §§ 210 *et seq.*), the Comprehensive Environmental Response Compensation and Liability Act or any foreign, federal, state or local labor, employment or Environmental Law by virtue of the Buyer's purchase of the Property or assumption of the Assumed Obligations.

### Other Provisions

31.    The Buyer shall assume the Buyer's Assumed Obligations set forth in the Purchase and Sale Agreement.

32.    The transactions contemplated by the Purchase and Sale Agreement are undertaken by the Buyer in good faith, as that term is defined in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale, unless such authorization and such Sale are duly stayed pending such appeal.  The Buyer is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to the full protections of section 363(m) of the Bankruptcy Code.

33.    The purchase of the Property may not be avoided under section 363(n) of the Bankruptcy Code, as the Purchase Price and consideration for the Property was not a result of collusion nor controlled by an agreement among potential bidders at such sale.

34.    Nothing contained in any plan of reorganization or liquidation, or order of any type or kind entered in (a) these chapter 11 cases, (b) any subsequent chapter 7 case into which any such chapter 11 case may be converted, or (c) any related proceeding subsequent to entry of this Sale Order, shall conflict with or derogate from the provisions

of the Purchase and Sale Agreement or the terms of this Sale Order, including, without limitation, the distribution of net Sale proceeds authorized above.

35.     No bulk sales law or any similar law of any state or other jurisdiction applies in any way to the Sale.

36.     The failure specifically to include any particular provision of the Purchase and Sale Agreement in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Purchase and Sale Agreement be authorized and approved in its entirety; *provided*, *however*, that this Sale Order shall govern if there is any inconsistency between the Purchase and Sale Agreement (including all ancillary documents executed in connection therewith) and this Sale Order. Likewise, all of the provisions of this Sale Order are non-severable and mutually dependent.

37.     The Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Sale Order and the Purchase and Sale Agreement, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Debtors are a party or which has been assigned by the Debtors to the Buyer, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale, including, but not limited to, retaining jurisdiction to (a) compel delivery of the Property to Buyer; (b) interpret, implement and enforce the provisions of this Sale Order; and (c) protect Buyer against any Liens, Claims or other interest in or against the Sellers or the Property of any kind or nature whatsoever, attaching to the proceeds of the Sale.

38.     Nothing in this Sale Order or the Purchase and Sale Agreement (a) releases, nullifies, or enjoins the enforcement of any liability to a governmental unit

under police and regulatory statutes or regulations that any entity would be subject to as the owner or operator of property after the date of entry of this Sale Order or (b) authorizes the transfer or assignment to Buyer of any license, permit, registration, authorization, or approval of or with respect to a governmental unit without Buyer's complying with all applicable legal requirements under non-bankruptcy law governing such transfers or assignments.

39.    All time periods set forth in this Sale Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

40.    Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), this Sale Order shall be effective immediately upon its entry.

41.    To the extent that this Sale Order is inconsistent with any prior order or pleading with respect to the Sale Motion in these chapter 11 cases, the terms of this Sale Order shall govern.

Dated: _____, 2015          _____
      Wilmington, Delaware          United States Bankruptcy Judge

518185 000003 16197542.11