# **Exhibit C**

*Execution Version*

# PURCHASE AND SALE AGREEMENT

**BETWEEN**

**PARALLEL ENERGY LP**

**AS SELLER**

**AND**

**SCOUT ENERGY GROUP II, LP**

**AS BUYER**

# TABLE OF CONTENTS

Page

ARTICLE 1 DEFINITIONS ......................................................................................... 2

Section 1.1    Definitions ................................................................................. 2
Section 1.2    Other Capitalized Terms ........................................................... 5
Section 1.3    Interpretive Provisions ............................................................. 7

ARTICLE 2 PROPERTY DESCRIPTION AND CHAPTER 11 CASES ................... 8

Section 2.1    The Property .............................................................................. 8
Section 2.2    Exclusions from the Property .................................................. 10
Section 2.3    Ownership of Production from the Property ............................ 11
Section 2.4    Chapter 11 Cases .................................................................... 11
Section 2.5    Assumption and Rejection of Contracts .................................. 12
Section 2.6    Jurisdiction and Authority of the Bankruptcy Court; Dispute Resolution; No Jury 13

ARTICLE 3 CONSIDERATION ............................................................................... 14

Section 3.1    Purchase Price and Other Consideration ................................. 14
Section 3.2    Adjustments at Closing ........................................................... 14
Section 3.3    Adjustments after Closing ....................................................... 16
Section 3.4    Reporting Value of the Property .............................................. 16

ARTICLE 4 SELLER'S REPRESENTATIONS AND WARRANTIES ..................... 16

Section 4.1    Legal Entity Authority ............................................................. 16
Section 4.2    Requisite Approvals ................................................................ 17
Section 4.3    Validity of Obligation .............................................................. 17
Section 4.4    No Violation of Contractual Restrictions ................................ 17
Section 4.5    No Violation of Other Legal Restrictions ................................ 17
Section 4.6    Brokers Fees ............................................................................ 17
Section 4.7    No Restraining Litigation ........................................................ 17
Section 4.8    Lawsuits and Claims ............................................................... 17
Section 4.9    Tax ........................................................................................... 17
Section 4.10   Certain Environmental Matters ............................................... 17
Section 4.11   Contracts ................................................................................. 18
Section 4.12   Permits, Easements and Surface Rights .................................. 18
Section 4.13   Preferential Rights and Consents ............................................ 18
Section 4.14   Suspense Accounts .................................................................. 18
Section 4.15   Limitation as to Environmental Matters .................................. 18
Section 4.16   Representations and Warranties Exclusive .............................. 19

ARTICLE 5 BUYER'S REPRESENTATIONS AND WARRANTIES ..................... 19

Section 5.1    Legal Entity Authority ............................................................. 19
Section 5.2    Requisite Approvals ................................................................ 19
Section 5.3    Validity of Obligation .............................................................. 19
Section 5.4    No Violation of Contractual Restrictions ................................ 19
Section 5.5    Bankruptcy ............................................................................. 19

Section 5.6    Brokers Fees...........................................................................................19
Section 5.7    No Restraining Litigation ........................................................................19
Section 5.8    Independent Evaluation ............................................................................20
Section 5.9    Qualification ............................................................................................20
Section 5.10    Securities Laws and Buyer's Other Dealings .........................................20
Section 5.11    Governmental Approval...........................................................................20
Section 5.12    Operator's Bond Qualifications ...............................................................20
Section 5.13    No Investment Company .........................................................................20
Section 5.14    Buyer's Funds .........................................................................................20

ARTICLE 6 DISCLAIMER OF WARRANTIES......................................................... 20

Section 6.1    Title; Encumbrances ................................................................................20
Section 6.2    Condition and Fitness of the Property .....................................................21
Section 6.3    Information About the Property.................................................................21
Section 6.4    Subrogation of Warranties .......................................................................22

ARTICLE 7 DUE DILIGENCE REVIEW OF THE PROPERTY ............................. 22

Section 7.1    Records Review .......................................................................................22
Section 7.2    Physical Inspection ..................................................................................22
Section 7.3    Bonding Requirements.............................................................................23
Section 7.4    Preferential Rights and Consents to Assign.............................................23
Section 7.5    Casualty Losses and Government Takings ...............................................25
Section 7.6    Termination Due to Impairments to the Property.....................................26

ARTICLE 8 CLOSING AND POST-CLOSING OBLIGATIONS ............................. 27

Section 8.1    Closing Date.............................................................................................27
Section 8.2    Conditions to Closing ..............................................................................27
Section 8.3    Closing .....................................................................................................29
Section 8.4    Post-Closing Obligations .........................................................................30
Section 8.5    Access ......................................................................................................31
Section 8.6    Governmental Approvals..........................................................................32
Section 8.7    Change of Operator Requirements...........................................................32
Section 8.8    Further Assurances...................................................................................32

ARTICLE 9 ASSUMED RIGHTS AND OBLIGATIONS.......................................... 32

Section 9.1    Buyer's Rights After Closing....................................................................32
Section 9.2    Buyer's Obligations After Closing ...........................................................32
Section 9.3    Buyer's Plugging and Abandonment Obligations .....................................33
Section 9.4    Buyer's Environmental Obligations .........................................................34

ARTICLE 10 INDEMNITIES ...................................................................................... 35

Section 10.1    Application of Indemnities ......................................................................35
Section 10.2    Buyer's Indemnity ..................................................................................35
Section 10.3    Notices and Defense of Indemnified Claims ...........................................36
Section 10.4    NORM.....................................................................................................36
Section 10.5    Waiver of Consequential and Punitive Damages......................................36

ARTICLE 11 TAXES AND EXPENSES ...................................................................... 37

518185 000003 16136099.12

Section 11.1    Recording Expenses.................................................................................37
Section 11.2    Ad Valorem, Real Property and Personal Property Taxes......................37
Section 11.3    Severance Taxes.....................................................................................37
Section 11.4    Sales and Use Taxes...............................................................................37

ARTICLE 12 OPERATIONS PENDING AND AFTER CLOSING.......................................... 38

Section 12.1    Seller's Covenants Pending Closing........................................................38
Section 12.2    Payment of Royalties..............................................................................38
Section 12.3    Non Operated Properties.........................................................................39

ARTICLE 13 TERMINATION ............................................................................................. 39

Section 13.1    Grounds for Termination ........................................................................39
Section 13.2    Effect of Termination..............................................................................40
Section 13.3    Break-Up Fee and Expense Reimbursement ...........................................41

ARTICLE 14 MISCELLANEOUS ........................................................................................ 42

Section 14.1    Imbalances.............................................................................................42
Section 14.2    Survival...................................................................................................43
Section 14.3    Public Announcements............................................................................43
Section 14.4    Suspense Accounts..................................................................................43
Section 14.5    Seller's Marks and Logos; Post-Closing Inspections .............................43
Section 14.6    Notices....................................................................................................44
Section 14.7    Assignment.............................................................................................45
Section 14.8    Entire Agreement and Amendment ........................................................45
Section 14.9    Successors and Assigns...........................................................................45
Section 14.10   Third Party Beneficiaries........................................................................45
Section 14.11   Severability.............................................................................................45
Section 14.12   Counterparts............................................................................................45
Section 14.13   Governing Law .......................................................................................45
Section 14.14   Exhibits...................................................................................................46
Section 14.15   Waiver.....................................................................................................46
Section 14.16   Interpretation...........................................................................................46
Section 14.17   Waiver of Right to Rescission .................................................................46
Section 14.18   Transferred Employees............................................................................46
Section 14.19   Payments.................................................................................................47
Section 14.20   Exclusive Remedy ..................................................................................47

518185 000003 16136099.12

Exhibits

Exhibit A       Schedule 1 –   Leases
                    Schedule 1A – Wells
                    Schedule 1B – Off-Lease Facilities
                    Schedule 2 –   Permits, Easements and Surface Rights
                    Schedule 3 –   Royalty Interests and Overriding Royalty Interests
                    Schedule 4 –   Mineral Interests
                    Schedule 5 –   Assumed Contracts
                    Schedule 6 –   Deposits
                    Schedule 7 –   Property Costs to be Paid on or before Closing

Exhibit B       Pending Litigation and Claims Affecting the Property

Exhibit C       Form of Assignment

Exhibit D       Nonforeign Affidavit

Exhibit E       Production Imbalances

Exhibit F       Tax Partnerships

Exhibit G       Certain Environmental Matters

Exhibit H       Preferential Rights and Consents

Exhibit I         I-1 – Seller's Knowledge Persons
                    I-2 – Buyer's Knowledge Persons

Exhibit J       Transferred Employees

Exhibit K       Form of Escrow Agreement

Exhibit L       Form of Bidding Procedures Motion

Exhibit M      Form of Bid Procedures Order

518185 000003 16136099.12

# PURCHASE AND SALE AGREEMENT

This Purchase and Sale Agreement (this "**Agreement**"), dated November 8, 2015 (the "**Execution Date**"), is between Parallel Energy LP, a Delaware limited partnership ("**Seller**"), and Scout Energy Group II, LP, a Texas limited partnership ("**Buyer**").

WHEREAS, Buyer desires to purchase Seller's interests in the Property (as defined below) Free and Clear (as defined below) (except for Permitted Encumbrances (as defined below) and Buyer's Assumed Obligations (as defined below)) and Seller desires to sell its interests in the Property to Buyer, all subject to and according to the terms and conditions set forth below (such purchase and sale, the "**Sale Transaction**"); and

WHEREAS, promptly after the execution hereof, Seller and its general partner are commencing cases under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"), by filing voluntary petitions for relief (the "**Chapter 11 Cases**") with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"); and

WHEREAS, Buyer and Seller (each, a "**Party**") have agreed to seek an order of the Bankruptcy Court authorizing and approving the Sale Transaction Free and Clear (except for Permitted Encumbrances and Buyer's Assumed Obligations), including the assumption and assignment of certain executory contracts and unexpired leases, pursuant to Sections 105, 363 and 365 of the Bankruptcy Code; and

WHEREAS, the Sale Transaction is conditioned upon Bankruptcy Court approval as set forth herein; and

WHEREAS, Buyer's obligation to consummate the Sale Transaction is conditioned upon the Bankruptcy Court's approval of the Break-Up Fee and Expense Reimbursement (each as defined below), which has induced Buyer to enter into this Agreement for the purchase of the Seller's Property, in each case, subject to and according to the terms and conditions set forth in this Agreement; and

WHEREAS, approval of the Break-Up Fee and Expense Reimbursement is necessary to preserve the Buyer's bid to purchase the Seller's Property; and

WHEREAS, the Parties acknowledge and agree that the terms of the Sale Transaction are the result of arm's length negotiations; and

WHEREAS, Seller has solicited bids for the Property in order to obtain the highest and best offer for the property; and

WHEREAS, Seller has determined that Buyer's offer to purchase the Property is the highest and best offer received to date for the Property and constitutes a fair and adequate purchase price for the Property;

NOW, THEREFORE, the Parties agree to the sale and assignment of Seller's interests in the Property to Buyer on the terms and conditions set forth in this Agreement, effective for the

purposes set forth in this Agreement as of 7:00 a.m., Central Standard Time, on December 1, 2015 (the "**Effective Date**"):

## ARTICLE 1
## DEFINITIONS

**Section 1.1    Definitions**.  The following capitalized terms shall have the following meanings for all purposes of this Agreement:

"**Action**" means any action, claim, demand, arbitration, hearing, charge, complaint, investigation, examination, indictment, litigation, suit or other civil, criminal, administrative or investigative proceedings.

"**Administrative Agent**" means Canadian Imperial Bank of Commerce, in its capacity as administrative agent under the Credit Agreement.

"**Affiliate**" means, with respect to any specified Person, any other Person that directly or indirectly controls, is controlled by or is under common control with such specified Person.  For the purposes of this definition, the term "control," when used with respect to any specified Person, means the power to direct or cause the direction of the management or policies of such Person, directly or indirectly, whether through the ownership of voting securities, by Contract or otherwise; and the terms "controlling" and "controlled" have correlative meanings.

"**Alternative Transaction**" means, other than the Sale Transaction, a sale or series of sales (including a sale or series of sales to secured creditors via credit bids) of all or substantially all of Seller's assets, or any other liquidation, reorganization, or restructuring of the Property that does not involve the Sale Transaction.

"**Business Day**" means any day other than a Saturday, a Sunday or other day on which commercial banks in Dallas, Texas are authorized or required by Law to close.

"**Claim**" means a claim as such term is defined in Section 101(5) of the Bankruptcy Code, and any and all demands, losses, liabilities, damages, obligations, expenses, fines, penalties, costs, claims, causes of action and judgments for: (a) breaches of Contract; (b) loss or damage to property, injury to or death of persons (including illness and disease), and other tortious injury; or (c) violations of applicable Laws, Orders or any other legal right or duty actionable at law or equity.  The term "Claims" also includes reasonable attorneys' fees, court costs, and other reasonable costs resulting from the investigation or defense of any Claim.

"**Code**" means the Internal Revenue Code of 1986.

"**Contract**" means any contract, agreement, indenture, note, bond, loan, lease, sublease, conditional sales contract, mortgage, license, sublicense, franchise agreement, obligation, promise, undertaking, commitment or other binding arrangement (in each case, whether written or oral), but expressly excluding the Leases.

"**Costs of Cure**" means the costs required of Seller to Cure any and all defaults, pursuant to Section 365 of the Bankruptcy Code, arising under any Assumed Contract.

"**Credit Agreement**" means that certain Credit Agreement by and among the Seller, Parallel Energy Commercial Trust, Canadian Imperial Bank of Commerce, as administrative agent, and the lenders party from time to time thereto, dated as of April 21, 2011, as amended by: (a) a first amending agreement dated as of November 4, 2011, (b) a second amending agreement dated as of April 12, 2012, (c) a third amending agreement dated as of June 25, 2012, (d) a fourth amending agreement dated as of March 25, 2013, (e) a fifth amending agreement dated as of April 28, 2014, (f) a sixth amending agreement dated as of April 27, 2015, (g) a seventh amending agreement dated as of June 30, 2015, (h) an eighth amending agreement dated as of August 31, 2015, and (i) a ninth amending agreement dated as of September 15, 2015.

"**Cure**" means to pay or otherwise satisfy all liabilities, including pre-petition monetary liabilities, of Seller that must be paid or otherwise satisfied to cure, pursuant to Section 365 of the Bankruptcy Code, all of Seller's monetary and non-monetary defaults under each Assumed Contract at the time of the assumption thereof, in each case as determined by the Bankruptcy Court or as agreed by Seller and the non-debtor party to any such Assumed Contract.

"**DIP Secured Parties**" means the administrative agent, collateral agent and the lenders under any debtor-in-possession financing facility provided to the Seller or Parallel Energy Commercial Trust.

"**Environmental Laws**" means any Law relating to the control of any pollutant or protection of the air, water, land or environment or the release or disposal of hazardous materials, hazardous substances or waste materials.

"**Final Order**" means an order or judgment of the Bankruptcy Court, or other court of competent jurisdiction, as to which the time to appeal, petition for *certiorari*, or move for reargument or rehearing has expired and as to which no appeal, petition for *certiorari*, or other proceedings for reargument or rehearing shall then be pending or as to which any appeal, petition for *certiorari*, reargue, or rehear shall have been waived in writing in form and substance reasonably satisfactory to Seller and Buyer, or, in the event that an appeal, writ of *certiorari*, or reargument or rehearing thereof has been sought, such order of the Bankruptcy Court, or other court of competent jurisdiction, shall have been determined by the highest court to which such order was appealed, or *certiorari*, reargument, or rehearing shall have been denied or resulted in no modification of such order and the time to take any further appeal, petition for *certiorari*, or move for reargument or rehearing shall have expired; provided, however, that the possibility that a motion under Section 502(j) of the Bankruptcy Code, Rule 59 or Rule 60 of the Federal Rules of Civil Procedure, or any analogous bankruptcy Law or applicable state court rules of civil procedure may be, but has not been, filed with respect to such order shall not cause such order not to be a Final Order.

"**Free and Clear**"  means free and clear of all liens, Claims, causes of action, encumbrances, interests, pledges, security interests, rights of setoff, restrictions or limitations on use, successor liabilities, conditions, rights of first refusal, options to purchase, obligations to allow participation, agreements or rights, rights asserted in litigation matters, rights asserted in adversary proceedings in the Chapter 11 Cases, competing rights of possession, obligations to lend, matters filed of record that relate to, evidence or secure an obligation of Seller (and all created expenses and charges) of any type under, among other things, any document, instrument,

3

Contract, affidavit, matter filed of record, cause, or Law, whether known or unknown, legal or equitable, and all liens, rights of offset, replacement liens, adequate protection liens, charges, obligations, or claims granted, allowed or directed in any Order, to the fullest extent provided by applicable Law.

"**Governmental Authority**" means (a) any federal, provincial, state, local, municipal, national or international government or governmental authority, regulatory or administrative agency, governmental commission, department, board, bureau, agency or instrumentality, court, tribunal, arbitrator or arbitral body (public or private); (b) any self-regulatory organization; or (c) any political subdivision of any of the foregoing.

"**Knowledge**" means (a) when used in reference to Seller, the actual knowledge of the personnel of Seller listed on Exhibit I-1 hereto, and (b) when used in reference to Buyer, the actual knowledge of the personnel of Buyer listed on Exhibit I-2 hereto.

"**Law**" means any law, statute, ordinance, code, regulation, rule or other requirement of any Governmental Authority.

"**Material Adverse Effect**" means any adverse effect on the ownership, operation or value of the Property, as currently operated, which is material to the ownership, operation or value of the Property, taken as a whole; provided, however, that the following shall be deemed not to constitute, create, or cause a Material Adverse Effect: any changes, circumstances or effects that (a) affect generally the oil and gas industry, such as fluctuations in the price of commodities, industry inputs, or hydrocarbons, (b) result from international, national, regional, state, or local economic conditions, (c) result from general developments or conditions in the oil and gas industry, (d) result from changes in Laws (including regulatory or enforcement policy) applicable to Seller or its Affiliates, (e) result from any of the transactions contemplated by this Agreement and any public announcement thereof, (f) result from the failure of a Governmental Authority to act or omit to act pursuant to Law, (g) result from acts of God or natural disasters, (h) result from an outbreak or escalation of hostilities (whether nationally or internationally), or the occurrence of any other calamity or crisis (whether nationally or internationally), including terrorist attacks, (i) result from a condition that is cured or eliminated on or before Closing, or (j) result from the Chapter 11 Cases.

"**Order**" means any writ, judgment, decree, injunction or similar order, writ, ruling directive or other requirement of the Bankruptcy Court or any other Governmental Authority (in each such case whether preliminary or final).

"**Permitted Encumbrance**" means: (a) any materialman's, mechanics', repairman's, contractors', operators', or other similar liens, security interests or charges for liquidated amounts arising after the Effective Date in the ordinary course of business incidental to construction, maintenance, development, production or operation of the Property, or the production or processing of Hydrocarbons therefrom, that are not delinquent; (b) any liens for taxes that accrue after the Effective Date; (c) any easements, rights-of-way, servitudes, permits, licenses and other property rights with respect to surface operations that run with the Property; (d) all royalties, overriding royalties, net profits interests, carried interests, reversionary interests and other burdens that run with the Property; (e) conventional rights of reassignment arising

4

upon surrender or abandonment of any Property; and (f) rights reserved to or vested in any Governmental Authority to control or regulate any of the Wells or Units included in the Property and all applicable Laws and Orders of such Governmental Authorities.

"**Person**" means any natural person, corporation, company, partnership, association, limited liability company, limited partnership, limited liability partnership, joint venture, business enterprise, trust or other legal entity, including any Governmental Authority.

"**Prepetition Lenders**" means the lenders party to the Credit Agreement.

"**Sale Order**" means an order of the Bankruptcy Court approving the Sale Transaction, which order must be reasonably acceptable in form and substance to the Parties, the Administrative Agent, the Prepetition Lenders, and the DIP Secured Parties, and not inconsistent with the terms of this Agreement, which, among other things, (a) approves the Sale Transaction and the terms and conditions of this Agreement, (b) finds that notice of the hearing concerning approval of this Agreement and of the Sale Transaction was given in accordance with the Bankruptcy Code, and constitutes such notice as is appropriate under the particular circumstances, (c) finds that Buyer is a "good faith" purchaser entitled to the protections afforded by Section 363(m) of the Bankruptcy Code, (d) provides that the Sale Transaction is not subject to avoidance pursuant to Section 363(n) of the Bankruptcy Code, and (e) provides for the vesting of the Property in Buyer, in each case, Free and Clear (except for Permitted Encumbrances and Buyer's Assumed Obligations).

**Section 1.2**    Other Capitalized Terms.  The following terms shall have the meanings specified in the indicated section of this Agreement:

| Term | Section |
| --- | --- |
| Agreement | Preamble |
| Applicable Consents | Section 7.4(a)(i) |
| Assignment Documents | Section 8.3(b) |
| Assumed Contracts | Section 2.1(h) |
| Bankruptcy Code | Recitals |
| Bankruptcy Court | Recitals |
| Bid Procedures Order | Section 2.4(b) |
| Bidding Procedures Motion | Section 2.4(b) |
| Break-Up Fee | Section 13.3(a) |
| Buyer | Preamble |
| Buyer's Assumed Obligations | Section 9.2(a) |
| Casualty Loss | Section 7.5(a) |
| Chapter 11 Cases | Recitals |
| Closing | Section 8.1 |
| Closing Date | Section 8.1 |
| Confidentiality Agreement | Section 7.1 |
| Consents | Section 4.13 |
| COP | Section 7.3 |
| DIP Orders | Section 13.3(f) |
| Downward Adjustments | Section 3.2(c) |

| Term | Section |
|------|---------|
| Effective Date | Recitals |
| Environmental Obligations | Section 9.4 |
| Equipment | Section 2.1(d) |
| Escrow Agent | Section 3.1(b)(i) |
| Escrow Agreement | Section 3.1(b)(i) |
| Excluded Assets | Section 2.2 |
| Excluded Contracts | Section 2.2(k) |
| Execution Date | Preamble |
| Expense Reimbursement | Section 13.3(a) |
| Filing Deadline | Section 2.4(b) |
| Government Taking | Section 7.5(a) |
| Hydrocarbons | Section 2.3(a)(i) |
| Imbalances | Section 14.1 |
| Lands | Section 2.1(a) |
| Leases | Section 2.1(a) |
| Mineral Interests | Section 2.1(g) |
| NORM | Section 9.3(a)(v) |
| Outside Closing Date | Section 13.1(g) |
| Party | Recitals |
| Performance Deposit | Section 3.1(b)(i) |
| Permits, Easements and Surface Rights | Section 2.1(e) |
| Petition Date | Section 2.4(b) |
| Plugging and Abandonment Obligations | Section 9.3(a) |
| Preferential Rights | Section 4.13 |
| Property | Section 2.1 |
| Property Costs | Section 3.2(d) |
| Property Records | Section 2.1(i) |
| Property Taxes | Section 11.2 |
| Purchase Price | Section 3.1(a) |
| Railroad Consents | Section 7.4(a)(iv) |
| Rejection Deadline | Section 2.5(b) |
| Replacement Additional Bond | Section 7.3 |
| Required Bonds | Section 7.3 |
| Required Consents | Section 7.4(b)(ii) |
| Royalty Interests | Section 2.1(f) |
| Sale Transaction | Recitals |
| Seller | Preamble |
| Seller Additional Bond | Section 7.3 |
| Settlement Statement | Section 3.2(a) |
| Stock Tank Oil | Section 2.3(a)(i) |
| Suspense Funds | Section 4.14 |
| Topping Sale Transaction | Section 13.3(f) |
| Transferred Employees | Section 14.18 |
| TRC | Section 7.3 |
| Units | Section 2.1(b) |

518185 000003 16136099.12

| Term | Section |
|------|---------|
| Upward Adjustments ........................................................................ | Section 3.2(b) |
| Wells .............................................................................................. | Section 2.1(c) |

**Section 1.3**　　**Interpretive Provisions**.  Unless the express context otherwise requires:

(a)　　the words "hereof," "herein" and "hereunder" and words of similar import, when used in this Agreement, shall refer to this Agreement as a whole and not to any particular provision of this Agreement;

(b)　　words defined in the singular shall have a comparable meaning when used in the plural, and vice versa;

(c)　　the words "Dollars" and "$" mean U.S. dollars;

(d)　　references herein to a specific Section, Subsection, Recital, Schedule or Exhibit shall refer, respectively, to Sections, Subsections, Recitals, Schedules or Exhibits of this Agreement;

(e)　　wherever the word "include," "includes" or "including" is used in this Agreement, it shall be deemed to be followed by the words "without limitation";

(f)　　references herein to any gender shall include each other gender;

(g)　　references herein to any Person shall include such Person's heirs, executors, personal representatives, administrators, successors and assigns; provided, however, that nothing contained in this clause (g) is intended to authorize any assignment or transfer not otherwise permitted by this Agreement;

(h)　　references herein to a Person in a particular capacity or capacities shall exclude such Person in any other capacity;

(i)　　with respect to the determination of any period of time, the word "from" means "from and including" and the words "to" and "until" each means "to but excluding";

(j)　　the word "or" shall be disjunctive but not exclusive;

(k)　　references herein to any Law shall be deemed to refer to such Law as amended, reenacted, supplemented or superseded in whole or in part and in effect from time to time and also to all rules and regulations promulgated thereunder;

(l)　　references herein to any Contract mean such Contract as amended, supplemented or modified (including any waiver thereto) in accordance with the terms thereof;

(m)　　the headings contained in this Agreement are intended solely for convenience and shall not affect the rights of the Parties;

518185 000003 16136099.12

(n)     if the last day for the giving of any notice or the performance of any act required or permitted under this Agreement is a day that is not a Business Day, then the time for the giving of such notice or the performance of such action shall be extended to the next succeeding Business Day; and

(o)     the omission of certain provisions of this Agreement from the Assignment Documents does not constitute a conflict or inconsistency between this Agreement and the Assignment Documents, and will not effect a merger of the omitted provisions.  To the fullest extent permitted by Law, all provisions of this Agreement are hereby deemed incorporated into the Assignment Documents by reference.

## ARTICLE 2
## PROPERTY DESCRIPTION AND CHAPTER 11 CASES

**Section 2.1     The Property**.  Subject to the terms of this Agreement, Seller shall sell, convey and assign to Buyer and Buyer shall purchase, pay for, and accept all of Seller's right and title to, and interest in, and all privileges and obligations appurtenant to, the following described property rights, interests, privileges and obligations (such property rights, interests, privileges and obligations, SAVE and EXCEPT the Excluded Assets described in Section 2.2, are hereafter referred to collectively as the "**Property**") Free and Clear (except for Permitted Encumbrances and Buyer's Assumed Obligations):

(a)     All oil, gas and mineral leases, and operating rights in which Seller holds any right, title or interest of any kind (wherever located) (the "**Leases**"), including those described in Exhibit A, Schedule 1 together with any and all other right, title and interest, including all royalty, overriding royalty, net profits and mineral interests, of Seller in the lands (or portion thereof) described in the Leases or in Exhibit A, Schedule 1 (collectively, the "**Lands**");

(b)     All rights, obligations and interests in any unit or pooled area in which the Leases or Lands are included, including all rights and obligations derived from any unitization, pooling, operating, communitization or other Assumed Contract or from any Order (the "**Units**");

(c)     All oil, gas and condensate wells (whether producing, not producing or abandoned), water source, water injection and other injection or disposal wells and systems in which Seller holds any right, title or interest of any kind (wherever located) (the "**Wells**") or located on the Leases or the Lands, including those wells described in Exhibit A, Schedule 1A;

(d)     (i) All flow lines, pipelines, gathering systems and related equipment located on the Leases, the Units, or the Permits, Easements and Surface Rights or otherwise associated with the transportation of production from the Leases, the Wells or the Units, and (ii) all facilities, equipment, compressors, booster stations, field offices, plants, meters, well pads, tank batteries, radio towers, remote terminal units, supervisory control and data acquisition (SCADA) equipment and other similar equipment, personal computer equipment, vehicles, communication equipment, improvements, fixtures, inventory, spare parts, tools, abandoned property and junk and other personal property located on the Leases, the Units, or the Permits,

Easements and Surface Rights or otherwise associated with (A) operations on the Leases, the Units or the Permits, Easements and Surface Rights or (B) the sale, processing or transportation of production from Leases, the Wells and the Units, including all off-Lease facilities and other personal property described in Exhibit A, Schedule 1B (items (i) and (ii) referred to collectively as the "**Equipment**");

(e)     All easements, rights-of-way, licenses, permits (including, to the extent transferable, FCC licenses), servitudes, surface leases, surface use agreements, surface fee tracts, and similar rights, obligations and interests applicable to or used in operating the Leases, Lands, Units, Wells, or Equipment (the "**Permits, Easements and Surface Rights**"), including those described in Exhibit A, Schedule 2;

(f)     All royalty, overriding royalty, net profits or other similar oil or gas interests not described above in which Seller holds any right, title or interest of any kind (wherever located) (the "**Royalty Interests**"), including those described in Exhibit A, Schedule 3 and including all rights and obligations pertaining to the Royalty Interests under any of the Assumed Contracts;

(g)     All mineral interests in which Seller holds any right, title or interest of any kind (wherever located) (the "**Mineral Interests**"), including those described in Exhibit A, Schedule 4 and including all rights and obligations pertaining to the Mineral Interests under any of the Assumed Contracts;

(h)     All Contracts set forth on Exhibit A, Schedule 5 (the Contracts set forth on such Schedule as the same may be amended pursuant to Section 2.5, collectively, the "**Assumed Contracts**"), including all rights, obligations and interests in all such Assumed Contracts and applicable to the other rights, titles and interests included in this definition of the term "Property";

(i)     Subject to Section 8.4(a), all lease files, right-of-way files, well files (including well logs), production records, division order files, abstracts, title opinions, and Contract files and reservoir and field studies related to any or all of the Leases, Units, Wells, Equipment, Permits, Easements and Surface Rights, Royalty Interests, Mineral Interests and Assumed Contracts (the "**Property Records**"), and all other tangibles, movables, immovables, miscellaneous interests or other assets on the Leases or Units;

(j)     To extent transferrable without payment (unless Buyer makes such payment), all (i) seismic, geological, geochemical, or geophysical data (including cores and other physical samples or materials from wells or tests) belonging to Seller or licensed from third parties, and (ii) interpretations of seismic, geological, geochemical or geophysical data belonging to Seller or licensed from third parties; and

(k)     All Claims arising from acts, omissions or events, or damage to or destruction of items following within this definition of the "Property", whether on or after the Effective Date, and all related rights, titles, claims and interests of Seller.

9

**Section 2.2    Exclusions from the Property**.   The Property to be conveyed and assigned under this Agreement does not include the following, which are reserved by Seller (the "**Excluded Assets**"):

(a)    To extent not transferrable without payment (unless Buyer makes such payment), all (i) seismic, geological, geochemical, or geophysical data (including cores and other physical samples or materials from wells or tests) belonging to Seller or licensed from third parties, and (ii) interpretations of seismic, geological, geochemical or geophysical data belonging to Seller or licensed from third parties;

(b)    Seller's corporate, financial and tax records, and legal files (except title opinions, abstracts and other muniments of title), excluding tax records related to the Property;

(c)    (i) Employee information, internal valuation data, business plans, reserve reports, transaction proposals and related information and correspondence, business studies, bids and documents protected by any privilege, and (ii) any other records or information that would otherwise be included in the Property Records but which Seller cannot legally provide to Buyer because of confidentiality restrictions in favor of third parties;

(d)    Trade credits and rebates from contractors, vendors and co-owners (including unpaid joint interest billings), and adjustments or refunds attributable to Seller's interest in the Property that relate to any period before the Effective Date, including transportation tax credits and refunds, tariff refunds, take-or-pay claims, insurance premium adjustments, and audit adjustments under the Assumed Contracts and Excluded Contracts;

(e)    Claims of Seller for refund of or loss carry forwards with respect to (i) production, windfall profit, severance, ad valorem or any other taxes attributable to any period prior to the Effective Date, (ii) income or franchise taxes and (iii) any taxes attributable to the excluded items described in this Section 2.2;

(f)    Except Suspense Funds paid to Buyer pursuant to Section 14.4, all deposits, cash, checks in process of collection, cash equivalents, accounts and notes receivable and other funds attributable to any periods before the Effective Date, and security or other deposits made with third parties prior to the Effective Date;

(g)    All proceeds, benefits, income or revenues with respect to the Property attributable to periods prior to the Effective Date;

(h)    All swap, futures, or derivative Contracts backed by or related to the Hydrocarbons;

(i)    All furniture, fixtures, equipment and other assets (other than the Property Records and subject to Section 8.4(c)) in Seller's offices in Tulsa, Oklahoma, and all leases related thereto;

(j)    That certain Services Agreement, dated April 7, 2010, between Parallel Energy GP LLC, a Delaware corporation, and Parallel Energy Inc., an Alberta corporation; and

(k)     All of Seller's Contracts that are not Assumed Contracts (the "**Excluded Contracts**").

**Section 2.3     Ownership of Production from the Property**.

(a)     Production Before the Effective Date.

(i)     Seller will own all merchantable oil, gas, casinghead gas, condensate, distillate and other liquid and gaseous hydrocarbons of every kind or description ("**Hydrocarbons**") produced from or attributable to the Property before the Effective Date.  If, on the Effective Date, Hydrocarbons produced from or attributable to the Property before the Effective Date are stored in the Lease or unit stock tanks (the "**Stock Tank Oil**"), Buyer shall purchase from Seller the merchantable Stock Tank Oil above pipeline connections in the stock tanks at the actual weighted average price received for Hydrocarbons sold from such stock tanks during the full calendar month preceding the Effective Date.  If no Hydrocarbons were sold in the preceding month, the actual weighted average price received in the most recent preceding month in which sales occurred shall be used.  Buyer will pay Seller for the Stock Tank Oil as an adjustment to the Purchase Price at Closing, as provided in Section 3.2.

(ii)     The Stock Tank Oil for those portions of the Property that Seller operates will be gauged and measured as of 7:00 a.m. local time where the Property is located on the Effective Date.  Seller shall permit one or more authorized representatives of Buyer to be present during the gauging and measurement of such Stock Tank Oil; provided that Buyer's failure to cause its authorized representatives to be so present shall not be a condition to, or otherwise delay, such gauging and measurement.  With respect all other Stock Tank Oil, Seller and Buyer shall attempt to agree upon the Lease or unit operator's tank gauge readings, meter tickets or other inventory records of such Stock Tank Oil.  Any disputes with respect to the Stock Tank Oil, tank gauge readings or other inventory records that Seller and Buyer are not able to resolve prior to the Closing shall be submitted to the Bankruptcy Court for final resolution.

(b)     Production After the Effective Date.  After Closing, Buyer will own all Hydrocarbons produced from or attributable to the Property on and after the Effective Date.  Seller will sell on Buyer's behalf all Hydrocarbons produced from or attributable to the Property between the Effective Date and the Closing Date, and Seller will credit Buyer for the proceeds of these sales as an adjustment to the Purchase Price, as provided in Section 3.2 and Section 3.3.

**Section 2.4     Chapter 11 Cases**.

(a)     Notwithstanding any conflicting or inconsistent provision of this Agreement, Seller's obligations under this Agreement are subject to and contingent upon the entry of the Sale Order.

(b)     Within five (5) Business Days after the Execution Date (the "**Filing Deadline**"), Seller and its general partner shall commence the Chapter 11 Cases (the date of such commencement being referred to herein as the "**Petition Date**").  On the Petition Date, Seller shall file with the Bankruptcy Court a motion, substantially in the form attached hereto as Exhibit L (the "**Bidding Procedures Motion**") seeking entry of an Order of the Bankruptcy Court substantially in the form attached hereto as Exhibit M, under Sections 105, 363, 365 and

11

1123(b) of the Bankruptcy Code, unless otherwise jointly agreed to in writing by Seller and Buyer (the "**Bid Procedures Order**").

(c)     Seller shall use commercially reasonable efforts to obtain entry of the Bid Procedures Order and to schedule the hearing on the Bid Procedures Order no later than thirty (30) calendar days after the Petition Date.

(d)     If entry of the Bid Procedures Order or any other Order of the Bankruptcy Court relating to the Sale Transaction shall be appealed or otherwise challenged by any party, other than the Administrative Agent, the Prepetition Lenders or the DIP Secured Parties, (including by petition for certiorari or motion for reconsideration, amendment, clarification, modification, vacation, stay, rehearing or reargument), Seller shall oppose such appeal, challenge, petition or motion and use commercially reasonable efforts to obtain an expedited resolution of any such appeal, petition or motion so that any such Order may become a Final Order.

(e)     Notwithstanding any conflicting or inconsistent provision of this Agreement, Buyer's right to terminate this Agreement pursuant to Section 13.1(i) and to be refunded the Performance Deposit pursuant to Section 13.2(b) shall be Buyer's sole and exclusive remedy in connection with any failure by Seller or its general partner to commence the Chapter 11 Cases on or before the Filing Deadline.

### Section 2.5     Assumption and Rejection of Contracts.

(a)     Subject to the approval of the Bankruptcy Court by Final Order, the Assumed Contracts will be assumed by Seller and assigned to Buyer on the Closing Date in accordance with Section 365 of the Bankruptcy Code. The final determination of which Contracts shall be Assumed Contracts shall be within the sole discretion of Buyer. The Costs of Cure shall be paid by Buyer in accordance with the provisions herein.

(b)     No later than the day that is ten (10) Business Days after the Execution Date, Seller shall provide Buyer with a written schedule containing all of Seller's Contracts along with a reasonable good faith estimate of the Costs of Cure for each Contract.  On or prior to the day that is ten (10) Business Days after Seller's delivery of such estimate (the "**Rejection Deadline**"), Buyer may, by written notice to Seller, amend Exhibit A, Schedule 5.  Only the Assumed Contracts listed on Exhibit A, Schedule 5, as amended, as of the expiration of the Rejection Deadline, shall be assumed and assigned to Buyer at Closing; provided that the Parties, upon their mutual written consent, shall have the right to amend Exhibit A, Schedule 5 at any time prior to the Closing Date and for a period of thirty (30) days thereafter.

(c)     In the absence of a dispute regarding the actions necessary to Cure with respect to an Assumed Contract and subject to the Upward Adjustment provided for in Section 3.2(b)(iii), Seller shall pay the Cost of Cure on the Closing Date (or as soon thereafter as reasonably practicable), or upon such other terms as Seller (with the consent of Buyer) and the non-debtor party to an Assumed Contract may otherwise agree. In the event of a dispute regarding (i) the actions necessary to Cure, or (ii) the ability of Buyer or Seller to provide "adequate assurance of future performance" (within the meaning of Section 365 of the

12

Bankruptcy Code) under any Contract to be assumed, the assumption thereof shall be conditioned upon resolution of such dispute by the Bankruptcy Court. Seller (with the consent of Buyer) or Buyer, as applicable, reserves the right either to reject or nullify the assumption of any Contract no later than the day that is one (1) Business Day after a Final Order determining the actions necessary to Cure or any request for adequate assurance of future performance.

(d)    Notwithstanding anything in this Agreement to the contrary, a Contract that is validly rejected or otherwise not assumed and assigned to Buyer pursuant to this Section 2.5 shall constitute an Excluded Asset.

**Section 2.6    Jurisdiction and Authority of the Bankruptcy Court; Dispute Resolution; No Jury**.

(a)    Without limiting any Party's right to appeal any Order of the Bankruptcy Court, the Parties expressly consent to (a) the exclusive jurisdiction of the Bankruptcy Court over any dispute (i) arising out of or relating to this Agreement, or (ii) in connection with the Sale Transaction, and (b) the authority of the Bankruptcy Court to adjudicate any dispute (i) arising out of or relating to this Agreement, or (ii) in connection with the Sale Transaction.  In the event the Bankruptcy Court does not have jurisdiction over a dispute arising under this Agreement or in connection with the Sale Transaction, or for whatever reason fails or refuses to take jurisdiction over any other dispute arising hereunder or in connection with the Sale Transaction then, except as otherwise expressly set forth in this Agreement and to the fullest extent permitted by applicable Law, the Parties shall submit all Actions arising hereunder and not otherwise resolved by the Parties in writing to the exclusive jurisdiction of the appropriate State of Texas court located in Dallas County, Texas or, to the extent permitted by applicable Law, the federal courts in the Northern District of Texas (to whose jurisdiction the Parties irrevocably, unqualifiedly and unconditionally submit), and to any appellate court with authority to adjudicate appeals therefrom, in any dispute arising out of or relating to this Agreement, and each Party hereby irrevocably, unqualifiedly and unconditionally agrees that all Actions in respect of any such dispute may be heard and determined in such State of Texas court, or to the extent permitted by applicable Law, in such federal court. The Parties irrevocably, unqualifiedly and unconditionally waive, to the fullest extent they may effectively do so, any defense of any inconvenient forum or improper venue to the maintenance of any such dispute in any such court and any right to assert or contest jurisdiction on account of its place of residence or domicile. The Parties irrevocably, unqualifiedly and unconditionally consent to the service of any and all process in any dispute to be adjudicated in the State of Texas or the federal courts in the Northern District of Texas, by the sending of such process to each of the applicable Parties at the addresses and in the manner specified in Section 14.6, or as otherwise may be permitted or required by applicable Law. The Parties shall be bound by a Final Order in any such dispute, following exhaustion of all remedies by appeal, which Final Order shall be conclusive and may be enforced in other jurisdictions by suit on the judgment or in any other manner provided by applicable Law.

(b)    THE PARTIES WAIVE THEIR RIGHT TO TRIAL BY JURY IN ANY DISPUTE ARISING HEREUNDER AND EXPRESSLY CONSENT TO TRIAL WITHOUT A JURY, AS EVIDENCED BY THEIR EXECUTION AND DELIVERY OF THIS AGREEMENT.

13

## ARTICLE 3
## CONSIDERATION

**Section 3.1**      **Purchase Price and Other Consideration**.

(a)      Amount Due At Closing.  At the Closing, Buyer will pay Seller ONE HUNDRED TEN MILLION DOLLARS ($110,000,000) for the Property (the "**Purchase Price**"), such amount to be adjusted as specified in Section 3.1(b) and Section 3.2.

(b)      Performance Deposit.

(i)      Contemporaneously herewith:  (A) Buyer, Seller and BOKF, NA d/b/a Bank of Texas ("**Escrow Agent**") shall execute and deliver to one another an Escrow Agreement substantially in the form attached hereto as Exhibit K (the "**Escrow Agreement**"); and (B) as contemplated by the Escrow Agreement, Buyer shall pay to Escrow Agent ten percent (10%) of the Purchase Price (ELEVEN MILLION DOLLARS ($11,000,000)) as a performance deposit (together with any earnings, interest or losses thereon, the "**Performance Deposit**") to assure Buyer's performance under this Agreement.  For the avoidance of doubt, subject to Buyer's right to refund or payment of the Performance Deposit, subject to and according to the terms and conditions set forth in this Agreement, and Section 3.1(b)(ii), the Performance Deposit shall be subject to the liens held by the Administrative Agent, the Prepetition Lenders, or the DIP Secured Parties.

(ii)      The Performance Deposit is solely to assure the performance of Buyer pursuant to the terms and conditions of this Agreement and subject to delivery in accordance with this Section 3.1 and Section 13.2.  If Closing occurs, the Performance Deposit shall be credited against the Purchase Price at Closing, in which case (x) Buyer must pay Seller an amount equal to the Purchase Price, adjusted as provided in Section 3.2, less the Performance Deposit and (y) Buyer and Seller shall instruct Escrow Agent to pay the Performance Deposit to Seller.

**Section 3.2**      **Adjustments at Closing**.

(a)      Settlement Statement.  At Closing, the Purchase Price will be adjusted as set forth in Section 3.2(b) and Section 3.2(c).  No later than five (5) Business Days prior to the Closing Date, Seller will provide Buyer a settlement statement prepared by Seller in good faith that identifies all adjustments to the Purchase Price (the "**Settlement Statement**").  The Settlement Statement will be prepared consistent with Seller's lease operating statements previously furnished by Seller to Buyer and otherwise in accordance with generally accepted accounting principles in the petroleum industry, and applicable Laws, and with reasonable supporting documentation for each item reflected therein.  Seller and Buyer acknowledge that some items in the Settlement Statement may be estimates.  Seller and Buyer shall attempt to agree upon the Settlement Statement prior to the Closing; provided, however, that any disputes with respect to the Settlement Statement that Seller and Buyer are not able to resolve prior to the Closing shall be submitted to the Bankruptcy Court for final resolution.

(b)      Upward Adjustments.  The Purchase Price will be increased by the following expenses and revenues (the "**Upward Adjustments**"):

518185 000003 16136099.12

(i)     All Property Costs and any other costs and expenses attributable to the ownership and operation of the Property attributable to the period on and after the Effective Date that are paid by Seller;

(ii)    The value of the Stock Tank Oil (as determined pursuant to Section 2.3(a));

(iii)   The aggregate amount of all Costs of Cure with respect to the Assumed Contracts;

(iv)    Any deposits included in or attributable to the Property set forth on Exhibit A, Schedule 6;

(v)     Any other increases in the Purchase Price specified in this Agreement or otherwise agreed in writing between Seller and Buyer prior to or at Closing; and

(vi)    An amount equal to TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000) per month for each month between the Effective Date and the Closing Date representing recovery of Seller's overhead (such amount to be prorated for each partial month between the Effective Date and the Closing Date); provided that no more than three (3) months may be included in such adjustment (i.e., the maximum amount of the Upward Adjustment pursuant to this clause (vi) is SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($750,000) even if the period between the Effective Date and the Closing Date is greater than three (3) months.

(c)     <u>Downward Adjustments</u>.  The Purchase Price will be decreased by the following expenses and revenues (the "**Downward Adjustments**"):

(i)     All Property Costs and any other costs and expenses attributable to the ownership and operation of the Property attributable to the period before the Effective Date that are paid or will be paid by Buyer on or before the Closing, which costs are set forth on Exhibit A, Schedule 7;

(ii)    Seller's share (Buyer's share after Closing) of any proceeds from the sale of Hydrocarbons produced from or attributable to the Property and other income attributable to the Property and received by Seller, to the extent they are attributable to the Property on or after the Effective Date and net of royalties and processing costs to the extent paid by Seller (without duplication of any Upward Adjustment on account of such royalties and processing costs); and

(iii)   Any other decreases in the Purchase Price specified in this Agreement or otherwise agreed in writing between Seller and Buyer.

(d)     <u>Definition of Property Costs</u>.  As used herein, "**Property Costs**" means all actual production and operating costs and expenses, overhead charges under applicable operating agreements, and capital and work-over expenditures paid or incurred in connection with the ownership or operation of the Property (including royalties, minimum royalties, rentals and prepaid charges), but excluding liabilities, losses, costs, and expenses attributable to:

(i)    subject to Section 9.3, obligations to plug wells, dismantle facilities, close pits and restore the surface around such wells, facilities and pits;

(ii)    Claims directly or indirectly arising out of or resulting from actual or claimed contamination of groundwater, surface water, soil or Equipment, and obligations to remediate such contamination;

(iii)    obligations to balance or furnish make-up Hydrocarbons according to the terms of applicable Hydrocarbon sales, gathering, processing, storage, transportation or similar Contracts;

(iv)    gas balancing and other production balancing obligations;

(v)    obligations to pay revenues, royalties or other amounts payable to third parties with respect to the Property but held in suspense; and

(vi)    casualty and condemnation losses as described in Section 7.5(a).

For purposes of clarity: (A) with respect to Transferred Employees, Property Costs include salary, accrued vacation and related expenses but exclude all severance, and other expenses related thereto and (B) the Upward Adjustment provided in Section 3.2(b)(i) shall not include any expense associated with personnel located in Seller's Tulsa, Oklahoma office.

**Section 3.3    Adjustments after Closing**.  It is understood that there shall be no adjustments to the Settlement Statement after Closing.

**Section 3.4    Reporting Value of the Property**.  Seller and Buyer shall cooperate in the preparation of Internal Revenue Service Form 8594 to report the allocation of the Purchase Price, as adjusted pursuant hereto, among the Property. Except as required by Law, none of the Parties (or their applicable Affiliates) shall take any position in preparing financial statements, tax returns, reports to shareholders or Governmental Authorities, or otherwise, that is inconsistent with the allocation of the Purchase Price as so agreed by Seller and Buyer.

# ARTICLE 4
## SELLER'S REPRESENTATIONS AND WARRANTIES

Seller represents and warrants to Buyer as follows, in each case as of the Execution Date, unless certain dates are otherwise specified with respect to an applicable statement, in which case the applicable representation and warranty with respect to such statement is made only with respect to such specified dates:

**Section 4.1    Legal Entity Authority**.  Seller is a limited partnership duly organized, validly existing and in good standing under the Laws of the State of Delaware, is duly qualified to carry on its business (and in good standing) in the states where the Property is located, and has all the requisite power and authority to enter into and perform this Agreement, subject to entry of the Bidding Procedures Order and the Sale Order.

16

**Section 4.2**    **Requisite Approvals**.    Upon execution of this Agreement, subject to entry of the Bidding Procedures Order and the Sale Order, Seller will have taken all necessary actions pursuant to its limited partnership agreement and other governing documents to fully authorize (a) the execution and delivery of this Agreement and any transaction documents related to this Agreement; and (b) the consummation of the transaction contemplated by this Agreement.

**Section 4.3**    **Validity of Obligation**.    This Agreement and all other transaction documents Seller is to execute and deliver on or before the Closing Date (a) have been duly or shall have been executed by its authorized representatives; (b) constitute its valid and legally binding obligations; and (c) are enforceable against it in accordance with their respective terms, in each case subject to entry of the Bidding Procedures Order and the Sale Order.

**Section 4.4**    **No Violation of Contractual Restrictions**.    Seller's execution, delivery and performance of this Agreement does not conflict with or violate any Contract or instrument to which it is a party or by which it is bound, subject to entry of the Bidding Procedures Order and the Sale Order, except (a) to the extent contemplated, Ordered or allowed by the Bankruptcy Court and (b) any provision contained in Contracts customary in the oil and gas industry relating to (i) the preferential right to purchase all or any portion of the Property; (ii) consents required to transfer and related provisions; (iii) maintenance of uniform interest provisions; and (iv) any other third-party approvals or consents contemplated in this Agreement.

**Section 4.5**    **No Violation of Other Legal Restrictions**.    Seller's execution, delivery and performance of this Agreement does not violate any Law or Order to which it or the Property is subject, in each case subject to entry of the Bidding Procedures Order and the Sale Order.

**Section 4.6**    **Brokers Fees**.    Seller has not incurred any obligation for brokers, finders or similar fees for which Buyer would be liable.

**Section 4.7**    **No Restraining Litigation**.    There is no Action by any Person pending or, to Seller's Knowledge, threatened against it before any Governmental Authority that seeks damages in connection with, or seeks to restrain, enjoin, impair or prohibit the consummation of all or part of the transaction contemplated in this Agreement.

**Section 4.8**    **Lawsuits and Claims**.    Except as disclosed in Exhibit B, and as limited by Section 4.15, there are no Actions pending or, to Seller's Knowledge, threatened as of the Execution Date before any Governmental Authority that (a) would result in an impairment or loss of title to any part of the Property, (b) seeks the imposition of damages with respect to the Property, (c) would hinder or impede the operation of the Property, (d) is otherwise related to the Property or Seller's ownership interest therein or operation thereof, or (e) relates to any Transferred Employee or the terms and conditions of employment of any Transferred Employee.

**Section 4.9**    **Tax**.    Except as set forth on Exhibit F, the Property conveyed to Buyer is not subject to any tax partnership agreement or provisions requiring a partnership income tax return to be filed under Subchapter K of Chapter 1 of Subtitle A of the Code or any similar state statute.

**Section 4.10**    **Certain Environmental Matters**.    Except as set forth on Exhibit G, Seller has not received prior to the Execution Date any written communication from: (a) any

Governmental Authority alleging the violation of or liability under any Environmental Law with respect to the Property or requesting, with respect to the Property, information with respect to an investigation pursuant to any Environmental Law; or (b) any landowner or surface owner of any tract upon which any of the Property is located alleging material violation of or material liability under any Environmental Law, in each case, which has not been fully remediated in accordance with applicable Environmental Laws (to the extent remediation was required, if at all).

**Section 4.11    Contracts**.  Solely as of the Execution Date, the list of Contracts set forth in Exhibit A, Schedule 5, as such Schedule exists on the Execution Date, includes the following Contracts included in the Property: (a) all farmout and farmin agreements with remaining drilling or assignment obligations on the part of Seller or any other party, (b) all Contracts that would obligate Buyer to drill additional wells or conduct other material development operations after the Closing, (c) all Contracts that provide for an area of mutual interest, (d) all Contracts that contain a non-compete agreement that would restrict, limit or prohibit the manner in which, or the locations in which, Buyer may conduct its business, (e) all Contracts involving the transportation or processing of production that would not be cancelable by Buyer after Closing upon notice of 60 days or less without liability for further payment other than nominal penalty (including those providing for volumetric or monetary commitments or indemnification therefor or for dedication of future production), and (f) all Contracts providing for any call upon, option to purchase or similar rights with respect to the Property or to the production therefrom or the processing thereof.

**Section 4.12    Permits, Easements and Surface Rights**.  To Seller's Knowledge, (a) Seller has obtained the Permits, Easements and Surface Rights listed in Exhibit A, Schedule 2, (b) such Permits, Easements and Surface Rights are in force and effect and may be assigned to Buyer, and (c) the Property includes all Permits, Easements and Surface Rights required for Buyer to own and operate the Property (including the compression and gathering facilities included therein) after the Closing in the same manner as Seller owned and operated the Property immediately prior to the Closing.

**Section 4.13    Preferential Rights and Consents**.  Except as listed on Exhibit H hereto, the Property is not subject to any (a) third party preferential purchase rights, rights of first refusal, or similar rights (collectively, "**Preferential Rights**"), or (b) third party consents to assign or similar rights, excluding consents ordinarily obtained after Closing ("**Consents**").

**Section 4.14    Suspense Accounts**.  All funds held in suspense by Seller related to proceeds of production and attributable to third parties' interests in the Leases or lands pooled or unitized therewith or Hydrocarbon production from the Leases or lands pooled or unitized therewith, including funds suspended awaiting minimum disbursement requirements, funds suspended under division orders and funds suspended for title and other defects ("**Suspense Funds**") total TWO HUNDRED SIXTEEN THOUSAND FORTY-EIGHT DOLLARS AND THIRTY-SEVEN CENTS ($216,048.37) as set forth in a written notice delivered by Seller to Buyer contemporaneously herewith.

**Section 4.15    Limitation as to Environmental Matters**.    Except for the representations and warranties set forth in Section 4.10: (a) the warranties and representations of Seller in this ARTICLE 4 do not extend to environmental matters, permits, compliance with

18

Environmental Laws, or environmental Claims pertaining to the ownership or operation of the Property, and (b) all liabilities and obligations of Seller and Buyer with respect to environmental matters, permits, compliance with Environmental Laws, and environmental Claims pertaining to the ownership or operation of the Property will be governed solely and exclusively by the provisions of Section 6.2, Section 6.3, Section 7.6, Section 9.3, Section 9.4, and ARTICLE 10, regardless of the warranties or representations in this ARTICLE 4.

**Section 4.16    Representations and Warranties Exclusive**.  All representations and warranties of Seller contained in this Agreement (including those in this ARTICLE 4) are exclusive, and are given in lieu of all other representations and warranties, express or implied.

## ARTICLE 5
## BUYER'S REPRESENTATIONS AND WARRANTIES

Buyer represents and warrants to Seller as of the Execution Date as follows:

**Section 5.1    Legal Entity Authority**.  Buyer is a limited partnership duly organized, validly existing and in good standing under the Laws of its state of formation, is duly qualified to carry on its business (and in good standing) in the states where the Property is located, and has all the requisite power and authority to enter into and perform this Agreement.

**Section 5.2    Requisite Approvals**.  Upon execution of this Agreement, Buyer will have taken all necessary actions pursuant to its governing documents to fully authorize (a) the execution and delivery of this Agreement and any transaction documents related to this Agreement; and (b) the consummation of the transaction contemplated by this Agreement.

**Section 5.3    Validity of Obligation**.  This Agreement and all other transaction documents Buyer is to execute and deliver on or before the Closing Date (a) have been duly executed by its authorized representatives; (b) constitute its valid and legally binding obligations; and (c) are enforceable against it in accordance with their respective terms, in each case subject to entry of the Bidding Procedures Order and the Sale Order.

**Section 5.4    No Violation of Contractual Restrictions**.  Buyer's execution, delivery and performance of this Agreement does not conflict with or violate any Contract or instrument to which it is a party or by which it is bound.

**Section 5.5    Bankruptcy**.  There are no bankruptcy, reorganization, receivership or similar debt adjustment proceedings pending, being contemplated by, or to Buyer's Knowledge, threatened against Buyer.

**Section 5.6    Brokers Fees**.  Buyer has not incurred any obligation for brokers, finders or similar fees for which Seller would be liable.

**Section 5.7    No Restraining Litigation**.  To Buyer's Knowledge, there is no Action by any Person pending or threatened, against Buyer before any Governmental Authority that seeks substantial damages in connection with, or seeks to restrain, enjoin, materially impair or prohibit the consummation of all or part of the transaction contemplated in this Agreement.

518185 000003 16136099.12

**Section 5.8    Independent Evaluation**.  Buyer is an experienced and knowledgeable investor in the oil and gas business.  In making the decision to enter into this Agreement, Buyer has been advised by and has relied solely on its own expertise and legal, tax, reservoir engineering and other professional counsel concerning this transaction, the Property and the value thereof.

**Section 5.9    Qualification**.  Buyer is now or at Closing will be, and thereafter will continue to be, qualified to own and, as applicable, operate any federal oil, gas and mineral leases, and any oil, gas and mineral leases for all states in which the Property is located, including meeting all bonding requirements.  Consummating the transaction contemplated in this Agreement will not cause Buyer to be disqualified or to exceed any acreage limitation imposed by applicable Law.

**Section 5.10    Securities Laws and Buyer's Other Dealings**.  Buyer is acquiring the Property for its own account and not with a view to, or for offer of resale in connection with, a distribution thereof, within the meaning of the Securities Act of 1933, 15 U.S.C. § 77a et seq, and any other Laws pertaining to the distribution of securities.

**Section 5.11    Governmental Approval**.   To Buyer's Knowledge, no fact or circumstance exists which would preclude or inhibit approval of Seller's assignment(s) of that portion of the Property which constitutes state or federal oil, gas and mineral leases to Buyer, by any Governmental Authority having jurisdiction, including meeting existing or increased state and federal bonding or supplemental security requirements of such authority.

**Section 5.12    Operator's Bond Qualifications**.  To Buyer's Knowledge, no fact or circumstance exists which would preclude or inhibit Buyer's regulatory qualification to operate the Leases and Wells for which Seller is operator, including meeting the existing or increased state and federal bonding or supplemental security requirements of any state or federal authority having jurisdiction.

**Section 5.13    No Investment Company**.  Buyer is (a) not an investment company or a company controlled by an investment company within the meaning of the Investment Company Act of 1940 or (b) otherwise exempt from the provisions of that act.

**Section 5.14    Buyer's Funds**.  Buyer has arranged or will arrange to have available by the Closing Date sufficient funds to enable Buyer to pay in full the Purchase Price as herein provided and otherwise to perform its obligations under this Agreement without financing that is subject to any material contingency.  All funds used or provided by Buyer in connection with this transaction and Closing are Buyer's own unrestricted funds.

### ARTICLE 6
### DISCLAIMER OF WARRANTIES

**Section 6.1    Title; Encumbrances**.  AT CLOSING, SELLER WILL CONVEY THE PROPERTY TO BUYER WITHOUT WARRANTY OF TITLE, EXPRESS, STATUTORY OR IMPLIED.   IT IS UNDERSTOOD AND AGREED THAT ANY STATEMENT OF INTERESTS IN EXHIBIT A OR IN THE ASSIGNMENT DOCUMENTS TO BE EXECUTED AT CLOSING IS NOT A WARRANTY OR REPRESENTATION BY SELLER REGARDING

20

SELLER'S OWNERSHIP INTEREST IN THE PROPERTY. SELLER MAKES NO REPRESENTATION REGARDING, AND SHALL HAVE NO LIABILITY FOR, ANY FAILURE TO MAINTAIN ANY LEASE OR PORTION THEREOF IN ACCORDANCE WITH ITS TERMS.

SPECIFICALLY WITH RESPECT TO THE PERMITS, EASEMENTS AND SURFACE RIGHTS AND EXCEPT AS OTHERWISE SET FORTH IN SECTION 4.12: (A) SELLER EXPRESSLY DISCLAIMS, AND BUYER HEREBY WAIVES, ALL WARRANTIES AND REPRESENTATIONS THAT SELLER OWNS THE PERMITS, EASEMENTS AND SURFACE RIGHTS, THAT THEY ARE IN FORCE AND EFFECT, THAT THEY MAY BE ASSIGNED, THAT THEY ARE CONTIGUOUS, THAT THE EQUIPMENT LIES WITHIN THE PERMITS, EASEMENTS AND SURFACE RIGHTS, OR THAT THEY GRANT THE RIGHT TO LAY, MAINTAIN, REPAIR, REPLACE, OPERATE, CONSTRUCT, OR REMOVE THE EQUIPMENT, AND (B)  SELLER EXPRESSLY DISCLAIMS, AND BUYER HEREBY WAIVES, ALL WARRANTIES AND REPRESENTATIONS THAT THERE ARE ANY PERMITS, EASEMENTS AND SURFACE RIGHTS IN FORCE AND EFFECT WITH RESPECT TO THE EQUIPMENT.  Buyer shall secure, at its own expense, rights to operate and maintain any Equipment on third-party property if any of the Permits, Easements and Surface Rights listed in Exhibit A, Schedule 2 necessary to operate and maintain such Equipment are not transferred to Buyer at Closing on account of failure to obtain any Consent set forth in Exhibit H, and such Equipment will continue to be used after Closing in the manner used prior to Closing.

**Section 6.2**    **Condition and Fitness of the Property**.    AT CLOSING, SELLER WILL CONVEY THE PROPERTY TO BUYER WITHOUT ANY EXPRESS, STATUTORY OR IMPLIED WARRANTY OR REPRESENTATION OF ANY KIND, INCLUDING WARRANTIES RELATING TO (A) THE CONDITION OR MERCHANTABILITY OF THE PROPERTY, (B) THE FITNESS OF THE PROPERTY FOR A PARTICULAR PURPOSE, OR (C) FREEDOM FROM OTHER DEFECTS.  BEFORE CLOSING, BUYER HAS INSPECTED, WILL INSPECT OR HAS OR WILL HAVE BEEN GIVEN THE OPPORTUNITY TO INSPECT, THE PROPERTY AND SUBJECT TO BUYER'S RIGHTS UNDER ARTICLE 7, WILL ACCEPT THE PROPERTY "AS IS," "WHERE IS," AND "WITH ALL FAULTS" AND IN ITS PRESENT CONDITION AND STATE OF REPAIR.  WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, SELLER MAKES NO REPRESENTATION OR WARRANTY AS TO (I) THE VALUE, QUALITY, QUANTITY, VOLUME OR DELIVERABILITY OF ANY OIL, GAS OR OTHER MINERALS OR RESERVES (IF ANY) IN, UNDER OR ATTRIBUTABLE TO THE PROPERTY (INCLUDING PRODUCTION RATES, DECLINE RATES AND RECOMPLETION OR DRILLING OPPORTUNITIES), (II) GAS BALANCING OR PAYOUT ACCOUNT INFORMATION, ALLOWABLES, OR OTHER REGULATORY MATTERS, (III) THE PHYSICAL, OPERATING, REGULATORY COMPLIANCE, SAFETY OR ENVIRONMENTAL CONDITION OF THE PROPERTY, (IV) PROJECTIONS AS TO EVENTS THAT COULD OR COULD NOT OCCUR, OR (V) THE GEOLOGICAL OR ENGINEERING CONDITION OF THE PROPERTY OR ANY VALUE THEREOF.

**Section 6.3**    **Information About the Property**.    EXCEPT AS EXPRESSLY SET FORTH IN THIS AGREEMENT, THE PARTIES EACH DISCLAIM ALL LIABILITY AND

518185 000003 16136099.12

RESPONSIBILITY FOR ANY REPRESENTATION, WARRANTY, STATEMENTS OR COMMUNICATIONS (ORALLY OR IN WRITING) TO THE OTHER PARTY (INCLUDING ANY INFORMATION CONTAINED IN ANY RESERVOIR STUDY, FIELD STUDY, OPINION, INFORMATION, OR ADVICE THAT MAY HAVE BEEN PROVIDED TO ANY SUCH PARTY BY ANY EMPLOYEE, OFFICER, DIRECTOR, AGENT, CONSULTANT, ENGINEER OR ENGINEERING FIRM, TRUSTEE, REPRESENTATIVE, PARTNER, MEMBER, BENEFICIARY, STOCKHOLDER OR CONTRACTOR OF SUCH DISCLAIMING PARTY OR ITS AFFILIATES) WHENEVER, WHEREVER AND HOWEVER MADE, INCLUDING THOSE MADE IN ANY DATA ROOM AND ANY SUPPLEMENTS OR AMENDMENTS THERETO OR DURING ANY NEGOTIATIONS WITH RESPECT TO THIS AGREEMENT OR ANY CONFIDENTIALITY AGREEMENT PREVIOUSLY EXECUTED BY THE PARTIES WITH RESPECT TO THE PROPERTY. SELLER MAKES NO WARRANTY OR REPRESENTATION, EXPRESS OR IMPLIED, AS TO THE ACCURACY, COMPLETENESS, OR MATERIALITY OF ANY DATA, INFORMATION OR RECORDS FURNISHED TO BUYER IN CONNECTION WITH THE PROPERTY. ANY DATA, INFORMATION OR OTHER RECORDS FURNISHED BY SELLER ARE PROVIDED TO BUYER AS A CONVENIENCE AND BUYER'S RELIANCE ON OR USE OF THE SAME IS AT BUYER'S SOLE RISK.

**Section 6.4** **Subrogation of Warranties**. To the extent transferable, Seller shall give and grant to Buyer, its successors and assigns, full power and right of substitution and subrogation in and to all covenants and warranties (including warranties of title) given or made with respect to the Property or any part thereof by preceding owners, vendors, or others, excluding, however, Seller or any Affiliate of Seller.

## ARTICLE 7
## DUE DILIGENCE REVIEW OF THE PROPERTY

**Section 7.1** **Records Review**. To allow Buyer to conduct due diligence with respect to the Property, Seller shall make available to Buyer, and Buyer's authorized representatives, at mutually agreeable times before Closing, during normal business hours, all Contract, land, lease, and operational records, to the extent such data and records are in Seller's possession and relate to the Property. Buyer hereby joins, and agrees to be bound by all of the terms of, the Confidentiality Agreement between Seller and Scout Energy Partners, a Texas limited partnership, dated May 6, 2015 (the "**Confidentiality Agreement**") to the same extent as if Buyer were an original party to the Confidentiality Agreement as a Receiving Party (as defined in the Confidentiality Agreement). Buyer shall keep confidential all information made available to Buyer in connection with this Agreement in accordance with the terms of the Confidentiality Agreement.

**Section 7.2** **Physical Inspection**. Before Closing, (a) with respect to that portion of the Property operated by Seller, Seller will permit Buyer and its representatives, at their sole risk and expense, to conduct reasonable inspections of the Property at times approved by Seller, and (b) with respect to that portion of the Property not operated by Seller, Seller will attempt to obtain access to the Property, in accordance with the applicable operating agreements, for Buyer and its representatives, at their sole risk and expense, to conduct reasonable inspections of the Property subject to the terms and conditions required by the operator of the Property. Buyer

shall repair any damage to the Property resulting from its inspection and shall INDEMNIFY, DEFEND AND HOLD SELLER HARMLESS from and against any and all Claims arising from Buyer inspecting and observing the Property and Seller's records pursuant to this Article 5, including (i) Claims for personal injuries to or death of employees of Buyer, its contractors, agents, consultants and representatives, and damage to the property of Buyer or others acting on behalf of Buyer, REGARDLESS OF WHETHER SUCH CLAIMS ARISE OUT OF OR RESULT IN WHOLE OR IN PART, FROM THE CONDITION OF THE PROPERTY OR SELLER'S (OR ITS EMPLOYEES', AGENTS', CONTRACTORS', SUCCESSORS' OR ASSIGNS') SOLE OR CONCURRENT NEGLIGENCE, STRICT LIABILITY OR FAULT, and (ii) Claims for personal injuries to or death of employees of Seller or third parties, and damage to the property of Seller or third parties, to the extent caused by the negligence, gross negligence or willful misconduct of Buyer.

**Section 7.3    Bonding Requirements**.  Buyer agrees to promptly purchase and post any and all bonds, supplemental bonds or other securities which may be required of it pursuant to all Laws applicable to the Property (the "**Required Bonds**").  Buyer shall also deliver to Seller an additional plugging and abandonment bond (the "**Replacement Additional Bond**") which would replace the bond maintained by Seller in favor of ConocoPhillips Company ("**COP**") (such bond being referred to herein as the "**Seller Additional Bond**").  The amount of the Replacement Additional Bond to be delivered to Seller at Closing under this Section 7.3 shall be no greater than NINE MILLION NINE HUNDRED NINETEEN THOUSAND DOLLARS ($9,919,000).  So long as Buyer owns an interest in the Property, Buyer shall maintain the Replacement Additional Bond in full force and effect, at Buyer's sole cost and expense, until the Property has been finally and permanently plugged, abandoned, and restored, all in accordance with applicable Law.  With respect to each Well that Seller (as successor in interest to Bravo Natural Gas, LLC) acquired from COP that is permanently plugged and abandoned by Buyer, the face amount of the Replacement Additional Bond may be reduced by TWENTY-SEVEN THOUSAND DOLLARS ($27,000) once such operations have been completed in compliance with applicable Law and Contractual obligations. Buyer shall obtain the agreement of any successor to any portion of its interest in the Property to maintain a bond meeting the qualifications of this Section 7.3 in an amount equal to no less than (x) the number of such Wells that are transferred to such successor and that have not been permanently plugged or abandoned at the time of such transfer multiplied by (y) TWENTY-SEVEN THOUSAND DOLLARS ($27,000), in order for such successor to be in compliance with this Section 7.3, with a corresponding reduction in the amount of the bond required to be maintained by Buyer in the event Buyer transfers less than all of its interest in the Property. Within ten (10) Business Days of Execution Date, Buyer shall furnish to COP its proposed form of Replacement Additional Bond and diligently seek approval from COP of such proposed form.  From and after the Closing, Buyer agrees to cooperate in Seller's efforts to have COP release the Seller Additional Bond.

**Section 7.4    Preferential Rights and Consents to Assign**.

(a)    Notices to Holders.

(i)    If Seller's right to convey any of the Property to Buyer is subject to any Preferential Rights or Applicable Consents, Seller shall use reasonable efforts to (A) notify

23

the holders of the Preferential Rights and Applicable Consents within ten (10) Business Days after the date of the filing of the Bidding Procedures Motion that it intends to transfer the Property to Buyer, (B) provide them with any information about the transfer of the Property to which they are entitled, and (C) in the case of Applicable Consents, request the holders of the Applicable Consents to consent to the assignment of the affected Property to Buyer and otherwise use commercially reasonable efforts to obtain such Applicable Consents prior to the Closing.  As used herein, "**Applicable Consents**" means those Consents identified as such on Exhibit H.

(ii)    At or before Closing, Seller shall notify Buyer whether (A) any Preferential Rights are exercised or waived, (B) any Applicable Consents are granted or denied or cannot be obtained before Closing, or (C) the requisite time periods have elapsed and any Preferential Rights are deemed waived or Applicable Consents deemed given by the lapse of such requisite time periods under the applicable Contracts.

(iii)    If any Preferential Rights are exercised, the portion of the Property burdened by the exercised Preferential Right shall be excluded, and the Purchase Price shall be adjusted by the value of the excluded portion of the Property as disclosed on Exhibit H.  Seller will not be liable to Buyer if any Preferential Rights are exercised, or any Applicable Consents are denied, except for the Purchase Price adjustment herein provided.  Buyer shall be obliged to close on all other portions of the Property, subject to Section 7.4(b).

(iv)    Buyer acknowledges that Seller shall have no responsibility hereunder for obtaining the Railroad Consents.  As used herein, "**Railroad Consents**" means those Consents identified as such on Exhibit H.

(b)    Remedies Before Closing.

(i)    Preferential Rights.  If before Closing, any Preferential Right has not been waived or exercised in accordance with the terms, and the time period for such exercise has not expired, the Parties shall proceed to Closing as to the portion of the Property burdened by such Preferential Rights, subject to the further obligations of Buyer set forth in Section 7.4(c)(i) in the event such Preferential Rights are ultimately exercised.

(ii)    Required Consents.  If Seller is unable to obtain any Required Consent prior to the anticipated date of the Closing as set forth in Section 8.1, Seller may delay the Closing with respect to all of the Property by delivering written notice to Buyer.  If Seller obtains all Required Consents after delivering such notice, Seller shall promptly notify Buyer in writing, and the Parties shall proceed with the Closing.  If Seller is unable to obtain any Required Consent on or before the Outside Closing Date, (A) the Parties shall proceed with the Closing with respect to all of the Properties (including the portions of the Properties affected by Required Consents), and (B) Buyer shall INDEMNIFY, DEFEND AND HOLD SELLER HARMLESS from all Claims arising out of or resulting from such unobtained Required Consents.  As used herein, a "**Required Consent**" means an Applicable Consent contained in any instrument that provides that a transfer or assignment without consent will void or nullify the conveyance with respect to the portion of the Property affected thereby or terminate or materially impair Seller's interest in such portion of the Property, except as otherwise provided in the Sale Order.

24

(iii)    Other Consents.  Subject to Seller's right to delay the Closing under Section 7.4(b)(ii), if Seller is unable to contain any Applicable Consents that are not Required Consents, the Parties shall proceed with the Closing as to all of the Property and  Buyer shall INDEMNIFY, DEFEND AND HOLD SELLER HARMLESS from all Claims arising out of or resulting from such unobtained Consents.

(c)    Remedies After Closing.

(i)    Preferential Rights.  After Closing, if (A) any holder of Preferential Rights has alleged or alleges improper notice of sale, (B) Seller or Buyer discover, or any third party alleges, the existence of additional Preferential Rights, or (C) the time period for exercise of any Preferential Right did not expire before Closing, and such Preferential Rights are not deemed waived, or the third party ultimately establishes and exercises its rights, then Buyer shall satisfy all such Preferential Rights obligations and shall INDEMNIFY, DEFEND AND HOLD SELLER HARMLESS from and against any and all Claims arising from or related to Buyer's satisfaction of any such Preferential Rights obligations.  Buyer shall be entitled to receive (and Seller hereby assigns to Buyer all of Seller's rights to) all proceeds to be received by Seller from such third party, in connection with the sale, due to an exercise of Preferential Rights, of any portion of the Property Buyer was to receive under this Agreement.  Buyer's receipt of proceeds from the sale of the affected Property shall be Buyer's sole remedy if Preferential Rights are established and exercised after Closing.

(ii)    Indemnity.  The foregoing indemnities in Section 7.4(b)(ii), Section 7.4(b)(iii) and Section 7.4(c)(i) shall be subject to and interpreted in accordance with the applicable provisions of ARTICLE 10.

**Section 7.5    Casualty Losses and Government Takings**.

(a)    Notice of Casualty Losses and Government Takings.  If, prior to the Closing Date, all or part of the Property is damaged or destroyed by fire, flood, storm, or other accident ("**Casualty Loss**"), or is taken in condemnation or under the right of eminent domain, or if proceedings for such purposes shall be pending or threatened ("**Government Taking**"), Seller must promptly notify Buyer in writing of the nature and extent of the Casualty Loss or Government Taking and Seller's estimate of the cost required to repair or replace that portion of the Property affected by the Casualty Loss or value of the Property taken by the Government Taking.  Notwithstanding the foregoing, no individual matter described above shall be deemed to be or constitute a Casualty Loss or a Government Taking unless the estimate of the cost required to repair or replace that portion of the Property affected by the Casualty Loss or value of the Property taken by the Government Taking for such matter exceeds ONE HUNDRED THOUSAND DOLLARS ($100,000), net to Seller's interest in the affected portion of the Property.

(b)    Remedies for Casualty Losses and Government Takings.  With respect to each Casualty Loss to or Government Taking of the Property, Seller and Buyer will have the following rights and remedies:

(i)     If the agreed cost to repair or replace the portion of the Property affected by the Casualty Loss or the agreed value of the Property taken in any Government Taking is less than FIVE HUNDRED THOUSAND DOLLARS ($500,000), the Purchase Price will be adjusted by the agreed cost of the Casualty Loss or the agreed value of the Property taken by the Government Taking, and the Parties will proceed with Closing.

(ii)     If the agreed cost to repair or replace the portion of the Property affected by the Casualty Loss or the agreed value of the Property taken in any Government Taking equals or exceeds FIVE HUNDRED THOUSAND DOLLARS ($500,000), the Parties will proceed with Closing and Seller shall elect by written notice to Buyer prior to Closing either (A) adjust the Purchase Price by the agreed cost of the Casualty Loss or the agreed value of the Property taken in any Government Taking, or (B) to cause the portion of the Property affected by the Casualty Loss to be repaired or replaced, at Seller's cost, as promptly as reasonably practicable (which work may extend after the Closing Date).  In the event that any Property is repaired or replaced by Seller under clause (B) and the repaired or replaced Property is newer than the Property that was damaged, destroyed or taken, or otherwise represents an upgrade from the Property that was damaged, destroyed or taken, Buyer shall bear the portion of the cost of repair or replacement attributable to the reduction in age or increase in quality.

(iii)     In addition to the remedies set forth in subparts (i) and (ii) of this Section 7.5(b), Seller will have the termination rights in connection with Casualty Losses and Government Takings set forth in Section 7.6.

(c)     <u>Insurance Proceeds and Settlement Payments</u>.  In each case under subparts (i) and (ii) of Section 7.5(b), Seller will be entitled to (i) all insurance proceeds with respect to any such Casualty Loss, (ii) all sums paid to Seller or Buyer by third parties by reason of any such Casualty Loss, and (iii) all compensation paid to Seller or Buyer with respect to any such Government Taking.

(d)     <u>Change in Condition</u>.  Buyer will assume all risk and loss with respect to, and any change in the condition of the Property, including production of Hydrocarbons through normal depletion, the watering-out, casing collapse or sand infiltration of any well, the depreciation of personal property through ordinary wear and tear, and changes arising from operations conducted by Seller pursuant to ARTICLE 12.  None of the events or conditions set forth in this Section 7.5(d) will be considered a Casualty Loss with respect to the Property, nor will they be cause for any other reduction in the Purchase Price, or give rise to any right to terminate this Agreement.

**Section 7.6     Termination Due to Impairments to the Property**.

(a)     <u>Right to Terminate</u>.     If the aggregate value of all downward adjustments to the Purchase Price contemplated by this Agreement due to (a) Casualty Loss, and (b) Government Taking exceeds ten percent (10%) of the Purchase Price, Seller may terminate this Agreement, and neither Party will have any further obligation to conclude the transfer of the Property under this Agreement; provided, however, that Buyer's indemnity obligations under Section 10.2(b), Section 10.2(c), and Section 10.2(d) shall survive such termination.

(b)    Notice of Termination.  If Seller wishes to exercise its right of termination under this Section 7.6, it must notify Buyer in writing no later than three (3) Business Days before the Closing Date of its election to terminate this Agreement.

# ARTICLE 8
# CLOSING AND POST-CLOSING OBLIGATIONS

**Section 8.1      Closing Date**.  The actions and events described in Section 8.3 are the "**Closing**" of this transaction, which shall be held beginning at 9:00 a.m. local time two (2) Business Days after the Sale Order has become a Final Order, at the Dallas, Texas office of Thompson & Knight, LLP located at 1722 Routh Street, Suite 1500, or such earlier or later date or at such other place as the Parties agree in writing ("**Closing Date**").  Time is of the essence in the performance of this Agreement.  All events of Closing shall each be deemed to have occurred simultaneously with the other, regardless of when actually occurring, and each shall be a condition precedent to the other.  If the Closing occurs, all conditions of Closing shall be deemed to have been satisfied or waived (but Buyer's warranties and representations shall not be waived and shall survive the Closing, to the extent provided in Section 14.2).

**Section 8.2      Conditions to Closing**.  Seller and Buyer, as applicable, will not be obligated to consummate the Closing unless each of the conditions to its performance set forth in this Section 8.2 is satisfied as of the Closing Date, or it waives in whole or part any such condition to its performance that is unsatisfied as of the Closing Date.  The inclusion in this Agreement of conditions to Seller's and Buyer's obligations at Closing shall not, in and of itself, constitute a covenant of either Seller or Buyer to satisfy the conditions to the other Party's obligations at Closing.

(a)    Representations and Warranties.

(i)    Seller will not be obligated to consummate the Closing if as of the Closing Date, any matter represented or warranted in this Agreement by Buyer is untrue, inaccurate or is misleading in any material respect.

(ii)    Buyer will not be obligated to consummate the Closing if as of the Closing Date, or with respect to any representation or warranty expressly made as of a specified date, including the representations and warranties set forth in Section 4.11, as of such specified date, any matter represented or warranted in this Agreement by Seller is untrue, inaccurate or is misleading, except where the failure of such matter to be true, accurate and not misleading, if any, would not have a Material Adverse Effect.

(b)    Performance of Obligations.

(i)    Seller will not be obligated to consummate the Closing if, as of the Closing Date, Buyer has not materially performed all obligations under this Agreement that Buyer is required to perform on or before Closing; provided that any act, event, circumstance or omission that would constitute a failure by Buyer to have materially performed all obligations under this Agreement that Buyer is required to perform on or before Closing shall not result in a failure of this condition precedent to Seller's obligation to consummate the Closing to be

satisfied if such act, event, circumstance or omission gives rise to an adjustment to the Purchase Price pursuant to Section 3.2.

(ii)     Buyer will not be obligated to consummate the Closing if, as of the Closing Date, Seller has not materially performed all obligations under this Agreement that Seller is required to perform on or before Closing; provided that any act, event, circumstance or omission that would constitute a failure by Seller to have materially performed all obligations under this Agreement that Seller is required to perform on or before Closing shall not result in a failure of this condition precedent to Buyer's obligation to consummate the Closing to be satisfied if such act, event, circumstance or omission gives rise to an adjustment to the Purchase Price pursuant to Section 3.2.

(c)     Legal Proceedings.  Neither Party will be obligated to consummate the Closing if, as of the Closing Date, any Action is pending or threatened before any Governmental Authority seeking to restrain, prohibit, or declare illegal, or seeking substantial damages in connection with, the transaction that is the subject of this Agreement, or there is reasonable basis for any such Action.

(d)     Insurance.  Seller will not be obligated to close if, Buyer, as of the Closing Date, does not have insurance providing the following minimum insurance coverages with limits of liability of not less than those set out below:

(i)     Insurance which shall comply with all applicable Workers' Compensation and Occupational Disease Laws and which shall cover all of Buyer's employees performing any work or activities as to the Property;

(ii)     Commercial General Liability Insurance, including contractual liability coverage as well as sudden and accidental pollution liability coverage, with a combined bodily injury and property damage limit of not less than ONE MILLION DOLLARS ($1,000,000) per occurrence; and

(iii)     Environmental Impairment Liability insurance with a limit of not less than ONE MILLION DOLLARS ($1,000,000) per occurrence.

Buyer shall ensure that it and its contractors' insurers waive all rights of recovery or subrogation against Seller, its parent, subsidiaries, Affiliates, agents, directors, officers, employees, servants, co-lessees or co-venturers.  As to such liability insurance, Seller shall be named as an additional insured to the extent of Buyer's liabilities and obligations hereunder that are covered by such liability insurance.  Such liability insurance of Buyer shall be written on customary policy forms and by insurance companies with ratings of no less than A+.  Upon request, Buyer shall furnish Seller with certificates of insurance evidencing compliance with this provision.  All such certificates must be signed by authorized representatives of the insurance companies and must provide for not less than ten (10) days prior written notice to Seller in the event of cancellation or material change affecting Seller's interest.  Neither failure to comply, nor full compliance with the insurance provisions of this Agreement, shall limit or relieve Buyer from its indemnity obligations in accordance with this Agreement.  Buyer agrees

to maintain all such liability insurance in accordance with the terms of this subclause (d) for so long as it continues to own the Property.

(e)    One Closing.  Seller will not be obligated to close, and will have the right to terminate this Agreement, if Buyer has made an election under this Agreement or some other event has occurred that will prevent Seller from Closing on, or will cause Seller to be unable to close and convey, all of the Property at one Closing (to include any closing with holders of exercised preferential rights) and to receive at such Closing the entire Purchase Price (including any payment from preferential right holders exercising), adjusted as provided in Section 3.2, and to be paid pursuant to Section 8.3.

(f)    Final Bankruptcy Court Approval.  Neither Party will be obligated to close if, as of the Closing Date, the Sale Order (a) shall not have been entered by the Bankruptcy Court or (b) if entered by the Bankruptcy Court, shall not have become a Final Order.

**Section 8.3    Closing**.  At Closing, the following events shall occur and Seller and Buyer shall execute, acknowledge (if necessary), and exchange, as applicable, the following items:

(a)    (i) Buyer shall deliver to Seller the Purchase Price, as adjusted by the amount shown on the Settlement Statement in accordance with the terms and conditions set forth in this Agreement, by wire transfer in immediately available funds to the accounts designated in writing by Seller prior to Closing, and (ii) Buyer and Seller shall instruct the Escrow Agent to pay the Performance Deposit to the accounts designated in writing by Seller prior to Closing.

(b)    The Parties shall execute, Seller shall deliver and Buyer shall accept the assignment documents (in sufficient counterparts for recording) for the assignment and conveyance of the Property to be transferred under this Agreement Free and Clear (except for Permitted Encumbrances and Buyer's Assumed Obligations) substantially in the form attached hereto as Exhibit C (the "**Assignment Documents**");

(c)    Seller shall execute and deliver a certificate of non-foreign status pursuant to Section 1445 of the Code in the form attached hereto as Exhibit D;

(d)    Seller shall deliver to Buyer a photostatic copy of the letters from Seller to its co-owners in the portions of the Property it operates, resigning as operator for those portions of the Property;

(e)    With respect to those portions of the Property for which Seller serves as operator, Buyer shall prepare and the Parties shall execute (i) appropriate change of operator notices and any third party ballots required under applicable operating Contracts, and (ii) all applicable forms and declarations required by federal and state agencies relative to Buyer's assumption of operations;

(f)    Any ratification and joinder instruments required to transfer the rights, obligations and interests in applicable Assumed Contracts and other Property;

518185 000003 16136099.12

(g)    Seller and Buyer shall execute, acknowledge (if necessary) and exchange, as applicable, any applications necessary to transfer to Buyer all transferable regulatory or governmental permits to which the Property is subject, and which Seller has agreed to transfer under this Agreement;

(h)    Buyer shall furnish Seller with evidence acceptable to Seller that Buyer is qualified to hold title to the Leases and other Property with any federal or state agencies, as applicable, and to operate (should Buyer become the operator of the Property or a portion thereof) the Wells, pipelines and facilities associated therewith, including copies of all Buyer's ownership, operational, and plugging bonds or other supplemental security arrangements for the Property, as provided in Section 7.3;

(i)    Buyer shall furnish Seller with a bond meeting the requirements of the Replacement Additional Bond pursuant to Section 7.3;

(j)    If requested, Buyer shall furnish Seller with certificate(s) of insurance confirming the existence of Buyer's insurance coverages pursuant to Section 8.2(d);

(k)    Buyer shall furnish Seller with a certified resolution or secretary's certificate of Buyer evidencing the authority of Buyer to enter into this Agreement and close the transaction contemplated hereby in a form and having content satisfactory to Seller;

(l)    Seller shall furnish Buyer with letters in lieu of transfer orders directing all purchasers of production from the Property to pay Buyer the proceeds of Hydrocarbons produced from the Property from and after the Effective Date; and

(m)    The Parties shall execute and deliver any other appropriate assignments, bills of sale, deeds or instruments necessary to transfer the Property to Buyer or to effect and support the transaction contemplated in this Agreement, including any conveyances on official forms and related documentation necessary to transfer the Property to Buyer in accordance with requirements of applicable Law.

Section 8.4    **Post-Closing Obligations**.  Seller and Buyer have the following post-Closing obligations:

(a)    <u>Property Records</u>.  Within sixty (60) days after Closing, Seller shall deliver to Buyer (i) the originals of the Property Records at a location designated by Buyer and (ii) to the extent not included in the Property Records, copies of all books, records, ledgers, files, documents, correspondence, lists (including vendor lists and records), files, plats maps, tapes, disks, specifications, surveys, drawings, reports, testing results, geological interpretations, geological logs, leasing and land information, certification materials, equipment logs, policies and procedures, and other materials, information and data (in whatever medium) in Seller's possession or control relating to the Property and not included in the Excluded Assets; provided that Seller shall have the right to retain a copy of all Property Records and originals of all other such materials, information and data, and provided that, until such time as the Property Records and such other materials, information and data are so delivered, Buyer shall have access at Seller's offices to the Property Records and such other materials, information and data during normal business hours upon reasonable advance notice to Seller and in such a manner as to not

30

interfere with the normal operations of Seller. Any transportation, postage or delivery costs relating thereto from Seller's offices shall be at Buyer's sole cost, risk and expense. Buyer agrees to maintain all Property Records for seven (7) years after Closing and provide Seller and its representatives reasonable access to, upon reasonable advance notice to Buyer and in such a manner as to not interfere with the normal operations of Buyer, without any charge therefor, and the right to copy, at Seller's expense, such Property Records during such seven (7) year period.

(b)    <u>Recording and Filing</u>. Buyer, within thirty (30) days after Closing, shall (i) record all Assignment Documents and all other instruments that must be recorded to effectuate the transfer of the Property; and (ii) file for approval with the applicable federal, state, tribal or local agencies all Assignment Documents and other federal, state, tribal or local transfer documents required to effectuate transfer of the Property.

(c)    For a period of sixty (60) days after Closing, Seller shall, and shall request that its third party information technology independent contractors, reasonably cooperate with Buyer, at Buyer's sole cost and expense, to cause the transfer and delivery of copies of all materials, information and data referenced in Section 8.4(a).

**Section 8.5    Access**.

(a)    Buyer shall provide Seller a recorded copy of each Assignment Document and other recorded instruments, and approved copies of the Assignment Documents and other federal, state, tribal or local transfer documents, as soon as they are available. Each Party shall make records and personnel available to the other Party as may be reasonably required by such Party in connection with, among other things, any insurance claims, legal proceedings or tax audits against or investigations by any Governmental Authority of Seller or Buyer or any of their Affiliates, administering the Chapter 11 Cases, including in connection with any motion or claim objection filed or to be filed by or against Seller in the Chapter 11 Cases, winding up Seller, or in order to enable Seller or Buyer to comply with its obligations under this Agreement, as applicable and each other Contract, document or instrument contemplated hereby or thereby. Without limiting the generality of the foregoing, Buyer shall make the books and records acquired by it under this Agreement available to Seller to the extent reasonably required by Seller to realize the benefits, if any, of any Excluded Assets.

(b)    It shall be a condition to any transfer or other disposition of any of the records described in this Section 8.5 that written notice thereof (including the name and address of the transferee) shall have been given to the other Party and that the transferee shall have agreed in writing to assume the transferring Party's obligations under this Section 8.5.

(c)    Neither Buyer nor Seller shall be obligated to provide the other Party with access to any records (including personnel files) pursuant to this Section 8.5 where such access would violate any applicable Law or, after consultation with legal counsel of the Party who possesses such records, it is determined by written opinion of such Party's legal counsel that providing access to such records would likely lead to the loss of any attorney-client or attorney work product privilege provided to such Party with respect to such records.

518185 000003 16136099.12

**Section 8.6     Governmental Approvals**.  Buyer, within thirty (30) days after Closing, shall file for approval with the applicable government agencies all Assignment Documents and other state and federal transfer documents required to effectuate the transfer of the Property. Buyer further agrees promptly after Closing to take all other actions required of it by federal or state agencies having jurisdiction to obtain all requisite regulatory approvals with respect to this transaction, and to use its best efforts to obtain the unconditional approval by such federal or state agencies, as applicable, of (a) the Assignment Documents requiring federal or state approval in order for Buyer to be recognized by the federal or state agencies as the owner of the Property, and (b) its qualification as the operator of record with respect to that portion of the Property for which it is elected successor operator under the operating Contracts applicable to any of the Property, together with any necessary rights of use and easements as to the pipeline(s) included in the Property.   Buyer shall provide Seller approved copies of the Assignment Documents and other state and federal transfer documents as soon as they are available.

**Section 8.7     Change of Operator Requirements**.  Buyer shall use its best efforts to succeed Seller as operator of those portions of the Property for which Seller serves as operator. In connection therewith, Buyer shall promptly file all appropriate forms, declarations and bonds (or other authorized forms of security) with all applicable federal and state agencies relative to its assumption of operations.  Buyer shall furnish to Seller copies of all approvals, in the form granted by such federal and state agencies, relative to Buyer's assumption of operations, as soon as such approvals become available.  In no event does Seller provide any warranty or other assurance that Buyer will succeed Seller as operator of any portion of the Property.

**Section 8.8     Further Assurances**.  Buyer and Seller agree to execute and deliver from time to time such further instruments and do such other acts as may be reasonably requested and necessary to effectuate the purposes of this Agreement.

**ARTICLE 9**
**ASSUMED RIGHTS AND OBLIGATIONS**

**Section 9.1     Buyer's Rights After Closing**.  Upon and after Closing, Buyer will receive and assume all of Seller's right, title and interest in the Property, with effect as of the Effective Date.

**Section 9.2     Buyer's Obligations After Closing**.

(a)     Description of Obligations.  Except to the extent discharged by the Sale Order and the conveyance of Seller's assets to Buyer thereunder Free and Clear (except for Permitted Encumbrances and Buyer's Assumed Obligations), upon and after Closing, Buyer will assume, pay and perform all obligations, liabilities and duties with respect to the ownership and (if applicable) operation of the Property, arising on or after the Effective Date or, with respect to the items set forth below in clauses (iii), (iv) and (v) after the Closing Date (subject to any Upward Adjustments pursuant to Section 3.2(b)), together with the Plugging and Abandonment Obligations, Environmental Obligations, all obligations arising under the Assumed Contracts and those obligations expressly assumed or required to be performed by Buyer under this Agreement (collectively, "**Buyer's Assumed Obligations**"); provided that, for the avoidance of doubt and subject to the Upward Adjustment set forth in Section 3.2(b)(iii), Buyer's Assumed Obligations

32

hereunder do not include any liabilities, duties, or Claims related to the Chapter 11 Cases, the cost or administration of the Chapter 11 Cases, or Seller's duties or obligations arising under the Bankruptcy Code.  Without limiting the generality of the foregoing and except to the extent discharged by the Sale Order and the conveyance of Seller's assets to Buyer thereunder Free and Clear (except for Buyer's Assumed Obligations), Buyer's Assumed Obligations shall also specifically include the following:

(i)    Responsibility for payment of all Property Costs attributable to the period on and after the Effective Date that are not reflected on the Settlement Statement;

(ii)    Responsibility for performance of all express and implied obligations and covenants under the terms of the Leases, other instruments in the chain of title, the Assumed Contracts, Permits, Easements and Surface Rights and all other Orders and Assumed Contracts to which the Property or the operation thereof is subject;

(iii)    Subject to any Upward Adjustment pursuant to Section 3.2(b), responsibility for the period on and after the Closing Date for payment of all royalties, overriding royalties, production payments, net profits obligations, rentals, severance taxes and other burdens or encumbrances to which the Property is subject;

(iv)    Subject to any Upward Adjustment pursuant to Section 3.2(b), responsibility for the period on and after the Closing Date for proper accounting for and disbursement of production proceeds from the Property, including any Suspense Funds received from Seller pursuant to Section 14.4;

(v)    Subject to any Upward Adjustment pursuant to Section 3.2(b), responsibility for the period on and after the Closing Date for compliance with all applicable Laws and Orders pertaining to the Property, and the procurement and maintenance of all permits, consents, authorizations, and bonds required by public authorities in connection with the Property;

(vi)    Subject to Section 14.1, responsibility for all obligations with respect to Imbalances with third parties attributable to the Property; and

(vii)    Responsibility for its taxes and expenses as provided in ARTICLE 11.

**Section 9.3    Buyer's Plugging and Abandonment Obligations**.

(a)    <u>Description of Obligations</u>.  Upon and after Closing, Buyer assumes full responsibility and liability for the following plugging and abandonment obligations related to the Property (the "**Plugging and Abandonment Obligations**"), regardless of whether they are attributable to the ownership or operation of the Property before, on or after the Effective Date and regardless of whether resulting from any acts or omissions of Seller (INCLUDING THOSE ARISING FROM SELLER'S SOLE, JOINT, CONCURRENT OR COMPARATIVE NEGLIGENCE, STRICT LIABILITY OR OTHER FAULT) or the condition of the Property when acquired:

(i)    The necessary and proper plugging, replugging and abandonment of all wells included in the Property, whether plugged and abandoned before, on or after the Effective Date;

(ii)    The necessary and proper removal, abandonment, and disposal of all structures, pipelines, facilities, equipment, abandoned property and junk comprising part of the Property;

(iii)    The necessary and proper capping and burying of all flow lines associated with the Wells comprising part of the Property;

(iv)    The necessary and proper restoration of the Property, both surface and subsurface, as may be required by applicable Law or Assumed Contract;

(v)    Any necessary clean-up or disposal of Property contaminated by naturally occurring radioactive material ("**NORM**"), as may be required by applicable Laws or Assumed Contract;

(vi)    All obligations arising from contractual requirements and demands made by courts, authorized regulatory bodies or parties claiming a vested interest in the Property; and

(vii)    Obtaining and maintaining all bonds, or supplemental or additional bonds, that may be required by Assumed Contract or by Governmental Authorities.

(b)    <u>Standard of Operations</u>.    Buyer shall conduct all plugging, replugging, abandonment, removal, disposal and restoration operations in a good and workmanlike manner and in compliance with all applicable Laws.

(c)    <u>Seller's Remedies</u>.    Buyer's liabilities and obligations under this Section 9.3 are included in the liabilities and obligations to be secured by the Required Bonds and the Replacement Additional Bond to the extent such liabilities and obligations are covered by the terms thereof.

**Section 9.4    Buyer's Environmental Obligations**.    Upon and after Closing, Buyer assumes full responsibility and liability for the following occurrences, events, conditions, and activities on or related to the Property (the "**Environmental Obligations**"), regardless of whether arising from the ownership or operation of the Property before, on or after the Effective Date, and regardless of whether resulting from any acts or omissions of Seller (INCLUDING THOSE ARISING FROM SELLER'S SOLE, JOINT, CONCURRENT, OR COMPARATIVE NEGLIGENCE, STRICT LIABILITY OR OTHER FAULT) or the condition of the Property when acquired:

(a)    Environmental pollution or contamination, including pollution or contamination of the soil, groundwater or air by Hydrocarbons, drilling fluid or other chemicals, brine, produced water, NORM, or any other substance;

(b)    Underground injection activities and waste disposal on the Property;

(c)     Clean-up responses, and the cost of remediation, control, assessment or compliance with respect to surface and subsurface pollution caused by spills, pits, ponds, lagoons or subsurface storage tanks;

(d)     Non-compliance with applicable land use, surface disturbance, licensing or notification Laws or Orders;

(e)     Disposal on the Property of any hazardous substances, wastes, materials and products generated by or used in connection with the ownership or operation of the Property before, on or after the Effective Date; and

(f)     Non-compliance with Environmental Laws.

## ARTICLE 10
## INDEMNITIES

**Section 10.1     Application of Indemnities**.

(a)     <u>Covered Parties</u>.  All indemnities set forth in this Agreement extend to the officers, directors, employees, partners, and parent, subsidiary and Affiliated entities of any tier, of the party indemnified.

(b)     <u>Express Negligence Disclosure</u>.    UNLESS THIS AGREEMENT EXPRESSLY PROVIDES TO THE CONTRARY, THE INDEMNITY, RELEASE, WAIVER AND ASSUMPTION PROVISIONS SET FORTH IN THIS AGREEMENT APPLY REGARDLESS OF WHETHER THE INDEMNIFIED PARTY (OR ITS EMPLOYEES, AGENTS, CONTRACTORS, SUCCESSORS OR ASSIGNS) CAUSES, IN WHOLE OR PART, AN INDEMNIFIED CLAIM, INCLUDING INDEMNIFIED CLAIMS ARISING OUT OF OR RESULTING, IN WHOLE OR IN PART, FROM, OUT OF OR IN CONNECTION WITH THE CONDITION OF THE PROPERTY OR THE INDEMNIFIED PARTY'S (OR ITS EMPLOYEES', AGENTS', REPRESENTATIVES', CONTRACTORS', SUCCESSORS' OR ASSIGNS') SOLE OR CONCURRENT NEGLIGENCE OF ANY DEGREE, STRICT LIABILITY OR FAULT (OTHER THAN GROSS NEGLIGENCE).  BUYER AND SELLER ACKNOWLEDGE THAT THIS STATEMENT COMPLIES WITH THE EXPRESS NEGLIGENCE RULE AND IS CONSPICUOUS.

(c)     <u>Other Limitations</u>.  The indemnities of the indemnifying party in this Agreement do not cover or include any amounts that the indemnified party may legally recoup from other third party owners under applicable joint operating Contracts or other Contracts, or for which the indemnified party is reimbursed by any third party.  The indemnifying party will pay all costs incurred by the indemnified party in obtaining reimbursement from third parties.  There will be no upward or downward adjustment in the Purchase Price as a result of any matter for which Buyer or Seller is indemnified under this Agreement.

**Section 10.2   Buyer's Indemnity**.    From and after Closing, BUYER SHALL RELEASE, INDEMNIFY, DEFEND AND HOLD SELLER HARMLESS from and against any and all Claims caused by, resulting from or incidental to:

(a)    Buyer's Assumed Obligations, including, the Plugging and Abandonment Obligations and the Environmental Obligations;

(b)    Any obligations for brokerage or finder's fee or commission incurred by Buyer in connection with its purchase of the Property;

(c)    Any violation by Buyer of applicable securities Laws, or Buyer's dealings (including any dealings in breach of Buyer's warranties and representations in Section 5.10) with its partners, investors, financial institutions, assignees and other third parties in connection with the transaction under this Agreement, or any subsequent sale or other disposition of the Property (or portion thereof) by Buyer, its Affiliates or assignees;

(d)    Buyer's inspection of the Property pursuant to Section 7.2; and

(e)    Any breach or default by Buyer of any representation or warranty of Buyer set forth in this Agreement or any breach or default in the performance of Buyer of any covenant or obligation of Buyer set forth in this Agreement.

**Section 10.3    Notices and Defense of Indemnified Claims**.    Each Party shall immediately notify the other Party of any Claim of which it becomes aware and for which it is entitled to indemnification from the other Party under this Agreement.  The indemnifying party shall be obligated to defend at the indemnifying party's sole expense any litigation or other administrative or adversarial proceeding against the indemnified party relating to any Claim for which the indemnifying party has agreed to indemnify and hold the indemnified party harmless under this Agreement.  However, the indemnified party shall have the right to participate with the indemnifying party in the defense of any such Claim at its own expense.

**Section 10.4    NORM**.    BUYER ACKNOWLEDGES THAT IT HAS BEEN INFORMED THAT OIL AND GAS PRODUCING FORMATIONS CAN CONTAIN NATURALLY OCCURRING RADIOACTIVE MATERIAL.  SCALE FORMATION OR SLUDGE DEPOSITS CAN CONCENTRATE LOW LEVELS OF NORM ON EQUIPMENT, MATERIALS AND OTHER PROPERTY.  SOME OR ALL OF THE EQUIPMENT, MATERIALS AND OTHER PROPERTY SUBJECT TO THIS AGREEMENT MAY HAVE LEVELS OF NORM ABOVE BACKGROUND LEVELS.  A HEALTH HAZARD MAY EXIST IN CONNECTION WITH THIS EQUIPMENT, MATERIALS AND OTHER PROPERTY BY REASON THEREOF.  THEREFORE, BUYER MAY NEED TO FOLLOW SAFETY PROCEDURES WHEN HANDLING THIS EQUIPMENT, MATERIALS AND OTHER PROPERTY.

**Section 10.5    Waiver of Consequential and Punitive Damages**.  NEITHER BUYER NOR SELLER SHALL BE ENTITLED TO RECOVER FROM THE OTHER, RESPECTIVELY, AND EACH PARTY RELEASES THE OTHER PARTY FROM, ANY LOSSES, COSTS, EXPENSES, OR DAMAGES ARISING UNDER THIS AGREEMENT OR IN CONNECTION WITH OR WITH RESPECT TO THE TRANSACTIONS CONTEMPLATED IN THIS AGREEMENT ANY AMOUNT IN EXCESS OF THE ACTUAL COMPENSATORY DAMAGES, COURT COSTS AND REASONABLE ATTORNEYS FEES, SUFFERED BY SUCH PARTY.  BUYER AND SELLER BOTH WAIVE, AND RELEASE

36

THE OTHER FROM, ANY RIGHT TO RECOVER PUNITIVE, SPECIAL, EXEMPLARY AND CONSEQUENTIAL DAMAGES ARISING OUT OF, RESULTING FROM OR IN CONNECTION WITH THE TRANSACTIONS CONTEMPLATED IN THIS AGREEMENT; PROVIDED, HOWEVER, ANY SUCH DAMAGES RECOVERED BY A THIRD PARTY (OTHER THAN SUBSIDIARIES, AFFILIATES OR PARENTS OF A PARTY) FOR WHICH A PARTY OWES THE OTHER PARTY AN INDEMNITY UNDER THIS ARTICLE 8 SHALL NOT BE WAIVED.

## ARTICLE 11
## TAXES AND EXPENSES

**Section 11.1    Recording Expenses**.  Buyer shall pay all costs of recording and filing the Assignment Documents for the Property, all other state and federal transfer documents, and all other instruments that must be filed to effectuate the transfer of the Property and any assumption of operations by Buyer.

**Section 11.2    Ad Valorem, Real Property and Personal Property Taxes**.  All ad valorem taxes, real property taxes, personal property taxes, and similar obligations assessed on the Property ("**Property Taxes**") are (a) Seller's obligation for periods before the Effective Date and (b) Buyer's obligation for periods after the Effective Date.  If Property Taxes for the current tax year have not been assessed and paid by Seller as of the Closing Date, Buyer shall file all required reports and returns incident to the Property Taxes and pay the Property Taxes for the current tax year and subsequent periods.  Seller will reimburse Buyer for Seller's proportionate share of these taxes, prorated as of the Effective Date, for Property Taxes as a Downward Adjustment to the Purchase Price pursuant to Section 3.2(c) (based on a good faith estimate of these taxes).  If Property Taxes for the current tax year have been assessed and paid as of the Closing Date, Buyer will reimburse Seller for its proportionate share of these taxes, prorated as of the Effective Date, as an Upward Adjustment to the Purchase Price, as provided in Section 3.2(b).

**Section 11.3    Severance Taxes**.  Seller shall bear and pay all severance or other taxes measured by Hydrocarbon production from the Property, or the receipt of proceeds therefrom, to the extent attributable to production from the Property before the Effective Date until the Closing.  From and after Closing, Buyer shall bear and pay all such taxes on production from the Property whether before or after the Effective Date.  Seller shall withhold and pay on behalf of Buyer all such taxes on production from the Property between the Effective Date and the Closing Date and the amount of any such payment shall be reimbursed to Seller as a Closing adjustment to the Purchase Price pursuant to Section 3.2.

**Section 11.4    Sales and Use Taxes**.  Buyer shall be responsible for and pay all federal, state, or local sales, transfer, gross proceeds, use and similar taxes incident to or applicable to the Property it receives under this Agreement, or caused by the transfer of the Property to Buyer under this Agreement.  If Seller is required to pay such sales, use or similar taxes on behalf of Buyer, Buyer will reimburse Seller at Closing for all sales and use taxes due and payable on the transfer of the Property to Buyer.  The Parties shall cooperate to obtain any available exemption from such taxes.

## ARTICLE 12
## OPERATIONS PENDING AND AFTER CLOSING

**Section 12.1    Seller's Covenants Pending Closing**.  From and after the date of execution of this Agreement and until the Closing, subject to Section 12.3 and the constraints of applicable operating Contracts and to any approvals required by the Bankruptcy Court, Seller (a) shall operate, manage and administer the Property in a good and workmanlike manner consistent with its past practices, and shall carry on its business with respect to the Property in substantially the same manner as before execution of this Agreement; (b) shall not sell, dispose of, or encumber the Property with a lien or mortgage (other than Permitted Encumbrances and liens to be discharged by the Sale Order or liens or security interests to be released at the Closing, including liens by the Administrative Agent, the Prepetition Lenders or the DIP Secured Parties), the effect of which would be to cause Seller's interest in the Property to be less than that set forth on Exhibit A, except with respect to preferential purchase rights as provided herein, and with respect to the sale of Hydrocarbons in the ordinary course of business; and (c) shall make books and records and personnel available to Buyer, during normal business hours upon reasonable advance notice to Seller and in such a manner as to not interfere with the normal operations of Seller, as may be reasonably required by Buyer to audit and inspect the financial, operational, tax and other records of Seller.  Notwithstanding the foregoing, Seller shall have no obligation to extend the primary term of any of the Leases from which Hydrocarbons have never been produced or to renew same; provided, however, that Seller shall use reasonable efforts to notify Buyer within a reasonable amount of time after becoming aware of such possible expiration.  In the event that any item included in the Permits, Easements and Surface Rights would expire between the date hereof and the Closing, Seller shall have no obligation to extend such item; provided, however, that Seller shall use reasonable efforts to notify Buyer within a reasonable amount of time after becoming aware of such possible expiration.  From and after the date of execution of this Agreement and until the Closing, subject to Section 12.3 and the constraints of applicable operating agreements, Seller shall, except for emergency action taken in the face of serious risk to life, property or the environment (i) submit to Buyer, for prior written approval, (A) all requests for operating or capital expenditures and all proposed Contracts relating to the Property that involve individual commitments of more than ONE HUNDRED THOUSAND DOLLARS ($100,000), net to Seller's interest in the Property, that would be required to be expended after the date of execution of this Agreement, and (B) all amendments to any (x) Assumed Contract and (y) any Contract relating to, or in connection with, any gas processing plant; and (ii) not approve or elect to go nonconsent as to any proposed well or plug and abandon or agree to plug and abandon any well without Buyer's prior written approval.  On any matter requiring Buyer's approval under this Section 12.1, Buyer shall respond within seventy-two (72) hours from Seller's request for approval (or such shorter period of time as may be required by the applicable operating agreements) and failure of Buyer to respond within such time period shall release Seller from the obligation to obtain Buyer's approval before proceeding on such matter as Seller may elect in its sole discretion.  Buyer's sole remedy for Seller's breach of its obligations under this Section 12.1 shall be equal to Buyer's actual damages.

**Section 12.2    Payment of Royalties**.  If, after the Execution Date and prior to the Closing, Seller receives amounts payable to (a) third party working interest owners, or (b) owners of royalties (including lessor's royalty), overriding royalties, production payments, net profits interests and other burdens, in each case based upon, measured by or payable out of

38

production with respect to the Property after the Effective Date and excluding Suspense Funds, Seller shall pay such amounts to such owners prior to the Closing.  To the extent such amounts have not been so paid prior to the Closing, Buyer shall be entitled to a Downward Adjustment at the Closing on account thereof and Buyer shall be obligated to remit such amounts to the proper owners promptly after the Closing.

**Section 12.3    Non Operated Properties**.  To the extent that Seller is not the operator of any portion of the Property, the obligations of Seller in Section 12.1 concerning operations or activities that normally, or pursuant to existing Contracts are carried out or performed by the operator, shall be construed to require only that Seller use all reasonable efforts (without being obligated to incur any expense or institute any cause of action) to cause the operator of such portion of the Property to take such actions or render such performance within the constraints of the applicable operating or other Contracts.

# ARTICLE 13
# TERMINATION

**Section 13.1    Grounds for Termination**.  This Agreement may be terminated and the transactions contemplated by this Agreement may be abandoned at any time, prior to the Closing Date only as follows:

      (a)    by mutual written consent of Buyer and Seller;

      (b)    in accordance with Section 7.5 or Section 7.6;

      (c)    by Buyer if any condition to the obligations of Buyer to close under Section 8.2(a)(ii), Section 8.2(b)(ii) or Section 8.2(f) is not met as of the Closing Date, or in the event the Closing does not occur on or before the Closing Date, and (in either case) Buyer has satisfied Seller's conditions precedent to Closing as set forth in Section 8.2(a)(i), Section 8.2(b)(i), Section 8.2(d) and Section 8.2(e); provided, however, that Buyer may not terminate this Agreement based on such conditions to Buyer's obligations not being met until Buyer gives written notice to Seller specifying the condition which it complains is not met, and Seller shall have failed to satisfy such obligation in said notice within the later of the (i) the Closing Date and (ii) five (5) Business Days after receipt of such notice;

      (d)    by Seller if any condition to the obligations of Seller to close under (i) Section 8.2(a)(i), Section 8.2(b)(i), Section 8.2(d) or Section 8.2(e), or (ii) Section 8.2(f) is not met as of the Closing Date, or in the event the Closing does not occur on or before the Closing Date, and (in either case) Seller has satisfied Buyer's conditions precedent to Closing as set forth in Section 8.2(a)(ii) and Section 8.2(b)(ii); provided, however, that Seller may not terminate this Agreement based on such conditions to Seller's obligations not being met until Seller gives written notice to Buyer specifying the condition which it complains is not met, and Buyer shall have failed to satisfy such obligation in said notice within the later of the (A) the Closing Date and (B) (1) with respect to any of Buyer's obligations under Section 8.1 or Section 8.3, one (1) Business Day after receipt of such notice, and (2) with respect to all other obligations, five (5) Business Days after receipt of such notice;

(e)    by Buyer or Seller, if any court of competent jurisdiction shall have issued an Order or taken any other action restraining, enjoining or otherwise prohibiting the transactions contemplated hereby and such Order or other action shall have become final and non-appealable, except this provision shall not apply to an Order approving an Alternative Transaction giving rise to a termination right covered by Section 13.1(f) below;

(f)    by Buyer or Seller, if the Bankruptcy Court shall have approved any Alternative Transaction, or Seller shall have entered into any definitive agreement with respect to any Alternative Transaction which agreement has been approved by the Bankruptcy Court;

(g)    by Buyer or Seller if the Closing has not been consummated on or before February 29, 2016 (the "**Outside Closing Date**"); provided that the right to terminate this Agreement under this Section 13.1(g) shall not be available to either Party whose breach of this Agreement or failure to fulfill any obligation under or pursuant to this Agreement has been the cause, directly or indirectly of, or has resulted in, the failure of the Closing to occur on or before such date;

(h)    by Buyer if the Bankruptcy Court has not entered a Final Order approving the Bid Procedures Order and the Break-up Fee and Expense Reimbursement on or before December 31, 2015; or

(i)    by Buyer or Seller if Seller and its general partner fail to commence the Chapter 11 Cases on or before the Filing Deadline.

**Section 13.2    Effect of Termination**.

(a)    Except as provided in Section 13.2(b), Section 13.2(c) and Section 13.3, if this Agreement is terminated in accordance with Section 13.1, such termination shall be without liability of any Party or any Affiliate, officer, director, or employee of such Party.

(b)    If this Agreement is terminated by Seller pursuant to Section 13.1(d) for a failure of a condition set forth in Section 13.1(d)(i) to be met, Seller shall be entitled to require that the Performance Deposit be paid to Seller as agreed liquidated damages and not as a penalty and as Seller's sole remedy for Buyer's failure to close, in which event Seller and Buyer shall instruct Escrow Agent to pay the Performance Deposit to Seller.  If this Agreement is terminated for any reason other than by Seller pursuant to Section 13.1(d) for a failure of a condition set forth in Section 13.1(d)(i) to be met, Seller shall instruct the Escrow Agent to refund to Buyer the Performance Deposit.

(c)    If this Agreement is terminated pursuant to Section 13.1, this Agreement shall become void and of no further force or effect (except for the provisions of ARTICLE 1, Section 2.4(e), Section 2.6, Section 10.2(b), Section 10.2(d), Section 10.5, Section 13.2, Section 13.3, Section 14.3, Section 14.6, Section 14.7, Section 14.10, Section 14.11, Section 14.12, Section 14.13, Section 14.15, Section 14.16 and Section 14.19 and of the Confidentiality Agreement which shall continue in full force and effect) and Seller shall be free immediately to enjoy all rights of ownership of the Property and to sell, transfer, encumber or otherwise dispose of the Property to any Party without any restriction under this Agreement.

**Section 13.3     Break-Up Fee and Expense Reimbursement**.

(a)     If (i) the Bankruptcy Court approves an Alternative Transaction, (ii) Buyer terminates this Agreement pursuant to Section 13.1(c), or either Party terminates this Agreement pursuant to Section 13.1(f), and (iii) any such Alternative Transaction is consummated by Seller; then Seller, or its estate as applicable, shall pay to Buyer a termination fee equal to THREE MILLION THREE HUNDRED THOUSAND DOLLARS ($3,300,000), said amount being three percent (3%) of the Purchase Price (the "**Break-Up Fee**"), which Break-Up Fee shall be payable upon consummation of an Alternative Transaction out of the proceeds of such Alternative Transaction or from funds of the Seller's estate, as applicable.  For the avoidance of doubt, Buyer shall not be entitled to payment of the Break-Up Fee, if this Agreement is terminated due to Buyer's uncured breach of any of its material obligations under this Agreement which results in the failure of the Closing to occur and causes Seller to pursue an Alternative Transaction.

(b)     In the event Buyer terminates this Agreement pursuant to Section 13.1 (other than Section 13.1(i)) or Seller terminates pursuant to Section 13.1(f), Seller shall also pay to Buyer an amount equal to the Buyer's actual documented out-of-pocket fees and expenses incurred in connection with this Agreement and other agreements, pleadings, documents, hearings, discovery, and transactions related hereto (the "**Expense Reimbursement**"); provided that in no event shall the aggregate Expense Reimbursement exceed FIVE HUNDRED THOUSAND DOLLARS ($500,000.00).   Additionally, in the event Buyer terminates this Agreement pursuant to Section 13.1(c) as a result of the condition precedent to Buyer's obligation to consummate the Closing under Section 8.2(b)(ii) not having been satisfied and there is no Alternative Transaction, Seller, or its estate as applicable, shall pay the Expense Reimbursement within ten (10) days of such termination.

(c)     Upon any termination of this Agreement under circumstances where the Break-Up Fee and/or Expense Reimbursement are payable by Seller pursuant to this Section 13.3 and such Break-Up Fee and/or Expense Reimbursement, as applicable, are paid in full to Buyer by Seller (or its estate, as applicable), such Break-Up Fee and/or Expense Reimbursement, as applicable, shall be Buyer's sole and exclusive remedy in connection with this Agreement, the Sale Transaction and the termination hereof and thereof, and Buyer shall be precluded from any other remedy against Seller, at law or in equity or otherwise, and Buyer shall not seek to obtain any recovery, judgment, or damages of any kind, including direct, consequential, indirect, or punitive damages, against Seller or any of its representatives, equity owners or Affiliates in connection with this Agreement or the Sale Transaction or the termination hereof or thereof and Seller and its representatives, equity owners and Affiliates shall be fully released and discharged from any liability or obligation under or resulting from this Agreement and the Sale Transaction or the termination hereof and thereof.

(d)     Each Party acknowledges that the agreements contained in this Section 13.3 are an integral part of this Agreement and that, without these agreements, the other Party would not enter into this Agreement.

(e)     Buyer represents to Seller that this Section 13.3 is a condition precedent to Buyer's execution of this Agreement and is necessary to ensure that Buyer will continue to pursue the proposed acquisition of the Property, and Seller acknowledges that the Break-Up Fee

and Expense Reimbursement, if payable hereunder, (i) constitute actual and necessary costs and expenses of preserving Seller's estates, within the meaning of Section 503(b) of the Bankruptcy Code, (ii) is of substantial benefit to Seller's estates by, among other things, establishing a bid standard or minimum for other bidders and placing estate property in a sales configuration mode attracting other bidders to a potential auction, (iii) is reasonable and appropriate, including in light of the size and nature of the Sale Transaction and the efforts that have been or will be expended by Buyer, notwithstanding that the proposed Sale Transaction is subject to higher and better offers, and (iv) was negotiated by the Parties at arm's-length and in good faith.

(f)     Seller's obligation to pay the Break-Up Fee and/or Expense Reimbursement, as provided herein, shall (i) survive termination of this Agreement, and (ii) be paid, in cash, (A) upon the consummation of an Alternative Transaction, from the sale proceeds thereof if such Alternative Transaction results in a sale of Seller's assets for sale proceeds in excess of the Purchase Price (such transaction, a "**Topping Sale Transaction**"); provided that the sale proceeds of a Topping Sale Transaction shall be deposited directly into the Loan Account (as defined in any interim and final orders approving debtor-in-possession financing entered by the Bankruptcy Court (the "**DIP Orders**")) and the Break-Up Fee and Expense Reimbursement shall be paid to Buyer in accordance with this Agreement, (B) if there is an Alternative Transaction that is not a Topping Sale Transaction, (5) Business Days after the date of consummation of the first Alternative Transaction consummated, from the sale proceeds thereof or otherwise if such sale proceeds are not sufficient to pay the Break-Up Fee and Expense Reimbursement in full, or (C) if there is no Alternative Transaction, ten (10) days following the termination of this Agreement.  Buyer's right to payment of the Break-Up Fee and/or Expense Reimbursement, as provided herein, shall: (i) in the event of a Topping Sale Transaction constitute administrative expense claims against Seller and its estate under Section 503(b) or 507(a)(2) of the Bankruptcy Code with priority over any and all administrative expenses of a kind specified in sections 503(b)(1) and 507(a) of the Bankruptcy Code and senior to all other superpriority administrative expenses in the Chapter 11 Cases, and (ii) in the event of an Alternative Transaction that is not a Topping Sale Transaction, or in the event no Alternative Transaction is consummated, constitute administrative expense claims against Seller and its estate under Section 503(b) or 507(a)(2) of the Bankruptcy Code with priority over any and all administrative expenses of a kind specified in sections 503(b)(1) and 507(a) of the Bankruptcy Code, but junior to (A) the superpriority administrative claims granted to the DIP Secured Parties pursuant to Section 364(c)(1) of the Bankruptcy Code and (B) the superpriority administrative claims granted to the Administrative Agent and the Prepetition Lenders pursuant to Section 507(b) of the Bankruptcy Code, in each case, in accordance with the terms of any DIP Orders.

## ARTICLE 14
## MISCELLANEOUS

**Section 14.1    Imbalances**.  Upon Closing, Buyer shall assume responsibility for any and all oil and gas production imbalances with respect to the Property at the Wells, Leases and Equipment and all imbalances associated with the Property downstream of the Property or at gas processing plants, including associated make-up or cash settlement rights ("**Imbalances**").  The Purchase Price paid by Buyer is based on the assumed Imbalances set forth in Exhibit E.  If Seller and Buyer determine prior to the Closing that the assumed Imbalances stated in Exhibit E are inaccurate, the Parties shall exchange additional compensation, as provided in Exhibit E, on

the Settlement Statement for the difference between the assumed Imbalances and the revised Imbalances determined by the Parties. Such settlement shall be final and neither Party thereafter shall make claim upon the other concerning any Imbalances with respect to the Property. Except with respect to its right to receive the Purchase Price adjustment set forth above, Buyer will be solely responsible for, shall assume, and releases and will INDEMNIFY, DEFEND AND HOLD SELLER HARMLESS from all rights against (including rights to receive make-up gas or to receive cash balancing payments) and obligations to (including obligations to make-up gas or to make cash balancing payments or posting security if, and to the extent, requested by any underproduced party pursuant to any operating agreement or gas balancing agreement) third parties with respect to any Imbalances with respect to the Property, all of which shall constitute Buyer's Assumed Obligations.

Section 14.2    **Survival**.    The covenants of Seller to be performed pursuant to this Agreement after the Closing, the covenants of Buyer to be performed pursuant to this Agreement at any time, and the representations and warranties of Buyer set forth in this Agreement shall survive the Closing, the execution and delivery of the Assignment Documents and other instruments under this Agreement, and the transfer of the Property between the Parties and they shall not be merged into or superseded by the Assignment Documents or other documents delivered at Closing. The covenants of Seller to be performed pursuant to this Agreement at or prior to the Closing and the representations and warranties of Seller set forth in this Agreement shall terminate at Closing.

Section 14.3    **Public Announcements**.    Each Party shall consult with the other Party before issuing any press release or otherwise making any public statement with respect to the transactions contemplated by this Agreement, and no Party shall issue any press release or make any such public statement prior to obtaining the approval of the other Party (not to be unreasonably withheld); provided, however, that such approval shall not be required where such release or announcement is required to be made by a Party under applicable Law or under the rules and regulations of a stock exchange, so long as the other Party is provided the opportunity to review and comment on such release in advance. Notwithstanding the foregoing, Seller shall be authorized to disclose information relating to the transactions contemplated by this Agreement to the extent necessary to be disclosed in connection with obtaining the approvals described in Section 8.2(f) or in connection with the Chapter 11 Cases.

Section 14.4    **Suspense Accounts**.    At Closing or as soon as practical thereafter, Seller will transfer to Buyer all Suspense Funds. If such Suspense Funds are transferred to Buyer, Buyer shall administer all such accounts and assume all payment obligations to the proper parties in accordance with all applicable Laws, which obligations shall be included in Buyer's Assumed Obligations.

Section 14.5    **Seller's Marks and Logos; Post-Closing Inspections**.    With respect to any portion of the Property that Seller operates, within thirty (30) days after Closing or within thirty (30) days after operations are actually transferred, whichever is later, Buyer shall remove or cause to be removed the names and marks used by Seller and all variations and derivatives thereof and logos relating thereto from the Property and will not thereafter make any use whatsoever of such names, marks and logos. If Buyer fails to comply with this Section 14.5, Seller shall have access to the Property in order to remove such names, marks, and logos, all at

Buyer's expense.   Seller at its sole cost shall have the right at any time after Closing to reasonable access to the Property for the purpose of inspecting Buyer's compliance with the terms of this Agreement.

**Section 14.6    Notices**.   All notices under this Agreement must be in writing.   Any notice under this Agreement may be given by personal delivery, facsimile transmission, U.S. mail (postage prepaid), or commercial delivery service, and will be deemed duly given when received by the Party charged with such notice and addressed as follows:

If to Seller:

PARALLEL ENERGY LP
c/o Parallel Energy Inc.
Suite 840, 517 10th Avenue SW
Calgary, Alberta T2R 0A8
Attention: Richard N. Miller
Fax No.: (403) 781-7895
Telephone: (403) 781-7842

Thompson & Knight, LLP
1722 Routh Street, Suite 1500
Dallas, TX  75201
Attention:  Lawrence A. Hall
Fax No.:  (214) 999-9218
Telephone: (214) 969-1635

If to Buyer:

Scout Energy Group II, LP
4901 LBJ Freeway, Suite 300
Dallas, Texas 75244
Attention:  Jon Piot
Fax No.:  (214) 540-8473
Telephone:  (972) 277-1373

Winstead PC
500 Winstead Building
2728 N. Harwood St.
Dallas, Texas 75201
Attention: Sargon Daniel
Fax No.: (214) 745-5390
Telephone: (214) 745-5841

Any Party, by written notice to the other, may change the address or the individual to which or to whom notices are to be sent under this Agreement.

44

518185 000003 16136099.12

**Section 14.7    Assignment**.  Prior to the Closing Date, neither Party may assign its rights or obligations under this Agreement without the prior written consent of the other, which may be withheld for any reason, including convenience.  If Buyer sells, transfers or assigns all or a portion of the Property, (a) this Agreement shall remain in effect between Buyer and Seller as to the Property, regardless of such sale or assignment (and Buyer will remain obligated hereunder) and (b) Buyer shall require its successors and assigns expressly to assume its obligations under this Agreement, to the extent related or applicable to the Property or portion thereof acquired by them.

**Section 14.8    Entire Agreement and Amendment**.  This Agreement, together with the Confidentiality Agreement constitutes the entire understanding between the Parties, replacing and superseding all prior negotiations, discussions, arrangements, agreements and understandings between the Parties regarding the subject transaction and subject matter hereof (whether written or oral), excepting any written agreements that may be executed by the Parties concurrently or after the execution of this Agreement.  No other agreement, statement, or promise made by any Party, or to any employee, officer or agent of any Party, which is not contained in this Agreement shall be binding or valid.  This Agreement may be amended, modified, altered, supplemented, or revoked only by written agreement signed by duly authorized representatives of the Parties.

**Section 14.9    Successors and Assigns**.  This Agreement binds and inures to the benefit of the Parties their respective permitted successors and assigns, and all the terms, provisions, covenants, obligations, indemnities, representations, warranties and conditions of this Agreement shall be enforceable by the Parties and their respective permitted successors and assigns.

**Section 14.10   Third Party Beneficiaries**.  It is understood and agreed that there shall be no third party beneficiary of this Agreement, and that the provisions hereof do not impart enforceable benefits, rights, or remedies in anyone who is not a Party or a successor or assignee of a Party hereto, except that the Persons specified in Section 10.1(a) are intended third party beneficiaries of all indemnity provisions set forth in this Agreement.

**Section 14.11   Severability**.  If any provision of this Agreement is found by a court of competent jurisdiction to be invalid or unenforceable, that provision will be deemed modified to the extent necessary to make it valid and enforceable and if it cannot be so modified, it shall be deemed deleted and the remainder of this Agreement shall continue and remain in full force and effect.

**Section 14.12   Counterparts**.  This Agreement may be executed in counterparts, each of which shall constitute an original and all of which shall constitute one document.

**Section 14.13   Governing Law**.  THIS AGREEMENT SHALL BE GOVERNED, CONSTRUED AND ENFORCED IN ACCORDANCE WITH THE LAWS OF THE STATE OF TEXAS, EXCLUDING ANY CONFLICTS-OF-LAW RULE OR PRINCIPLE THAT MIGHT APPLY THE LAW OF ANOTHER JURISDICTION.   THE ASSIGNMENT DOCUMENTS, AND ANY OTHER INSTRUMENTS OF CONVEYANCE EXECUTED UNDER THIS AGREEMENT, WILL BE GOVERNED BY AND MUST BE CONSTRUED ACCORDING TO THE LAWS OF THE STATE WHERE THE PROPERTY TO WHICH

THEY PERTAIN IS LOCATED, EXCLUDING ANY CONFLICTS-OF-LAW RULE OR PRINCIPLE THAT MIGHT APPLY THE LAW OF ANOTHER JURISDICTION.

**Section 14.14   Exhibits**.  The Exhibits and Schedules attached to this Agreement are incorporated into and made a part of this Agreement for all purposes.  In the event of a conflict or inconsistency between the provisions of the Exhibits, Schedules or the executed Assignment Documents and the provisions of this Agreement, the provisions of this Agreement shall take precedence.  In the event of a conflict or inconsistency between the provisions of the pro forma Assignment Documents and other transaction documents attached to this Agreement as Exhibits or Schedules and the Assignment Documents and other transaction documents actually executed by the Parties, the provisions of the executed Assignment Documents and other executed transaction documents shall take precedence.

**Section 14.15   Waiver**.   Any of the terms, provisions, covenants, representations, warranties or conditions hereof may be waived only by a written instrument executed by the Party waiving compliance.   Except as otherwise expressly provided in this Agreement, the failure of any Party at any time or times to require performance of any provision hereof shall in no manner affect such Party's right to enforce the same.   No waiver by any Party of any condition, or of the breach of any term, provision, covenant, representation or warranty contained in this Agreement, whether by conduct or otherwise, in any one or more instances, shall be deemed to be or construed as a further or continuing waiver of any such condition or breach or a waiver of any other condition or of the breach of any other term, provision, covenant, representation or warranty.

**Section 14.16   Interpretation**.   The Parties shall be deemed and considered for all purposes to have been jointly prepared this Agreement, and its terms shall not be construed against any one Party (nor shall any inference or presumption be made) on the basis of who drafted this Agreement or any particular provision hereof, who supplied the form of Agreement, or any other event of the negotiation, drafting or execution of this Agreement.  Each Party agrees that this Agreement has been purposefully drawn and correctly reflects its understanding of the transaction that it contemplates.

**Section 14.17   Waiver of Right to Rescission**.   Seller and Buyer acknowledge that, following the Closing, the payment of money, as limited by the terms of this Agreement, shall be adequate compensation for breach of any representation, warranty, covenant or agreement contained herein or for any other claim arising in connection with or with respect to the transactions contemplated by this Agreement.   As the payment of money shall be adequate compensation, following the Closing, Buyer and Seller waive any right to rescind this Agreement or any of the transactions contemplated hereby.

**Section 14.18   Transferred Employees**.   With respect to those employees of Seller set forth on Exhibit J, prior to Closing Buyer shall make offers of employment to each such employee listed therein (the "**Transferred Employees**").   Each such offer of employment with respect to each such employee shall be for a term of three (3) months following the Execution Date, at no less than that employee's then current salary and shall include no less than substantially comparable benefits (including health and severance benefits) and incentive programs (including bonus programs), in each case, as are maintained for employees of Buyer on

46

substantially similar terms and conditions as are provided to similarly situated employees of Buyer.

**Section 14.19  Payments**.  Except as otherwise provided in Section 3.4, all payments under this Agreement will be by wire transfer of immediately available funds to an account designated by the Party receiving payment unless the Parties otherwise agree in writing.

**Section 14.20  Exclusive Remedy**.  THE PARTIES HAVE VOLUNTARILY AGREED TO DEFINE THEIR RIGHTS, LIABILITIES AND OBLIGATIONS RESPECTING THE SUBJECT MATTER OF THIS AGREEMENT EXCLUSIVELY IN CONTRACT PURSUANT TO THE EXPRESS TERMS AND PROVISIONS OF THIS AGREEMENT, AND, WITHOUT LIMITING THE RIGHT OF ANY PARTY TO RELY ON THE REPRESENTATIONS AND WARRANTIES MADE TO SUCH PARTY IN ARTICLE 4 OR ARTICLE 5, AS APPLICABLE, (SUBJECT TO THE EXPRESS TERMS OF THIS AGREEMENT AS TO THE SURVIVAL THEREOF), THE PARTIES EXPRESSLY DISCLAIM THAT THEY ARE OWED ANY DUTIES OR ARE ENTITLED TO ANY REMEDIES NOT EXPRESSLY SET FORTH IN THIS AGREEMENT.  FURTHERMORE, THE PARTIES EACH HEREBY ACKNOWLEDGE THAT THIS AGREEMENT EMBODIES THE JUSTIFIABLE EXPECTATION OF SOPHISTICATED PARTIES DERIVED FROM ARM'S LENGTH NEGOTIATIONS, AND ALL PARTIES TO THIS AGREEMENT SPECIFICALLY ACKNOWLEDGE THAT NO PARTY HAS ANY SPECIAL RELATIONSHIP WITH ANOTHER PARTY THAT WOULD JUSTIFY ANY EXPECTATION BEYOND THAT OF AN ORDINARY BUYER AND AN ORDINARY SELLER IN AN ARM'S LENGTH TRANSACTION.  THE SOLE AND EXCLUSIVE REMEDY FOR ANY BREACH OF THE TERMS AND PROVISIONS OF THIS AGREEMENT (INCLUDING ANY REPRESENTATIONS AND WARRANTIES SET FORTH HEREIN SUBJECT TO THE EXPRESS TERMS OF THIS AGREEMENT AS TO THE SURVIVAL THEREOF) SHALL BE THOSE RIGHTS TO INDEMNIFICATION AND THOSE REMEDIES PROVIDED IN THIS AGREEMENT (AS SUCH RIGHTS TO INDEMNIFICATION AND REMEDIES MAY BE FURTHER LIMITED OR EXCLUDED PURSUANT TO THE EXPRESS TERMS OF THIS AGREEMENT), AND, WITHOUT LIMITING THE RIGHT OF ANY PARTY TO RELY ON THE REPRESENTATIONS AND WARRANTIES MADE TO SUCH PARTY IN ARTICLE 4 OR ARTICLE 5 HEREIN (SUBJECT TO THE EXPRESS TERMS OF THIS AGREEMENT AS TO THE SURVIVAL THEREOF), THE PARTIES HEREBY WAIVE AND RELEASE ANY AND ALL TORT CLAIMS AND CAUSES OF ACTION THAT MAY BE BASED UPON, ARISE OUT OF OR RELATE TO THIS AGREEMENT, OR THE NEGOTIATION, EXECUTION OR PERFORMANCE OF THIS AGREEMENT (INCLUDING ANY TORT CLAIM OR CAUSE OF ACTION BASED UPON, ARISING OUT OF OR RELATED TO ANY REPRESENTATION OR WARRANTY MADE IN OR IN CONNECTION WITH THIS AGREEMENT OR AS AN INDUCEMENT TO ENTER INTO THIS AGREEMENT). WITHOUT LIMITATION OF THE FOREGOING, FROM AND AFTER THE CLOSING, THE SOLE AND EXCLUSIVE REMEDY OF BUYER FOR ANY AND ALL (A) CLAIMS RELATING TO ANY REPRESENTATIONS, WARRANTIES, COVENANTS AND AGREEMENTS CONTAINED IN THIS AGREEMENT (SUBJECT TO THE EXPRESS TERMS OF THIS AGREEMENT AS TO THE SURVIVAL THEREOF), (B) OTHER CLAIMS PURSUANT TO OR IN CONNECTION WITH THIS AGREEMENT AND (C) OTHER CLAIMS RELATING TO THE PROPERTY AND THE PURCHASE AND SALE THEREOF

SHALL BE (1) ANY RIGHT TO INDEMNIFICATION FROM SUCH CLAIMS OR REMEDIES THAT ARE EXPRESSLY PROVIDED IN THIS AGREEMENT (AS SUCH RIGHT TO INDEMNIFICATION OR REMEDIES MAY BE FURTHER LIMITED OR EXCLUDED PURSUANT TO THE EXPRESS TERMS OF THIS AGREEMENT), AND IF NO SUCH RIGHT TO INDEMNIFICATION OR REMEDY IS EXPRESSLY PROVIDED HEREIN, THEN SUBJECT TO THE FOLLOWING SUB-CLAUSE (2), SUCH CLAIMS ARE HEREBY WAIVED TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, AND (2) THE RIGHT TO SEEK AN INJUNCTION OR INJUNCTIONS TO PREVENT BREACHES OF THE TERMS OF THIS AGREEMENT OR SPECIFIC PERFORMANCE OF THE TERMS HEREOF, IN EACH CASE, FROM A COURT OF COMPETENT JURISDICTION.

*[Remainder of this page is left blank; signatures follow.]*

IN WITNESS WHEREOF, the authorized representatives of Seller and Buyer execute this Agreement on the dates stated below.

**SELLER:**

PARALLEL ENERGY LP

By:    Parallel Energy GP LLC, its General Partner

By:    _____

Name: Richard N. Miller

Title:  Chief Financial Officer

**BUYER:**

SCOUT ENERGY GROUP II, LP

By:    Scout Energy Group II GP, LLC

By: _____
Name: _____Jon Piot_____
Title: _____Managing Director_____

# EXHIBIT A

Schedule 1 -    Leases
Schedule 1A - Wells
Schedule 1B – Off-Lease Facilities
Schedule 2 -    Permits, Easements and Surface Rights
Schedule 3 -    Royalty Interests and Overriding Royalty Interests
Schedule 4 -    Mineral Interests
Schedule 5 -    Assumed Contracts
Schedule 6 -    Deposits
Schedule 7 -    Property Costs to be Paid on or before Closing

**Schedule 1 to EXHIBIT A**

## **LEASES**

[*See attached.*]

| LESSOR | LESSEE | LEASE DATE | COUNTY | STATE | PROSPECT | RECORDING INFORMATION | | SECTION | TOWNSHIP/ BLOCK | RANGE/ SURVEY | LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | BOOK | PAGE | | | | |
| Ralph A. Byrum, et al | Argonaut Energy Corporation | 12/19/1975 | Roberts | TX | SE Roberts | 43 | 134 | 5 | B-1 | H&GN | All |
| Vicky Osborne Collier, et al | Bluegrass Energy, Inc. | 12/6/2004 | Roberts | TX | SE Roberts | 162 | 387 | 66 | M-2 | H&GN | INSOFAR AND ONLY INSOFAR as lease covers 160 acres in 4 tracts.  LIMITED to the interval from the stratigraphic equivalent of 5900' below the surface.  See lease for complete description. |
| Vicky Osborne Collier, et al | Bluegrass Energy, Inc. | 12/6/2009 | Roberts | TX | SE Roberts | 237 | 302 | 66 | M-2 | H&GN | 641.44 acres, more or less and 31.9 acres more or less being all that part of SF 15958 Nellie E  Osborne, Original Grantee, lying West of the Northward projecttion or extension of the East line of Section 66, LESS AND EXCEPT 177.41 acres, more or less. ALL DEPTHS below 5900'.    See lease for complete description |
| Vicky Osborne Collier, et al | Bluegrass Energy, Inc. | 12/6/2009 | Roberts | TX | SE Roberts | 237 | 329 | 66 | M-2 | H&GN | The West 17.41 acres, more or less of a 31.9 acre tract.  LIMITED to all depths below 5900'.  See lease for complete description |
| Josie Pearl Baker, et al | Cabot Carbon Company | 11/13/1951 | Gray | TX | Cargray | 149 | 118 | 176 | E | D&P | Beginning at a sucker rod iron set for the NE cor of Sur 176, Blk 3, D&P Ry co Sur in Gray County, on the W line of Sur 7, Blk 3, B&B, whence an iron pipe and 4 pits, the SW cor of Sur 8, Blk 3, Brs N 549.4 Vrs, and a wagon spindle at Cor of fence Brs N 15.5 Vrs and E 37.8 Vrs; Thence S 89 deg 50' W, parallel with the S line of said Sur 176 at 18 Vrs cross draw NW, at 1215.7 Vrs set iron bar at Cor of fence on the E line of the rockwall County School Land, the NW cor of said Sur 176, as established by W H Ellis, Surveyor of Sheeler L D on Sept 2, 1904, whence a lone C W at N foot of hill Brs S 79 deg 18' W, Cedar on round point peak Brs S 13 deg 22' W and windmill at old Reeves place Brs S 27 deg E; Thence S 0 deg 38' E, with W line of said Sur 176 and E line of said Rockwall Co S L , at 28 Vrs pass rock set in ground at 693 1/4 Vrs set sucker-rod iron under fence for the S W Cor of this Sur, whence S W cor of said Sur 176 Brs S 0 deg 38' E 1213.3 Vrs and Cor of 4 fences Brs S 5.4 Vrs; Thence N 89 deg 50' E 1208.1 Vrs set iron stake in pebble mound and 4 pits on the W line of said Sur 7, Blk 3, Whence Cor of fence Brs N 1.7 and E 34.6 Vrs; Thence N with the said W line Sur 7, Blk 3, at 103 Vrs  cross draw (W), at 652 Vrs cross daw (NW) at 693 1/4 Vrs the POB containint 149 acres, more or less, known as the N part of Section 176, Blk E, Cert 291, D&P Ry Co Svy.        From the surface to the top of the Base Location.  Base Location being described as all depths below the base of the Brown Dolomite at a measured depth of 3,008', as seen in the Guard Log dated June 8, 1985 in the Cabot Oil and Gas Ballard 3-45 well and its stratigraphic equivalent |
| Wilmer S Pettit, et al | Cabot Carbon Company | 12/1/1951 | Gray | TX | Cargray | 149 | 121 | 176 | E | D&P | Beginning at a sucker rod iron set for the NE cor of Sur 176, Blk 3, D&P Ry co Sur in Gray County, on the W line of Sur 7, Blk 3, B&B, whence an iron pipe and 4 pits, the SW cor of Sur 8, Blk 3, Brs N 549.4 Vrs, and a wagon spindle at Cor of fence Brs N 15.5 Vrs and E 37.8 Vrs; Thence S 89 deg 50' W, parallel with the S line of said Sur 176 at 18 Vrs cross draw NW, at 1215.7 Vrs set iron bar at Cor of fence on the E line of the rockwall County School Land, the NW cor of said Sur 176, as established by W H Ellis, Surveyor of Sheeler L D on Sept 2, 1904, whence a lone C W at N foot of hill Brs S 79 deg 18' W, Cedar on round point peak Brs S 13 deg 22' W and windmill at old Reeves place Brs S 27 deg E; Thence S 0 deg 38' E, with W line of said Sur 176 and E line of said Rockwall Co S L , at 28 Vrs pass rock set in ground at 693 1/4 Vrs set sucker-rod iron under fence for the S W Cor of this Sur, whence S W cor of said Sur 176 Brs S 0 deg 38' E 1213.3 Vrs and Cor of 4 fences Brs S 5.4 Vrs; Thence N 89 deg 50' E 1208.1 Vrs set iron stake in pebble mound and 4 pits on the W line of said Sur 7, Blk 3, Whence Cor of fence Brs N 1.7 and E 34.6 Vrs; Thence N with the said W line Sur 7, Blk 3, at 103 Vrs  cross draw (W), at 652 Vrs cross daw (NW) at 693 1/4 Vrs the POB containint 149 acres, more or less, known as the N part of Section 176, Blk E, Cert 291, D&P Ry Co Svy.        From the surface to the top of the Base Location.  Base Location being described as all depths below the base of the Brown Dolomite at a measured depth of 3,008', as seen in the Guard Log dated June 8, 1985 in the Cabot Oil and Gas Ballard 3-45 well and its stratigraphic equivalent |

| LESSOR | LESSEE | LEASE DATE | COUNTY | STATE | PROSPECT | RECORDING INFORMATION BOOK | RECORDING INFORMATION PAGE | SECTION | TOWNSHIP/ BLOCK | RANGE/ SURVEY | LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Harry W Pettit | Cabot Carbon Company | 7/9/1953 | Gray | TX | Cargray | 158 | 565 | 176 | E | D&P | Beginning at a sucker rod iron set for the NE cor of Sur 176, Blk 3, D&P Ry co Sur in Gray County, on the W line of Sur 7, Blk 3, B&B, whence an iron pipe and 4 pits, the SW cor of Sur 8, Blk 3, Brs N 549.4 Vrs, and a wagon spindle at Cor of fence Brs N 15.5 Vrs and E 37.8 Vrs; Thence S 89 deg 50' W, parallel with the S line of said Sur 176 at 18 Vrs cross draw NW, at 1215.7 Vrs set iron bar at Cor of fence on the E line of the rockwall County School Land, the NW cor of said Sur 176, as established by W H Ellis, Surveyor of Sheeler L D on Sept 2, 1904, whence a lone C W at N foot of hill Brs S 79 deg 18' W, Cedar on round point peak Brs S 13 deg 22' W and windmill at old Reeves place Brs S 27 deg E; Thence S 0 deg 38' E, with W line of said Sur 176 and E line of said Rockwall Co S L , at 28 Vrs pass rock set in ground at 693 1/4 Vrs set sucker-rod iron under fence for the S W Cor of this Sur, whence S W cor of said Sur 176 Brs S 0 deg 38' E 1213.3 Vrs and Cor of 4 fences Brs S 5.4 Vrs; Thence N 89 deg 50' E 1208.1 Vrs set iron stake in pebble mound and 4 pits on the W line of said Sur 7, Blk 3, Whence Cor of fence Brs N 1.7 and E 34.6 Vrs; Thence N with the said W line Sur 7, Blk 3, at 103 Vrs  cross draw (W), at 652 Vrs cross daw (NW) at 693 1/4 Vrs the POB containint 149 acres, more or less, known as the N part of Section 176, Blk E, Cert 291, D&P Ry Co Svy.       From the surface to the top of the Base Location.  Base Location being described as all depths below the base of the Brown Dolomite at a measured depth of 3,008', as seen in the Guard Log dated June 8, 1985 in the Cabot Oil and Gas Ballard 3-45 well and its stratigraphic equivalent |
| L M Ballard and Laura Ballard | L A Helms | 4/9/1946 | Carson | TX | Cargray | 79 | 632 | 45 | 7 | I&GN | E/2 of Section 45, Blk 7, I&GN Survey.  From the surface to the top of the Base Location. Base Location beging described as all depths below the base of the Brown Dolomite at a measured depth of 3,008' as seen in the Guard Log dated June 8, 1985 in the Cabot Oil and Gas Ballard 3-45 well and its stratigraphic equivalent. |
| Mary Rapstine, Executrix of the Estate of Jerome Rapstine | L A Helms | 4/9/1946 | Carson | TX | Cargray | 79 | 629 | 45 | 7 | I&GN | W/2 of Section 45, Blk 7, I&GN Survey.  From the surface to the top of the Base Location. Base Location beging described as all depths below the base of the Brown Dolomite at a measured depth of 3,008' as seen in the Guard Log dated June 8, 1985 in the Cabot Oil and Gas Ballard 3-45 well and its stratigraphic equivalent. |
| H M Barrett and Ruth Barrett | The Texas Company | 11/25/1922 | Gray | TX | Cargray | 25 | 138 | 131 | 3 | I&GN | NE/4 Section 131, Blk 3, I&GN Survey.  From the surface to the top of the Base Location. Base Location beging described as all depths below the base of the Brown Dolomite at a measured depth of 3,008' as seen in the Guard Log dated June 8, 1985 in the Cabot Oil and Gas Ballard 3-45 well and its stratigraphic equivalent. |
| H M Barrett and Ruth Barrett | The Texas Company | 4/23/1921 | Gray | TX | Cargray | 1 | 230 | 131 | 3 | I&GN | SE/4 Section 131, Blk 3, I&GN Survey.  From the surface to the top of the Base Location. Base Location beging described as all depths below the base of the Brown Dolomite at a measured depth of 3,008' as seen in the Guard Log dated June 8, 1985 in the Cabot Oil and Gas Ballard 3-45 well and its stratigraphic equivalent. |
| G H Beavers and Mrs G H Beavers | R S McConnell | 2/26/2024 | Gray | TX | Cargray | 2 | 280 | 124 | B2 | H&GN | All of Section 124 LESS AND EXCEPT W/2 SW/4, SE/4 NW/4, SW/4 NE/4 |
| G H Beavers and Linnie D Beavers and Doris Beavers Mulky and Francis P Mulky | A R Anderson | 11/20/1944 | Gray | TX | Cargray | 98 | 569 | 124 | B2 | H&GN | W/2 SW/4, SE/4 NW/4, SW/4 NE/4 |
| Williston Benedict | Cabot Carbon Company | 9/15/1947 | Carson | TX | Cargray | 82 | 51 | 24 | 7 | I&GN | E/2, S/2 SW/4, NE/4 SW/4 |
| Clyde W Bobbitt, et al | L A Helms | 3/6/1947 | Carson | TX | Cargray | 81 | 389 | 66 | 7 | I&GN | W/2 |
| Ivan Dement, Guardian of the Estate of Mary Sue Bobbitt | L A Helms | 3/28/1947 | Carson | TX | Cargray | 86 | 82 | 66 | 7 | I&GN | W/2 |
| Lula Eakin Bobbitt and G G Bobbitt | L A Helms | 3/6/1947 | Carson | TX | Cargray | 86 | 78 | 66 | 7 | I&GN | W/2 |
| J.B. Bowers and Lizzie Bowers | B.V. Blackwell & H.T. McGee | 5/31/1926 | Gray | TX | Cargray | 2 | 466 | 91 | B2 | H&GN | West 126 acres and East 137 acres |
| C.W. Bradford and Melissa Bradford | Danciger Oil & Refining Company | 12/16/1927 | Gray | TX | Cargray | 36 | 612 | 123 | B2 | H&GN | W/2 SE/4 and NE/4 SW/4 of Section 123; NW/4 SW/4 of Section 118,   Block B-2, H&GN Survey |

| LESSOR | LESSEE | LEASE DATE | COUNTY | STATE | PROSPECT | RECORDING INFORMATION | | SECTION | TOWNSHIP/ BLOCK | RANGE/ SURVEY | LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | BOOK | PAGE | | | | |
| Melissa Bradford, individually and as Executrix and devisee | Danciger Oil & Refining Company | 6/7/1930 | Gray | TX | Cargray | 48 | 379 | 148 | B2 | H&GN | W 60 acres of the N/2 N/2; S/2 SE/4; N/2 SE/4; S/2 NE/4 |
| Roberta Fern Long et al | Cabot Carbon Company | 6/16/1947 | Carson | TX | Cargray | 81 | 452 | 83 | 4 | I&GN | NW/4 |
| Roberta Fern Long et al | Cabot Carbon Company | 6/16/1947 | Carson | TX | Cargray | 81 | 452 | 94 | 4 | I&GN | NE/4 |
| Roberta Fern Long et al | Cabot Carbon Company | 6/16/1947 | Carson | TX | Cargray | 81 | 452 | 96 | 4 | I&GN | SW/4 and NE/4 |
| Roberta Fern Long et al | Cabot Carbon Company | 6/16/1947 | Carson | TX | Cargray | 81 | 452 | 103 | 4 | I&GN | SE/4 |
| Roberta Fern Long et al | Cabot Carbon Company | 6/16/1947 | Carson | TX | Cargray | 81 | 452 | 104 | 4 | I&GN | W/2 |
| Roberta Fern Long et al | Cabot Carbon Company | 6/16/1947 | Carson | TX | Cargray | 81 | 452 | 105 | 4 | I&GN | S/2 NW/4 and E/2 |
| Roberta Fern Long et al | Cabot Carbon Company | 6/16/1947 | Carson | TX | Cargray | 81 | 452 | 106 | 4 | I&GN | SW/4 and N/2 SE/4 |
| Roberta Fern Long et al | Cabot Carbon Company | 6/16/1947 | Carson | TX | Cargray | 81 | 452 | 113 | 4 | I&GN | All except SW/4 SWS/4 |
| Roberta Fern Long et al | Cabot Carbon Company | 6/16/1947 | Carson & Hutchison | TX | Cargray | 81 | 452 | 122 | 4 | I&GN | E/2 |
| Roberta Fern Long et al | Cabot Carbon Company | 6/16/1947 | Carson & Hutchison | TX | Cargray | 81 | 452 | 123 | 4 | I&GN | W/2 NW/4 |
| Roberta Fern Long et al | Cabot Carbon Company | 6/16/1947 | Carson & Hutchison | TX | Cargray | 81 | 452 | 123 | 4 | I&GN | SW/4 except the E/2 SE/4 SW/4 SW/4 and W/2 SW/4 SE/4 SW/4 |
| A.J. Dauer and wife, Augusta Dauer | H.E. Schwartz | 2/7/1948 | Carson | TX | Cargray | 83 | 126 | 236 | B2 | H&GN | West 120 acres of the N/2 |
| B.F.A. Byrum and wife, Laura Byrum | R.F. Gordon | 10/12/1949 | Carson | TX | Cargray | 126 | 395 | 177 | 3 | I&GN | S/2 NE/4 |
| A. Frashier and wife, Ursula Frashier | Empire Gas & Fuel co | 2/10/1926 | Carson | TX | Cargray | 29 | 92 | 177 | 3 | I&GN | N/2 NE/4, SE/4 and East 60 acres of the SW/4 |
| Estate of Horace Kirby, DeLea Vicars, Administrator | E.C. Sidwell & R.C. Sidwell | 7/10/1951 | Carson | TX | Cargray | 138 | 261 | 107 | B2 | H&GN | All |
| Estate of Horace Kirby, DeLea Vicars, Administrator | E.C. Sidwell & R.C. Sidwell | 7/10/1951 | Carson | TX | Cargray | 138 | 261 | 104 | B2 | H&GN | All |
| Estate of Horace Kirby, DeLea Vicars, Administrator | E.C. Sidwell & R.C. Sidwell | 7/10/1951 | Carson | TX | Cargray | 138 | 261 | 75 | B2 | H&GN | All |
| Estate of Horace Kirby, DeLea Vicars, Administrator | E.C. Sidwell & R.C. Sidwell | 7/10/1951 | Carson | TX | Cargray | 138 | 261 | 76 | B2 | H&GN | All |
| Estate of Horace Kirby, DeLea Vicars, Administrator | E.C. Sidwell & R.C. Sidwell | 7/10/1951 | Carson | TX | Cargray | 138 | 261 | 78 | B2 | H&GN | All |
| Estate of Horace Kirby, DeLea Vicars, Administrator | E.C. Sidwell & R.C. Sidwell | 7/10/1951 | Carson | TX | Cargray | 138 | 261 | 74 | B2 | H&GN | All |
| Eva Hunt, et al | E.C. Sidwell & R.C. Sidwell | 6/1/1951 | Carson | TX | Cargray | 138 | 258 | 107 | B2 | H&GN | All |
| Eva Hunt, et al | E.C. Sidwell & R.C. Sidwell | 6/1/1951 | Carson | TX | Cargray | 138 | 258 | 104 | B2 | H&GN | All |
| Eva Hunt, et al | E.C. Sidwell & R.C. Sidwell | 6/1/1951 | Carson | TX | Cargray | 138 | 258 | 75 | B2 | H&GN | All |
| Eva Hunt, et al | E.C. Sidwell & R.C. Sidwell | 6/1/1951 | Carson | TX | Cargray | 138 | 258 | 76 | B2 | H&GN | All |

| LESSOR | LESSEE | LEASE DATE | COUNTY | STATE | PROSPECT | RECORDING INFORMATION BOOK | RECORDING INFORMATION PAGE | SECTION | TOWNSHIP/ BLOCK | RANGE/ SURVEY | LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Eva Hunt, et al | E.C. Sidwell & R.C. Sidwell | 6/1/1951 | Carson | TX | Cargray | 138 | 258 | 78 | B2 | H&GN | All |
| Eva Hunt, et al | E.C. Sidwell & R.C. Sidwell | 6/1/1951 | Carson | TX | Cargray | 138 | 258 | 74 | B2 | H&GN | All |
| Lula D Montgomery and L J Riggins | H J Heartwell | 3/24/1948 | Carson | TX | Cargray | 83 | 158 | 113 | 7 | I&GN | All |
| G P Harden | H J Heartwell | 5/21/1948 | Carson | TX | Cargray | 83 | 482 | 113 | 7 | I&GN | W/2 |
| May Beatty Neighbors, et al | Cabot Carbon Company | 6/10/1948 | Carson | TX | Cargray | 83 | 605 | 85 | 7 | I&GN | SW/4 |
| May Beatty Neighbors, et al | Cabot Carbon Company | 6/10/1948 | Carson | TX | Cargray | 83 | 605 | 92 | 7 | I&GN | N/2 SW/4 and N/2 |
| Ida Whitnam | Cabot Carbon Company | 3/1/1950 | Carson | TX | Cargray | 87 | 218 | 92 | 7 | I&GN | SE/4 |
| Ethel A Rendleman and Chas. B. Rendleman | Joana Oil Corporation | 4/10/1935 | Gray | TX | Cargray | 66 | 108 | 146 | B2 | H&GN | All |
| Loyd Riggins and Cynthia L Riggins and Lula D Montgomery | H J Heartwell | 3/16/1948 | Carson | TX | Cargray | 83 | 155 | 114 | 7 | I&GN | All |
| L J Riggins | H J Heartwell | 3/24/1948 | Carson | TX | Cargray | 83 | 152 | 107 | 7 | I&GN | All |
| J C Ritter and Ayme Ritter | H J Heartwell | 3/20/1948 | Gray | TX | Cargray | 116 | 50 | 138 | B2 | H&GN | All of Section 138, save and except 11.73 acres, more or less, being a strip of land lying along the entire east side of said section. |
| Mrs. J M Dodson a widow, one and the same person as Alma Dodson, Individually and as Independent Executrix of the Esate of J M Dodson, deceased | Phillips Petroleum Company | 3/12/1948 | Gray | TX | Cargray | 119 | 630 | 138 | B2 | H&GN | NW/4 and W/2 SW/4 |
| Western Oil and Royalty Pooling Company, Inc. | Phillips Petroleum Company | 8/15/1949 | Gray | TX | Cargray | 125 | 246 | 138 | B2 | H&GN | NW/4 |
| Carlton Scales, et al | Phillips Petroleum Company | 9/8/1949 | Gray | TX | Cargray | 126 | 164 | 138 | B2 | H&GN | NW/4 |
| Jeanette Robbins | H J Heartwell | 4/13/1948 | Gray | TX | Cargray | 83 | 239 | 130 | 7 | I&GN | All |
| Ernest Wall, et al | Empire Gas & Fuel co | 2/25/1926 | Gray | TX | Cargray | 29 | 27 | 161 | 3 | I&GN | W/2 NW/4 |
| John B Wall | Empire Gas & Fuel co | 11/22/1926 | Gray | TX | Cargray | 32 | 234 | 161 | 3 | I&GN | W/2 NW/4 |
| Henry B Merrick and Lora Merrick | H J Heartwell | 4/16/1948 | Gray | TX | Cargray | 119 | 69 | 1 | B3 | I&GN | N/2 |
| John J Gordon Estate | H J Heartwell | 4/27/1948 | Gray | TX | Cargray | 119 | 66 | 1 | B3 | I&GN | N/2 |
| Lottie Wineinger | Cabot Carbon Company | 4/7/1951 | Gray | TX | Cargray | 137 | 299 | 22 | | D B Hill | The West 106 acres of D B Hill Survey No. 22 |
| The Ruby S Strain Family Trust | Wicklund Petroleum Corporation | 5/28/2010 | Garfield | OK | Deer Meadow | 1993 | 591 | 23 | 23N | 4W | SW/4 |
| Jeff Turner and Lydia Mae Turner | Whitepool, LLC | 5/12/2010 | Garfield | OK | Deer Meadow | 1988 | 672 | 23 | 23N | 4W | NW/4 |
| Buckley S Klasing and Kristi N Klasing, Joint Tenants | Whitepool, LLC | 4/4/2012 | Garfield | OK | Deer Meadow | 2080 | 1024 | 23 | 23N | 4W | Beginning at the NW corner of said NW/4, thence S 89°47'04" E along the North line of said NW/4 a distance of 1535.47', thence S 02°00'02" W a distance of 480.03 feet, thence S 86°49'23' E a distance of 305.41 feet, thence S 00°37'53" W a distance of 706.29 feet, thence S 28°56'37' W a distance of 258.49 feet, thence S 02°25'33' W a distance of 1197.54 feet to the South line of the Nw/4, thence N 89°56'25' W a distance of 1639.70 feet to the SW corner of said NW/4, thence N 00°01'02' W along the West line of said NW/4 a distance of 2030.15 feet to the point of beginning, being the westerly 101.91 acres, more or less. |
| Cathryn Maly | Whitepool, LLC | 6/23/2010 | Garfield | OK | Deer Meadow | 1993 | 580 | 23 | 23N | 4W | SE/4 |
| Janet Maly | Whitepool, LLC | 6/23/2010 | Garfield | OK | Deer Meadow | 1993 | 583 | 23 | 23N | 4W | SE/4 |

| LESSOR | LESSEE | LEASE DATE | COUNTY | STATE | PROSPECT | RECORDING INFORMATION | | SECTION | TOWNSHIP/ BLOCK | RANGE/ SURVEY | LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | BOOK | PAGE | | | | |
| Theresa Boudreau, Guardian of Kiowa Dylan Jayne, a minor | Whitepool, LLC | 6/22/2011 | Garfield | OK | Deer Meadow | 2041 | 244 | 23 | 23N | 4W | NE/4 |
| Rena Q O'Malley | Whitepool, LLC | 6/22/2011 | Garfield | OK | Deer Meadow | 2041 | 246 | 23 | 23N | 4W | NE/4 |
| Life Estate of Gertrude Joan Chestnut | Whitepool, LLC | 3/17/2010 | Garfield | OK | Deer Meadow | 1983 | 100 | 14 | 23N | 4W | NW/4 |
| John Corbett Haney, Jr. | | 3/22/2010 | | | | 1983 | 102 | | | | |
| Gladys Osborn | Whitepool, LLC | 4/9/2010 | Garfield | OK | Deer Meadow | 1993 | 545 | 14 | 23N | 4W | NE/4 |
| Ivan Osborn | Whitepool, LLC | 1/28/2011 | Garfield | OK | Deer Meadow | 2018 | 384 | 14 | 23N | 4W | NE/4 |
| Rosella Newman | Whitepool, LLC | 1/28/2011 | Garfield | OK | Deer Meadow | 2018 | 386 | 14 | 23N | 4W | NE/4 |
| Vernon Osborn | Whitepool, LLC | 1/28/2011 | Garfield | OK | Deer Meadow | 2018 | 388 | 14 | 23N | 4W | NE/4 |
| Billy D Fluman Trust datd July 23, 1998 | Whitepool, LLC | 4/23/2010 | Garfield | OK | Deer Meadow | 1993 | 543 | 14 | 23N | 4W | SE/4 |
| Fluman Family Trust dated June 2, 2005 | Whitepool, LLC | 4/21/2010 | Garfield | OK | Deer Meadow | 1993 | 569 | 14 | 23N | 4W | SE/4 |
| Jerry and Rose Fischer Living Trust | Whitepool, LLC | 6/3/2010 | Garfield | OK | Deer Meadow | 1993 | 547 | 14 | 23N | 4W | SW/4 |
| The Livingston Family Trust, dated November 16, 1999 | Whitepool, LLC | 6/3/2010 | Garfield | OK | Deer Meadow | 1993 | 551 | 14 | 23N | 4W | SW/4 |
| Michael David Bryant | Whitepool, LLC | 6/8/2010 | Garfield | OK | Deer Meadow | 1993 | 561 | 14 | 23N | 4W | SW/4 |
| Nicholette Marie Bradford | Whitepool, LLC | 4/2/2010 | Garfield | OK | Deer Meadow | 1983 | 92 | 15 | 23N | 4W | NE/4 |
| Michael Ray Miller a/k/a Mike | Whitepool, LLC | 4/2/2010 | Garfield | OK | Deer Meadow | 1983 | 94 | 15 | 23N | 4W | NE/4 |
| Jeanne Marlene Miller a/k/a Jeanne M. Miller | Whitepool, LLC | 5/5/2010 | Garfield | OK | Deer Meadow | 1988 | 697 | 15 | 23N | 4W | NE/4 |
| Pam Schmidt a/k/a Pamela S. Schmidt | Whitepool, LLC | 5/5/2010 | Garfield | OK | Deer Meadow | 1988 | 682 | 15 | 23N | 4W | NE/4 |
| Mary Ellen Main | Whitepool, LLC | 5/5/2010 | Garfield | OK | Deer Meadow | 1988 | 685 | 15 | 23N | 4W | NE/4 |
| Lee Everett Miller a/k/a Lee E Miller | Whitepool, LLC | 6/15/2010 | Garfield | OK | Deer Meadow | 1993 | 577 | 15 | 23N | 4W | NE/4 |
| George Toews and Mabel Toews, co-trustees of the Mabel Toews Trust | Whitepool, LLC | 3/11/2010 | Garfield | OK | Deer Meadow | 1979 | 33 | 15 | 23N | 4W | SE/4 |
| George Toews and Mabel Toews, co-trustees of the George Toews Trust | Whitepool, LLC | 3/11/2010 | Garfield | OK | Deer Meadow | 1979 | 35 | 15 | 23N | 4W | SE/4 |
| Milam Sons' Minerals, LLC | Whitepool, LLC | 4/21/2010 | Garfield | OK | Deer Meadow | 1988 | 651 | 15 | 23N | 4W | SW/4 |
| STEVECO Trust, George Joseph Stevenson, Trustee | Whitepool, LLC | 4/21/2010 | Garfield | OK | Deer Meadow | 1988 | 666 | 15 | 23N | 4W | SW/4 |

| LESSOR | LESSEE | LEASE DATE | COUNTY | STATE | PROSPECT | RECORDING INFORMATION | | SECTION | TOWNSHIP/ BLOCK | RANGE/ SURVEY | LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | BOOK | PAGE | | | | |
| Philip H Viles, Jr. | Whitepool, LLC | 4/21/2010 | Garfield | OK | Deer Meadow | 1988 | 669 | 15 | 23N | 4W | SW/4 |
| Stephen D Royster and Susan E Royster | Whitepool, LLC | 3/11/2010 | Garfield | OK | Deer Meadow | 1979 | 31 | 15 | 23N | 4W | N/2 SW/4 |
| George E Strecker and Paula L Strecker | Whitepool, LLC | 3/9/2010 | Garfield | OK | Deer Meadow | 1979 | 37 | 15 | 23N | 4W | N/2 SW/4 |
| Strecker Properties, LLC | Whitepool, LLC | 3/9/2010 | Garfield | OK | Deer Meadow | 1979 | 39 | 15 | 23N | 4W | S/2 SW/4 |
| Dawn Arnold | Whitepool, LLC | 4/7/2010 | Garfield | OK | Deer Meadow | 1983 | 98 | 15 | 23N | 4W | E/2 NW/4 and W/2 NW/4 |
| Vera G Green | Whitepool, LLC | 3/29/2010 | Garfield | OK | Deer Meadow | 1983 | 96 | 15 | 23N | 4W | E/2 NW/4 and W/2 NW/4 |
| Richard C Schaffer | Whitepool, LLC | 3/30/2010 | Garfield | OK | Deer Meadow | 1993 | 559 | 15 | 23N | 4W | E/2 NW/4 |
| Dale D Reinschmiedt | Sam Rose Oil & Gas Properties, Inc. | 7/13/2011 | Garfield | OK | Deer Meadow | 2053 | 168 | 16 | 23N | 4W | N/2 NW/4 and NE/4 SW/4 |
| Donald E Mitchell & Patricia Joan Mitchell, Trustee of the Mitchell Living Trust | Chesapeake Exploration LLC | 3/1/2011 | Garfield | OK | Deer Meadow | 2032 | 792 | 16 | 23N | 4W | S/2 NW/4 |
| James Vaughn | Whitepool, LLC | 2/17/2012 | Garfield | OK | Deer Meadow | 2076 | 644 | 16 | 23N | 4W | SW/4 SW/4 and NW/4 SW/4 and SE/4 SW/4 |
| Shirley Jean Dyer | Whitepool, LLC | 3/1/2011 | Garfield | OK | Deer Meadow | 2039 | 527 | 16 | 23N | 4W | NE/4 and SE/4 |
| Larry D Lowe | Whitepool, LLC | 2/16/2012 | Garfield | OK | Deer Meadow | 2076 | 646 | 16 | 23N | 4W | NE/4 |
| Jack R Hermanski & Louella Hermanski | Wicklund Petroleum Corporation | 3/29/2012 | Garfield | OK | Deer Meadow | 2081 | 1187 | 16 | 23N | 4W | SE/4 |
| Linda Kay Dean | Whitepool, LLC | 2/20/2012 | Garfield | OK | Deer Meadow | 2080 | 1018 | 16 | 23N | 4W | E/2 |
| Diane Matias-Bruce | Whitepool, LLC | 2/20/2012 | Garfield | OK | Deer Meadow | 2080 | 1021 | 16 | 23N | 4W | E/2 |
| Timothy J Coop | Whitepool, LLC | 2/23/2012 | Garfield | OK | Deer Meadow | 2081 | 510 | 16 | 23N | 4W | E/2 |
| Kelli Rydberg | Whitepool, LLC | 3/7/2012 | Garfield | OK | Deer Meadow | 2081 | 512 | 16 | 23N | 4W | E/2 |
| Debbie Burks | Whitepool, LLC | 3/7/2012 | Garfield | OK | Deer Meadow | 2081 | 514 | 16 | 23N | 4W | E/2 |
| Leslie Brock | Whitepool, LLC | 3/7/2012 | Garfield | OK | Deer Meadow | 2081 | 516 | 16 | 23N | 4W | E/2 |
| Pamela Mae Sellers | Whitepool, LLC | 3/9/2012 | Garfield | OK | Deer Meadow | 2081 | 532 | 16 | 23N | 4W | E/2 |
| Larry & Cheryl Koehn | Whitepool, LLC | 3/9/2012 | Garfield | OK | Deer Meadow | 2081 | 535 | 16 | 23N | 4W | E/2 |
| Barry Wayne Tice | Whitepool, LLC | 3/7/2012 | Garfield | OK | Deer Meadow | 2081 | 537 | 16 | 23N | 4W | E/2 |
| Carol Wilkins | Whitepool, LLC | 2/20/2012 | Garfield | OK | Deer Meadow | 2077 | 247 | 16 | 23N | 4W | E/2 |
| Judy Hunsaker & Allen Hunsaker | Whitepool, LLC | 2/17/2012 | Garfield | OK | Deer Meadow | 2077 | 251 | 16 | 23N | 4W | E/2 |
| George E Strecker | Whitepool, LLC | 5/21/2010 | Garfield | OK | Deer Meadow | 1986 | 656 | 22 | 23N | 4W | N/2 SW/4 |
| Susan E Royster | Whitepool, LLC | 5/22/2010 | Garfield | OK | Deer Meadow | 1988 | 658 | 22 | 23N | 4W | N/2 SW/4 |
| Patsy F Thibodeau | Whitepool, LLC | 5/22/2010 | Garfield | OK | Deer Meadow | 1986 | 660 | 22 | 23N | 4W | N/2 SW/4 |
| Phillip B Strecker | Whitepool, LLC | 5/22/2010 | Garfield | OK | Deer Meadow | 1986 | 662 | 22 | 23N | 4W | N/2 SW/4 |
| The Joyce Eliane Whitehead Trust, Patsy F Thibodeau, Trustee | Whitepool, LLC | 5/22/2010 | Garfield | OK | Deer Meadow | 1986 | 677 | 22 | 23N | 4W | N/2 SW/4 |

| LESSOR | LESSEE | LEASE DATE | COUNTY | STATE | PROSPECT | RECORDING INFORMATION | | SECTION | TOWNSHIP/ BLOCK | RANGE/ SURVEY | LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | BOOK | PAGE | | | | |
| Henderson Family Trust | Whitepool, LLC | 5/21/2010 | Garfield | OK | Deer Meadow | 1993 | 586 | 22 | 23N | 4W | N/2 SW/4 and S/2 SW/4 |
| William Andy DeShzao, Jr. | Whitepool, LLC | 5/22/2010 | Garfield | OK | Deer Meadow | 1993 | 589 | 22 | 23N | 4W | N/2 SW/4 |
| The Ruby S Strain Family Trust | Wicklund Petroleum Corporation | 5/28/2010 | Garfield | OK | Deer Meadow | 1993 | 591 | 22 | 23N | 4W | NW/4 and SE/4 |
| Jerry M Sebranek | Whitepool, LLC | 5/26/2011 | Garfield | OK | Deer Meadow | 2037 | 937 | 22 | 23N | 4W | NW/4 |
| Roger L Sebranek | Whitepool, LLC | 5/26/2011 | Garfield | OK | Deer Meadow | 2037 | 939 | 22 | 23N | 4W | NW/4 |
| STC Resources, LLC | Sam B Rose Oil and Gas | 1/26/2012 | Garfield | OK | Deer Meadow | 2071 | 815 | 22 | 23N | 4W | NW/4 |
| Nelva Janean Ball & Gary L Ball | Sam B Rose Oil and Gas | 3/15/2012 | Garfield | OK | Deer Meadow | 2080 | 419 | 22 | 23N | 4W | NW/4 |
| Jeffrey A Jones & Linda L Jones | Sam B Rose Oil and Gas | 3/15/2012 | Garfield | OK | Deer Meadow | 2080 | 423 | 22 | 23N | 4W | NW/4 |
| Lewis Sebranek | Force Pooled | N/A | Garfield | OK | Deer Meadow | N/A | N/A | 22 | 23N | 4W | NW/4 |
| Helen J Deeds | Force Pooled | N/A | Garfield | OK | Deer Meadow | N/A | N/A | 22 | 23N | 4W | NW/4 |
| Audine Terezie Baker | Force Pooled | N/A | Garfield | OK | Deer Meadow | N/A | N/A | 22 | 23N | 4W | NW/4 |
| DonaldNeil Bolenbaugh and Michael Neil Bolengaugh, Trustees of the Bolenbaugh Irrevocable Trust | L. Spinner Platt | 5/13/2010 | Garfield | OK | Deer Meadow | 1987 | 649 | 27 | 23N | 4W | NE/4 |
| Betty Warner | L. Spinner Platt | 5/26/2010 | Garfield | OK | Deer Meadow | 1987 | 651 | 27 | 23N | 4W | SW/4 less 6.43 acres |
| Jeanette Sue Schlottog | L. Spinner Platt | 5/6/2010 | Garfield | OK | Deer Meadow | 1987 | 653 | 27 | 23N | 4W | NE/4 |
| Charles L Schlottog | Whitepool, LLC | 5/6/2010 | Garfield | OK | Deer Meadow | 1987 | 655 | 27 | 23N | 4W | NE/4 |
| Barbara M. Jenista | L. Spinner Platt | 5/6/2010 | Garfield | OK | Deer Meadow | 1987 | 657 | 27 | 23N | 4W | NE/4 |
| Garry E Schlottog | L. Spinner Platt | 5/6/2010 | Garfield | OK | Deer Meadow | 1989 | 916 | 27 | 23N | 4W | NE/4 |
| Carol Neunorf a/k/a Sylvia Carl Neudorf | Whitepool, LLC | 5/18/2010 | Garfield | OK | Deer Meadow | 1988 | 654 | 27 | 23N | 4W | SW/4 less 6.43 acres |
| Henry Severin and Cecilia Severin, joint tenants | Whitepool, LLC | 5/12/2010 | Garfield | OK | Deer Meadow | 1989 | 914 | 27 | 23N | 4W | NW/4 less .61 acres |
| Danna Lou Willis, now Mahaffey | L. Spinner Platt | 5/20/2010 | Garfield | OK | Deer Meadow | 1993 | 174 | 27 | 23N | 4W | NW/4 less .61 acres |
| The Mary Boepple Revocable Living Trust | Whitepool, LLC | 6/4/2010 | Garfield | OK | Deer Meadow | 1993 | 555 | 27 | 23N | 4W | SE/4 less 7.27 acres |
| Marylou Boepple | Whitepool, LLC | 6/4/2010 | Garfield | OK | Deer Meadow | 1993 | 565 | 27 | 23N | 4W | SE/4 less 7.27 acres |
| Amy Lynn a/k/a Amy Lynn Lenhert | Whitepool, LLC | 6/11/2010 | Garfield | OK | Deer Meadow | 1993 | 571 | 27 | 23N | 4W | NW/4 less .61 acres |
| Dean G Tresner | Whitepool, LLC | 6/11/2010 | Garfield | OK | Deer Meadow | 1993 | 573 | 27 | 23N | 4W | NW/4 less .61 acres |
| Marilyn Ann Bachman | | | Garfield | OK | Deer Meadow | | | 27 | 23N | 4W | NW/4 |
| Shirley Le Tabor, formerly Shirley Lee Mauerhan | | | Garfield | OK | Deer Meadow | | | 27 | 23N | 4W | NW/4 |
| International Mining Company | | | Garfield | OK | Deer Meadow | | | 27 | 23N | 4W | NW/4 |

| LESSOR | LESSEE | LEASE DATE | COUNTY | STATE | PROSPECT | RECORDING INFORMATION | | SECTION | TOWNSHIP/ BLOCK | RANGE/ SURVEY | LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | BOOK | PAGE | | | | |
| International Mining Company | | | Garfield | OK | Deer Meadow | | | 27 | 23N | 4W | NE/4 |
| International Mining Company | | | Garfield | OK | Deer Meadow | | | 27 | 23N | 4W | SE/4 |
| Part of original 6 section area | | | Garfield | OK | Deer Meadow | | | 26 | 23N | 4W | |
| Murphy Ranch Enterprises, LLC | R D Marcham Energy, Inc. | 4/30/2008 | Jefferson | OK | Circus | 622 | 763 | 24 | 5S | 5W | E/2 & NW/4 & SW/4 NE/4 SW/4 & S/2 SW/4 |
| Allie B Murphy, a widow; and Dorothy Lela Hunter, a widow | Winston B Coffman | 1/15/1979 | Jefferson | OK | Circus | 412 | 11 | 24 | 5S | 5W | S/2 SW/4 & SW/4 NE/4 SW/4 |
| William W Eakin, receiver for James H Hayes, et al | Tracy Tucker | 5/7/1981 | Jefferson | OK | Circus | 435 | 710 | 24 | 5S | 5W | S/2 NW/4 & N/2 NE/4 SW/4 & SE/4 NE/4 SW/4 & NW/4 SW/4 |
| Allie B Murphy Trust, Dorothy Stephens, Trustee | Reid Williams dba Reid Williams | 1/14/1992 | Jefferson | OK | Circus | 533 | 664 | 24 | 5S | 5W | N/2 SW/4 |
| Ernestine Hendon Caron | R D Marcham Energy, Inc. | 11/9/2009 | Jefferson | OK | Circus | 634 | 589 | 24 | 5S | 5W | N/2 NE/4 NE/4 & NE/4 NW/4 NE/4 |
| Collier Properties, Inc. | R D Marcham Energy, Inc. | 11/9/2009 | Jefferson | OK | Circus | 634 | 880 | 24 | 5S | 5W | N/2 NE/4 NE/4 & NE/4 NW/4 NE/4 |
| ENRG I, Inc. | R D Marcham Energy, Inc. | 11/9/2009 | Jefferson | OK | Circus | 635 | 600 | 24 | 5S | 5W | N/2 NE/4 NE/4 & NE/4 NW/4 NE/4 |
| ENRG II, Inc. | R D Marcham Energy, Inc. | 11/9/2009 | Jefferson | OK | Circus | 635 | 603 | 24 | 5S | 5W | N/2 NE/4 NE/4 & NE/4 NW/4 NE/4 |
| W E CONNELL ET AL EXEC & TR | C F GREENWOOD ET AL | 7/1/1925 | CARSON | TX | PH CARSON | 34 | 49 | 76 | 4 | I&GN | SE/4 |
| W E CONNELL ET AL EXEC & TR | C F GREENWOOD ET AL | 7/1/1925 | CARSON | TX | PH CARSON | 34 | 49 | 77 | 4 | I&GN | W/2 SE/4 |
| W E CONNELL ET AL EXEC & TR | C F GREENWOOD ET AL | 7/1/1925 | CARSON | TX | PH CARSON | 34 | 49 | 77 | 4 | I&GN | NW/4 NW/4 |
| W E CONNELL ET AL EXEC & TR | C F GREENWOOD ET AL | 7/1/1925 | CARSON | TX | PH CARSON | 34 | 49 | 79 | 4 | I&GN | N/2 SW/4 |
| W E CONNELL ET AL EXEC & TR | C F GREENWOOD ET AL | 7/1/1925 | CARSON | TX | PH CARSON | 34 | 49 | 79 | 4 | I&GN | SW/4 SW/4 |
| W E CONNELL ET AL EXEC & TR | C F GREENWOOD ET AL | 7/1/1925 | CARSON | TX | PH CARSON | 34 | 49 | 76 | 4 | I&GN | NE/4 |
| W E CONNELL ET AL EXEC & TR | C F GREENWOOD ET AL | 7/1/1925 | CARSON | TX | PH CARSON | 34 | 49 | 76 | 4 | I&GN | N/2 SW/4 |
| W E CONNELL ET AL EXEC & TR | C F GREENWOOD ET AL | 7/1/1925 | CARSON | TX | PH CARSON | 34 | 49 | 76 | 4 | I&GN | SE/4 SW/4 |
| W E CONNELL ET AL EXEC & TR | C F GREENWOOD ET AL | 7/1/1925 | CARSON | TX | PH CARSON | 34 | 49 | 77 | 4 | I&GN | SW/4 |
| W E CONNELL ET AL EXEC & TR | C F GREENWOOD ET AL | 7/1/1925 | CARSON | TX | PH CARSON | 34 | 49 | 77 | 4 | I&GN | SW/4 NW/4 |
| W E CONNELL ET AL EXEC & TR | C F GREENWOOD ET AL | 7/1/1925 | CARSON | TX | PH CARSON | 34 | 49 | 76 | 4 | I&GN | SW/4 SW/4 |
| W E CONNELL ET AL EXEC & TR | EMPIRE GAS AND FUEL COMPANY | 3/11/1929 | CARSON | TX | PH CARSON | 46 | 401 | 53 | 4 | I&GN | W2 |
| W E CONNELL ET AL EXEC & TR | EMPIRE GAS AND FUEL COMPANY | 3/11/1929 | CARSON | TX | PH CARSON | 46 | 401 | 55 | 4 | I&GN | E2 |
| W E CONNELL ET AL EXEC & TR | EMPIRE GAS AND FUEL COMPANY | 3/11/1929 | CARSON | TX | PH CARSON | 46 | 401 | 34 | 4 | I&GN | N2 NE & SE |
| W E CONNELL ET AL EXEC & TR | EMPIRE GAS AND FUEL COMPANY | 3/11/1929 | CARSON | TX | PH CARSON | 46 | 401 | 35 | 4 | I&GN | W2 NW & SW |
| W E CONNELL ET AL EXEC & TR | EMPIRE GAS AND FUEL COMPANY | 3/11/1929 | CARSON | TX | PH CARSON | 46 | 401 | 36 | 4 | I&GN | S2 SW & NW |
| S B BURNETT | W W SILK ET AL | 11/10/1921 | CARSON | TX | PH CARSON | 25 | 369 | 93 | 5 | I&GN | S2 |
| W E CONNELL ET AL EXEC & TRUSTEES | HUMBLE OIL & REFINING COMPANY | 6/14/1926 | CARSON | TX | PH CARSON | 35 | 174 | 11 | 4 | I&GN | N2 |
| W E CONNELL ET AL EXEC & TRUSTEES | HUMBLE OIL & REFINING COMPANY | 6/14/1926 | CARSON | TX | PH CARSON | 35 | 174 | 10 | 4 | I&GN | NW |
| W E CONNELL ET AL EXEC & TRUSTEES | HUMBLE OIL & REFINING COMPANY | 6/14/1926 | CARSON | TX | PH CARSON | 35 | 174 | 12 | 4 | I&GN | ALL |
| W E CONNELL ET AL EXEC & TRUSTEES | HUMBLE OIL & REFINING COMPANY | 6/14/1926 | CARSON | TX | PH CARSON | 35 | 174 | 13 | 4 | I&GN | SW |
| W E CONNELL ET AL EXEC & TRUSTEES | HUMBLE OIL & REFINING COMPANY | 6/14/1926 | CARSON | TX | PH CARSON | 35 | 174 | 1 | 5 | I&GN | N2 |

| LESSOR | LESSEE | LEASE DATE | COUNTY | STATE | PROSPECT | RECORDING INFORMATION BOOK | RECORDING INFORMATION PAGE | SECTION | TOWNSHIP/ BLOCK | RANGE/ SURVEY | LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| W E CONNELL ET AL EXEC & TRUSTEES | HUMBLE OIL & REFINING COMPANY | 6/14/1926 | CARSON | TX | PH CARSON | 35 | 174 | 21 | 5 | I&GN | E2 |
| W E CONNELL ET AL EXEC & TRUSTEES | HUMBLE OIL & REFINING COMPANY | 6/14/1926 | CARSON | TX | PH CARSON | 35 | 174 | 22 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC & TRUSTEES | HUMBLE OIL & REFINING COMPANY | 6/14/1926 | CARSON | TX | PH CARSON | 35 | 171 | 4 | 5 | I&GN | N2 |
| W E CONNELL ET AL EXEC & TRUSTEES | HUMBLE OIL & REFINING COMPANY | 6/14/1926 | CARSON | TX | PH CARSON | 35 | 171 | 6 | 5 | I&GN | N2 |
| W E CONNELL ET AL EXEC & TRUSTEES | HUMBLE OIL & REFINING COMPANY | 6/14/1926 | CARSON | TX | PH CARSON | 35 | 171 | 8 | 5 | I&GN | NW & W2 NE |
| W E CONNELL ET AL EXEC & TRUSTEES | HUMBLE OIL & REFINING COMPANY | 6/14/1926 | CARSON | TX | PH CARSON | 35 | 171 | 13 | 5 | I&GN | W2 |
| W E CONNEL ET AL | B V BLACKWELL | 3/8/1926 | CARSON | TX | PH CARSON | 29 | 597 | 42 | 5 | I&GN | W2 E2 & E2 W2 |
| W H FUQUA | D D HARRINGTON | 1/19/1928 | CARSON | TX | PH CARSON | 43 | 323 | 17 | 3 | AB&M | ALL |
| W H FUQUA | D D HARRINGTON | 1/19/1928 | CARSON | TX | PH CARSON | 43 | 323 | 18 | 3 | AB&M | ALL |
| W H FUQUA | D D HARRINGTON | 1/19/1928 | CARSON | TX | PH CARSON | 43 | 323 | 19 | 3 | AB&M | ALL |
| W H FUQUA | D D HARRINGTON | 1/19/1928 | CARSON | TX | PH CARSON | 43 | 323 | 4 | S | H&GN | ALL |
| W H FUQUA | D D HARRINGTON | 1/19/1928 | CARSON | TX | PH CARSON | 43 | 323 | 5 | S | H&GN | ALL |
| W H FUQUA | D D HARRINGTON | 1/19/1928 | CARSON | TX | PH CARSON | 43 | 323 | 6 | S | H&GN | ALL |
| W H FUQUA | D D HARRINGTON | 1/19/1928 | CARSON | TX | PH CARSON | 43 | 323 | 7 | S | H&GN | ALL |
| ELAINE B BARRON ET AL | CONOCO INC | 5/1/1996 | CARSON | TX | PH CARSON | 274 | 613 | 15 | 3 | AB&M , A-27 | ALL |
| ELAINE B BARRON ET AL | CONOCO INC | 5/1/1996 | CARSON | TX | PH CARSON | 274 | 613 | 20 | 3 | AB&M , A-1072 | ALL |
| ELAINE B BARRON ET AL | CONOCO INC | 5/1/1996 | CARSON | TX | PH CARSON | 274 | 613 | 20 | 3 | AB&M , A-1154 | ALL |
| ELAINE B BARRON ET AL | CONOCO INC | 5/1/1996 | CARSON | TX | PH CARSON | 274 | 613 | 20 | 3 | AB&M , A-853 | ALL |
| ELAINE B BARRON ET AL | CONOCO INC | 5/1/1996 | CARSON | TX | PH CARSON | 274 | 613 | 4 | 5 | B&B, A-1068 | ALL |
| ELAINE B BARRON ET AL | CONOCO INC | 5/1/1996 | CARSON | TX | PH CARSON | 274 | 613 | 3 | | BS&F, A-959 | ALL |
| ELAINE B BARRON ET AL | CONOCO INC | 5/1/1996 | CARSON | TX | PH CARSON | 274 | 613 | 25 | Y2 | GB&CNG | ALL |
| ELAINE B BARRON ET AL | CONOCO INC | 5/1/1996 | CARSON | TX | PH CARSON | 274 | 613 | 15 | | H&GN, A-166 | ALL |
| ELAINE B BARRON ET AL | CONOCO INC | 5/1/1996 | CARSON | TX | PH CARSON | 274 | 613 | 17 | S | H&GN, A-167 | ALL |
| ELAINE DEAHL ROOKS ET AL | CONOCO INC | 5/1/1996 | CARSON | TX | PH CARSON | 274 | 687 | 23 | Y2 | TYLER&TAP, ORIG GRANTEE | ALL |
| W E CONNELL ET AL | WILLIE O NEAL | 9/10/1925 | CARSON | TX | PH CARSON | 29 | 478 | 25 | 5 | I&GN | E2SW |
| S B BURNETT ESTATE ET AL | CULBERSON BROS COMPANY | 6/28/1926 | CARSON | TX | PH CARSON | 35 | 526 | 20 | 5 | I&GN | S2NE |
| W H SLAY ET AL | EMPIRE OIL AND REFINING COMPANY | 6/3/1936 | CARSON | TX | PH CARSON | 60 | 210 | 34 | 4 | I&GN | S2NE |
| W H SLAY ET AL | EMPIRE OIL AND REFINING COMPANY | 6/3/1936 | CARSON | TX | PH CARSON | 60 | 210 | 35 | 4 | I&GN | NE |
| W H SLAY ET AL | EMPIRE OIL AND REFINING COMPANY | 6/3/1936 | CARSON | TX | PH CARSON | 60 | 210 | 36 | 4 | I&GN | N2SW |
| W H SLAY ET AL | EMPIRE OIL AND REFINING COMPANY | 6/3/1936 | CARSON | TX | PH CARSON | 60 | 210 | 77 | 4 | I&GN | E2E2, E2NW, W2NE |
| W H SLAY ET AL | EMPIRE OIL AND REFINING COMPANY | 6/3/1936 | CARSON | TX | PH CARSON | 60 | 210 | 79 | 4 | I&GN | NW |
| W H SLAY ET AL | EMPIRE OIL AND REFINING COMPANY | 6/3/1936 | CARSON | TX | PH CARSON | 60 | 210 | 20 | 5 | I&GN | N2NW, SESE, W2SW |
| W H SLAY ET AL | EMPIRE OIL AND REFINING COMPANY | 6/3/1936 | CARSON | TX | PH CARSON | 60 | 210 | 38 | 5 | I&GN | NW |
| W H SLAY ET AL | EMPIRE OIL AND REFINING COMPANY | 6/3/1936 | CARSON | TX | PH CARSON | 60 | 210 | 87 | 5 | I&GN | SENE, W2NW |
| W H SLAY ET AL | EMPIRE OIL AND REFINING COMPANY | 6/3/1936 | CARSON | TX | PH CARSON | 60 | 210 | 94 | 5 | I&GN | S2SW |
| S B BURNETT | L C HEYDRICK | 11/26/1919 | CARSON | TX | PH CARSON | 22 | 597 | 75 | 5 | I&GN | S2NW & N2 SW |
| S B BURNETT | THE TEXAS COMPANY | 11/17/1921 | CARSON | TX | PH CARSON | 25 | 475 | 28 | 5 | I&GN | NW/4 |
| S B BURNETT | THE TEXAS COMPANY | 11/17/1921 | CARSON | TX | PH CARSON | 25 | 475 | 37 | 5 | I&GN | SE/4 |

| LESSOR | LESSEE | LEASE DATE | COUNTY | STATE | PROSPECT | BOOK | PAGE | SECTION | TOWNSHIP/ BLOCK | RANGE/ SURVEY | LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| S B BURNETT | THE TEXAS COMPANY | 11/17/1921 | CARSON | TX | PH CARSON | 25 | 475 | 39 | 5 | I&GN | NW4 |
| ROSS C BENNETT ET AL | J W MCCOLL | 12/1/1996 | CARSON | TX | PH CARSON | 279 | 1 | 6 | 5 | B&B , A-1057 | NW, SE |
| ROSS C BENNETT ET AL | J W MCCOLL | 12/1/1996 | CARSON | TX | PH CARSON | 279 | 1 | 16 | S | H&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 10 | 4 | I&GN | E2, SW |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 11 | 4 | I&GN | S2 |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 13 | 4 | I&GN | E2, NW |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 14 | 4 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 31 | 4 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 32 | 4 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 33 | 4 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 34 | 4 | I&GN | W2 |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 36 | 4 | I&GN | E2 |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 53 | 4 | I&GN | E2 |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 54 | 4 | I&GN | S2, S2 NW |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 55 | 4 | I&GN | W2 |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 56 | 4 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 57 | 4 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 58 | 4 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 75 | 4 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 78 | 4 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 80 | 4 | I&GN | N/2, SW/4, W/2 SE/4 |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 9 | 4 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 97 | 4 | I&GN | E/2 |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 99 | 4 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 1 | 5 | I&GN | S/2 |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 100 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 101 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 104 | 5 | I&GN | W/2 |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 11 | 5 | I&GN | N/2 NW/4 |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 12 | 5 | I&GN | NE/4, S/2 |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 120 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 122 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 124 | 5 | I&GN | N/2 |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 13 | 5 | I&GN | E/2 |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 14 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 15 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 16 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 17 | 5 | I&GN | ALL |

| LESSOR | LESSEE | LEASE DATE | COUNTY | STATE | PROSPECT | RECORDING INFORMATION | | SECTION | TOWNSHIP/ BLOCK | RANGE/ SURVEY | LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | BOOK | PAGE | | | | |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTCHINSON | TX | PH CARSON | 35 | 540 | 18 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTCHINSON | TX | PH CARSON | 35 | 540 | 19 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTCHINSON | TX | PH CARSON | 35 | 540 | 2 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTCHINSON | TX | PH CARSON | 35 | 540 | 20 | 5 | I&GN | E/2 SW/4, N/2 NE/4, W/2 SE/4 |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTCHINSON | TX | PH CARSON | 35 | 540 | 21 | 5 | I&GN | E/2 SW/4, NW/4 |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTCHINSON | TX | PH CARSON | 35 | 540 | 23 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTCHINSON | TX | PH CARSON | 35 | 540 | 24 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTCHINSON | TX | PH CARSON | 35 | 540 | 25 | 5 | I&GN | N/2, SE/4, W/2 SW/4 |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTCHINSON | TX | PH CARSON | 35 | 540 | 26 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTCHINSON | TX | PH CARSON | 35 | 540 | 27 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTCHINSON | TX | PH CARSON | 35 | 540 | 28 | 5 | I&GN | NE/4, S/2 |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTCHINSON | TX | PH CARSON | 35 | 540 | 29 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTCHINSON | TX | PH CARSON | 35 | 540 | 3 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTCHINSON | TX | PH CARSON | 35 | 540 | 30 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTCHINSON | TX | PH CARSON | 35 | 540 | 31 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTCHINSON | TX | PH CARSON | 35 | 540 | 32 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTCHINSON | TX | PH CARSON | 35 | 540 | 33 | 5 | I&GN | NW/4, S/2 |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTCHINSON | TX | PH CARSON | 35 | 540 | 34 | 5 | I&GN | NE/4, S/2 |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTCHINSON | TX | PH CARSON | 35 | 540 | 35 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTCHINSON | TX | PH CARSON | 35 | 540 | 36 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTCHINSON | TX | PH CARSON | 35 | 540 | 37 | 5 | I&GN | NE/4, W/2 |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTCHINSON | TX | PH CARSON | 35 | 540 | 38 | 5 | I&GN | NE/4 LESS 160 ACRES, S/2 LESS 160 ACRES |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTCHINSON | TX | PH CARSON | 35 | 540 | 39 | 5 | I&GN | NE/4, S/2 |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTCHINSON | TX | PH CARSON | 35 | 540 | 4 | 5 | I&GN | S/2 |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTCHINSON | TX | PH CARSON | 35 | 540 | 40 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTCHINSON | TX | PH CARSON | 35 | 540 | 41 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTCHINSON | TX | PH CARSON | 35 | 540 | 42 | 5 | I&GN | E/2 E/2, W/2 W/2 |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTCHINSON | TX | PH CARSON | 35 | 540 | 43 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTCHINSON | TX | PH CARSON | 35 | 540 | 44 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTCHINSON | TX | PH CARSON | 35 | 540 | 45 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTCHINSON | TX | PH CARSON | 35 | 540 | 46 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTCHINSON | TX | PH CARSON | 35 | 540 | 47 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTCHINSON | TX | PH CARSON | 35 | 540 | 48 | 5 | I&GN | SE/4, W/2 |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTCHINSON | TX | PH CARSON | 35 | 540 | 49 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTCHINSON | TX | PH CARSON | 35 | 540 | 5 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTCHINSON | TX | PH CARSON | 35 | 540 | 50 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTCHINSON | TX | PH CARSON | 35 | 540 | 51 | 5 | I&GN | N/2, SW/4, W/2 SE/4 |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTCHINSON | TX | PH CARSON | 35 | 540 | 52 | 5 | I&GN | ALL |

| LESSOR | LESSEE | LEASE DATE | COUNTY | STATE | PROSPECT | RECORDING INFORMATION | | SECTION | TOWNSHIP/ BLOCK | RANGE/ SURVEY | LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | BOOK | PAGE | | | | |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 53 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 54 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 55 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 56 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 57 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 58 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 59 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 6 | 5 | I&GN | S/2 |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 61 | 5 | I&GN | S/2 |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 62 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 63 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 64 | 5 | I&GN | W/2 |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 65 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 66 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 67 | 5 | I&GN | S/2 SE/4, W/2 |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 68 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 69 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 70 | 5 | I&GN | SE/4, W/2 |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 71 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 72 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 73 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 74 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 75 | 5 | I&GN | EXCEPT 160 ACRES |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 76 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 78 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 8 | 5 | I&GN | SW/4, W/2 SE/4 |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 80 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 82 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 83 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 84 | 5 | I&GN | N/2 |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 85 | 5 | I&GN | SE/4, W/2 |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 86 | 5 | I&GN | W/2 |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 87 | 5 | I&GN | E/2 NW/4, NE/4 NE/4, S/2, W/2 NE/4 |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 88 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 89 | 5 | I&GN | SE/4 |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 9 | 5 | I&GN | E/2, E/2 W/2 |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 90 | 5 | I&GN | W/2 |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 91 | 5 | I&GN | S/2 |

| LESSOR | LESSEE | LEASE DATE | COUNTY | STATE | PROSPECT | RECORDING INFORMATION BOOK | RECORDING INFORMATION PAGE | SECTION | TOWNSHIP/ BLOCK | RANGE/ SURVEY | LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 92 | 5 | I&GN | SE/4 |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 94 | 5 | I&GN | N/2, N/2 SW/4 |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 95 | 5 | I&GN | ALL |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 96 | 5 | I&GN | SE/4, W/2 |
| W E CONNELL ET AL EXEC AND TRUSTEES | EMPIRE GAS AND FUEL COMPANY | 6/10/1927 | CARSON/HUTC HINSON | TX | PH CARSON | 35 | 540 | 98 | 5 | I&GN | ALL |
| S.B. BURNETT | P.H.LIANDERGIN, ET AL | 4/24/1919 | CARSON | TX | PH SNEED FRITCH | 21 | 423 | 119 | 5 | I&GN | W/2 |
| S.B. BURNETT | P.H.LIANDERGIN, ET AL | 4/24/1919 | CARSON | TX | PH SNEED FRITCH | 21 | 423 | 99 | 5 | I&GN | W/2, W/2 E/2 |
| S.B. BURNETT | P.H.LIANDERGIN, ET AL | 4/24/1919 | CARSON | TX | PH SNEED FRITCH | 21 | 423 | 60 | 5 | I&GN | All |
| S.B. BURNETT | P.H.LIANDERGIN, ET AL | 4/24/1919 | CARSON | TX | PH SNEED FRITCH | 21 | 423 | 77 | 5 | I&GN | N2, SE, NESW |
| S.B. BURNETT | P.H.LIANDERGIN, ET AL | 4/24/1919 | CARSON | TX | PH SNEED FRITCH | 21 | 423 | 79 | 5 | I&GN | S2 |
| S.B. BURNETT | P.H.LIANDERGIN, ET AL | 4/24/1919 | CARSON | TX | PH SNEED FRITCH | 21 | 423 | 81 | 5 | I&GN | N2 |
| S.B. BURNETT | P.H.LIANDERGIN, ET AL | 4/24/1919 | CARSON | TX | PH SNEED FRITCH | 21 | 423 | 97 | 5 | I&GN | All |
| E S POLING ET UX | ROBERT RICKS | 6/11/1924 | CARSON | TX | PH SNEED FRITCH | 29 | 412 | 12 | Y2 | B&B | S2SWNE |
| E S POLING ET UX | T M BRUNER AND ROBERT RICKS | 4/27/1923 | CARSON | TX | PH SNEED FRITCH | 29 | 190 | 12 | Y2 | B&B | NWSE |
| E S POLING ET UX DAISY | ROBERT  RICKS | 8/1/1923 | CARSON | TX | PH SNEED FRITCH | 29 | 452 | 22 | Y2 | AB&M | All Tr 3 |
| J M SANFORD ET AL | EUGENE S BLASDEL | 5/27/1926 | CARSON | TX | PH SNEED FRITCH | 35 | 120 | 3 | 5 | B&B | SW/4 NE/4 |
| J M SANFORD ET AL | EUGENE S BLASDEL | 5/27/1926 | CARSON | TX | PH SNEED FRITCH | 35 | 120 | 10 | 3 | AB&M | SW/4 SE/4 |
| J M SANFORD ET AL | EUGENE S BLASDEL | 5/27/1926 | CARSON | TX | PH SNEED FRITCH | 35 | 120 | 13 | 3 | AB&M | E/2 NW/4 |
| J M SANFORD ET AL | EUGENE S BLASDEL | 5/27/1926 | CARSON | TX | PH SNEED FRITCH | 35 | 120 | 14 | 3 | AB&M | N/2 NW/4 |
| A F BENNETT ET UX ANNIE | BARNSDALL OIL COMPANY | 7/27/1926 | CARSON | TX | PH SNEED FRITCH | 35 | 195 | 6 | 5 | B&B | SW/4 |
| S B BURNETT | L C HEYDRICK ET AL | 11/19/1921 | CARSON | TX | PH SNEED FRITCH | 25 | 421 | 51 | 5 | I&GN | E/2 SE/4 |
| S B BURNETT | L C HEYDRICK ET AL | 11/19/1921 | CARSON | TX | PH SNEED FRITCH | 25 | 421 | 84 | 5 | I&GN | W 100 ACRES OF S/2 |
| S B BURNETT | L C HEYDRICK ET AL | 11/19/1921 | CARSON | TX | PH SNEED FRITCH | 25 | 421 | 86 | 5 | I&GN | S/2 SE/4 |
| S B BURNETT | L C HEYDRICK ET AL | 11/19/1921 | CARSON | TX | PH SNEED FRITCH | 25 | 421 | 108 | 5 | I&GN | S 100 Acres of W/2 |
| GARLAND S SANFORD ET AL | PANHANDLE EASTERN PIPE LINE COMPANY | 9/15/1937 | CARSON | TX | PH SNEED FRITCH | 60 | 489 | 14 | 3 | AB&M | SW/4, W/2 SE/4, NE/4, S/2 NW/4 |
| GARLAND S SANFORD ET AL | PANHANDLE EASTERN PIPE LINE COMPANY | 9/15/1937 | CARSON | TX | PH SNEED FRITCH | 60 | 489 | 3 | 5 | B&B | SE/4 NE/4, N/2 NE/4 |
| GARLAND S SANFORD ET AL | PANHANDLE EASTERN PIPE LINE COMPANY | 9/15/1937 | CARSON | TX | PH SNEED FRITCH | 60 | 493 | 10 | 3 | AB&M | SE/4 SW/4, SE/4 SE/4, NW/4 SE/4 |
| GARLAND S SANFORD ET AL | PANHANDLE EASTERN PIPE LINE COMPANY | 9/15/1937 | CARSON | TX | PH SNEED FRITCH | 60 | 493 | 13 | 3 | AB&M | W/2 SE/4, NE/4, W/2 NW/4 |
| GARLAND S SANFORD ET AL | PANHANDLE EASTERN PIPE LINE COMPANY | 9/15/1937 | CARSON | TX | PH SNEED FRITCH | 60 | 493 | 14 | 3 | AB&M | E/2 SE/4 |
| GARLAND S SANFORD ET AL | PANHANDLE EASTERN PIPE LINE COMPANY | 9/15/1937 | CARSON | TX | PH SNEED FRITCH | 60 | 499 | 13 | 3 | AB&M | SW/4 |
| GARLAND S SANFORD ET AL | PANHANDLE EASTERN PIPE LINE COMPANY | 9/15/1937 | CARSON | TX | PH SNEED FRITCH | 60 | 499 | 16 | 3 | AB&M | S/2, NW/4 |
| A F BENNETT AND ANNIE M BENNETT | PANHANDLE EASTERN PIPE LINE COMPANY | 11/1/1938 | CARSON | TX | PH SNEED FRITCH | 65 | 429 | 6 | 5 | B&B | NE/4 |
| JNO C BURNS ET AL | PANHANDLE EASTERN PIPE LINE COMPANY | 11/23/1938 | CARSON | TX | PH SNEED FRITCH | 65 | 500 | 124 | 5 | I&GN | N/2 SE/4 |
| JNO C BURNS ET AL | PANHANDLE EASTERN PIPE LINE COMPANY | 11/23/1938 | CARSON | TX | PH SNEED FRITCH | 65 | 500 | 124 | 5 | I&GN | N/2 SW4, SW/4 SW/4 |
| JNO C BURNS ET AL | PANHANDLE EASTERN PIPE LINE COMPANY | 11/23/1938 | CARSON | TX | PH SNEED FRITCH | 65 | 505 | 99 | 5 | I&GN | E/2 SE/4 |
| JNO C BURNS ET AL | PANHANDLE EASTERN PIPE LINE COMPANY | 11/23/1938 | CARSON | TX | PH SNEED FRITCH | 65 | 503 | 77 | 5 | I&GN | W/2 SW/4, SE/4 SW/4 |
| E S POLING EST ET AL | NORTH AMERICAN OIL & GAS COMPANY | 7/14/1930 | CARSON | TX | PH SNEED FRITCH | 52 | 320 | 12 | Y2 | A&BM | N/2 SW/4 NE/4, SE/4 NE/4 |
| E S POLING EST ET AL | NORTH AMERICAN OIL & GAS COMPANY | 7/14/1930 | CARSON | TX | PH SNEED FRITCH | 52 | 320 | 22 | Y2 | A&BM | W/2 SW/4 NE/4 |

| LESSOR | LESSEE | LEASE DATE | COUNTY | STATE | PROSPECT | RECORDING INFORMATION BOOK | RECORDING INFORMATION PAGE | SECTION | TOWNSHIP/ BLOCK | RANGE/ SURVEY | LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| E S POLING EST ET AL | NORTH AMERICAN OIL & GAS COMPANY | 7/14/1930 | CARSON | TX | PH SNEED FRITCH | 52 | 320 | 24 | Y2 | A&BM | SE/4 SE/4, NE/4 SE/4, NE/4 |
| E S POLING EST ET AL | NORTH AMERICAN OIL & GAS COMPANY | 7/14/1930 | CARSON | TX | PH SNEED FRITCH | 52 | 320 | 27 | Y2 | A&BM | N/2 |
| E S POLING EST ET AL | NORTH AMERICAN OIL AND GAS COMPANY | 9/10/1932 | CARSON | TX | PH SNEED FRITCH | 56 | 354 | 22 | Y2 | A&BM | NW/4 NE/4, E/2 SW/4 NE/4, N/2 SE/4 NE/4 |
| E S POLING EST ET AL | NORTH AMERICAN OIL AND GAS COMPANY | 12/9/1935 | CARSON | TX | PH SNEED FRITCH | 62 | 17 | 12 | Y2 | A&BM | SW/4 SE/4 |
| E S POLING  EST ET AL | NORTH AMERICAN OIL AND GAS COMPANY | 12/9/1935 | CARSON | TX | PH SNEED FRITCH | 62 | 17 | 22 | Y2 | A&BM | NE/4 NE/4, N/2 NW/4 |
| JOHN Q BOST ET AL | A L MILLINCHIP | 2/4/1930 | HUTCHINSON | TX | PH SNEED FRITCH | 54 | 448 | 9 | Y2 | T&T | N/2 NW, SW NW |
| LEE BIVINS | F B MANLEY ET AL | 9/28/1926 | HUTCHINSON | TX | PH SNEED FRITCH | 39 | 47 | 91 | 46 | T&T | E80 ACS OF N160 ACS |
| JOHN Q BOST ET AL | TEXAS-INTERSTATE PIPE LINE COMPANY | 6/24/1930 | HUTCHINSON | TX | PH SNEED FRITCH | 57 | 47 | 14 | Y2 | GB&CNG | NORTH 62.60 ACRES OF SURVEY |
| OMA E ALLEN ET VIR U S G | TEXAS-INTERSTATE PIPE LINE COMPANY | 6/27/1936 | MOORE | TX | PH SNEED FRITCH | 62 | 184 | 6 | M1 | A H SADLER | ALL |
| MAUDE E WALKER ET AL | TEXAS-INTERSTATE PIPE LINE COMPANY | 6/27/1936 | MOORE | TX | PH SNEED FRITCH | 62 | 221 | 6 | M1 | A H SADLER | ALL |
| MAUDE E WALKER ET AL | TEXAS-INTERSTATE PIPE LINE COMPANY | 3/4/1936 | MOORE | TX | PH SNEED FRITCH | 57 | 214 | 5 | M1 | A H SADLER | S/2, NE/4 |
| OMA E ALLEN ET VIR | TEXAS-INTERSTATE PIPE LINE COMPANY | 3/4/1936 | MOORE | TX | PH SNEED FRITCH | 57 | 49 | 5 | M1 | A H SADLER | S/2, NE/4 |
| J F FORBES | PANHANDLE EASTERN PIPE LINE COMPANY | 5/31/1946 | MOORE | TX | PH SNEED FRITCH | 91 | 617 | 27 | 44 | H&TC | SW/4 |
| MRS O H DAVENPORT | PANHANDLE EASTERN PIPE LINE COMPANY | 4/8/1948 | MOORE | TX | PH SNEED FRITCH | 102 | 294 | 27 | 44 | H&TC | SW/4 |
| LOULA B POWELL | PANHANDLE EASTERN PIPE LINE COMPANY | 6/10/1946 | MOORE | TX | PH SNEED FRITCH | 91 | 582 | 27 | 44 | H&TC | SW/4 |
| A L FRANKENBERGER | PANHANDLE EASTERN PIPE LINE COMPANY | 5/31/1946 | MOORE | TX | PH SNEED FRITCH | 94 | 4 | 27 | 44 | H&TC | SW/4 |
| L L FERREE | PANHANDLE EASTERN PIPE LINE COMPANY | 6/3/1946 | MOORE | TX | PH SNEED FRITCH | 91 | 551 | 27 | 44 | H&TC | SW/4 |
| WESTERN OIL AND ROYALTY POOLING CO INC | PANHANDLE EASTERN PIPE LINE COMPANY | 2/11/1954 | MOORE | TX | PH SNEED FRITCH | 122 | 436 | 27 | 44 | H&TC | SW/4 |
| FRANK GIVENS | PANHANDLE EASTERN PIPE LINE COMPANY | 5/28/1946 | MOORE | TX | PH SNEED FRITCH | 92 | 447 | 27 | 44 | H&TC | SW/4 |
| MRS L N JENSEN | PANHANDLE EASTERN PIPE LINE COMPANY | 5/24/1946 | MOORE | TX | PH SNEED FRITCH | 92 | 411 | 27 | 44 | H&TC | SW/4 |
| LOUIS K PATTON ET AL | PANHANDLE EASTERN PIPE LINE COMPANY | 4/9/1954 | MOORE | TX | PH SNEED FRITCH | 123 | 444 | 27 | 44 | H&TC | SW/4 |
| A B FLANNARY | PANHANDLE EASTERN PIPE LINE COMPANY | 6/11/1946 | MOORE | TX | PH SNEED FRITCH | 92 | 402 | 27 | 44 | H&TC | SW/4 |
| A M BUNNELL | PANHANDLE EASTERN PIPE LINE COMPANY | 5/28/1946 | MOORE | TX | PH SNEED FRITCH | 92 | 362 | 27 | 44 | H&TC | SW/4 |
| W FOREST DUTTON | PANHANDLE EASTERN PIPE LINE COMPANY | 6/10/1946 | MOORE | TX | PH SNEED FRITCH | 94 | 7 | 27 | 44 | H&TC | SW/4 |
| MARY J HORNER GALLAGHER ET VIR | PANHANDLE EASTERN PIPE LINE COMPANY | 6/11/1947 | MOORE | TX | PH SNEED FRITCH | 99 | 1 | 27 | 44 | H&TC | SW/4 |
| FOSTER LAMING | PANHANDLE EASTERN PIPE LINE COMPANY | 6/3/1946 | MOORE | TX | PH SNEED FRITCH | 91 | 548 | 27 | 44 | H&TC | SW/4 |
| W D BURGER | PANHANDLE EASTERN PIPE LINE COMPANY | 5/24/1946 | MOORE | TX | PH SNEED FRITCH | 91 | 613 | 27 | 44 | H&TC | SW/4 |
| O DALE SMITH | PANHANDLE EASTERN PIPE LINE COMPANY | 5/29/1946 | MOORE | TX | PH SNEED FRITCH | 91 | 545 | 27 | 44 | H&TC | SW/4 |
| MYRTLE A EMMETT | PANHANDLE EASTERN PIPE LINE COMPANY | 5/24/1946 | MOORE | TX | PH SNEED FRITCH | 91 | 610 | 27 | 44 | H&TC | SW/4 |
| PHILLIPS PETROLEUM COMPANY | PANHANDLE EASTERN PIPELINE COMPANY | 6/6/1946 | MOORE | TX | PH SNEED FRITCH | 9 | 127 | 27 | 44 | H&TC | SW/4 |
| L J HAILE ET AL | B M BRITAIN | 1/3/1958 | MOORE | TX | PH SNEED FRITCH | 149 | 139 | 23 | 6T | T&NO | E/2 NW/4 |
| L KEITH SIMMER ET AL | B M BRITAIN | 6/4/1958 | MOORE | TX | PH SNEED FRITCH | 149 | 497 | 23 | 6T | T&NO | E/2 NW/4 |
| J T SNEED JR | GEORGE S WILLIAMS | 11/1/1923 | MOORE | TX | PH SNEED FRITCH | 25 | 306 | 45 | 6T | T&NO | NE/4 |
| R B MASTERSON | EUGENE S BLASDEL | 5/10/1927 | MOORE | TX | PH SNEED FRITCH | 37 | 1 | 11 | B11 | EL&RR | N 40 ACRES OF E/2 |
| R B MASTERSON | EUGENE S BLASDEL | 5/10/1927 | MOORE | TX | PH SNEED FRITCH | 37 | 1 | 40 | G&M 3 | C E WEYMOUTH | ALL OF TRACT NO 1 OF THE C E WEYMOUTH OIL & GAS LEASE SUB-DIVISION OF 532 ACRES OUT OF SURVEY 40, AS SHOWN BY PLAT OF SAID SUB-DIVISION RECORDED IN VOL 22 PG 332 OF DEE |
| R B MASTERSON | EUGENE S BLASDEL | 5/10/1927 | MOORE | TX | PH SNEED FRITCH | 37 | 1 | 38 | G&M 3 | C E WEYMOUTH | ALL OF TR 1 OF SURVEY 38 |
| R B MASTERSON | EUGENE S BLASDEL | 5/10/1927 | MOORE | TX | PH SNEED FRITCH | 37 | 1 | 60 | 0-18 | D&P | S/2 NE/4 SW/4, N/2 SE/4 SW/4 |
| R B MASTERSON | EUGENE S BLASDEL | 5/10/1927 | MOORE | TX | PH SNEED FRITCH | 37 | 1 | 61 | 0-18 | D&P | SE/4 SE/4 |

| LESSOR | LESSEE | LEASE DATE | COUNTY | STATE | PROSPECT | RECORDING INFORMATION | | SECTION | TOWNSHIP/ BLOCK | RANGE/ SURVEY | LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | BOOK | PAGE | | | | |
| R B MASTERSON | EUGENE S BLASDEL | 5/10/1927 | MOORE | TX | PH SNEED FRITCH | 37 | 1 | 83 | 0-18 | D&P | W/2 SW/4 NE/4 |
| MARY F BROWN ET VIR WM H | W H HOOKER | 4/29/1926 | MOORE | TX | PH SNEED FRITCH | 23 | 691 | 22 | 44 | H&TC | NE/4 SE/4 |
| MARY F BROWN ET VIR WM H | A J CAMPBELL | 5/11/1926 | MOORE | TX | PH SNEED FRITCH | 23 | 693 | 22 | 44 | H&TC | NW/4 SE/4 |
| J T SNEED, JR AND WIFE, ZELLA SNEED | TEXAS-INTERSTATE PIPE LINE COMPANY | 3/29/1930 | MOORE | TX | PH SNEED FRITCH | 44 | 302 | 6 | B10 | EL&RR | N/2 - BELOW BASE OF THE RED CAVE FORMATION |
| D N MASSAY ET UX R A | G J NEUNER | 6/18/1936 | MOORE | TX | PH SNEED FRITCH | 59 | 89 | 15 | 44 | H&TC | S/2 AND THE EAST TWO HUNDRED EIGHTY ACS OF THE N/2 |
| ARTHUR NIELD ET UX | WM KANE | 10/2/1936 | MOORE | TX | PH SNEED FRITCH | 59 | 441 | 20 | 26 | EL&RR | S/2, NE/4 |
| ARTHUR NIELD ET UX | WM KANE | 10/2/1936 | MOORE | TX | PH SNEED FRITCH | 59 | 441 | 20 | 26 | EL&RR | NW/4 |
| ALICE SNEED WEST ET AL | SHAMROCK OIL & GAS CORPORATION | 2/27/1937 | MOORE | TX | PH SNEED FRITCH | 63 | 183 | 21 | 6T | T&NO | ALL |
| ALICE SNEED WEST ET AL | SHAMROCK OIL & GAS CORPORATION | 2/27/1937 | MOORE | TX | PH SNEED FRITCH | 63 | 183 | 32 | 6T | T&NO | ALL |
| J T SNEED JR ET AL | KING OIL COMPANY | 6/16/1936 | MOORE | TX | PH SNEED FRITCH | 58 | 550 | 65 | 3 | GUNTER & MUNSON | NE/4, E/2 SE/4, S/2 SW/4 |
| J T SNEED JR ET AL | KING OIL COMPANY | 6/16/1936 | MOORE | TX | PH SNEED FRITCH | 58 | 550 | 70 | 3 | GUNTER & MUNSON | N 400 ACS |
| J T SNEED JR ET UX | OLIVE M CHILDERS | 2/6/1926 | MOORE | TX | PH SNEED FRITCH | 28 | 193 | 22 | 6T | T&NO | SE/4 |
| J T SNEED JR ET UX | OLIVE M CHILDERS | 2/6/1926 | MOORE | TX | PH SNEED FRITCH | 28 | 193 | 23 | 6T | T&NO | SW/4, W/2 NW/4 |
| J T SNEED JR ET UX | OLIVE M CHILDERS | 2/6/1926 | MOORE | TX | PH SNEED FRITCH | 28 | 193 | 30 | 6T | T&NO | NW/4 |
| J T SNEED JR ET UX | OLIVE M CHILDERS | 2/6/1926 | MOORE | TX | PH SNEED FRITCH | 28 | 193 | 31 | 6T | T&NO | NE/4 |
| JAMES J ZOFNESS | TEXAS-INTERSTATE PIPE LINE COMPANY | 5/12/1930 | MOORE | TX | PH SNEED FRITCH | 44 | 135 | 55 | 6T | T&NO | NW/4, SE/4 |
| C L KILLGORE ET UX FLORENCE | PANHANDLE EASTERN PIPE LINE COMPANY | 1/26/1945 | MOORE | TX | PH SNEED FRITCH | 85 | 115 | 31 | PMC | EL&RR | PART OF THE S/2 LYING WEST OF A LINE MORE FULLY DESCRIBED IN LSE |
| ALICE SNEED WEST ET AL | TEXAS-INTERSTATE PIPE LINE COMPANY | 5/13/1930 | MOORE | TX | PH SNEED FRITCH | 44 | 438 | 33 | 6T | T&NO | ALL |
| ALICE SNEED WEST ET AL | TEXAS-INTERSTATE PIPE LINE COMPANY | 5/13/1930 | MOORE | TX | PH SNEED FRITCH | 44 | 438 | 37 | 6T | T&NO | ALL |
| ALICE SNEED WEST ET AL | TEXAS-INTERSTATE PIPE LINE COMPANY | 5/13/1930 | MOORE | TX | PH SNEED FRITCH | 44 | 438 | 48 | 6T | T&NO | N/2 |
| ALICE SNEED WEST ET AL | TEXAS-INTERSTATE PIPE LINE COMPANY | 5/13/1930 | MOORE | TX | PH SNEED FRITCH | 44 | 438 | 49 | 6T | T&NO | N/2 |
| ALICE SNEED WEST ET AL | TEXAS-INTERSTATE PIPE LINE COMPANY | 5/13/1930 | MOORE | TX | PH SNEED FRITCH | 44 | 438 | 50 | 6T | T&NO | N/2 |
| ALICE SNEED WEST ET AL | TEXAS-INTERSTATE PIPE LINE COMPANY | 5/13/1930 | MOORE | TX | PH SNEED FRITCH | 44 | 438 | 20 | 6T | T&NO | W/2, NE/4 |
| JOHANNA J HANNEMAN ET VIR | G J NEUNER | 3/14/1935 | MOORE | TX | PH SNEED FRITCH | 54 | 4 | 100 | 44 | H&TC | ALL |
| WM H BROWN | TEXAS-INTERSTATE PIPE LINE COMPANY | 3/28/1936 | MOORE | TX | PH SNEED FRITCH | 57 | 11 | 104 | 44 | H&TC | ALL |
| J T SNEED JR ET UX ZELLA | TEXAS-INTERSTATE PIPE LINE COMPANY | 7/31/1930 | MOORE | TX | PH SNEED FRITCH | 47 | 229 | 6 | B10 | EL&RR | S/2 - BELOW BASE OF RED CAVE FORMATION |
| MOSES L PURVIN ET AL | PANHANDLE EASTERN PIPE LINE COMPANY | 9/16/1940 | MOORE | TX | PH SNEED FRITCH | 75 | 110 | 69 | 44 | H&TC | E/2 |
| C L KILLGORE ET UX FLORENCE | PANHANDLE EASTERN PIPE LINE COMPANY | 8/17/1944 | MOORE | TX | PH SNEED FRITCH | 82 | 632 | 10 | PMC | EL&RR | ALL |
| D C JESTER ET UX LAURA | TEXAS-INTERSTATE PIPE LINE COMPANY | 2/26/1936 | MOORE | TX | PH SNEED FRITCH | 57 | 583 | 18 | 6T | EL&RR | E/2, NW/4 |
| ARTHUR NIELD ET UX DAISY | TEXAS-INTERSTATE PIPE LINE COMPANY | 11/12/1935 | MOORE | TX | PH SNEED FRITCH | 55 | 23 | 18 | 44 | H&TC | NW/4 |
| ARTHUR NIELD ET UX DAISY | TEXAS-INTERSTATE PIPE LINE COMPANY | 11/12/1935 | MOORE | TX | PH SNEED FRITCH | 55 | 23 | 18 | 44 | H&TC | NE/4 |
| MARY F BROWN ET VIR WM H | PRAIRIE OIL & GAS COMPANY | 3/29/1926 | MOORE | TX | PH SNEED FRITCH | 31 | 208 | 22 | 44 | H&TC | SW/4 |
| WM H BROWN | G J NEUNER | 4/1/1936 | MOORE | TX | PH SNEED FRITCH | 57 | 8 | 64 | 44 | H&TC | W/2 |
| WM H BROWN | G J NEUNER | 4/1/1936 | MOORE | TX | PH SNEED FRITCH | 57 | 8 | 64 | 44 | H&TC | E/2 |
| C L KILLGORE ET UX FLORENCE | TEXAS-INTERSTATE PIPE LINE COMPANY | 11/15/1934 | MOORE | TX | PH SNEED FRITCH | 52 | 551 | 16 | 44 | H&TC | W/2 |
| C L KILLGORE ET UX FLORENCE | TEXAS-INTERSTATE PIPE LINE COMPANY | 11/15/1934 | MOORE | TX | PH SNEED FRITCH | 52 | 551 | 28 | 44 | H&TC | E/2 |
| C L KILLGORE ET UX FLORENCE | TEXAS-INTERSTATE PIPE LINE COMPANY | 11/15/1934 | MOORE | TX | PH SNEED FRITCH | 52 | 551 | 29 | 44 | H&TC | ALL |
| C L KILLGORE ET UX FLORENCE | TEXAS-INTERSTATE PIPE LINE COMPANY | 11/15/1934 | MOORE | TX | PH SNEED FRITCH | 52 | 551 | 56 | 44 | H&TC | ALL |

| LESSOR | LESSEE | LEASE DATE | COUNTY | STATE | PROSPECT | RECORDING INFORMATION | | SECTION | TOWNSHIP/ BLOCK | RANGE/ SURVEY | LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | BOOK | PAGE | | | | |
| C L KILLGORE ET UX FLORENCE | TEXAS-INTERSTATE PIPE LINE COMPANY | 11/15/1934 | MOORE | TX | PH SNEED FRITCH | 52 | 551 | 57 | 44 | H&TC | N/2 |
| MARY F BROWN ET VIR WM H | ROSS MINERAL INTEREST INC | 5/10/1926 | MOORE | TX | PH SNEED FRITCH | 29 | 412 | 22 | 44 | H&TC | NW/4 |
| WM H BROWN | ROSS MINERAL INTERESTS INC | 11/29/1926 | MOORE | TX | PH SNEED FRITCH | 32 | 337 | 22 | 44 | H&TC | W/2 NE/4 |
| MARY F BROWN ET VIR WM H | EUGENE S BLASDEL | 2/27/1926 | MOORE | TX | PH SNEED FRITCH | 29 | 77 | 22 | 44 | H&TC | E/2 NE/4 |
| MARY F BROWN ET VIR | ROXANA PET CORPORATION | 2/27/1926 | MOORE | TX | PH SNEED FRITCH | 28 | 119 | 22 | 44 | H&TC | S/2 SE/4 |
| WM H BROWN | G J NEUNER | 3/4/1936 | MOORE | TX | PH SNEED FRITCH | 56 | 525 | 34 | 6T | T&NO | N/2, SW/4 |
| WM H BROWN | TEXAS-INTERSTATE PIPE LINE COMPANY | 3/10/1936 | MOORE | TX | PH SNEED FRITCH | 56 | 551 | 36 | 6T | T&NO | ALL |
| J T SNEED JR ET UX ET AL | TEXAS-INTERSTATE PIPE LINE COMPANY | 8/1/1936 | MOORE | TX | PH SNEED FRITCH | 59 | 259 | 24 | 6T | T&NO | ALL |
| J T SNEED JR ET UX ET AL | TEXAS-INTERSTATE PIPE LINE COMPANY | 8/1/1936 | MOORE | TX | PH SNEED FRITCH | 59 | 259 | 25 | 6T | T&NO | ALL |
| J T SNEED JR ET UX ET AL | TEXAS-INTERSTATE PIPE LINE COMPANY | 8/1/1936 | MOORE | TX | PH SNEED FRITCH | 59 | 259 | 27 | 6T | T&NO | ALL |
| J T SNEED JR ET UX ET AL | TEXAS-INTERSTATE PIPE LINE COMPANY | 8/1/1936 | MOORE | TX | PH SNEED FRITCH | 59 | 259 | 28 | 6T | T&NO | ALL |
| J T SNEED JR ET UX ET AL | TEXAS-INTERSTATE PIPE LINE COMPANY | 8/1/1936 | MOORE | TX | PH SNEED FRITCH | 59 | 259 | 43 | 6T | T&NO | ALL |
| J T SNEED JR ET UX ET AL | TEXAS-INTERSTATE PIPE LINE COMPANY | 8/1/1936 | MOORE | TX | PH SNEED FRITCH | 59 | 259 | 44 | 6T | T&NO | ALL |
| J T SNEED JR ET UX ET AL | TEXAS-INTERSTATE PIPE LINE COMPANY | 8/1/1936 | MOORE | TX | PH SNEED FRITCH | 59 | 259 | 9 | M1 | LEE MORRISON | ALL |
| J T SNEED JR ET UX ET AL | TEXAS-INTERSTATE PIPE LINE COMPANY | 8/1/1936 | MOORE | TX | PH SNEED FRITCH | 59 | 259 | 23 | 1 | J POITEVENT | ALL |
| J T SNEED JR ET UX ET AL | TEXAS-INTERSTATE PIPE LINE COMPANY | 8/1/1936 | MOORE | TX | PH SNEED FRITCH | 59 | 259 | 26 | 1 | J POITEVENT | ALL |
| J T SNEED JR ET UX ET AL | TEXAS-INTERSTATE PIPE LINE COMPANY | 8/1/1936 | MOORE | TX | PH SNEED FRITCH | 59 | 259 | | | OWEN H LINDSEY | TRACT 3 OF SNEEDS SUBDIVISION |
| ARTHUR NIELD ET UX DAISY | TEXAS-INTERSTATE PIPE LINE COMPANY | 10/2/1936 | MOORE | TX | PH SNEED FRITCH | 60 | 178 | 18 | 44 | H&TC | S/2 |
| J T SNEED JR ET AL | TEXAS-INTERSTATE PIPE LINE COMPANY | 10/29/1936 | MOORE | TX | PH SNEED FRITCH | 60 | 248 | 45 | 6T | T&NO | W/2, SE/4 |
| C L KILLGORE ET UX | THE SHAMROCK O&G CORPORATION | 12/1/1936 | MOORE | TX | PH SNEED FRITCH | 61 | 528 | 8 | PMC | EL&RR | ALL |
| W E BENNETT ET AL | PANHANDLE EASTERN PIPE LINE COMPANY | 2/15/1937 | MOORE | TX | PH SNEED FRITCH | 63 | 236 | 22 | 1 | J POITEVENT | ALL |
| EMMA R REDMOND | PHILLIPS PETROLEUM COMPANY | 1/20/1936 | MOORE | TX | PH SNEED FRITCH | 572 | 313 | 69 | 44 | H&TC | W/2 |
| D C JESTER ET UX | PANHANDLE EASTERN PIPE LINE COMPANY | 8/28/1939 | MOORE | TX | PH SNEED FRITCH | 71 | 322 | 18 | 6T | T&NO | E90 ACS SW/4 |
| D N MASSAY ET UX R A | PANHANDLE EASTERN PIPE LINE COMPANY | 7/17/1939 | MOORE | TX | PH SNEED FRITCH | 70 | 552 | 15 | 44 | H&TC | W/2 W/2 NW/4 |
| WILLIAM H BROWN | PANHANDLE EASTERN PIPE LINE COMPANY | 3/24/1939 | MOORE | TX | PH SNEED FRITCH | 69 | 391 | 34 | 6T | T&NO | SE/4 |
| OMA E ALLEN ET AL | PANHANDLE EASTERN PIPE LINE COMPANY | 9/25/1939 | MOORE | TX | PH SNEED FRITCH | 73 | 9 | 5 | M1 | A H SADLER GRANTEE | NW/4 |
| D C JESTER ET UX LAURA | THE TEXAS COMPANY | 6/23/1926 | MOORE | TX | PH SNEED FRITCH | 33 | 325 | 14 | 6T | T&NO | N/2SE/4, S/2 SE/4, N/2 |
| D C JESTER ET UX LAURA | THE TEXAS COMPANY | 6/23/1926 | MOORE | TX | PH SNEED FRITCH | 33 | 325 | 14 | 6t | T&NO | SW/4 |
| D C JESTER ET UX LAURA | THE TEXAS COMPANY | 6/23/1926 | MOORE | TX | PH SNEED FRITCH | 33 | 325 | 18 | 6T | T&NO | W 80 ACRES SW/4 |
| NOBLE THOMAS ET UX LEONA | PANHANDLE EASTERN PIPE LINE COMPANY | 5/2/1945 | MOORE | TX | PH SNEED FRITCH | 86 | 337 | 57 | 44 | H&TC | SW/4 |
| ALBERT C SCHOFIELD ET AL | PANHANDLE EASTERN PIPE LINE COMPANY | 7/30/1945 | MOORE | TX | PH SNEED FRITCH | 88 | 11 | 57 | 44 | H&TC | SE/4 |
| STATE OF TEXAS M-33139 | W C ARROWSMITH | 6/29/1948 | MOORE | TX | PH SNEED FRITCH | 104 | 36 | | 46, 47 | H&TC | |
| LEE BIVINS | ROXANA PETROLEUM CORPORATION | 3/6/1926 | MOORE | TX | PH SNEED FRITCH | 28 | 121 | 93 | 46 | H&TC | S 160 ACRES OF S/2 |
| H C TIPTON ETAL | PANHANDLE EASTERN PIPE LINE COMPANY | 6/8/1951 | MOORE | TX | PH SNEED FRITCH | 115 | 107 | 20 ? | 1 | | W160 ACRES |
| STATE OF TEXAS M-38464 | PANHANDLE EASTERN PIPE LINE COMPANY | 3/12/1952 | MOORE | TX | PH SNEED FRITCH | 117 | 307 | 20 | | J POITEVENT CERT 2/10 | NORTH AND MID PARTS SEC 20, CERT 2/10, J POITEVENT |
| STATE OF TEXAS M-38464 | PANHANDLE EASTERN PIPE LINE COMPANY | 3/12/1952 | MOORE | TX | PH SNEED FRITCH | 117 | 307 | 1 | WR | WR BOULDIN | SEC 1, BLOCK WR, WR BOULDIN |
| MRS ALICE SNEED WEST ETAL | PANHANDLE EASTERN PIPE LINE COMPANY | 8/21/1939 | MOORE | TX | PH SNEED FRITCH | 71 | 81 | 20 | 6T | T&NO | SE/4 |
| PHILLIP THOMPSON ET AL | ANADARKO PETROLEUM CORPORATION | 4/1/2000 | MOORE | TX | PH SNEED FRITCH | 524 | 617 | 23 | 44 | H&TC | ALL |

| LESSOR | LESSEE | LEASE DATE | COUNTY | STATE | PROSPECT | RECORDING INFORMATION | | SECTION | TOWNSHIP/ BLOCK | RANGE/ SURVEY | LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | BOOK | PAGE | | | | |
| PHILLIP THOMPSON ET AL | ANADARKO PETROLEUM CORPORATION | 4/1/2000 | MOORE | TX | PH SNEED FRITCH | 524 | 617 | 67 | 44 | H&TC | S/2 |
| PHILLIP THOMPSON ET AL | ANADARKO PETROLEUM CORPORATION | 4/1/2000 | MOORE | TX | PH SNEED FRITCH | 524 | 617 | 68 | 44 | H&TC | S/2 |
| PHILLIP THOMPSON ET AL | ANADARKO PETROLEUM CORPORATION | 4/1/2000 | MOORE | TX | PH SNEED FRITCH | 524 | 617 | 21 | 26 | EL&RR | ALL |
| PHILLIP THOMPSON ET AL | ANADARKO PETROLEUM CORPORATION | 4/1/2000 | MOORE | TX | PH SNEED FRITCH | 524 | 677 | 25 | 44 | H&TC | ALL |
| PHILLIP THOMPSON ET AL | ANADARKO PETROLEUM CORPORATION | 4/1/2000 | MOORE | TX | PH SNEED FRITCH | 524 | | 63 | 44 | H&TC | |
| JT SNEED JR ET UX | SHAMROCK OIL & GAS CORPORATION | 9/14/1929 | MOORE | TX | PH SNEED FRITCH | 41 | 55 | | | JOHN GRIFFITH | ALL |
| JT SNEED JR ET UX | SHAMROCK OIL & GAS CORPORATION | 9/14/1929 | MOORE | TX | PH SNEED FRITCH | 41 | 55 | 29 | 6T | T&NO | ALL |
| JT SNEED JR ET UX | SHAMROCK OIL & GAS CORPORATION | 9/14/1929 | MOORE | TX | PH SNEED FRITCH | 41 | 55 | 39 | 6T | T&NO | ALL |
| JT SNEED JR ET UX | SHAMROCK OIL & GAS CORPORATION | 9/14/1929 | MOORE | TX | PH SNEED FRITCH | 41 | 55 | 40 | 6T | T&NO | ALL |
| JT SNEED JR ET UX | SHAMROCK OIL & GAS CORPORATION | 9/14/1929 | MOORE | TX | PH SNEED FRITCH | 41 | 55 | 41 | 6T | T&NO | ALL |
| JT SNEED JR ET UX | SHAMROCK OIL & GAS CORPORATION | 9/14/1929 | MOORE | TX | PH SNEED FRITCH | 41 | 55 | 47 | 6T | T&NO | N/2 |
| JT SNEED JR ET UX | SHAMROCK OIL & GAS CORPORATION | 9/14/1929 | MOORE | TX | PH SNEED FRITCH | 41 | 55 | 47 | 6T | T&NO | S/2 |
| JT SNEED JR ET UX | SHAMROCK OIL & GAS CORPORATION | 9/14/1929 | MOORE | TX | PH SNEED FRITCH | 41 | 55 | 48 | 6T | T&NO | S/2 |
| JT SNEED JR ET UX | SHAMROCK OIL & GAS CORPORATION | 9/14/1929 | MOORE | TX | PH SNEED FRITCH | 41 | 55 | 49 | 6T | T&NO | S/2 |
| JT SNEED JR ET UX | SHAMROCK OIL & GAS CORPORATION | 9/14/1929 | MOORE | TX | PH SNEED FRITCH | 41 | 55 | 50 | 6T | T&NO | E/2 SW/4, W/2 SE/4 |
| JT SNEED JR ET UX | SHAMROCK OIL & GAS CORPORATION | 9/14/1929 | MOORE | TX | PH SNEED FRITCH | 41 | 55 | 7 | 6T | T&NO | ALL |
| JT SNEED JR ET UX | SHAMROCK OIL & GAS CORPORATION | 9/14/1929 | MOORE | TX | PH SNEED FRITCH | 41 | 55 | 8 | 6T | T&NO | ALL |
| JT SNEED JR ET UX | SHAMROCK OIL & GAS CORPORATION | 9/14/1929 | MOORE | TX | PH SNEED FRITCH | 41 | 55 | 2 | M3 | W R OZIER | SOUTH 160 ACRES |
| J T SNEED JR INDV & EXEC ET AL | SHAMROCK OIL & GAS CORPORATION | 1/23/1937 | MOORE | TX | PH SNEED FRITCH | 64 | 39 | 2 | M3 | W R OZIER | SOUTH 26 ACS OF THE SOUTH 320 ACS OF THE NORTH 480 ACS |
| J T SNEED JR INDV & EXEC ET AL | SHAMROCK OIL & GAS CORPORATION | 1/23/1937 | MOORE | TX | PH SNEED FRITCH | 64 | 39 | 3 | M3 | W R OZIER | ALL |
| J T SNEED JR INDV & EXEC ET AL | SHAMROCK OIL & GAS CORPORATION | 1/23/1937 | MOORE | TX | PH SNEED FRITCH | 64 | 39 | | | MARY S JOHNSON | NORTH 960 ACS OF SNEED'S SUBDIVISION "D" |
| J T SNEED JR INDV & EXEC ET AL | SHAMROCK OIL & GAS CORPORATION | 1/23/1937 | MOORE | TX | PH SNEED FRITCH | 64 | 39 | | | JOSEPH S JOHNSON | TRACTS 1 AND 2 OF SNEED'S SUBDIVISION |
| J T SNEED JR INDV & EXEC ET AL | SHAMROCK OIL & GAS CORPORATION | 1/23/1937 | MOORE | TX | PH SNEED FRITCH | 64 | 39 | | | O H LINDSAY | NORTH 640 OF TRACT 4 OF SNEED'S SUBDIVISION |
| J T SNEED JR INDV & EXEC ET AL | SHAMROCK OIL & GAS CORPORATION | 1/23/1937 | MOORE | TX | PH SNEED FRITCH | 64 | 39 | 1 | | T T RR | ALL |
| J T SNEED JR INDV & EXEC ET AL | SHAMROCK OIL & GAS CORPORATION | 1/23/1937 | MOORE | TX | PH SNEED FRITCH | 64 | 39 | 3 | | T T RR | S/2 |
| J T SNEED JR INDV & EXEC ET AL | SHAMROCK OIL & GAS CORPORATION | 1/23/1937 | MOORE | TX | PH SNEED FRITCH | 64 | 39 | 4 | | T T RR | ALL |
| J T SNEED JR INDV & EXEC ET AL | SHAMROCK OIL & GAS CORPORATION | 1/23/1937 | MOORE | TX | PH SNEED FRITCH | 64 | 39 | 61 | M3 | G&M | E/2 |
| J T SNEED JR INDV & EXEC ET AL | SHAMROCK OIL & GAS CORPORATION | 1/23/1937 | MOORE | TX | PH SNEED FRITCH | 64 | 39 | 66 | M3 | G&M | W/2 |
| J T SNEED JR INDV & EXEC ET AL | SHAMROCK OIL & GAS CORPORATION | 1/23/1937 | MOORE | TX | PH SNEED FRITCH | 64 | 39 | 50 | 6T | T&NO | W/2 SW/4, E/2 SE/4 |
| MOSES L PURVIN ET AL | PANHANDLE EASTERN PIPE LINE COMPANY | 9/16/1940 | MOORE | TX | PH SNEED FRITCH | 75 | 110 | 69 | 44 | H&TC | E/2 |
| J F FORBES | PANHANDLE EASTERN PIPE LINE COMPANY | 5/31/1946 | MOORE | TX | PH SNEED FRITCH | 91 | 617 | 27 | 44 | H&TC | SW/4 |
| A B FLANNARY | PANHANDLE EASTERN PIPE LINE COMPANY | 6/11/1946 | MOORE | TX | PH SNEED FRITCH | 92 | 402 | 27 | 44 | H&TC | SW/4 |
| JOE GIEB III | ANADARKO PETROLEUM CORPORATION | 9/1/1999 | POTTER | TX | PH SNEED FRITCH | 2932 | 712 | 100 | 46 | H&TC | ALL |
| SARA ALEXANDER GIEB | ANADARKO PETROLEUM CORPORATION | 9/1/1999 | POTTER | TX | PH SNEED FRITCH | 2932 | 717 | 100 | 46 | H&TC | ALL |
| ORION OIL & GAS PROPERTIES | ANADARKO PETROLEUM CORPORATION | 9/1/1999 | POTTER | TX | PH SNEED FRITCH | 2926 | 612 | 100 | 46 | H&TC | ALL |
| MACK WOOLDRIDGE | ANADARKO PETROLEUM CORPORATION | 9/1/1999 | POTTER | TX | PH SNEED FRITCH | 2926 | 606 | 100 | 46 | H&TC | ALL |
| ALBANY ROYALTY LLC | ANADARKO PETROLEUM CORPORATION | 9/1/1999 | POTTER | TX | PH SNEED FRITCH | 2926 | 600 | 100 | 46 | H&TC | ALL |
| KYLE STALLINGS | ANADARKO PETROLEUM CORPORATION | 9/1/1999 | POTTER | TX | PH SNEED FRITCH | 2926 | 593 | 100 | 46 | H&TC | ALL |

| LESSOR | LESSEE | LEASE DATE | COUNTY | STATE | PROSPECT | RECORDING INFORMATION | | SECTION | TOWNSHIP/ BLOCK | RANGE/ SURVEY | LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | BOOK | PAGE | | | | |
| PEGGY LUELLA MCBRIDE PEACOCK | ANADARKO PETROLEUM CORPORATION | 9/1/1999 | POTTER | TX | PH SNEED FRITCH | 2926 | 587 | 100 | 46 | H&TC | ALL |
| IVA M MCBRIDE ESTATE | ANADARKO PETROLEUM CORPORATION | 9/1/1999 | POTTER | TX | PH SNEED FRITCH | 2926 | 582 | 100 | 46 | H&TC | ALL |
| ROBERT W BRANDT | ANADARKO PETROLEUM CORPORATION | 9/1/1999 | POTTER | TX | PH SNEED FRITCH | 2926 | 572 | 100 | 46 | H&TC | ALL |
| MAX E BANKS | ANADARKO PETROLEUM CORPORATION | 9/1/1999 | POTTER | TX | PH SNEED FRITCH | 2926 | 567 | 100 | 46 | H&TC | ALL |
| J R LOVELL | ANADARKO PETROLEUM CORPORATION | 9/1/1999 | POTTER | TX | PH SNEED FRITCH | 2926 | 560 | 100 | 46 | H&TC | ALL |
| PEGGY L MCBRIDE PEACOCK | ANADARKO PETROLEUM CORPORATION | 9/1/1999 | POTTER | TX | PH SNEED FRITCH | 2926 | 550 | 104 | 46 | H&TC | ALL |
| IVA M MCBRIDE ESTATE | ANADARKO PETROLEUM CORPORATION | 9/1/1999 | POTTER | TX | PH SNEED FRITCH | 2926 | 545 | 104 | 46 | H&TC | ALL |
| ROBERT W BRANDT | ANADARKO PETROLEUM CORPORATION | 9/1/1999 | POTTER | TX | PH SNEED FRITCH | 2926 | 534 | 104 | 46 | H&TC | ALL |
| MAX E BANKS | ANADARKO PETROLEUM CORPORATION | 9/1/1999 | POTTER | TX | PH SNEED FRITCH | 2926 | 529 | 104 | 46 | H&TC | ALL |
| J R LOVELL | ANADARKO PETROLEUM CORPORATION | 9/1/1999 | POTTER | TX | PH SNEED FRITCH | 2926 | 524 | 104 | 46 | H&TC | ALL |
| EARL STERLING MCBRIDE | ANADARKO PETROLEUM CORPORATION | 9/1/1999 | POTTER | TX | PH SNEED FRITCH | 2926 | 518 | 104 | 46 | H&TC | ALL |
| ROCKY L MCBRIDE | ANADARKO PETROLEUM CORPORATION | 9/1/1999 | POTTER | TX | PH SNEED FRITCH | 2926 | 512 | 104 | 46 | H&TC | ALL |
| SHERRY M PHEARSON | ANADARKO PETROLEUM CORPORATION | 9/1/1999 | POTTER | TX | PH SNEED FRITCH | 2926 | 506 | 104 | 46 | H&TC | ALL |
| BETTY J ROCKWELL TRUST | ANADARKO PETROLEUM CORPORATION | 9/1/1999 | POTTER | TX | PH SNEED FRITCH | 2926 | 499 | 104 | 46 | H&TC | ALL |
| HARRY KENNETH KRABBE | ANADARKO PETROLEUM CORPORATION | 9/1/1999 | POTTER | TX | PH SNEED FRITCH | 2926 | 492 | 104 | 46 | H&TC | ALL |
| DONALD DEAN KRABBE | ANADARKO PETROLEUM COEPORATION | 9/1/1999 | POTTER | TX | PH SNEED FRITCH | 2926 | 484 | 104 | 46 | H&TC | ALL |
| DARLA JACKLYNN MACLEAN | ANADARKO PETROLEUM CORPORATION | 9/1/1999 | POTTER | TX | PH SNEED FRITCH | 2926 | 472 | 104 | 46 | H&TC | ALL |
| MRS. MONTYE G KEETER | ANADARKO PETROLEUM CORPORATION | 9/1/1999 | POTTER | TX | PH SNEED FRITCH | 2926 | 464 | 104 | 46 | H&TC | ALL |
| BERT B WRIGHT | ANADARKO PETROLEUM CORPORATION | 9/1/1999 | POTTER | TX | PH SNEED FRITCH | 2926 | 458 | 104 | 46 | H&TC | ALL |
| ORION OIL & GAS PROPERTIES | ANADARKO PETROLEUM CORPORATION | 9/1/1999 | POTTER | TX | PH SNEED FRITCH | 2926 | 556 | 104 | 46 | H&TC | ALL |
| STATE OF TEXAS M-35700 | B M BRITAIN | 2/27/1950 | POTTER | TX | PH SNEED FRITCH | 501 | 583 | 5 | RBM | RB MASTERSON, SF 12327 | ALL |
| STATE OF TEXAS M-35700 | B M BRITAIN | 2/27/1950 | POTTER | TX | PH SNEED FRITCH | 501 | 583 | 1 | RBM | RB MASTERSON, GOLDIE DANCER, PATENT NO 63, SF 12796 | ALL |
| STATE OF TEXAS M-35700 | B M BRITAIN | 2/27/1950 | POTTER | TX | PH SNEED FRITCH | 501 | 583 | 7 | RBM | RB MASTERSON, SF 12778 | ALL |
| STATE OF TEXAS M-35700 | B M BRITAIN | 2/27/1950 | POTTER | TX | PH SNEED FRITCH | 501 | 583 | 7 | RBM | RB MASTERSON, SF 12778 | |
| STATE OF TEXAS M-35700 | B M BRITAIN | 2/27/1950 | POTTER | TX | PH SNEED FRITCH | 501 | 583 | | | SF 14979 | 24.19 ACS OF LAND SITUATED IN MOOR |
| R B MASTERSON | EUGENE S BLASDEL | 5/10/1927 | POTTER | TX | PH SNEED FRITCH | 186 | 58 | 37 | B10 | EL&RR | ALL |
| R B MASTERSON | EMPIRE GAS AND FUEL COMPANY | 5/29/1917 | POTTER | TX | PH SNEED FRITCH | 66 | 485 | | G&M3 | G&M 3; SVY 17 | N/2 SW/4 NW/4 BELOW THE TOP OF THE PANHANDLE LIME FORMATION |
| R B MASTERSON | EMPIRE GAS AND FUEL COMPANY | 5/29/1917 | POTTER | TX | PH SNEED FRITCH | 66 | 485 | | G&M3 | G&M 3; SVY 18 | SE/4 NW/4 |
| R B MASTERSON | M C NOBLES | 4/24/1917 | POTTER | TX | PH SNEED FRITCH | 63 | 588 | 107 | 18 | D&P | S/2 SE/4 |
| R B MASTERSON | M C NOBLES | 4/24/1917 | POTTER | TX | PH SNEED FRITCH | 63 | 588 | 64 | 18 | D&P | NW/4 SW/4 |
| R B MASTERSON | M C NOBLES | 4/24/1917 | POTTER | TX | PH SNEED FRITCH | 63 | 588 | 67 | 18 | D&P | NE/4 NW/4 |
| R B MASTERSON | M C NOBLES | 4/24/1917 | POTTER | TX | PH SNEED FRITCH | 63 | 588 | 104 | 18 | D&P | NW/4 NW/4, W/2 NE/4 NW/4 |
| R B MASTERSON | M C NOBLES | 4/24/1917 | POTTER | TX | PH SNEED FRITCH | 63 | 588 | 110 | 18 | D&P | NE/4 SE/4, N/2 SE/4 SE/4 |
| R B MASTERSON | J L SUMMERS & H E KINKEAD | 1/21/1918 | POTTER | TX | PH SNEED FRITCH | 69 | 531 | 69 | 47 | H&TC | ALL |
| R B MASTERSON | M C NOBLES | 12/22/1916 | POTTER | TX | PH SNEED FRITCH | 63 | 586 | 16 | 3 | G&M | E/2 NE/4 |

| LESSOR | LESSEE | LEASE DATE | COUNTY | STATE | PROSPECT | RECORDING INFORMATION | | SECTION | TOWNSHIP/ BLOCK | RANGE/ SURVEY | LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | BOOK | PAGE | | | | |
| R B MASTERSON | AMARILLO OIL COMPANY | 6/1/1917 | POTTER | TX | PH SNEED FRITCH | 66 | 111 | 63 | 18 | D&P | E/2 SW/4 |
| R B MASTERSON | AMARILLO OIL COMPANY | 6/1/1917 | POTTER | TX | PH SNEED FRITCH | 66 | 111 | | G&M 3 | G&M 3 OF SURVEY 85 | SOUTH 160.0 ACRES |
| STATE OF TEXAS M-25090 | PANHANDLE EASTERN PIPE LINE COMPANY | 5/7/1940 | POTTER | TX | PH SNEED FRITCH | 296 | 320 | | CR | CANADIAN RIVER BED; SURVEYS 5 AND 6 | MINERAL SURVEYS 5 AND 6, BLOCK CR, CANADIAN RIVER BED |
| MONTIE G ROCKWELL ET VIR | JOHN P MATHIS | 5/22/1930 | POTTER | TX | PH SNEED FRITCH | 205 | 384 | 102 | 46 | H&TC | E/2 S/2 |
| MONTIE G ROCKWELL ET VIR | JOHN P MATHIS | 5/5/1926 | POTTER | TX | PH SNEED FRITCH | 133 | 200 | 102 | 46 | H&TC | W/2 S/2 |
| EST OF R B MASTERSON ET AL | ULF BROTHERS | 11/27/1936 | POTTER | TX | PH SNEED FRITCH | 270 | 344 | 25 | G&M 3 | G&M 3 | W/2 NW/4 |
| JENNIE M WRIGHT ET VIR | PANHANDLE EASTERN PIPE LINE COMPANY | 7/7/1945 | POTTER | TX | PH SNEED FRITCH | 344 | 372 | 102 | 46 | H&TC | N/2 |

**Schedule 1A to EXHIBIT A**

**<u>WELLS AND OFF-LEASE FACILITIES</u>**

[*See attached.*]

| PARALLEL# | WELL NAME | WELL # | OPERATOR | WELL SATUS | RRC GAS/OIL ID | IHS API | SEC | BLK/TWP | SURVEY/ RANGE | COUNTY | STATE | WI | NRI | ORI |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11419 | BAKER | 1 | PARALLEL ENERGY LP | | 024591 | 42179010760000 | 176 | E | D&P RR CO | GRAY | TX | 0.92500000 | 0.80087500 | 0.00850000 |
| 11440 | BALLARD | 3045 | PARALLEL ENERGY LP | | 142390 | 42065318450000 | 45 | 7 | I&GN | CARSON | TX | 0.92500000 | 0.80087500 | 0.00850000 |
| 11441 | BALLARD | 4045 | PARALLEL ENERGY LP | | 267460 | 42065321250000 | 45 | 7 | I&GN | CARSON | TX | 0.92500000 | 0.80087500 | 0.00850000 |
| 11420 | BARRETT | G1 | PARALLEL ENERGY LP | | 023005 | 42179078910000 | 131 | 3 | I&GN | GRAY | TX | 0.46250000 | 0.40043750 | 0.00425000 |
| 11421 | BARRETT | T1 | PARALLEL ENERGY LP | SI | 023006 | 42179063740000 | 131 | 3 | I&GN | GRAY | TX | 0.92500000 | 0.80087500 | 0.00850000 |
| 11457 | BEAVERS | 2 | PARALLEL ENERGY LP | | 267461 | 42179325860000 | 124 | B2 | H&GN | GRAY | TX | 0.92500000 | 0.80087500 | 0.00850000 |
| 11422 | BEAVERS | A1 | PARALLEL ENERGY LP | | 035619 | 42179080640000 | 124 | B2 | H&GN | GRAY | TX | 0.92500000 | 0.80087500 | 0.00850000 |
| 11442 | BENEDICT | 1 | PARALLEL ENERGY LP | | 023010 | 42065011780000 | 24 | 7 | I&GN | CARSON | TX | 0.92500000 | 0.80087500 | 0.00850000 |
| 11003 | BENNETT A.F. | 2006 | PARALLEL ENERGY LP | | 040380 | 42065201870000 | 6 | 5 | B&B | CARSON | TX | 1.00000000 | 0.87500000 | |
| 11000 | BENNETT | 1020 | PARALLEL ENERGY LP | | 024484 | 42341004720000 | 20 | 1 | POITEVENT, J | MOORE | TX | 1.00000000 | 0.83513130 | |
| 11001 | BENNETT B | 1022A | PARALLEL ENERGY LP | | 153015 | 42341323530000 | 22 | 1 | POITEVENT, J | MOORE | TX | 1.00000000 | 0.85333320 | |
| 11002 | BENNETT A | 2 | PARALLEL ENERGY LP | | 023083 | 42065010850000 | 16 | S | H&GN | CARSON | TX | 1.00000000 | 0.81250000 | |
| 11004 | BENNETT, A. F. | 1-R | PARALLEL ENERGY LP | | 149400 | 42065319600000 | 6 | 5 | B&B | CARSON | TX | 1.00000000 | 0.81250000 | |
| 11005 | BIVINS | 1091 | PARALLEL ENERGY LP | | 024486 | 42233077440000 | 91 | 46 | H&TC RR CO | HUTCHINSON | TX | 1.00000000 | 0.87500000 | |
| 11006 | BIVINS | 1093A | PARALLEL ENERGY LP | SI | 136576 | 42341321820000 | 93 | 46 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11007 | BIVINS -A- | 1R | PARALLEL ENERGY LP | SI | 027180 | 42341008350000 | 93 | 46 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |

| PARALLEL# | WELL NAME | WELL # | OPERATOR | WELL SATUS | RRC GAS/OIL ID | IHS API | SEC | BLK/TWP | SURVEY/ RANGE | COUNTY | STATE | WI | NRI | ORI |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11008 | BIVINS -B- | 1R | PARALLEL ENERGY LP | | 027181 | 42233077460000 | 91 | 46 | H&TC RR CO | HUTCHINSON | TX | 1.00000000 | 0.87500000 | |
| 11443 | BOBBITT | 1 | PARALLEL ENERGY LP | | 023011 | 42065041700000 | 66 | 7 | I&GN | CARSON | TX | 0.92500000 | 0.80087500 | |
| 11476 | BOLENBAUGH | 1-27H | WICKLUND PETROLEUM | | | 35047245080000 | 27 | 23N | 4W | GARFIELD | OK | 0.20562500 | 0.15833120 | |
| 11458 | BOLENBAUGH SWD | | WICKLUND PETROLEUM | | | | 27 | 23N | 4W | GARFIELD | OK | 0.26404100 | | |
| 11009 | BOST | 1009 | PARALLEL ENERGY LP | | 024488 | 42233110560000 | 9 | Y2 | TCRR | HUTCHINSON | TX | 1.00000000 | 0.87500000 | |
| 11010 | BOST | 1014 | PARALLEL ENERGY LP | SI | 024489 | 42233110720000 | 14 | Y2 | TCRR | HUTCHINSON | TX | 1.00000000 | 0.87500000 | |
| 11011 | BOST -A- | 1R | PARALLEL ENERGY LP | SI | 027182 | 42233110730000 | 14 | Y2 | GB&CNG RR CO | HUTCHINSON | TX | 1.00000000 | 0.87500000 | |
| 11012 | BOST -B- | 1R | PARALLEL ENERGY LP | | 027183 | 42233110580000 | 9 | Y2 | TCRR | HUTCHINSON | TX | 1.00000000 | 0.87500000 | |
| 11424 | BOWERS J B | 3 | PARALLEL ENERGY LP | | 034548 | 42179043350000 | 91 | B2 | H&GN | GRAY | TX | 0.92500000 | 0.77558208 | 0.00850000 |
| 11425 | BRADFORD | 1 | PARALLEL ENERGY LP | | 023012 | 42179045120000 | 123 | B2 | H&GN | GRAY | TX | 0.57812500 | 0.50054688 | 0.00531250 |
| 11426 | BRADFORD | 2 | PARALLEL ENERGY LP | | 023013 | 42179045810000 | 148 | B2 | H&GN | GRAY | TX | 0.63978825 | 0.55393561 | 0.00587914 |
| 11013 | BRENT | 1023 | PARALLEL ENERGY LP | P&A | 024412 | 42341018040000 | 23 | 44 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.81500000 | |
| 11015 | BRENT | 2021 | PARALLEL ENERGY LP | | 024413 | 42341017930000 | 21 | 26 | EL&RR RR CO | MOORE | TX | 1.00000000 | 0.81500000 | |
| 11016 | BRENT | 3067 | PARALLEL ENERGY LP | | 024414 | 42341007700000 | 67 | 44 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.81500000 | |
| 11014 | BRENT | 123A | PARALLEL ENERGY LP | | 179389 | 42341326940000 | 23 | 44 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.81500000 | |
| 11377 | BRENT | 3021H | PARALLEL ENERGY LP | | 265451 | 42341331740000 | 21 | 26 | EL&RR RR CO | MOORE | TX | 1.00000000 | 0.81500000 | |

| PARALLEL# | WELL NAME | WELL # | OPERATOR | WELL SATUS | RRC GAS/OIL ID | IHS API | SEC | BLK/TWP | SURVEY/ RANGE | COUNTY | STATE | WI | NRI | ORI |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11017 | BRENT | 423R | PARALLEL ENERGY LP | | 154563 | 42341323940000 | 23 | 44 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.81500000 | |
| 11018 | BRENT | 5023R | PARALLEL ENERGY LP | | 178129 | 42341326890000 | 23 | 44 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.81500000 | |
| 11019 | BRENT | 5067R | PARALLEL ENERGY LP | | 155692 | 42341323970000 | 67 | 44 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.81500000 | |
| 11020 | BRENT | 6023R | PARALLEL ENERGY LP | | 178192 | 42341326880000 | 23 | 44 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.81500000 | |
| 11444 | BROWN | 1 | PARALLEL ENERGY LP | | 023014 | 42065015760000 | 83 | 4 | I&GN | CARSON | TX | 0.92500000 | 0.80087500 | 0.00850000 |
| 11445 | BROWN | 2 | PARALLEL ENERGY LP | | 023015 | 42065018300000 | 96 | 4 | I&GN | CARSON | TX | 0.92500000 | 0.80087500 | 0.00850000 |
| 11446 | BROWN | 3 | PARALLEL ENERGY LP | SI | 023016 | 42065019350000 | 103 | 4 | I&GN | CARSON | TX | 0.92500000 | 0.80087500 | 0.00850000 |
| 11447 | BROWN | 5 | PARALLEL ENERGY LP | SI | 023018 | 42065019420000 | 103 | 4 | I&GN | CARSON | TX | 0.92500000 | 0.80087500 | 0.00850000 |
| 11448 | BROWN | A4 | PARALLEL ENERGY LP | | 023017 | 42065018100000 | 94 | 4 | I&GN | CARSON | TX | 0.92500000 | 0.80087500 | 0.00850000 |
| 11053 | BROWN | 1064 | PARALLEL ENERGY LP | | 024493 | 42341007620000 | 64 | 44 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11021 | BROWN | 1022A | PARALLEL ENERGY LP | | 133232 | 42341321510000 | 22 | 44 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11023 | BROWN | 1036A | PARALLEL ENERGY LP | | 132844 | 42341321300100 | 36 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11024 | BROWN | 1104A | PARALLEL ENERGY LP | | 140817 | 42341322220000 | 104 | 44 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11382 | BROWN D | 2036AH | PARALLEL ENERGY LP | | 265535 | 42341331780000 | 36 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |

| PARALLEL# | WELL NAME | WELL # | OPERATOR | WELL SATUS | RRC GAS/OIL ID | IHS API | SEC | BLK/TWP | SURVEY/ RANGE | COUNTY | STATE | WI | NRI | ORI |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11054 | BROWN | 3104R | PARALLEL ENERGY LP | | 156562 | 42341324220000 | 104 | 44 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11025 | BROWN "A" | 1164R | PARALLEL ENERGY LP | | 180521 | 42341327330000 | 64 | 44 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11026 | BROWN "A" | 3064R | PARALLEL ENERGY LP | | 174279 | 42341326330000 | 64 | 44 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11027 | BROWN "A" | 4064R | PARALLEL ENERGY LP | | 175088 | 42341326340000 | 64 | 44 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11028 | BROWN "A" | 5064R | PARALLEL ENERGY LP | | 175207 | 42341326510000 | 64 | 44 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11029 | BROWN "A" | 6064R | PARALLEL ENERGY LP | | 177661 | 42341326800000 | 64 | 44 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11030 | BROWN "A" | 7064R | PARALLEL ENERGY LP | SI | 177737 | 42341326810000 | 64 | 44 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11031 | BROWN "A" | 8064R | PARALLEL ENERGY LP | | 178125 | 42341326820000 | 64 | 44 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11032 | BROWN "A" | 9064R | PARALLEL ENERGY LP | SI | 178126 | 42341326830000 | 64 | 44 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |

| PARALLEL# | WELL NAME | WELL # | OPERATOR | WELL SATUS | RRC GAS/OIL ID | IHS API | SEC | BLK/TWP | SURVEY/ RANGE | COUNTY | STATE | WI | NRI | ORI |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11022 | BROWN B | 1034A | PARALLEL ENERGY LP | | 137285 | 42341322000100 | 34 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11033 | BROWN "B" | 1134R | PARALLEL ENERGY LP | SI | 177289 | 42341326750000 | 34 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11396 | BROWN B | 3034H | PARALLEL ENERGY LP | | 266954 | 423413322130000 | 34 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11034 | BROWN "B" | 3034R | PARALLEL ENERGY LP | | 155695 | 42341324080000 | 34 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11035 | BROWN "B" | 4034R | PARALLEL ENERGY LP | | 174326 | 42341326360000 | 34 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11036 | BROWN "B" | 5034R | PARALLEL ENERGY LP | | 174901 | 42341326350000 | 34 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11037 | BROWN "B" | 6034R | PARALLEL ENERGY LP | | 175598 | 42341326520000 | 34 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11038 | BROWN "B" | 7034R | PARALLEL ENERGY LP | | 177654 | 42341326760000 | 34 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11039 | BROWN "B" | 8034R | PARALLEL ENERGY LP | | 177293 | 42341326770000 | 34 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11040 | BROWN "B" | 9034R | PARALLEL ENERGY LP | | 177294 | 42341326740000 | 34 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |

| PARALLEL# | WELL NAME | WELL # | OPERATOR | WELL SATUS | RRC GAS/OIL ID | IHS API | SEC | BLK/TWP | SURVEY/ RANGE | COUNTY | STATE | WI | NRI | ORI |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11041 | BROWN "C" | 1122R | PARALLEL ENERGY LP | | 185767 | 42341327830000 | 22 | 44 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11042 | BROWN "C" | 2022R | PARALLEL ENERGY LP | SI | 154734 | 42341323930000 | 22 | 44 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11043 | BROWN "C" | 3022R | PARALLEL ENERGY LP | | 175090 | 42341326320000 | 22 | 44 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11044 | BROWN "C" | 4022R | PARALLEL ENERGY LP | SI | 174280 | 42341326310000 | 22 | 44 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11045 | BROWN "C" | 5022R | PARALLEL ENERGY LP | | 175049 | 42341326300000 | 22 | 44 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11046 | BROWN "C" | 6022R | PARALLEL ENERGY LP | | 178123 | 42341326860000 | 22 | 44 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11047 | BROWN "C" | 7022R | PARALLEL ENERGY LP | | 178124 | 42341326850000 | 22 | 44 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11048 | BROWN "C" | 8022R | PARALLEL ENERGY LP | | 177735 | 42341326840000 | 22 | 44 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11049 | BROWN "C" | 9022R | PARALLEL ENERGY LP | | 177734 | 42341326870000 | 22 | 44 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |

| PARALLEL# | WELL NAME | WELL # | OPERATOR | WELL SATUS | RRC GAS/OIL ID | IHS API | SEC | BLK/TWP | SURVEY/ RANGE | COUNTY | STATE | WI | NRI | ORI |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11050 | BROWN "D" | 3036R | PARALLEL ENERGY LP | | 155594 | 42341324060000 | 36 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11051 | BROWN "D" | 4036R | PARALLEL ENERGY LP | | 175593 | 42341326530000 | 36 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11052 | BROWN "D" | 5036R | PARALLEL ENERGY LP | | 175592 | 42341326540000 | 36 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11059 | BURNETT | 4 | PARALLEL ENERGY LP | | 023090 | 42065013140000 | 45 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11061 | BURNETT | 6 | PARALLEL ENERGY LP | | 023092 | 42065014140000 | 62 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11062 | BURNETT | 7 | PARALLEL ENERGY LP | | 023093 | 42065013370000 | 49, 40, 41 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11055 | BURNETT | 10 | PARALLEL ENERGY LP | | 023096 | 42065013630000 | 52, 37,36, 31 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11087 | BURNETT | 21 | PARALLEL ENERGY LP | | 023107 | 42065042060000 | 120 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11089 | BURNETT | 22 | PARALLEL ENERGY LP | | 023108 | 42065018500000 | 98 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11093 | BURNETT | 26 | PARALLEL ENERGY LP | | 023112 | 42065015570000 | 78 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11096 | BURNETT | 29 | PARALLEL ENERGY LP | | 023115 | 42065015790000 | 83, 84 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11097 | BURNETT | 30 | PARALLEL ENERGY LP | | 023116 | 42065010530000 | 14 | 4 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11099 | BURNETT | 32 | PARALLEL ENERGY LP | | 023118 | 42065012450000 | 31 | 4 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11102 | BURNETT | 35 | PARALLEL ENERGY LP | | 023121 | 42065014570000 | 65 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11104 | BURNETT | 37 | PARALLEL ENERGY LP | | 023123 | 42065015430000 | 74, 73 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |

| PARALLEL# | WELL NAME | WELL # | OPERATOR | WELL SATUS | RRC GAS/OIL ID | IHS API | SEC | BLK/TWP | SURVEY/ RANGE | COUNTY | STATE | WI | NRI | ORI |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11107 | BURNETT | 39 | PARALLEL ENERGY LP | | 023125 | 42065014650000 | 66, 67 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11109 | BURNETT | 41 | PARALLEL ENERGY LP | | 023127 | 42065015190000 | 69 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11110 | BURNETT | 42 | PARALLEL ENERGY LP | | 023128 | 42065013730000 | 56 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11113 | BURNETT | 44 | PARALLEL ENERGY LP | | 023130 | 42065012840000 | 43, 24 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11115 | BURNETT | 46 | PARALLEL ENERGY LP | | 023132 | 42065012480000 | 32 | 4 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11118 | BURNETT | 49 | PARALLEL ENERGY LP | | 023135 | 42065012080000 | 27, 18 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11119 | BURNETT | 50 | PARALLEL ENERGY LP | | 023136 | 42065012760000 | 41, 48 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11120 | BURNETT | 51 | PARALLEL ENERGY LP | | 023137 | 42065013800000 | 58 | 4 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11122 | BURNETT | 54 | PARALLEL ENERGY LP | | 023140 | 42065013260000 | 46 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11124 | BURNETT | 56 | PARALLEL ENERGY LP | | 023142 | 42065012510000 | 33 | 4 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11125 | BURNETT | 57 | PARALLEL ENERGY LP | | 023143 | 42065013350000 | 48 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11128 | BURNETT | 62 | PARALLEL ENERGY LP | | 023148 | 42065015720000 | 82, 83 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11129 | BURNETT | 63 | PARALLEL ENERGY LP | | 023149 | 42065013580000 | 51, 52 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11130 | BURNETT | 64 | PARALLEL ENERGY LP | | 023150 | 42065013650000 | 53, 36 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11131 | BURNETT | 65 | PARALLEL ENERGY LP | | 023151 | 42065015370000 | 72 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11132 | BURNETT | 66 | PARALLEL ENERGY LP | | 024002 | 42065015990000 | 86, 85, 92 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11133 | BURNETT | 67 | PARALLEL ENERGY LP | | 023152 | 42065011140000 | 18, 19 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11134 | BURNETT | 68 | PARALLEL ENERGY LP | | 023153 | 42065048330000 | 71, 72 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |

| PARALLEL# | WELL NAME | WELL # | OPERATOR | WELL SATUS | RRC GAS/OIL ID | IHS API | SEC | BLK/TWP | SURVEY/ RANGE | COUNTY | STATE | WI | NRI | ORI |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11142 | BURNETT | 76 | PARALLEL ENERGY LP | | 023160 | 42065015230000 | 70, 71, 85 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11143 | BURNETT | 77 | PARALLEL ENERGY LP | | 023161 | 42065014450000 | 63, 64 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11144 | BURNETT | 78 | PARALLEL ENERGY LP | | 023162 | 42065013740000 | 57 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11145 | BURNETT | 79 | PARALLEL ENERGY LP | SI | 023163 | 42065013680000 | 54 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11148 | BURNETT | 84 | PARALLEL ENERGY LP | | 024004 | 42065015140000 | 68 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11151 | BURNETT | 87 | PARALLEL ENERGY LP | | 023168 | 42065015400000 | 72, 73 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11152 | BURNETT | 88 | PARALLEL ENERGY LP | | 023169 | 42065040610000 | 34 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11153 | BURNETT | 91 | PARALLEL ENERGY LP | | 023171 | 42065011030000 | 18 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11154 | BURNETT | 92 | PARALLEL ENERGY LP | | 023172 | 42065010980000 | 17 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11155 | BURNETT | 93 | PARALLEL ENERGY LP | | 023173 | 42065012290000 | 29 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11156 | BURNETT | 94 | PARALLEL ENERGY LP | | 023174 | 42065012420000 | 30 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11158 | BURNETT | 99 | PARALLEL ENERGY LP | | 023178 | 42065002030000 | 57, 58 | 4 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11066 | BURNETT | 101 | PARALLEL ENERGY LP | | 023180 | 42065004890000 | 2, 3 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11067 | BURNETT | 103 | PARALLEL ENERGY LP | | 023182 | 42065040600000 | 33, 32, 12 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11068 | BURNETT | 104 | PARALLEL ENERGY LP | | 023183 | 42065000610000 | 32, 31 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11072 | BURNETT | 108 | PARALLEL ENERGY LP | | 060798 | 42065301810000 | 31, 14 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11077 | BURNETT | 115 | PARALLEL ENERGY LP | | 130057 | 42065319110000 | 16 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11078 | BURNETT | 116 | PARALLEL ENERGY LP | | 181461 | 42065320550000 | 78 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |

| PARALLEL# | WELL NAME | WELL # | OPERATOR | WELL SATUS | RRC GAS/OIL ID | IHS API | SEC | BLK/TWP | SURVEY/ RANGE | COUNTY | STATE | WI | NRI | ORI |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11079 | BURNETT | 117 | PARALLEL ENERGY LP | | 180124 | 42065320540000 | 98 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11080 | BURNETT | 118 | PARALLEL ENERGY LP | | 179491 | 42065320530000 | 96, 85, 82 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11473 | BURNETT | 2023 | PARALLEL ENERGY LP | | 273937 | 42065321720000 | 23 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11472 | BURNETT | 2027 | PARALLEL ENERGY LP | | 274015 | 42065321730000 | 27, 28, 17 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11475 | BURNETT | 2033 | PARALLEL ENERGY LP | | 274014 | 42065321810000 | 33 | 4 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11467 | BURNETT | 2040 | PARALLEL ENERGY LP | | 273889 | 42065321660000 | 40, 39 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11470 | BURNETT | 2059 | PARALLEL ENERGY LP | | 273904 | 42065321670000 | 59, 53, 54 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11469 | BURNETT | 2080 | PARALLEL ENERGY LP | | 274542 | 42065321690000 | 80 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11073 | BURNETT | 10R | PARALLEL ENERGY LP | | 170267 | 42065320260000 | 52, 53, 36 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11085 | BURNETT | 18R | PARALLEL ENERGY LP | | 155928 | 42065319750000 | 96 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11415 | BURNETT | 2026H | PARALLEL ENERGY LP | | 273499 | 42065321390000 | 26, 27 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11376 | BURNETT | 2032H | PARALLEL ENERGY LP | | 265434 | 42065321230000 | 32, 31, 13 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11385 | BURNETT | 2035H | PARALLEL ENERGY LP | | 265540 | 42065321270000 | 34, 35 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11413 | BURNETT | 2049H | PARALLEL ENERGY LP | | 270243 | 42065321320000 | 49, 62 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11410 | BURNETT | 2050H | PARALLEL ENERGY LP | | 269983 | 42065321330000 | 50 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11416 | BURNETT | 2051H | PARALLEL ENERGY LP | | 273498 | 42065321400000 | 51 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11381 | BURNETT | 2053H | PARALLEL ENERGY LP | | 265537 | 42065321240000 | 53, 36 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11398 | BURNETT | 2058H | PARALLEL ENERGY LP | | 267123 | 42065321310000 | 58 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |

| PARALLEL# | WELL NAME | WELL # | OPERATOR | WELL SATUS | RRC GAS/OIL ID | IHS API | SEC | BLK/TWP | SURVEY/ RANGE | COUNTY | STATE | WI | NRI | ORI |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11411 | BURNETT | 2064H | PARALLEL ENERGY LP | | 272826 | 42065321360000 | 63, 64 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11412 | BURNETT | 2066H | PARALLEL ENERGY LP | | 270045 | 42065321350000 | 45, 66 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11374 | BURNETT | 2089H | PARALLEL ENERGY LP | | 265392 | 42065321220000 | 78, 88, 89 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11092 | BURNETT | 25R | PARALLEL ENERGY LP | | 163334 | 42065320040000 | 100 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11094 | BURNETT | 27RH | PARALLEL ENERGY LP | | 174583 | 42065320410000 | 76 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11057 | BURNETT | 2R | PARALLEL ENERGY LP | | 157010 | 42065319760000 | 23 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11100 | BURNETT | 33R | PARALLEL ENERGY LP | | 167906 | 42065320170000 | 9 | 4 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11105 | BURNETT | 37R | PARALLEL ENERGY LP | | 170274 | 42065320240000 | 74, 73 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11111 | BURNETT | 42R | PARALLEL ENERGY LP | | 155932 | 42065319790000 | 56, 55 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11060 | BURNETT | 5R | PARALLEL ENERGY LP | | 159591 | 42065319930000 | 63, 70 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11127 | BURNETT | 61RH | PARALLEL ENERGY LP | | 023147 | 42065015640000 | 80 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11135 | BURNETT | 69RH | PARALLEL ENERGY LP | | 023154 | 42065014010000 | 59 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11140 | BURNETT | 74R | PARALLEL ENERGY LP | | 179276 | 42065320520000 | 101 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11147 | BURNETT | 83H | PARALLEL ENERGY LP | | 023166 | 42065015050000 | 67, 88 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11063 | BURNETT | 8R | PARALLEL ENERGY LP | | 155929 | 42065319770000 | 40 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11065 | BURNETT | 9RH | PARALLEL ENERGY LP | | 155926 | 42065319780000 | 61 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11074 | BURNETT | 112 | PARALLEL ENERGY LP | | 070895 | 42065303540000 | 95, 104 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11058 | BURNETT | 3R | PARALLEL ENERGY LP | | 198647 | 42065320830000 | 44, 45 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |

| PARALLEL# | WELL NAME | WELL # | OPERATOR | WELL SATUS | RRC GAS/OIL ID | IHS API | SEC | BLK/TWP | SURVEY/RANGE | COUNTY | STATE | WI | NRI | ORI |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11121 | BURNETT A | 53 | PARALLEL ENERGY LP | P&A | 023139 | 42065012010000 | 26 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11112 | BURNETT A | 43H | PARALLEL ENERGY LP | P&A | 023129 | 42065013810000 | 58 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11138 | BURNETT AA UNIT | 72 | PARALLEL ENERGY LP | | 023157 | 42065009940000 | 11 | 4 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.81250000 | |
| 11117 | BURNETT AB UNIT | 48 | PARALLEL ENERGY LP | | 023134 | 42065009830000 | 10 | 4 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11126 | BURNETT AC UNIT | 59 | PARALLEL ENERGY LP | | 023145 | 42065012160000 | 28 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11103 | BURNETT AD UNIT | 36 | PARALLEL ENERGY LP | | 023122 | 42065012640000 | 38 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11417 | BURNETT AD UNIT | 2038H | PARALLEL ENERGY LP | | 272857 | 42065321410000 | 38 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11137 | BURNETT AE UNIT | 71 | PARALLEL ENERGY LP | | 023156 | 42065012600000 | 37 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11388 | BURNETT AE UNIT | 2037H | PARALLEL ENERGY LP | | 265982 | 42065321300000 | 37 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11083 | BURNETT AF UNIT | 14R | PARALLEL ENERGY LP | | 168233 | 42065320220000 | 12 | 4 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.87500000 | |
| 11157 | BURNETT AG UNIT | 95 | PARALLEL ENERGY LP | | 023175 | 42065040580000 | 22 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.87500000 | |
| 11370 | BURNETT AG UNIT | 2022 | PARALLEL ENERGY LP | | 265291 | 42065321200000 | 22 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.87500000 | |
| 11466 | BURNETT B UNIT | 2021 | PARALLEL ENERGY LP | | 274017 | 42065321620000 | 21 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.80491600 | |
| 11149 | BURNETT B UNIT | 85R | PARALLEL ENERGY LP | | 189166 | 42065320730000 | 21 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.80491600 | |
| 11465 | BURNETT C UNIT | 2034 | PARALLEL ENERGY LP | | 273900 | 42065321600000 | 34 | 4 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.83194910 | |
| 11082 | BURNETT C UNIT | 12R | PARALLEL ENERGY LP | | 167455 | 42065320190000 | 35 | 4 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.83194910 | |
| 11090 | BURNETT D UNIT | 23 | PARALLEL ENERGY LP | | 023109 | 42065011950000 | 25 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.76550730 | |
| 11464 | BURNETT D UNIT | 2025 | PARALLEL ENERGY LP | | 272155 | 42065321610000 | 25 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.76655073 | |

| PARALLEL# | WELL NAME | WELL # | OPERATOR | WELL SATUS | RRC GAS/OIL ID | IHS API | SEC | BLK/TWP | SURVEY/ RANGE | COUNTY | STATE | WI | NRI | ORI |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11064 | BURNETT E UNIT | 9 | PARALLEL ENERGY LP | | 023095 | 42065013420000 | 50 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11463 | BURNETT E UNIT | 2039H | PARALLEL ENERGY LP | | 273275 | 42065321470000 | 39 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11159 | BURNETT ESTATE | 1051 | PARALLEL ENERGY LP | | 024495 | 42065013570000 | 51 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.87500000 | |
| 11162 | BURNETT ESTATE | 1084 | PARALLEL ENERGY LP | | 024500 | 42065048100000 | 84 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.87500000 | |
| 11163 | BURNETT ESTATE | 1086 | PARALLEL ENERGY LP | | 024501 | 42065048140000 | 86 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.87500000 | |
| 11166 | BURNETT ESTATE | 1108 | PARALLEL ENERGY LP | | 024504 | 42065048080000 | 108 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.87500000 | |
| 11070 | BURNETT ESTATE A | 1060A | PARALLEL ENERGY LP | | 136047 | 42065319300100 | 60 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.87500000 | |
| 11387 | BURNETT ESTATE A | 2060H | PARALLEL ENERGY LP | | 265542 | 42065321290000 | 60 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.87500000 | |
| 11160 | BURNETT ESTATE B | 1077 | PARALLEL ENERGY LP | | 024497 | 42065041960000 | 77 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.87500000 | |
| 11165 | BURNETT ESTATE C | 1099 | PARALLEL ENERGY LP | | 024503 | 42065041950000 | 99 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.87500000 | |
| 11161 | BURNETT ESTATE D | 1081 | PARALLEL ENERGY LP | | 024499 | 42065015680000 | 81 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.87500000 | |
| 11164 | BURNETT ESTATE D | 1097 | PARALLEL ENERGY LP | | 024502 | 42065041970000 | 97 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.87500000 | |
| 11071 | BURNETT ESTATE D | 1079A | PARALLEL ENERGY LP | | 134529 | 42065319240100 | 79 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.87500000 | |
| 11088 | BURNETT ESTATE D | 2119A | PARALLEL ENERGY LP | | 151349 | 42065319620100 | 119 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.85500000 | |
| 11141 | BURNETT F UNIT | 75RH | PARALLEL ENERGY LP | | 169451 | 42065320110000 | 95 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11075 | BURNETT G UNIT | 113 | PARALLEL ENERGY LP | | 070896 | 42065303630000 | 84 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.81205070 | |
| 11146 | BURNETT H UNIT | 81 | PARALLEL ENERGY LP | | 023164 | 42065016240000 | 87 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11372 | BURNETT I UNIT | 2078 | PARALLEL ENERGY LP | | 265525 | 42065321210000 | 78 | 4 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.77369840 | |

| PARALLEL# | WELL NAME | WELL # | OPERATOR | WELL SATUS | RRC GAS/OIL ID | IHS API | SEC | BLK/TWP | SURVEY/ RANGE | COUNTY | STATE | WI | NRI | ORI |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11136 | BURNETT I UNIT | 70R | PARALLEL ENERGY LP | | 171995 | 42065316240002 | 77 | 4 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.77369840 | |
| 11101 | BURNETT J UNIT | 34 | PARALLEL ENERGY LP | | 023120 | 42065041900000 | 75 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.78125000 | |
| 11380 | BURNETT J UNIT | 2075 | PARALLEL ENERGY LP | | 273500 | 42065321380000 | 75 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.78125000 | |
| 11081 | BURNETT K UNIT | 119 | PARALLEL ENERGY LP | | 189588 | 42065320740000 | 77 | 4 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.81122140 | |
| 11150 | BURNETT L UNIT | 86 | PARALLEL ENERGY LP | | 024005 | 42065013710000 | 56 | 4 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.76526370 | |
| 11106 | BURNETT M UNIT | 38 | PARALLEL ENERGY LP | | 023124 | 42065013300000 | 47 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.76564460 | |
| 11414 | BURNETT M UNIT | 2047 | PARALLEL ENERGY LP | | 269981 | 42065321370000 | 47 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75000000 | |
| 11056 | BURNETT N UNIT | 1 | PARALLEL ENERGY LP | | 023087 | 42065013700000 | 55 | 4 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.78171460 | |
| 11369 | BURNETT N UNIT | 2055H | PARALLEL ENERGY LP | | 265224 | 42065321190000 | 55 | 4 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.78171460 | |
| 11108 | BURNETT O UNIT | 40 | PARALLEL ENERGY LP | | 023126 | 42065013670000 | 54 | 4 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.79648960 | |
| 11098 | BURNETT P UNIT | 31 | PARALLEL ENERGY LP | | 023117 | 42065013640000 | 53 | 4 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.79665480 | |
| 11091 | BURNETT Q UNIT | 24 | PARALLEL ENERGY LP | | 023110 | 42065012810000 | 42 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.79686960 | |
| 11468 | BURNETT Q UNIT | 2042 | PARALLEL ENERGY LP | | 273724 | 42065321680000 | 42 | 5 | I&GN RR CO | CARSON | TX | 1.0. | 0.75000000 | |
| 11114 | BURNETT R UNIT | 45 | PARALLEL ENERGY LP | | 023131 | 42065012530000 | 34 | 4 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.76167000 | |
| 11095 | BURNETT S UNIT | 28 | PARALLEL ENERGY LP | | 023114 | 42065012580000 | 36 | 4 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.79687500 | |
| 11123 | BURNETT T UNIT | 55 | PARALLEL ENERGY LP | | 023141 | 42065011770000 | 24 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.75758720 | |
| 11086 | BURNETT U UNIT | 20 | PARALLEL ENERGY LP | | 023106 | 42065011210000 | 20 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.76580720 | |
| 11116 | BURNETT V UNIT | 47 | PARALLEL ENERGY LP | | 023133 | 42065010310000 | 13 | 4 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.78125000 | |

| PARALLEL# | WELL NAME | WELL # | OPERATOR | WELL SATUS | RRC GAS/OIL ID | IHS API | SEC | BLK/TWP | SURVEY/ RANGE | COUNTY | STATE | WI | NRI | ORI |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11069 | BURNETT W UNIT | 105 | PARALLEL ENERGY LP | | 023184 | 42065007940000 | 5 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.76135160 | |
| 11084 | BURNETT X UNIT | 15 | PARALLEL ENERGY LP | | 023101 | 42065007130000 | 4 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.80107290 | |
| 11076 | BURNETT Y UNIT | 114 | PARALLEL ENERGY LP | | 146366 | 42065007080000 | 4 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.76562500 | |
| 11139 | BURNETT Z UNIT | 73 | PARALLEL ENERGY LP | | 023158 | 42065006340000 | 1 | 5 | I&GN RR CO | CARSON | TX | 1.00000000 | 0.81250000 | |
| 10006 | BYRUM | 205 | PARALLEL ENERGY LP | SI | 209312 | 42393316140000 | 5 | B-1 | H&GN | ROBERTS | TX | 0.48875000 | 0.40100000 | |
| 10008 | BYRUM | 405 | PARALLEL ENERGY LP | | 212756 | 42393317000000 | 5 | B-1 | H&GN | ROBERTS | TX | 0.48875000 | 0.40100000 | |
| 10009 | BYRUM | 505 | PARALLEL ENERGY LP | | 217691 | 42393317920000 | 5 | B-1 | H&GN | ROBERTS | TX | 0.48875000 | 0.40100000 | |
| 10010 | BYRUM | 605 | PARALLEL ENERGY LP | SI | 221219 | 42393317930000 | 5 | B-1 | H&GN | ROBERTS | TX | 0.48875000 | 0.40100000 | |
| 10011 | BYRUM | 705 | PARALLEL ENERGY LP | | 233470 | 42393317950000 | 5 | B-1 | H&GN | ROBERTS | TX | 0.48875000 | 0.40100000 | |
| 10012 | BYRUM | 805 | PARALLEL ENERGY LP | | 228687 | 42393319490000 | 5 | B-1 | H&GN | ROBERTS | TX | 0.48875000 | 0.40100000 | |
| 10013 | BYRUM | 905 | PARALLEL ENERGY LP | | 231289 | 42393319520000 | 5 | B-1 | H&GN | ROBERTS | TX | 0.48875000 | 0.40100000 | |
| 10004 | BYRUM | 1005 | PARALLEL ENERGY LP | | 237840 | 42393320260000 | 5 | B-1 | H&GN | ROBERTS | TX | 0.48875000 | 0.40100000 | |
| 10005 | BYRUM | 1105 | PARALLEL ENERGY LP | | 243502 | 42393320730000 | 5 | B-1 | H&GN | ROBERTS | TX | 0.48875000 | 0.40100000 | |
| 10001 | BYRUM | 1205 | PARALLEL ENERGY LP | | 243503 | 42393320750000 | 5 | B-1 | H&GN | ROBERTS | TX | 0.48875000 | 0.40100000 | |
| 10000 | BYRUM | 1305 | PARALLEL ENERGY LP | | 244158 | 42393320740000 | 5 | B-1 | H&GN | ROBERTS | TX | 0.48875000 | 0.40100000 | |
| 10018 | BYRUM | 1505 | PARALLEL ENERGY LP | | 244159 | 42393321590000 | 5 | B-1 | H&GN | ROBERTS | TX | 0.48875000 | 0.40100000 | |
| 10021 | BYRUM | 1605 | PARALLEL ENERGY LP | SI | 248797 | 42393321670000 | 5 | B-1 | H&GN | ROBERTS | TX | 0.48875000 | 0.40100000 | |
| 10024 | BYRUM | 1805 | PARALLEL ENERGY LP | | 248232 | 42393321930000 | 5 | B-1 | H&GN | ROBERTS | TX | 0.48875000 | 0.40100000 | |

| PARALLEL# | WELL NAME | WELL # | OPERATOR | WELL SATUS | RRC GAS/OIL ID | IHS API | SEC | BLK/TWP | SURVEY/ RANGE | COUNTY | STATE | WI | NRI | ORI |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10027 | BYRUM | 2105 | PARALLEL ENERGY LP | | 248231 | 42393322000000 | 5 | B-1 | H&GN | ROBERTS | TX | 0.48875000 | 0.40100000 | |
| 10002 | BYRUM | 1-5 | PARALLEL ENERGY LP | | 082595 | 42393306540000 | 5 | B-1 | H&GN | ROBERTS | TX | 0.75000000 | 0.61000000 | |
| 10007 | BYRUM | 3A | PARALLEL ENERGY LP | | 209304 | 42393003050000 | 5 | B-1 | H&GN | ROBERTS | TX | 0.48875000 | 0.40100000 | |
| 11449 | DAUER | 1 | PARALLEL ENERGY LP | | 023019 | 42065030390000 | 236 | B2 | H&GN | CARSON | TX | 0.92500000 | 0.80087500 | 0.00850000 |
| 11167 | DEAHL C E | 3 | PARALLEL ENERGY LP | | 023195 | 42065011500000 | 23 | Y2 | TT RR CO | CARSON | TX | 1.00000000 | 0.81250000 | |
| 11460 | DEAHL C E | 4 | PARALLEL ENERGY LP | SI | 775851 | 42065321420000 | 23 | Y2 | TT RR CO | CARSON | TX | 1.00000000 | 0.81250000 | |
| 11168 | DEAHL G W | 2 | PARALLEL ENERGY LP | | 023197 | 42065006260000 | 25 | Y2 | GB&CNG RR CO | CARSON | TX | 1.00000000 | 0.81250000 | |
| 11169 | DEAHL G W | 3 | PARALLEL ENERGY LP | | 023198 | 42065010660000 | 15 | 3 | AB&M | CARSON | TX | 1.00000000 | 0.81250000 | |
| 11171 | DEAHL G W | 9 | PARALLEL ENERGY LP | | 023203 | 42065010680000 | 15 | 5 | H & GN | CARSON | TX | 1.00000000 | 0.81250000 | |
| 11172 | DEAHL G W | 10 | PARALLEL ENERGY LP | | 023204 | 42065010950000 | 17 | S | H&GN | CARSON | TX | 1.00000000 | 0.81250000 | |
| 11173 | DEAHL G W | 12R | PARALLEL ENERGY LP | | 163046 | 42065320060000 | 4 | 5 | B&B | CARSON | TX | 1.00000000 | 0.81250000 | |
| 11174 | DEAHL G W | 13H | PARALLEL ENERGY LP | | 179636 | 42065320510000 | 25 | Y2 | GB&CNG RR CO | CARSON | TX | 1.00000000 | 0.81250000 | |
| 11170 | DEAHL GW | 4RH | PARALLEL ENERGY LP | | 149223 | 42065319580100 | 20 | 3 | AB&M | CARSON | TX | 1.00000000 | 0.81250000 | |
| 11479 | FLB | 1-14 | WICKLUND PETROLEUM | | | 35047245700000 | 14 | 23N | 4W | GARFIELD | OK | 0.26562500 | 0.20453100 | |
| 11427 | FRASHIER | E1 | PARALLEL ENERGY LP | | 023022 | 42179069180000 | 177 | 3 | I&GN | GRAY | TX | 0.92500000 | 0.80087500 | 0.00850000 |
| 11175 | FUQUA | 1 | PARALLEL ENERGY LP | | 023207 | 42065030650000 | 17 | 3 | AB&M | CARSON | TX | 1.00000000 | 0.87500000 | |
| 11176 | FUQUA | 2 | PARALLEL ENERGY LP | | 023208 | 42065011080000 | 19 | 3 | AB&M | CARSON | TX | 1.00000000 | 0.87500000 | |
| 11177 | FUQUA | 3 | PARALLEL ENERGY LP | | 023209 | 42065030660000 | 18 | 3 | AB&M | CARSON | TX | 1.00000000 | 0.87500000 | |

| PARALLEL# | WELL NAME | WELL # | OPERATOR | WELL SATUS | RRC GAS/OIL ID | IHS API | SEC | BLK/TWP | SURVEY/ RANGE | COUNTY | STATE | WI | NRI | ORI |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11178 | FUQUA | 6 | PARALLEL ENERGY LP | | 023212 | 42065007060000 | 4 | 5 | H&GN | CARSON | TX | 1.00000000 | 0.87500000 | |
| 11179 | FUQUA | 7 | PARALLEL ENERGY LP | | 023213 | 42065009170000 | 7 | 5 | H&GN | CARSON | TX | 1.00000000 | 0.87500000 | |
| 11180 | FUQUA | 9 | PARALLEL ENERGY LP | | 159657 | 42065319920000 | 17 | 3 | AB&M | CARSON | TX | 1.00000000 | 0.87500000 | |
| 11181 | FUQUA | 10 | PARALLEL ENERGY LP | | 179981 | 42065320560000 | 17 | 3 | AB&M | CARSON | TX | 1.00000000 | 0.87500000 | |
| 10014 | HALL OSBORNE | 1066 | PARALLEL ENERGY LP | | 225017 | 42393318620000 | 66 | M-2 | H&GN | ROBERTS | TX | 0.74128940 | 0.60267262 | |
| 10003 | HALL OSBORNE | 2066 | PARALLEL ENERGY LP | | 245413 | 42393319530000 | 66 | M-2 | H&GN | ROBERTS | TX | 0.74128940 | 0.60267262 | |
| 10015 | HALL OSBORNE | 3066 | CIMAREX ENERGY | | 247504 | 42393319630000 | 66 | M-2 | H&GN | ROBERTS | TX | | 0.04670562 | |
| 10020 | HALL OSBORNE | 4066 | PARALLEL ENERGY LP | | 248219 | 42393321660000 | 66 | M-2 | H&GN | ROBERTS | TX | 0.97000000 | 0.78564110 | |
| 11182 | HANNEMAN | 1100 | PARALLEL ENERGY LP | | 024506 | 42341008660000 | 100 | 44 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.87499900 | |
| 11478 | HENDERSON | 1-22H | WICKLUND PETROLEUM | | | 35047245590000 | 22 | 23N | 4W | GARFIELD | OK | 0.16667970 | 0.12834300 | |
| 11480 | HERMANSKI | 1-16 | WICKLUND PETROLEUM | | | 35047246140000 | 16 | 23N | 4W | GARFIELD | OK | 0.30000000 | 0.23100000 | |
| 11183 | JESTER | 1018 | PARALLEL ENERGY LP | | 024507 | 42341004220100 | 18 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11184 | JESTER | 2018R | PARALLEL ENERGY LP | | 156566 | 42341324210000 | 18 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11185 | JESTER | 3018R | PARALLEL ENERGY LP | P&A | 175715 | 42341326560000 | 18 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11186 | KILGORE A | 1008 | PARALLEL ENERGY LP | | 024508 | 42341003000000 | 8 | Pmc | EL&RR RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11188 | KILGORE | 1016 | PARALLEL ENERGY LP | | 024510 | 42341003890100 | 16 | 44 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |

| PARALLEL# | WELL NAME | WELL # | OPERATOR | WELL SATUS | RRC GAS/OIL ID | IHS API | SEC | BLK/TWP | SURVEY/RANGE | COUNTY | STATE | WI | NRI | ORI |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11189 | KILGORE | 1029 | PARALLEL ENERGY LP | P&A | 024511 | 42341005350000 | 29 | 44 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11190 | KILGORE | 1056 | PARALLEL ENERGY LP | | 024513 | 42341006920000 | 56 | 44 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11191 | KILGORE | 1057 | PARALLEL ENERGY LP | | 024514 | 42341006960100 | 57 | 44 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.87499700 | |
| 11399 | KILGORE | 2029H | PARALLEL ENERGY LP | SI | 267193 | 42341332250000 | 29 | 44 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11187 | KILGORE B | 1010 | PARALLEL ENERGY LP | | 024509 | 42341003240000 | 10 | Pmc | EL&RR RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11192 | KILGORE C | 2031 | PARALLEL ENERGY LP | | 039874 | 42341200230100 | 31 | Pmc | EL&RR RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11428 | KIRBY | A1 | PARALLEL ENERGY LP | | 023057 | 42179044550000 | 107 | B2 | H&GN | GRAY | TX | 0.92500000 | 0.80087500 | 0.00850000 |
| 11429 | KIRBY | B1 | PARALLEL ENERGY LP | | 023058 | 42179044540000 | 104 | B2 | H&GN | GRAY | TX | 0.92500000 | 0.80087500 | 0.00850000 |
| 11430 | KIRBY | C2 | PARALLEL ENERGY LP | | 023059 | 42179003850000 | 75 | B2 | H&GN | GRAY | TX | 0.92500000 | 0.80087500 | 0.00850000 |
| 11431 | KIRBY | C3 | PARALLEL ENERGY LP | | 046531 | 42179000130000 | 75 | B2 | H&GN | GRAY | TX | 0.92500000 | 0.80087500 | 0.00850000 |
| 11432 | KIRBY D | 1 | PARALLEL ENERGY LP | | 132393 | 42179041370000 | 76 | B2 | H&GN | GRAY | TX | 0.92500000 | 0.80087500 | 0.00850000 |
| 11433 | KIRBY | E1 | PARALLEL ENERGY LP | | 023061 | 42179041380000 | 78 | B2 | H&GN | GRAY | TX | 0.92500000 | 0.80087500 | 0.00850000 |
| 11434 | KIRBY | F1 | PARALLEL ENERGY LP | | 023062 | 42179041340000 | 74 | B2 | H&GN | GRAY | TX | 0.92500000 | 0.80087500 | 0.00850000 |
| 11435 | KIRBY | F2 | PARALLEL ENERGY LP | | 046532 | 42179000140000 | 74 | B2 | H&GN | GRAY | TX | 0.92500000 | 0.80087500 | 0.00850000 |
| 11193 | MASSEY | 1015 | PARALLEL ENERGY LP | | 024515 | 42341017200100 | 15 | 44 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11194 | MASTERSON | 1038 | PARALLEL ENERGY LP | | 024517 | 42341005900000 | 38 | 3 | G&M | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11196 | MASTERSON | 1085 | PARALLEL ENERGY LP | | 024518 | 42375004880000 | 85 | 3 | G&M | POTTER | TX | 1.00000000 | 0.87500000 | |
| 11197 | MASTERSON | 2037 | PARALLEL ENERGY LP | | 043405 | 42375200300000 | 37 | 10 | EL&RR RR CO | POTTER | TX | 1.00000000 | 0.87500000 | |

| PARALLEL# | WELL NAME | WELL # | OPERATOR | WELL SATUS | RRC GAS/OIL ID | IHS API | SEC | BLK/TWP | SURVEY/ RANGE | COUNTY | STATE | WI | NRI | ORI |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11195 | MASTERSON | 1038A | PARALLEL ENERGY LP | | 135864 | 42341321520000 | 38 | 3 | G&M | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11198 | MASTERSON A | 1R | PARALLEL ENERGY LP | SI | 027184 | 42375003640000 | 104 | O18 | D&P RR CO | POTTER | TX | 1.00000000 | 0.87500000 | |
| 11199 | MASTERSON B | 1R | PARALLEL ENERGY LP | | 027185 | 42375002870000 | 67 | O18 | D&P RR CO | POTTER | TX | 1.00000000 | 0.87500000 | |
| 11200 | MASTERSON C | 1R | PARALLEL ENERGY LP | | 039585 | 42341006000000 | 40 | 3 | G&M | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11201 | MASTERSON D | 1R | PARALLEL ENERGY LP | | 027186 | 42375002230000 | 37 | B10 | EL&RR RR CO | POTTER | TX | 1.00000000 | 0.87500000 | |
| 11202 | MASTERSON E | 1R | PARALLEL ENERGY LP | | 027187 | 42375003200000 | 85 | GM3 | G&M | POTTER | TX | 1.00000000 | 0.87500000 | |
| 11203 | MASTERSON F | 1R | PARALLEL ENERGY LP | | 027188 | 42375001250000 | 16 | GM3 | G&M | POTTER | TX | 1.00000000 | 0.87500000 | |
| 11204 | MASTERSON G | 1R | PARALLEL ENERGY LP | | 027189 | 42375001670000 | 25 | GM3 | G&M | POTTER | TX | 1.00000000 | 0.87500000 | |
| 11205 | MASTERSON H | 1R | PARALLEL ENERGY LP | | 027190 | 42375004540000 | 63 | O18 | D&P RR CO | POTTER | TX | 1.00000000 | 0.87500000 | |
| 11206 | MASTERSON I | 1R | PARALLEL ENERGY LP | | 027191 | 42375002970000 | 69 | 47 | H&TC RR CO | POTTER | TX | 1.00000000 | 0.87500000 | |

| PARALLEL# | WELL NAME | WELL # | OPERATOR | WELL SATUS | RRC GAS/OIL ID | IHS API | SEC | BLK/TWP | SURVEY/ RANGE | COUNTY | STATE | WI | NRI | ORI |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11207 | MASTERSON J | 1R | PARALLEL ENERGY LP | | 027192 | 42375003770000 | 107 | O18 | D&P RR CO | POTTER | TX | 1.00000000 | 0.87500000 | |
| 11208 | MASTERSON K | 1R | PARALLEL ENERGY LP | | 027193 | 42375003890000 | 110 | O18 | D&P RR CO | POTTER | TX | 1.00000000 | 0.87500000 | |
| 11209 | MASTERSON L | 1R | PARALLEL ENERGY LP | SI | 027194 | 42375002750000 | 64 | O18 | D&P RR CO | POTTER | TX | 1.00000000 | 0.87500000 | |
| 11210 | MASTERSON P | 1R | PARALLEL ENERGY LP | | 039586 | 42375003980000 | 11 | B11 | EL&RR | POTTER | TX | 1.00000000 | 0.87500000 | |
| 11211 | MASTERSON Q | 1R | PARALLEL ENERGY LP | | 039587 | 42375001360000 | 18 | 3 | G&M | POTTER | TX | 1.00000000 | 0.87500000 | |
| 11213 | MCBRIDE | 1104 | PARALLEL ENERGY LP | | 024520 | 42375003670000 | 104 | 46 | H&TC RR CO | POTTER | TX | 1.00000000 | 0.62500000 | |
| 11212 | MCBRIDE | 1100A | PARALLEL ENERGY LP | | 034466 | 42375003510000 | 100 | 46 | H&TC RR CO | POTTER | TX | 1.00000000 | 0.62500000 | |
| 11450 | MONTGOMERY | 1 | PARALLEL ENERGY LP | | 023031 | 42065042250000 | 113 | 7 | I&GN | CARSON | TX | 0.92500000 | 0.80087500 | 0.00850000 |
| 11451 | MONTGOMERY | 2113 | PARALLEL ENERGY LP | | 129998 | 42065318440000 | 113 | 7 | I&GN | CARSON | TX | 0.92500000 | 0.80087500 | 0.00850000 |
| 11453 | NEIGHBORS | 2 | PARALLEL ENERGY LP | | 049044 | 42065300370000 | 92 | 7 | I&GN | CARSON | TX | 0.92500000 | 0.80087500 | 0.00850000 |
| 11452 | NEIGHBORS SWD | 1 | PARALLEL ENERGY LP | | 023032 | 42065017860000 | 92 | 7 | I&GN | CARSON | TX | 0.92500000 | | |
| 11214 | NEILD | 118A | PARALLEL ENERGY LP | | 155472 | 42341323880100 | 18 | 44 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11215 | NEILD D | 1020 | PARALLEL ENERGY LP | P&A | 024415 | 42341004500000 | 20 | 26 | EL&RR | MOORE | TX | 1.00000000 | 0.87499900 | |
| 11216 | NIELD D | 120A | PARALLEL ENERGY LP | | 179391 | 42341326930000 | 20 | 26 | EL&RR RR CO | MOORE | TX | 1.00000000 | 0.87499900 | |

| PARALLEL# | WELL NAME | WELL # | OPERATOR | WELL SATUS | RRC GAS/OIL ID | IHS API | SEC | BLK/TWP | SURVEY/ RANGE | COUNTY | STATE | WI | NRI | ORI |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11384 | NIELD D | 220AH | PARALLEL ENERGY LP | | 265552 | 42341331920000 | 20 | 26 | EL&RR RR CO | MOORE | TX | 1.00000000 | 0.87499900 | |
| 11217 | POLING MS | 1022 | PARALLEL ENERGY LP | | 024480 | 42065047270000 | 22 | Y2 | AB&M | CARSON | TX | 1.00000000 | 0.87501997 | |
| 11219 | POLING | 1024 | PARALLEL ENERGY LP | | 024523 | 42065011520100 | 24 | Y2 | TT RR CO | CARSON | TX | 1.00000000 | 0.87501800 | |
| 11218 | POLING | 1022A | PARALLEL ENERGY LP | | 142749 | 42065319440000 | 22 | Y2 | AB&M | CARSON | TX | 1.00000000 | 0.87501800 | |
| 11220 | POLING A | 1R | PARALLEL ENERGY LP | | 027195 | 42065011540000 | 24 | Y2 | TT RR CO | CARSON | TX | 1.00000000 | 0.87502099 | |
| 11221 | POLING B | 1R | PARALLEL ENERGY LP | | 027196 | 42065011350000 | 22 | Y2 | TT RR CO | CARSON | TX | 1.00000000 | 0.87501800 | |
| 11222 | POLING MS B | B2 | PARALLEL ENERGY LP | SI | 024481 | 42065004650100 | 27 | Y2 | TT RR CO | CARSON | TX | 1.00000000 | 0.87501998 | |
| 11223 | PURVIN | 1069 | PARALLEL ENERGY LP | | 024524 | 42341007770000 | 69 | 44 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.85249960 | |
| 11436 | RENDLEMAN | 1 | PARALLEL ENERGY LP | | 023034 | 42179045610000 | 146 | B2 | H&GN | GRAY | TX | 0.92500000 | 0.80087500 | 0.00850000 |
| 11454 | RIGGINS LOYD | 1 | PARALLEL ENERGY LP | | 024263 | 42065001940000 | 114 | 7 | I&GN | CARSON | TX | 0.92500000 | 0.80087500 | 0.00850000 |
| 11455 | RIGGINS U-TEXAS | 2 | PARALLEL ENERGY LP | | 024264 | 42065001930000 | 107 | 7 | I&GN | CARSON | TX | 0.80937500 | 0.70076563 | 0.00743750 |
| 11437 | RITTER | 1 | PARALLEL ENERGY LP | | 023035 | 42179047780000 | 197 | B2 | H&GN | GRAY | TX | 0.92500000 | 0.80104600 | 0.00850000 |
| 11456 | ROBBINS JEANETTE | 1 | PARALLEL ENERGY LP | | 023036 | 42065001940000 | 114 | 7 | I&GN | CARSON | TX | 0.92500000 | 0.80087500 | 0.00850000 |
| 11224 | ROCKWELL | 1102 | PARALLEL ENERGY LP | | 024525 | 42375003550000 | 102 | 46 | H&TC RR CO | POTTER | TX | 1.00000000 | 0.87500000 | |
| 11383 | ROCKWELL | 2102H | PARALLEL ENERGY LP | | 265544 | 42375317860000 | 102 | 46 | H&TC RR CO | POTTER | TX | 1.00000000 | 0.87500000 | |
| 11225 | ROCKWELL B | 1R | PARALLEL ENERGY LP | | 027197 | 42375003580000 | 102 | 46 | H&TC RR CO | POTTER | TX | 1.00000000 | 0.87500000 | |

| PARALLEL# | WELL NAME | WELL # | OPERATOR | WELL SATUS | RRC GAS/OIL ID | IHS API | SEC | BLK/TWP | SURVEY/ RANGE | COUNTY | STATE | WI | NRI | ORI |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11418 | RUBY STRAIN TR | 1-23H | WICKLUND PETROLEUM | | | 35047246160000 | 23 | 23N | 4W | GARFIELD | TX | 0.40562500 | 0.31233100 | |
| 11227 | SANFORD | 1014 | PARALLEL ENERGY LP | | 024530 | 42065010510000 | 14 | 3S | AB&M | CARSON | TX | 1.00000000 | 0.87500000 | |
| 11228 | SANFORD | 1016 | PARALLEL ENERGY LP | | 024532 | 42065010880000 | 16 | 3 | AB&M | CARSON | TX | 1.00000000 | 0.87499900 | |
| 11229 | SANFORD | 2014 | PARALLEL ENERGY LP | | 024531 | 42065010520000 | 14 | 3 | AB&M | CARSON | TX | 1.00000000 | 0.87500000 | |
| 11226 | SANFORD A | 1013 | PARALLEL ENERGY LP | | 024529 | 42065010300000 | 13 | 3 | AB&M | CARSON | TX | 1.00000000 | 0.87499900 | |
| 11461 | SANFORD A | 2013 | PARALLEL ENERGY LP | | 273875 | 42065321460000 | 13 | 3 | AB&M | CARSON | TX | 1.00000000 | 0.87499900 | |
| 11256 | SNEED | 1003 | PARALLEL ENERGY LP | | 024533 | 42341001370000 | 3 | 3 | LINDSEY, O H | MOORE | TX | 1.00000000 | 0.87499700 | |
| 11259 | SNEED MS | 1022 | PARALLEL ENERGY LP | | 134528 | 42341321580000 | 22 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.83591530 | |
| 11261 | SNEED | 1024 | PARALLEL ENERGY LP | | 024539 | 42341004940000 | 24 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87499700 | |
| 11262 | SNEED | 1025 | PARALLEL ENERGY LP | | 024540 | 42341005030000 | 25 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87499700 | |
| 11263 | SNEED | 1026 | PARALLEL ENERGY LP | | 024541 | 42341017510100 | 26 | 1 | POITEVENT, J | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11264 | SNEED | 1027 | PARALLEL ENERGY LP | | 024542 | 42341005130100 | 27 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87499700 | |
| 11268 | SNEED | 1044 | PARALLEL ENERGY LP | | 024547 | 42341006140000 | 44 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87499700 | |
| 11271 | SNEED | 2028 | PARALLEL ENERGY LP | | 036635 | 42341005270000 | 28 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87499700 | |
| 11260 | SNEED | 1023B | PARALLEL ENERGY LP | | 108004 | 42341310740100 | 23 | 1 | POITEVENT, J | MOORE | TX | 1.00000000 | 0.87499700 | |
| 11267 | SNEED | 1043A | PARALLEL ENERGY LP | | 137717 | 42341321990000 | 43 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11404 | SNEED | 2043H | PARALLEL ENERGY LP | | 267504 | 42341332260000 | 43 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |

| PARALLEL# | WELL NAME | WELL # | OPERATOR | WELL SATUS | RRC GAS/OIL ID | IHS API | SEC | BLK/TWP | SURVEY/ RANGE | COUNTY | STATE | WI | NRI | ORI |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11272 | SNEED | 3021R | PARALLEL ENERGY LP | | 156948 | 42341324350000 | 21 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11273 | SNEED | 4021R | PARALLEL ENERGY LP | | 178721 | 42341327160000 | 21 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11265 | SNEED  F | 1033A | PARALLEL ENERGY LP | | 135720 | 42341321630100 | 33 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11274 | SNEED -A- | 1032 | PARALLEL ENERGY LP | | 024416 | 42341005530000 | 32 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11275 | SNEED -A- | 2021 | PARALLEL ENERGY LP | | 024417 | 42341004610100 | 21 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11230 | SNEED "A" | 1150R | PARALLEL ENERGY LP | | 179394 | 42341327140000 | 50 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11231 | SNEED "A" | 1450R | PARALLEL ENERGY LP | | 178723 | 42341327170000 | 50 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11392 | SNEED -A- | 2032H | PARALLEL ENERGY LP | | 266913 | 42341331980000 | 32 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11232 | SNEED "A" | 2049R | PARALLEL ENERGY LP | | 160774 | 42341324840000 | 49 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11233 | SNEED -A- | 3020R | PARALLEL ENERGY LP | | 156133 | 42341324200000 | 20 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11234 | SNEED A | 3033R | PARALLEL ENERGY LP | P&A | 155593 | 42341324050000 | 33 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |

| PARALLEL# | WELL NAME | WELL # | OPERATOR | WELL SATUS | RRC GAS/OIL ID | IHS API | SEC | BLK/TWP | SURVEY/ RANGE | COUNTY | STATE | WI | NRI | ORI |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11235 | SNEED "A" | 3R | PARALLEL ENERGY LP | | 154084 | 42341323830000 | 50 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11236 | SNEED "A" | 4020R | PARALLEL ENERGY LP | | 176061 | 42341326600000 | 20 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11237 | SNEED "A" | 4033R | PARALLEL ENERGY LP | | 176059 | 42341326570000 | 33 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11238 | SNEED "A" | 5020R | PARALLEL ENERGY LP | | 176060 | 42341326590000 | 20 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11239 | SNEED "A" | 5033R | PARALLEL ENERGY LP | | 176057 | 42341326500000 | 33 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11240 | SNEED "A" | 5050R | PARALLEL ENERGY LP | | 156564 | 42341324250000 | 50 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11241 | SNEED "A" | 6020R | PARALLEL ENERGY LP | | 176058 | 42341326580000 | 20 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11242 | SNEED "A" | 7050R | PARALLEL ENERGY LP | | 168316 | 42341325600000 | 50 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11243 | SNEED "A" | 8050R | PARALLEL ENERGY LP | | 177736 | 42341326790000 | 50 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |

| PARALLEL# | WELL NAME | WELL # | OPERATOR | WELL SATUS | RRC GAS/OIL ID | IHS API | SEC | BLK/TWP | SURVEY/ RANGE | COUNTY | STATE | WI | NRI | ORI |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11277 | SNEED -B- | 12 | PARALLEL ENERGY LP | | 035230 | 42341015850000 | | | JOHNSON, J S | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11278 | SNEED -B- | 13 | PARALLEL ENERGY LP | SI | 121397 | 42341318960000 | 1 | | TT RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11279 | SNEED -B- | 14 | PARALLEL ENERGY LP | | 128245 | 42341320380000 | 19 | | LINDSEY, O H | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11280 | SNEED -B- | 15 | PARALLEL ENERGY LP | | 128246 | 42341320390000 | 66 | GM3 | G&M | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11281 | SNEED B | 16 | PARALLEL ENERGY LP | | 06816 | 42341322120000 | 4 | 0 | TT RR CO | MOORE | TX | 1.00000000 | 0.81250000 | |
| 11282 | SNEED -B- | 17 | PARALLEL ENERGY LP | | 140601 | 42341322170000 | | | JOHNSON, M | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11276 | SNEED -B- | 1003 | PARALLEL ENERGY LP | | 024420 | 42341001380000 | 3 | M3 | OZIER, W R | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11283 | SNEED -B- | 2005 | PARALLEL ENERGY LP | | 024421 | 42341002190000 | | | JOHNSON, M | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11284 | SNEED -B- | 3006 | PARALLEL ENERGY LP | | 024422 | 42341002610000 | | | JOHNSON, M | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11285 | SNEED -B- | 4001 | PARALLEL ENERGY LP | | 024423 | 42341015690000 | | | JOHNSON, J S | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11286 | SNEED -B- | 5004 | PARALLEL ENERGY LP | | 024424 | 42341001480100 | | 4 | LINDSEY, O H | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11287 | SNEED -B- | 6001 | PARALLEL ENERGY LP | | 024425 | 42341015160000 | | | TT RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11288 | SNEED -B- | 7004 | PARALLEL ENERGY LP | | 024426 | 42341001490000 | 4 | | TT RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11289 | SNEED -B- | 8061 | PARALLEL ENERGY LP | | 024427 | 42341007500000 | 61 | 3 | G&M | MOORE | TX | 1.00000000 | 0.87500000 | |

| PARALLEL# | WELL NAME | WELL # | OPERATOR | WELL SATUS | RRC GAS/OIL ID | IHS API | SEC | BLK/TWP | SURVEY/ RANGE | COUNTY | STATE | WI | NRI | ORI |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11290 | SNEED -B- | 9R | PARALLEL ENERGY LP | | 027198 | 42341001570000 | 4 | | TT RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11244 | SNEED -B- | 1901R | PARALLEL ENERGY LP | SI | 180689 | 42341327280000 | 1 | | TT RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11245 | SNEED -B- | 2002R | PARALLEL ENERGY LP | | 181161 | 42341327290000 | | | JOHNSON, J S | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11246 | SNEED -B- | 2404R | PARALLEL ENERGY LP | | 180690 | 42341327300000 | | | LINDSEY, O H | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11291 | SNEED -C- | 1000 | PARALLEL ENERGY LP | | 024428 | 42341015530000 | 4 | GM3 | GRIFFITH, J | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11293 | SNEED -C- | 1129 | PARALLEL ENERGY LP | | 024438 | 42341005330000 | 29 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11294 | SNEED -C- | 2050 | PARALLEL ENERGY LP | | 024429 | 42341006470000 | 50 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11296 | SNEED -C- | 5040 | PARALLEL ENERGY LP | | 024432 | 42341006050100 | 40 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11395 | SNEED -C- | 6040 | PARALLEL ENERGY LP | | 266622 | 42341332120000 | 40 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11297 | SNEED -C- | 6048H | PARALLEL ENERGY LP | | 024433 | 42341006310000 | 48 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11298 | SNEED -C- | 7007 | PARALLEL ENERGY LP | | 024434 | 42341018000000 | 7 | M1 | MORRISON, L | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11299 | SNEED -C- | 8041 | PARALLEL ENERGY LP | | 024435 | 42341006080100 | 41 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11292 | SNEED -C- | 1049A | PARALLEL ENERGY LP | | 128914 | 42341320710000 | 49 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11295 | SNEED -C- | 4039A | PARALLEL ENERGY LP | | 035465 | 42341005970000 | 39 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11391 | SNEED -C- | 5039H | PARALLEL ENERGY LP | | 266909 | 42341331990000 | 39 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |

| PARALLEL# | WELL NAME | WELL # | OPERATOR | WELL SATUS | RRC GAS/OIL ID | IHS API | SEC | BLK/TWP | SURVEY/ RANGE | COUNTY | STATE | WI | NRI | ORI |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11300 | SNEED -C- | 9008B | PARALLEL ENERGY LP | | 167660 | 42341325530000 | 8 | M1 | MORRISON, L | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11254 | SNEED "C" | 9050R | PARALLEL ENERGY LP | | 178127 | 42341326780000 | 50 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11329 | SNEED K | 1047 | PARALLEL ENERGY LP | | 128680 | 42341320610000 | 47 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11247 | SNEED "C" | 1250R | PARALLEL ENERGY LP | | 178734 | 42341327130000 | 50 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11248 | SNEED "C" | 1350R | PARALLEL ENERGY LP | | 178732 | 42341327180000 | 50 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11249 | SNEED "C" | 1550R | PARALLEL ENERGY LP | | 180683 | 42341327310000 | 50 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11250 | SNEED "C" | 1650R | PARALLEL ENERGY LP | | 181020 | 42341327320000 | 50 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11373 | SNEED K | 2047 | PARALLEL ENERGY LP | | 265449 | 42341331730000 | 47 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11251 | SNEED "C" | 3049R | PARALLEL ENERGY LP | | 180703 | 42341327200001 | 49 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11252 | SNEED "C" | 4050R | PARALLEL ENERGY LP | | 156962 | 42341324500000 | 50 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |

| PARALLEL# | WELL NAME | WELL # | OPERATOR | WELL SATUS | RRC GAS/OIL ID | IHS API | SEC | BLK/TWP | SURVEY/ RANGE | COUNTY | STATE | WI | NRI | ORI |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11253 | SNEED "C" | 6050R | PARALLEL ENERGY LP | | 179337 | 42341324810001 | 50 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11324 | SNEED "D" | 6 | PARALLEL ENERGY LP | | 06577 | 42341320830000 | 70 | 3 | G&M | MOORE | TX | 1.00000000 | 0.83591660 | |
| 11325 | SNEED "D" | 7 | PARALLEL ENERGY LP | P&A | 06577 | 42341320850000 | 65 | 3 | G&M | MOORE | TX | 1.00000000 | 0.83591660 | |
| 11326 | SNEED "D" | 8 | PARALLEL ENERGY LP | | 06577 | 42341320820000 | 70 | 3 | G&M | MOORE | TX | 1.00000000 | 0.83591660 | |
| 11327 | SNEED "D" | 9 | PARALLEL ENERGY LP | P&A | 06577 | 42341320910000 | 70 | 3 | G&M | MOORE | TX | 1.00000000 | 0.83591660 | |
| 11301 | SNEED "D" | 10 | PARALLEL ENERGY LP | SI | 06577 | 42341320920000 | 70 | GM3 | G&M | MOORE | TX | 1.00000000 | 0.83591660 | |
| 11303 | SNEED "D" | 11 | PARALLEL ENERGY LP | SI | 06577 | 42341320970000 | 65 | 3 | G&M | MOORE | TX | 1.00000000 | 0.83591660 | |
| 11304 | SNEED "D" | 12 | PARALLEL ENERGY LP | SI | 06577 | 42341320960000 | 70 | 3 | G&M | MOORE | TX | 1.00000000 | 0.83591660 | |
| 11305 | SNEED "D" | 13 | PARALLEL ENERGY LP | SI | 06577 | 42341320980000 | 70 | 3 | G&M | MOORE | TX | 1.00000000 | 0.83591660 | |
| 11306 | SNEED "D" | 14 | PARALLEL ENERGY LP | P&A | 06577 | 42341321130000 | 65 | 3 | G&M | MOORE | TX | 1.00000000 | 0.83591660 | |

| PARALLEL# | WELL NAME | WELL # | OPERATOR | WELL SATUS | RRC GAS/OIL ID | IHS API | SEC | BLK/TWP | SURVEY/ RANGE | COUNTY | STATE | WI | NRI | ORI |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11307 | SNEED "D" | 15 | PARALLEL ENERGY LP | P&A | 06577 | 42341321120000 | 65 | 3 | G&M | MOORE | TX | 1.00000000 | 0.83591660 | |
| 11308 | SNEED "D" | 16 | PARALLEL ENERGY LP | SI | 06577 | 42341321110000 | 65 | 3 | G&M | MOORE | TX | 1.00000000 | 0.83591660 | |
| 11309 | SNEED "D" | 17 | PARALLEL ENERGY LP | P&A | 06577 | 42341321500000 | 65 | 3 | G&M | MOORE | TX | 1.00000000 | 0.83591660 | |
| 11310 | SNEED "D" | 18 | PARALLEL ENERGY LP | P&A | 06577 | 42341321190000 | 65 | 3 | G&M | MOORE | TX | 1.00000000 | 0.83591660 | |
| 11311 | SNEED "D" | 20 | PARALLEL ENERGY LP | SI | 06577 | 42341321460000 | 70 | 3 | G&M | MOORE | TX | 1.00000000 | 0.83591660 | |
| 11312 | SNEED "D" | 21 | PARALLEL ENERGY LP | SI | 06577 | 42341321470000 | 70 | 3 | G&M | MOORE | TX | 1.00000000 | 0.83591660 | |
| 11313 | SNEED "D" | 22 | PARALLEL ENERGY LP | SI | 06577 | 42341321170000 | 70 | 3 | G&M | MOORE | TX | 1.00000000 | 0.83591660 | |
| 11314 | SNEED "D" | 23 | PARALLEL ENERGY LP | P&A | 06577 | 42341321440000 | 70 | 3 | G&M | MOORE | TX | 1.00000000 | 0.83591660 | |
| 11315 | SNEED "D" | 24 | PARALLEL ENERGY LP | SI | 06577 | 42341321640000 | 70 | 3 | G&M | MOORE | TX | 1.00000000 | 0.83591660 | |
| 11316 | SNEED "D" | 25 | PARALLEL ENERGY LP | SI | 06577 | 42341321660000 | 70 | 3 | G&M | MOORE | TX | 1.00000000 | 0.83591660 | |

| PARALLEL# | WELL NAME | WELL # | OPERATOR | WELL SATUS | RRC GAS/OIL ID | IHS API | SEC | BLK/TWP | SURVEY/ RANGE | COUNTY | STATE | WI | NRI | ORI |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11317 | SNEED "D" | 26 | PARALLEL ENERGY LP | P&A | 06577 | 42341321650000 | 65 | 3 | G&M | MOORE | TX | 1.00000000 | 0.83591660 | |
| 11318 | SNEED "D" | 27 | PARALLEL ENERGY LP | P&A | 06577 | 42341321760000 | 65 | 3 | G&M | MOORE | TX | 1.00000000 | 0.83591660 | |
| 11319 | SNEED "D" | 28 | PARALLEL ENERGY LP | SI | 06577 | 42341321750000 | 65 | 3 | G&M | MOORE | TX | 1.00000000 | 0.83591660 | |
| 11320 | SNEED "D" | 29 | PARALLEL ENERGY LP | P&A | 06577 | 42341321840000 | 65 | 3 | G&M | MOORE | TX | 1.00000000 | 0.83591660 | |
| 11302 | SNEED -D- | 1070B | PARALLEL ENERGY LP | | 130814 | 423413209000000 | 70 | GM3 | G&M | MOORE | TX | 1.00000000 | 0.83591660 | |
| 11321 | SNEED "D" | 2A | PARALLEL ENERGY LP | | 06577 | 42341320570000 | 70 | 3 | G&M | MOORE | TX | 1.00000000 | 0.83591660 | |
| 11322 | SNEED "D" | 3A | PARALLEL ENERGY LP | | 06577 | 42341320580000 | 70 | 3 | G&M | MOORE | TX | 1.00000000 | 0.83591660 | |
| 11323 | SNEED -D- | 4065B | PARALLEL ENERGY LP | | 036086 | 423410076500000 | 65 | GM3 | G&M | MOORE | TX | 1.00000000 | 0.83591660 | |
| 11257 | SNEED E | 1006 | PARALLEL ENERGY LP | | 024534 | 42341002450000 | 6 | B10 | EL&RR RR CO | MOORE | TX | 1.00000000 | 0.83591530 | |
| 11371 | SNEED E | 2006H | PARALLEL ENERGY LP | | 265292 | 42341331700000 | 6 | B10 | EL&RR RR CO | MOORE | TX | 1.00000000 | 0.83591530 | |
| 11266 | SNEED F | 1037 | PARALLEL ENERGY LP | | 024545 | 42341005860000 | 37 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11269 | SNEED F | 1049 | PARALLEL ENERGY LP | | 132390 | 42341321370000 | 49 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11270 | SNEED F | 1050 | PARALLEL ENERGY LP | | 024550 | 42341006460000 | 50 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11258 | SNEED F | 1020A | PARALLEL ENERGY LP | | 132842 | 42341321360000 | 20 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |

| PARALLEL# | WELL NAME | WELL # | OPERATOR | WELL SATUS | RRC GAS/OIL ID | IHS API | SEC | BLK/TWP | SURVEY/ RANGE | COUNTY | STATE | WI | NRI | ORI |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11406 | SNEED F | 2020AH | PARALLEL ENERGY LP | | 267125 | 42341332310000 | 20 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11328 | SNEED INJ | 1W | PARALLEL ENERGY LP | | 085195 | 42341305650000 | | | BAZEMORE | MOORE | TX | 1.00000000 | 0.00000000 | |
| 11332 | SNEED J T | 1009A | PARALLEL ENERGY LP | | 035463 | 42341003130000 | 9 | M1 | MORRISON, L | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11333 | SNEED J T | 1045A | PARALLEL ENERGY LP | | 035462 | 42341006190000 | 45 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.83591530 | |
| 11393 | SNEED J T | 2009A | PARALLEL ENERGY LP | | 266536 | 42341332240000 | 9 | M1 | MORRISON, L | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11386 | SNEED JT | 2045AH | PARALLEL ENERGY LP | | 265555 | 42341331950000 | 45 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.83591530 | |
| 11330 | SNEED MS | 1023 | PARALLEL ENERGY LP | | 024439 | 42341004850000 | 23 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.83355370 | |
| 11331 | SNEED MS | 2031 | PARALLEL ENERGY LP | | 067595 | 42341302420000 | 31 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.83591660 | |
| 11255 | SNEED "N" | 1050 | PARALLEL ENERGY LP | SI | 06802 | 42341321830000 | 50 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11334 | STATE | 1006B | PARALLEL ENERGY LP | | 034467 | 42375003710000 | 105 | 46 | H&TC RR CO | POTTER | TX | 1.00000000 | 0.81250000 | |
| 11335 | STATE | 3007C | PARALLEL ENERGY LP | | 024552 | 42375004110000 | 62 | 47 | H&TC RR CO | POTTER | TX | 1.00000000 | 0.81250000 | |
| 11336 | STATE | 6002A | PARALLEL ENERGY LP | | 035067 | 42341006600000 | 51 | 47 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11337 | STATE -A- | A1 | PARALLEL ENERGY LP | | 035252 | 42341008520000 | 96 | 46 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11338 | STATE -A- | A2 | PARALLEL ENERGY LP | | 035228 | 42341006590000 | 51 | 47 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11339 | STATE -A- | A3 | PARALLEL ENERGY LP | | 035229 | 42341006330000 | 48 | 47 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |

| PARALLEL# | WELL NAME | WELL # | OPERATOR | WELL SATUS | RRC GAS/OIL ID | IHS API | SEC | BLK/TWP | SURVEY/ RANGE | COUNTY | STATE | WI | NRI | ORI |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11340 | STATE CR | 404B | PARALLEL ENERGY LP | | 141799 | 42375313770000 | 55 | 46 | H&TC RR CO | POTTER | TX | 1.00000000 | 0.81250000 | |
| 11341 | STATE CR | 503B | PARALLEL ENERGY LP | | 147507 | 42341322360000 | 53 | 46 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.84182700 | |
| 11342 | STATE CR | 701B | PARALLEL ENERGY LP | | 150682 | 42341323340000 | 51 | 47 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11344 | STATE WRIGHT | 205-A | PARALLEL ENERGY LP | | 146919 | 42375314020100 | 101 | 46 | H&TC RR CO | POTTER | TX | 1.00000000 | 0.84230300 | |
| 11343 | STATE WRIGHT A | 1R | PARALLEL ENERGY LP | | 027205 | 42375003570000 | 102 | 46 | H&TC RR CO | POTTER | TX | 1.00000000 | 0.84230300 | |
| 11477 | STRECKER | 1-15H | WICKLUND PETROLEUM | | | 35047245270000 | 15 | 23N | 4W | GARFIELD | OK | 0.20401860 | 0.15709000 | |
| 11346 | THOMPSON A | 1027 | PARALLEL ENERGY LP | | 024559 | 42341005190000 | 27 | 44 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.89930600 | |
| 11347 | THOMPSON | 1063 | PARALLEL ENERGY LP | | 024560 | 42341007600000 | 63 | 44 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.76125000 | |
| 11348 | THOMPSON | 1163R | PARALLEL ENERGY LP | | 178190 | 42341327090000 | 63 | 44 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.76125000 | |
| 11349 | THOMPSON | 263R | PARALLEL ENERGY LP | | 154565 | 42341323950000 | 63 | 44 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.76125000 | |
| 11350 | THOMPSON | 3063R | PARALLEL ENERGY LP | | 177732 | 42341326900000 | 63 | 44 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.76125000 | |
| 11351 | THOMPSON | 4063R | PARALLEL ENERGY LP | | 177733 | 42341326920000 | 63 | 44 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.76125000 | |

| PARALLEL# | WELL NAME | WELL # | OPERATOR | WELL SATUS | RRC GAS/OIL ID | IHS API | SEC | BLK/TWP | SURVEY/ RANGE | COUNTY | STATE | WI | NRI | ORI |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11352 | THOMPSON | 5063R | PARALLEL ENERGY LP | | 178128 | 42341326910000 | 63 | 44 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.76125000 | |
| 11353 | THOMPSON | 6063R | PARALLEL ENERGY LP | | 178184 | 42341327080000 | 63 | 44 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.76125000 | |
| 11354 | THOMPSON | 7063R | PARALLEL ENERGY LP | | 178282 | 42341327120000 | 63 | 44 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.76125000 | |
| 11355 | THOMPSON | 8063R | PARALLEL ENERGY LP | | 178186 | 42341327110000 | 63 | 44 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.76125000 | |
| 11345 | THOMPSON B | 1025A | PARALLEL ENERGY LP | | 157028 | 42341324240000 | 25 | 44 | H&TC RR CO | MOORE | TX | 1.00000000 | 0.81500000 | |
| 11481 | TRAPEZE | 1-24H | WFD | | | 35067210330000 | 24 | 5S | 5W | JEFFERSON | OK | 0.38416670 | 0.30432170 | |
| 11462 | VAUGHN | 1-16H | WICKLUND PETROLEUM | | | 35047247770000 | 16 | 23N | 4W | GARFIELD | OK | 0.51000000 | 0.39270000 | |
| 11356 | WALKER A | 1005 | PARALLEL ENERGY LP | | 024561 | 42341017700100 | 5 | M1 | SADLER, A H | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11357 | WALKER A | 1006 | PARALLEL ENERGY LP | | 024562 | 42341002590100 | 6 | M1 | SADLER, A H | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11438 | WALL | E3 | PARALLEL ENERGY LP | | 023038 | 42179072130000 | 161 | 3 | I&GN | GRAY | TX | 0.92500000 | 0.80087500 | 0.00850000 |
| 11358 | WEYMOUTH MS | 1001 | PARALLEL ENERGY LP | | 024440 | 42341018650000 | 45 | 3 | G&M | MOORE | TX | 1.00000000 | 0.81250000 | |
| 11359 | WEYMOUTH MS | 2007 | PARALLEL ENERGY LP | | 024441 | 42341016010000 | 7 | | MASTERSON, R B | MOORE | TX | 1.00000000 | 0.81250000 | |
| 11360 | WEYMOUTH MS | 4005 | PARALLEL ENERGY LP | SI | 024443 | 42341016000000 | 5 | | MASTERSON, R B | MOORE | TX | 1.00000000 | 0.81250000 | |
| 11361 | WEYMOUTH MS G | 11D | PARALLEL ENERGY LP | | 024444 | 42375004100000 | | | DANCER IG | POTTER | TX | 1.00000000 | 0.81250000 | |

| PARALLEL# | WELL NAME | WELL # | OPERATOR | WELL SATUS | RRC GAS/OIL ID | IHS API | SEC | BLK/TWP | SURVEY/ RANGE | COUNTY | STATE | WI | NRI | ORI |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11362 | WEYMOUTH MS S | 3F | PARALLEL ENERGY LP | file://C:\ Users\c ournoyt\ | 024442 | 42341004540000 | 47N | 3 | G&M | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11439 | WINEINGER-MERRICK | 1 | PARALLEL ENERGY LP | | 023040 | 42179004530000 | 22 | | HILL D B | GRAY | TX | 0.92500000 | 0.80087500 | 0.00850000 |
| 11364 | ZOFNESS | 2055 | PARALLEL ENERGY LP | | 024564 | 42341006870000 | 55 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |
| 11363 | ZOFNESS | 1055A | PARALLEL ENERGY LP | | 132843 | 42341321400000 | 55 | 6T | T&NO RR CO | MOORE | TX | 1.00000000 | 0.87500000 | |

**Schedule 1B to EXHIBIT A**

**<u>OFF-LEASE FACILITIES</u>**

Carson - Carson Office/Burnett Main Facility
Carson - A Booster Station
Carson - B Booster Station
Carson - C Booster Station
Carson - E Booster Station
Carson - Johnson Booster Station

Sneed - Sneed Office / Sneed Main Gathering Facility
Sneed - Zofness Booster Station
Sneed - Snow Booster (inactive)
Sneed – King Sneed (inactive)

Fritch Office/Yard (inactive except for SCADA tower)

SCADA towers:

      Sneed Tower at Sneed office
      Zofness Tower – Zofness Booster Station
      Bennet A1R Tower at Bennet A1R well location
      Fritch Tower at Fritch office
      Burnett Main Tower at Burnett Main Compressor Station
      Skellytown Tower 3.5 miles south of Skellytown (GTP leased tower site)
      Borger Tower on top of ConocoPhillips Building in Borger

**Schedule 2 to EXHIBIT A**

## PERMITS, EASEMENTS AND SURFACE RIGHTS

## CARSON COUNTY TX

### RW043352 / 000

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| ALLENE ROGERS | CONOCO INC. | 6/3/1994 | 265 | 273 | 1484 | | SEC 16, BLK S, H&GN SURV.  SEC 8, BLK 5, B&B SURV. |
| | | | | | | | BENNETT# 2 & #3 ELECTRIFICATION. |

### RW043354 / 000

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| SANFORD TEXAS RANCH INC. | CONOCO INC. | 5/23/1994 | 265 | 277 | 1485 | | SEC 4; SEC 5; SEC 6; SEC 7; SEC 8, BLK S, H&GN SURV. SEC |
| | | | | | | | 16; SEC 17; SEC 18; SEC 19, BLK 3, AB&N SURV. |
| | | | | | | | FUQUA 1, 2, 3, 4, 6, 7, 8, AND J.B. MOORE #1 |
| | | | | | | | ELECTRIFICATION |

### RW043516 / 000

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| WALTON POLING | CONOCO INC. | 7/18/1994 | 265 | 175 | 1452 | | SEC 28, BLK Y2, TCRR SURV. J. M. POLING #1 |
| | | | | | | | ELECTRIFICATION. |

### RW043522 / 000

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| SANFORD TEXAS RANCH INC. | CONOCO INC. | 8/1/1994 | 265 | 172 | 1451 | | SEC 5 BLK 3, AB&M SURV.  G. W. DEAHL #8. |

### RW043585 / 000

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| CLYDE AND MARY BENNETT TRUST | CONOCO INC. | 8/29/1994 | 265 | 284 | 1486 | | SEC 2; SEC 3; SEC 6, BLK 5, B&B SUR. G.W. DEAHL #1 & |
| | | | | | | | BENNETT #1R ELECTRIFICATION. |

### RW043615 / 000

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| F. W. DEAHL TRUST | CONOCO INC. | 9/15/1994 | 265 | 450 | 1579 | | SEC 25, BLK 2, GB&CNG SURV. SEC 2; SEC 3; SEC 4, H&GN |
| | | | | | | | SURV. SEC 4, BLK 5, B&B SURV. G. W. DEAHL #2, #5, #6, #7 |
| | | | | | | | ELECTRIFICATION. |

### RW043683 / 000

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| J. J. CRUTCHFIELD, ETUX | KANSAS TEXAS PIPE LINE CO. | 8/13/1927 | 40 | 571 | | | N/2 OF SECS 37 & 38, BLK 4, I&GNRR CO SURVEY. SAID |
| | | | | | | | TELEPHONE AND TELEGRAPH LINE TO BE LOCATED APPROXIMATELY |
| | | | | | | | 30 FEET SOUTH OF AND PARALLEL TO THE NORTH LINE OF |
| | | | | | | | SECTIONS 37 & 38. |

### RW043940 / 000

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| WILLARD REEVES, ET AL | CONOCO INC. | 10/19/1994 | 266 | 422 | 1843 | | NORTH 160 ACRES OF S/2 OF SEC. 6, BLOCK 3, A. B. & M. |
| | | | | | | | SURVEY.    G. W. DEAHL #8. |

### RW043942 / 000

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| ADDIS CHARLES, JR., ET AL | CONOCO INC. | 5/20/1994 | 265 | 263 | 1482 | | SEC 14; SEC 15; SEC 17; SEC 18, BLK S, H&GN SURV. SEC |
| | | | 265 | 268 | 1483 | | 15; SEC 20, BLK 3, A&BM SURV. |
| | | | | | | | G. W. DEAHL 3, 4, 9, 10 & H.T. DEAHL 1 & 2 |
| | | | | | | | ELECTRIFICATION. |

### RW043953 / 000

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| MATTIE CRUTCHFIELD | CITIES SERVICE GAS COMPANY | 4/8/1957 | 104 | 630 | 413 | | N/2 SEC 38, BLK 4, I&GN RR SUR. |

**RW043954 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| MATTIE CRUTCHFIELD | CITIES SERVICE GAS COMPANY | 12/9/1958 | 111 | 354 | | | N/2 SEC 38, BLK 4, I&GN RR CO SUR. |

**RW043960 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| EST OF S. B. BURNETT, DEC'D, ETAL | CITIES SERVICE GAS CO. | 10/13/1970 | 149 | 111 | 995 | | ONE 8 INCH PIPE LINE SHALL BE OVER AND THROUGH SEC 34 |
| | | | | | | | AND 35, BLK 5, I&GNRR SURVEY;   ONE 16 INCH PIPE LINE |
| | | | | | | | SHALL BE OVER AND THROUGH SEC 36, 37, 38, 39, 40, 41, |
| | | | | | | | 42, 43, 44, BLK 5, I&GNRR SURVEY. |

**RW043964 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| TEXAS HIGHWAY DEPARTMENT | CITIES SERVICE GAS COMPANY | 8/12/1970 | | | | NOT REC | A 16" NATURAL GAS PIPE LINE CROSSING TEXAS HWY 207 AT A |
| | | | | | | | PT 710 FT SOUTHERLY MEASURED ALONG THE CNTRLN OF SAID |
| | | | | | | | HIGHWAY FROM THE N SEC LN OF SEC 39, BLK 5, I&GNRR SURVEY. |

**RW043966 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| PANHANDLE AND SANTA FE RAILWAY CO | CITIES SERVICE GAS COMPANY | 9/12/1929 | | | | NOT REC | 219.8 FT OF 16 IN E IRON PIPE GAS LINE ENTERING THE ROW |
| | | | | | | | OPPOSITE MP 15 PLUS 1855.9 FT CROSSING UNDER THE CENTER |
| | | | | | | | LINE OF RR MAIN TRACK AT MP 15 PLUS 1899.0 FT AT AN |
| | | | | | | | ANGLE OF 66 DEG 40 MIN AND LEAVING THE ROW OPPOSITE MP |
| | | | | | | | 15 PLUS 1742.1 FT |

**RW043973 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Atchison, Topeka & Santa Fe Railway | Cities Service Gas Company | 9/8/1970 | | | | Not recorded | One natural gas pipeline at/near McBride Station in NE |
| | | | | | | | Sec 34, Block 5, I&GNRR Survey. |

**RW043977 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| GARLAND S. SANFORD | CITIES SERVICE GAS COMPANY | 10/8/1942 | 74 | 266 | 695 | | SEC 7, BLK S, H&GNRR SURV. |

**RW044068 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| J. J. CRUTCHFIELD | CITIES SERVICE GAS COMPANY | 11/13/1928 | 45 | 562 | | | SEC 29; SEC 38, BLK 4. |

**RW044069 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| WHITE DEER INVESTMENT COMPANY | CITIES SERVICE GAS COMPANY | 7/28/1937 | 64 | 163 | | | SE SEC 51, BLK 4, I&GN SUR. |

**RW044070 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| GLADYS O'NEAL, ETVIR | CITIES SERVICE GAS COMPANY | 3/10/1952 | 91 | 257 | | | SE SEC 51, BLK 4, I&GN SUR. |

**RW044071 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| THE TEXAS COMPANY | CITIES SERVICE GAS COMPANY | 8/3/1937 | 64 | 162 | | | N/2 SEC 51, SEC 52, SEC 59, BLK 4, I&GN SUR. |

**RW044072 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| BERTHA ELLER | CITIES SERVICE GAS COMPANY | 12/14/1961 | 120 | 561 | | | 4 INCH PL TO ENTER NE SEC 9, BLK 7, I&GN SUR, APPROX 308 |
| | | | | | | | FT W OF NE/C OF NE; THENCE RUNNING IN A SOUTHERLY |
| | | | | | | | DIRECTION AND LEAVING SAID NE APPROX 298 FT W OF THE E |
| | | | | | | | 1/4 CORNER. |

**RW044075 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| LINNIE BROWN | CITIES SERVICE GAS COMPANY | 12/14/1961 | 120 | 562 | | | 4" PL TO ENTER SE SEC 9, BLK 7, I&GN SUR, APPROX 298 FT |
| | | | | | | | W OF E 1/4 CORNER; THENCE RUNNING IN A SOUTHERLY |
| | | | | | | | DIRECTION AND LEAVING SAID SE APPROX 288 FT W OF SE/C OF |
| | | | | | | | SAID SE. |

**RW044076 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| J. M. SANFORD, ETUX | CITIES SERVICE GAS COMPANY | 9/19/1929 | 48 | 499 | | | NE SEC 3, BLK 5. |

**RW044085 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| ANNE BURNETT WINDFOHR, ETAL | WILLIAMS NATURAL GAS COMPANY | 3/11/1993 | 258 | 224 | 839 | | A TR OF LAND IN NW SEC 3, BLK 5, I&GN RR CO SURV DESC |
| | | | | | | | AS: BEG 941 FT S & 2706 FT E FROM NW/C SEC 3; S 78 DGS |
| | | | | | | | 40' E 25 FT; S 11 DGS 20' W 25 FT; N 78 DGS 40' W 25 FT; |
| | | | | | | | N 11 DGS 20' E 25 FT TO POB. |

**RW044088 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| GARLAND S. SANFORD | CITIES SERVICE GAS COMPANY | 5/29/1942 | 73 | 544 | | | SEC 7; SEC 9; SEC 11; SEC 12, BLK S, H&GNRR SUR. |

**RW044092 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| EST OF S. B. BURNETT, ETAL | CITIES SERVICE GAS COMPANY | 10/4/1972 | 155 | 320 | | | ONE 4 1/2" PIPE LINE IN SEC 100, BLK 5, I&GN RR SURV. |

**RW044094 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| PANHANDLE AND SANTA FE RAILWAY CO | CITIES SERVICE GAS COMPANY | 9/6/1929 | | | | NOT REC | ONE 8 INCH WROT IRON PIPE GAS LINE ON THE PROPERTY OF |
| | | | | | | | PANHANDLE AND SANTA FE RAILWAY COMPANY, ENTERING THE |
| | | | | | | | PROPERTY OPPOSITE MP 20 PLUS 4775.0 FT, CROSSING UNDER |
| | | | | | | | THE CENTER LINE OF SAID RAILWAY COMPANY'S MAIN TRACK |
| | | | | | | | OPPOSITE MP 20 PLUS 4730.0 FT, AT AN ANGLE OF 62 DEG AND |
| | | | | | | | 30 MIN, AND LEAVING THE PROPERTY OPPOSITE MP 20 PLUS |
| | | | | | | | 4677.0 FT. |

**RW044098 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| PANHANDLE AND SANTA FE RAILWAY CO | CITIES SERVICE GAS COMPANY | 10/7/1930 | | | | NOT REC | ONE 16 INCH STEEL GAS LINE ON PROPERTY OF PANHANDLE AND |
| | | | | | | | SANTA FE RAILWAY CO, ENTERING THE R-O-W OPPOSITE MP 17 |
| | | | | | | | PLUS 1144.1 FT, CROSSING UNDER THE CENTER LINE OF SAID |
| | | | | | | | RAILWAY COMPANY'S MAIN TRACK AT MP 17 PLUS 1194.4 FT AT |
| | | | | | | | AN ANGLE OF 56 DEG AND 9 MINUTES AND LEAVING THE R-O-W |
| | | | | | | | OPPOSITE MP 17 PLUS 1244.7 FT. |

**RW044100 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| A. F. BENNETT, ETUX | CITIES SERVICE GAS COMPANY | 7/23/1931 | 55 | 538 | | | SW SEC 6, BLK 5, B&B SUR. |

**RW044101 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| CHAPMAN ESTATE | CITIES SERVICE GAS COMPANY | 10/3/1972 | 155 | 233 | 1235 | | NE SEC 7, AB&M SUR, BLK 3. |

**RW044102 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|-----|-----|----------|---------|-------------------|
| GARLAND S. SANFORD | TEXOMA NATURAL GAS COMPANY | 1/14/1949 | 85 | 156 | 135 | | SEC 4, BLK 3, AB&M SUR. |

**RW044103 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|-----|-----|----------|---------|-------------------|
| F. W. DEAHL, ETUX | TEXOMA NATURAL GAS COMPANY | 1/17/1949 | 85 | 154 | | | NE SEC 3; NW SEC 4, H&GN SUR. |

**RW044105 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|-----|-----|----------|---------|-------------------|
| CHICAGO PACIFIC CORPORATION | NORTHWEST CENTRAL PIPELINE CORP | 12/19/1984 | 212 | 665 | 72 | | 8 INCH GAS PIPELINE IN SEC 3, H&GNRR CO SUR, MP 33+5319.9, DEAL, TX. |

**RW044106 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|-----|-----|----------|---------|-------------------|
| ANNE BURNETT WINDFOHR, ETAL | WILLIAMS NATURAL GAS COMPANY | 1/27/1992 | 252 | 829 | 778 | | SEC 11, BLK 4, I&GN RR CO SUR. |

**RW044111 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|-----|-----|----------|---------|-------------------|
| CARSON COUNTY FEEDYARDS INC. | WILLIAMS NATURAL GAS COMPANY | 11/19/1991 | 250 | 140 | 1846 | | NE SEC 11, BLK 7, I&GN SURV. |

**RW044112 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|-----|-----|----------|---------|-------------------|
| C. S. SIEBER, ETUX | CITIES SERVICE GAS COMPANY | 11/16/1933 | 57 | 578 | | | SEC 10, BLK 7, I&GN SURV. |

Schedule 2 to Exhibit A

**RW044113 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| C. S. SEIBER, ETUX | CITIES SERVICE GAS COMPANY | 12/15/1934 | 56 | 642 | | | SEC 10, BLK 7, I&GN SURV. |

**RW044114 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| C. S. SEIBER, ETUX | CITIES SERVICE GAS COMPANY | 11/25/1935 | 62 | 11 | | | SW SEC 10, BLK 7, I&GN SURV. |

**RW044116 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Sanford Texas Ranch Inc | Cities Service Gas Company | 9/3/1970 | 148 | 691 | 884 | | TRACT IN SW SEC 5, H&GN RR SUR, BLK S BEG AT SW/C OF SEC |
| | | | | | | | 5; THENCE N ALONG THE W SEC LINE 380 FT; THENCE E 330 |
| | | | | | | | FT; THENCE S PARALLEL TO THE W SEC LINE 380 FT TO S SEC |
| | | | | | | | LINE; THENCE W ALONG S SEC LN 330 FT TO THE POB, CONT |
| | | | | | | | APPROX 2.88 ACS. |
| | | | | | | | BURNETT COMPRESSOR SITE WEST. |

**RW044118 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Mary Couts Burnett Trust Et Al | Cities Service Gas Company | 10/13/1970 | 149 | 166 | 1019 | | MISCELLANEOUS LEASE FOR E. BURNETT BOOSTER STATION ON A |
| | | | | | | | POINT OF SEC 35, BLK 5, I&GN RR SURVEY. |

**RW044123 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Mary Couts Burnett Trust Et Al | Cities Service Gas Company | 10/13/1970 | 149 | 171 | 1020 | | MISCELLANEOUS LEASE ON A TRACT IN PORTIONS OF SEC 44; |
| | | | | | | | SEC 45, BLK 5, I&GN RR SURVEY. |

**RW044129 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| W. E. CONNELL, EXEC & TR, ETAL | CITIES SERVICE GAS COMPANY | 2/16/1932 | 55 | 544 | | | NW SEC 76; E/2 E/2 SEC 77; E/2 NW SEC 35; NE SEC 54 ALL |
| | | | | | | | IN BLK 4 I&GN RR SUR; NW SEC 20; W/2 SW SEC 20; NW SEC |
| | | | | | | | 39; NW SEC 38; ALL OF SEC 79; ALL OF SEC 97; NE SEC 96; |
| | | | | | | | NW SEC 34; ALL OF SEC 60; S/2 SEC 84 ALL IN BLK 5, I&GN |
| | | | | | | | RR SUR. |

**RW044132 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| DOLLY WHISENANT | TEXOMA NATURAL GAS COMPANY | 1/17/1949 | 85 | 155 | 134 | | SEC 2; SEC 3, BLK 3, A&BM SUR. |

**RW044133 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| BOARD OF COUNTY COMMISSIONERS | KANSAS-TEXAS PIPELINE COMPANY | 10/11/1927 | | | | NOT REC | AUTHORIZATION TO CROSS/USE/OCCUPY ALL OF THE SEC LINES, |
| | | | | | | | HIGHWAYS AND PUBLIC ROADS IN SEC 185; SEC 201, BOTH IN |
| | | | | | | | BLK 3, I&GN RR CO SURV.  SEC 44; SEC 43; SEC 34, ALL IN |
| | | | | | | | BLK 4, I&GN RR CO SURV. SEC 37; SEC 44, BLK 5, I&GN RR |
| | | | | | | | CO SURV. SEC 46; SEC 43; SEC 42; SEC 41; SEC 40; SEC 39; |
| | | | | | | | SEC 38; SEC 37; SEC 36; SEC 35; SEC 34; SEC 44. 16" & 20". |

**RW047206 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Mattie Crutchfield | Cities Service Gas Company | 4/8/1957 | 105 | 28 | | | METER & REGULATOR LEASE DESC AS: BEG AT A PT APPROX 62 |
| | | | | | | | FT S OF NW/C OF SEC 38, BLK 4, I&GN RR CO SURV; S 75 |
| | | | | | | | FT; E 50 FT; N 75 FT; W 50 FT TO POB. |

**RW050079 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| F. W. DEAHL TRUST | CONOCO INC. | 5/9/1997 | 282 | 717 | 1663 | | SEC 23, BLK Y-2, TTRR SURV; SEC 3, H&GN RR SURV. DEAHL |
| | | | | | | | #3 TO DEAHL #11 P/L. |

**RW050133 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| CLYDE AND MARY BENNETT TRUST | CONOCO INC. | 1/27/1997 | 284 | 586 | | | SEC 6, BLK 5, B&B SURV. BENNETT #1R. |

**RW071528 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Anne Burnett Windfohr, et al | Conocophillips Company | 10/18/2004 | 399 | 91 | | | Section 56 & 77, Block 4, I&GN RR Co Survey, and Section |
| | | | | | | | 66, Block 5, I&GN RR Co Survey  Carson County, Texas. |

**RW077522 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Mary Miles Batson, et al | Anadarko Production Company, et al | 9/28/1964 | 1001 | 140 | | | Sec 11, Blk Y-2, B&B Survey; Sec 15, Blk Y-2, GB&CN RR |
| | | | 132 | 391 | | | Co Survey; Secs 43 and 46, Blk M-20, G&M Survey; J L |
| | | | | | | | Summer Survey, all in Carson County, and |
| | | | | | | | Secs 42, 43, 46, 33, 36, 38, 16, Blk M-20, G&M Survey; J |
| | | | | | | | L Summer Survey; Sec 15, Blk 2, GB&CN RR Co Survey; Sec |
| | | | | | | | 5, W T Palmer Survey, Potter County, |
| | | | | | | | and |
| | | | | | | | That portion of the following Sections not condemned by |
| | | | | | | | the USA for the Sanford Dam Project being Secs 40, 41, |
| | | | | | | | 39, 31, 15, Blk M-20, G&M Survey; Secs 101 and 103, Blk |
| | | | | | | | 46, H&TC RR Co Survey. |

**RW077524 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Miles G Bivins, et al | Texas Interstante Pipe Line Comapny | 7/28/1930 | 209 | 530 | | | Secs 39, 38, 33, 31, 15 and 16, Blk 20, G&M; Sec 5, |
| | | | | | | Unknown | W T Palmer Survey; Secs 103 and 105, Blk 46, H&TC, |
| | | | | | | | all in Potter County, Texas; and Sec 88, Blk 46, H&TC, |
| | | | | | | | Hutchinson County, Texas; and Sec 43, Blk 20, G&M, |
| | | | | | | | Carson and Potter Counties. |

**RW077538 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Garland S Sanford Estate | Panhandle Eastern Pipe Line Company | 5/15/1937 | | | | Unknown | NW Sec 3, Blk S, H&GN RR Survey. |

**RW077539 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| J M Sanford Estate | Panhandle Eastern Pipe Line Company | 1/11/1967 | | | | Unknown | W2 Sec 13, Blk 3, AB&M Survey. |

**RW077540 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| E S Poling Estate | Panhandle Eastern Pipe Line Company | 7/14/1930 | | | | Unknown | Sec 24, Blk Y-2, E S Poling Survey. |

**RW077541 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| J M Poling | Panhandle Eastern Pipe Line Company | 3/21/1952 | | | | Unknown | N2 Sec 22, Blk Y-2, TT RR Survey. |

**RW077542 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Lee Walton Poling | Panhandle Eastern Pipe Line Company | 3/16/1961 | | | | Unknown | S2 Sec 22, Blk Y-2, TT RR Survey. |

**RW077557 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| J M Poling et ux | Panhandle Eastern Pipe Line Company | 4/17/1951 | 89 | 537 | | | Secs 22 and 24, Block Y-2, TT RR Survey. |

## RW077600 / 000

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Lee Walton Poling, et ux | Panhandle Eastern Pipeline Company | 8/30/1978 | | | | Unknown | Section 26, Blk Y-2, TT RR Co Survey |

## RW077601 / 000

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Mary Miles Batson, et al | Panhandle Eastern Pipe Line Company | 7/9/1975 | 1251 | 800 | 416667 | | E2 Sec 46, Gunter and Munson Survey, Blk M-20, Carson |
| | | | 164 | 574 | 831 | | and Potter County, Texas. |

## RW077602 / 000

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| A F Bennett, et ux | Panhandle Eastern Pipeline Company | 3/25/1950 | 87 | 250 | | | Section 6, Blk 5, B&B Survey |

## RW077603 / 000

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| J M Poling, et ux | Panhandle Eastern Pipeline Company | 3/23/1950 | 87 | 251 | | | All of Sections 27, 28 and 29, Blk Y-2, TC RR Co |
| | | | | | | | Survey |

## RW077604 / 000

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Mary Miles Batson, et vir | Panhandle Eastern Pipe Line Company | 3/24/1950 | 495 | 537 | | | Sec 46, Gunter and Munson Survey, Blk M-20, Carson and |
| | | | 87 | 253 | | | Potter County, Texas |

## RW077605 / 000

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Anne Clifton Summers | Panhandle Eastern Pipeline Company | 3/23/1950 | | | | unknown | Section 1, Certificate #8F-12207 J L Summers Original |
| | | | | | | Unknown | Grantee, Carson & Potter Co, Texas |

## RW077606 / 000

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| S B Burnett Estate, et al | Panhandle Eastern Pipeline Company | 1/6/1978 | 174 | 686 | 185 | | All that part of Section 132, Blk 5, I&GN Survey, being |
| | | | 436 | 291 | 182955 | | in Hutchinson County, Texas; and All Sections 107, 108, |
| | | | | | | | 109, 112, 131 and All that part of Section 132, Blk 5, |
| | | | | | | | I&GN Survey, being in Carson County, Texas |

### RW077609 / 000

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| Chapman Estate | Panhandle Eastern Pipeline Company | 3/6/1979 | 179 | 598 | 414 | | A part of the E2 Sec 7, AB&M Survey, Blk 3, and to |
| | | | | | | | include the 50 ft x 50 ft meter site, subject to |
| | | | | | | | easements of record.  Said right of way and meter site |
| | | | | | | | to be laid along the west property line and along the |
| | | | | | | | south property line of the land, all as shown on the |
| | | | | | | | attached plat. |

### RW077610 / 000

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| Sanford Texas Ranch, Inc | Panhandle Eastern Pipeline Company | 5/14/1982 | 194 | 4 | 1041 | | Section 4, Blk 3, AB&M Survey |

### RW077612 / 000

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| F W Deahl, et ux | Panhandle Eastern Pipeline Company | 11/9/1960 | 118 | 289 | | | Section 21, Blk Y-2, AB&M Survey and Section 23, Blk Y- |
| | | | | | | | 2, TT RR Co Survey |

### RW077614 / 000

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| Tom L And Ann Burnett Trust, et al | Panhandle Eastern Pipeline Company | 6/10/1977 | 172 | 359 | | | SE Sec 94, W2 Sec 93, Blk 5, I&GN Survey. |

**RW077616 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| E S Poling Estate | Panhandle Eastern Pipeline Company | 7/19/1930 | 53 | 338 | | | Section 24, Blk Y25, BB Wright Survey |

**RW077617 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| E S Poling Estate | Panhandle Eastern Pipeline Company | 11/29/1930 | 54 | 350 | | | Section 22, 24, 26 and 27, Blk Y25, BB Wright Survey |

**RW077618 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Mrs O O Davis | Panhandle Eastern Pipeline Company | 10/13/1932 | 56 | 377 | | | SW Section 5, B&B, Blk 5 |

**RW077619 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| A F Bennett | Panhandle Eastern Pipeline Company | 5/27/1931 | 54 | 506 | | | NW Section 6, Blk 5, B&B Survey |

**RW077620 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| S B Burnett Estate, et al | Panhandle Eastern Pipeline Company | 6/4/1973 | 157 | 580 | | | NW Sec 81, S2 Sec 80, N2, SE Sec 79, and the S2, NW Sec |
| | | | | | | | 99, all in Blk 5, I&GN Railway Company Survey. |

**RW077621 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Frank W Deahl, et ux | Panhandle Eastern Pipeline Company | 4/23/1973 | 157 | 32 | 609 | | SW Section 8, Blk 3, AB&M (North) |
| | | | | | | | Burnett-Gayden #2 |

**RW077623 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Lee Walton Poling, et ux | Panhandle Eastern Pipeline Company | 7/11/1973 | 157 | 401 | 809 | | Section 22, Blk Y-2, AB&M Survey |
| | | | | | | | |

**RW077624 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Lee Walton Poling, et ux | Panhandle Eastern Pipeline Company | 4/4/1978 | 175 | 374 | 457 | | Section 22 and 24, Blk Y-2, TT RR Co Survey |
| | | | | | | | |

**RW077625 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| S B Burnett Estate, et al | Panhandle Eastern Pipeline Company | 3/15/1976 | 167 | 1 | | | NW Sec 119, NE, S2 Sec 120, NW Sec 101, NE, S2 Sec 100, |
| | | | | | | | NW Sec 99, all in Blk 5, I&GN RR Survey. |

**RW077626 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Julia Brown Moore, et vir | Panhandle Eastern Pipeline Company | 2/1/1949 | 85 | 236 | | | NE Section 8, Blk S, H&GN RR Co Survey |

**RW077627 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Sanford Texas Ranch, Inc | Panhandle Eastern Pipeline Company | 9/7/1976 | 169 | 309 | | | Section 3, Blk S, H&GN RR Co Survey |

**RW077629 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| S B Burnett Estate, et al | Panhandle Eastern Pipeline Company | 3/17/1977 | 171 | 226 | | | SE Sec 94, E2 Sec 83, all in Blk 5, I&GN RR Survey. |

**RW077650 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|-----|-----|----------|---------|-------------------|
| S B Burnett Estate et al | Panhandle Eastern Pipe Line Company | 2/13/1979 | 178 | 359 | 288 | | Secs 51, 60, 73 and 82, all in Block 5, I&GN Survey. |

**RW077651 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|-----|-----|----------|---------|-------------------|
| S B Burnett Estate et al | Panhandle Eastern Pipe Line Company | 2/13/1979 | 178 | 363 | 290 | | The W2 of Sec 84, N2 of Sec 83, all in Block 5, I&GN |
| | | | | | | | Survey; S2 Sec 94 in Block 5, I&GN Survey. |

**RW077652 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|-----|-----|----------|---------|-------------------|
| State Department of Highways and Public | Panhandle Eastern Pipe Line Company | 6/3/1975 | | | | Unrecorded | 12" natural gas pipe line crossing 1725 feet North and |
| | | | | | | | East of South boundary line of Sec 83, Blk 5, I&GN RR Survey. |

**RW077653 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|-----|-----|----------|---------|-------------------|
| State Department of Highways and Public | Panhandle Eastern Pipe Line Company | 7/20/1977 | | | | Unrecorded | 12" natural gas pipe line crossing 374' North and 1300' |
| | | | | | | | East of SW/C of Sec 94, Blk 5, I&GN Survey. |

**RW077654 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|-----|-----|----------|---------|-------------------|
| S B Burnett Estate et al | Panhandle Eastern Pipe Line Company | 2/13/1979 | 178 | 361 | 289 | | The SW Sec 88, NW Sec 67, N2 Sec 68, NE Sec 69, S2 Sec |
| | | | | | | | 86, S2 Sec 85, S2 of Sec 84, NW Sec 71, all in Blk 5, |
| | | | | | | | I&GN Survey. |

**RW077655 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|-----|-----|----------|---------|-------------------|
| J M Sanford Estate et al | Panhandle Eastern Pipe Line Company | 1/31/1938 | 66 | 10 | | | W2 Sec 13; NW Sec 16, Blk 3, AB&M Survey. |

**RW077656 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Anne W Phillips et al | Panhandle Eastern Pipe Line Company | 8/2/1982 | 196 | 246 | | | A portion of Secs 18 and 41, Blk 5 I&GN RR Survey. |

**RW077657 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| S B Burnett et al | Panhandle Eastern Pipe Line Company | 11/16/1979 | 182 | 257 | | | N2 Sec 18; SE Sec 27; all of Sec 26; SE of Sec 41; all |
| | | | | | | | in Blk 5 I&GN RR Co. Survey. |

**RW077658 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| State Department of Highways and Public | Panhandle Eastern Pipe Line Company | 10/10/1979 | | | | Unrecorded | 8" natural gas pipeline crossing 470' north and 750' |
| | | | | | | | west of the SE/C of Sec 27, I&GN RR Co. Survey. Blk 5. |

**RW077659 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| S B Burnett Estate et al | Panhandle Eastern Pipe Line Company | 5/19/1975 | 164 | 113 | | | The S2 of Secs 81, 82, and 83, and the SW of Sec 84, all |
| | | | | | | | in Block 5, I&GN RR Company Survey. |

**RW077660 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| The Atchinson, Topeka and Santa Fe RR | Panhandle Eastern Pipe Line Company | 6/19/1975 | | | | Unrecorded | At or near the station of McBride, Carson County, Texas |
| | | | | | | | the exact location of the pipe Line being more |
| | | | | | | | particularly shown by red coloring upon the print hereto |
| | | | | | | | attached, No. DEOA-9885 dated June 18, 1975, marked" |
| | | | | | | | Exhibit A". |

**RW077661 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| S B Burnett Estate | Panhandle Eastern Pipe Line Company | 7/22/1977 | 172 | 750 | 1073 | | N2 Sec 81, E2 Sec 62, W2 Sec 63; all of Sec 48; The E2 |
| | | | | | | | Sec 79; all of Sec 80; N2 Sec 82; SE Sec 95; S2 Sec 94; |
| | | | | | | | all of Sec 83; SW Sec 84; all of Sec 71; NE Sec 48; E2 |
| | | | | | | | of Sec 41; and the SW Sec 42; all in Block Five (5), |
| | | | | | | | I&GN Survey. |

**RW077662 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Alena Gayden | Texas-Interstate Pipe Line Co. | 6/12/1930 | 53 | 340 | | | Section 4, BS&F Survey. |

**RW077663 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| The Atchinson, Topeka and Santa Fe RR | Panhandle Eastern Pipe Line Company | 7/26/1977 | | | | Unrecorded | At or near the station of McBride, Carson County, Texas |
| | | | | | | | the exact location of the pipe Line being more |
| | | | | | | | particularly shown by red coloring upon the print hereto |
| | | | | | | | attached, No. X-1453 dated July 18, 1977, marked "Exhibit A". |

**RW077664 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| The Panhandle and Santa Fe Railway Co. | Panhandle Eastern Pipe Line Company | 2/6/1931 | | | | Unrecorded | 180.3' of 8" steel pipe natural gas line, entering the |
| | | | | | | | property of the Panhandle and Santa Fe Railway Company |
| | | | | | | | opposite MP 19 plus 3574' and crossing under the center |
| | | | | | | | line of the main track at an angle of 56 deg and 18 |
| | | | | | | | minutes at MP 19 plus 3624', and leaving the company's |
| | | | | | | | property opposite MP 19 plus 3674'. Said pipe line is to |
| | | | | | | | be constructed in accordance with Exhibit "B". |

**RW077665 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| C E Deahl | Panhandle Eastern Pipe Line Company | 10/22/1930 | 54 | 352 | | | Section 2, Block None, BS&F survey |

**RW077666 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| J M Sanford | Texas Interstate Pipe Line Company | 11/10/1930 | 54 | 351 | | | Sec 4, Block 3 AB&M Survey. |

**RW077667 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Anne W Phillips et al | Panhandle Eastern Pipe Line Company | 9/2/1982 | 196 | 237 | 1979 | | A portion of Section 97, 101, 102 in Block 5 I&GN RR |
| | | | | | | | Survey. |

**RW077668 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| S B Burnette Estate et al | Panhandle Eastern Pipe Line Company | 10/22/1937 | 78 | 17 | | | Sec 120, Blk 5, I&GN RR Company Survey, Carson County; |
| | | | | | | Unrecorded | Sec 123, Blk 5, I&GN RR Company Survey, Carson And |
| | | | | | | | Hutchinson County. |

**RW077669 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| C E Deahl | Texas-Interstate Piope Line Company | 6/12/1930 | 53 | 337 | | | Sec 2, BS&F Survey, Block None. |

**RW077670 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| S B Burnette Estate et al | Panhandle Eastern Pipe Line Company | 1/23/1931 | 54 | 353 | | | Sections 99, 98, 79, 80, 81, 82 and 83, Block 5, I&GN RR |
| | | | | | | | Co., Survey. |

**RW077671 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| S B Burnette et al | Panhandle Eastern Pipe Line Company | 11/14/1931 | 55 | 422 | | | Sec 78, Blk 5, I&GN RR Co. Survey |

**RW077756 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Anne Burnett Windfohr et al | Anadarko Gathering Co | 9/1/1994 | 265 | 502 | | | Sec 119, Block 5, I&GN Survey, tied to Burnett 2-119A. |

**RW077827 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Carson County | Panhandle Easter Pipe Line Company | 12/14/1980 | | | | Unrecorded | A pipe line across a public road or highway Sec 2, BS&F |
| | | | | | | | Survey and AB&M Blk 3, Sec 4 & 5, Carson County, Texas |

**RW077828 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Sanford Texas Ranch, Inc | Antioch Texas Gathering Company | 3/30/1990 | 241 | 416 | 788 | | Sec 12, Blk 3, A B & M Survey, Sanford 1-12A. |

**RW077829 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Sanford Texas Ranch, Inc | Antioch Texas Gathering Company | 3/30/1990 | 241 | 413 | 788 | | Section 16, Block 3, A B & M Survey, Carson County, |
| | | | | | | | Texas.  Sanford 1-16A. |

**RW077830 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Lee Walton Poling, et ux | Antioch Texas Gathering Company | 12/11/1991 | 250 | 232 | 1898 | | Sec 24, Block Y-2, AB&M Survey. |

**RW077831 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Lee Walton Poling, et ux | Antioch Texas Gathering Company | 1/2/1991 | 245 | 131 | 149 | | E2 Sec 22, Block Y-2, AB&M Survey. MS Poling 10-22 |
| | | | | | | | |

**RW077832 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Anne Burnett Windfohr, et al | Antioch Texas Gathering Company | 4/12/1990 | 241 | 404 | 786 | | Sec 79, Blk 5, IG&N Survey.  Burnett 1-79A |
| | | | | | | | |

**RW077835 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Sanford Texas Ranches, Inc | Anadarko Gathering Company | 11/14/1992 | 626 | 271 | | | NE Sec 5, Blk 3, A&BM RR Co Survey |
| | | | | | | | |

**RW077836 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Gregory N Lowery, et al | Anadarko Gathering Company | 11/28/1992 | 626 | 264 | | | 31.96 acres, M/L, in Sec 2, Blk 3, A&BM RR Co Survey, |
| | | | | | | | and being described as two tracts in that certain |
| | | | | | | | Warranty Deed dated Sept 29, 1986 recorded in Vol 222, |
| | | | | | | | Page 40 of the deed records of Carson County, Texas |

**RW077838 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| S B Burnett Estate, et al | Texas Interstate Pipe Line Company | 5/25/1931 | 55 | 516 | | | Sections 51, 60, 73, 82, 84, 85 and 86, Block 5, I&GN RR |
| | | | | | | | Co. Survey |

**RW077839 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Chicago, Rock Island and Pacific RR Co | Panhandle Easter Pipe Line Co | 6/4/1981 | 189 | 243 | | | Sec 1, BS&F Survey. |
| | | | | | | | |

**RW077840 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Chicago, Rock Island and Pacific RR Co | Panhandle Easter Pipe Line Company | 4/18/1951 | | | | Unrecorded | A 16" pipeline located at Engineer's chaining Station |
| | | | | | | | 1854+34.8 plus 35+5.1 Poles on the A.C.R. line of the |
| | | | | | | | Grantor, said pipe line is located 1.7 Miles East of |
| | | | | | | | Deal, Carson County, Texas, and crossing at an angle of |
| | | | | | | | 84 degrees and 08 minutes measured in the Northeast |
| | | | | | | | Quadrant, Section 1, BS&F RR Co. Survey. |

**RW077842 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| S B Burnett Estate, et al | Texas Interstate Pipe Line Company | 5/26/1931 | 55 | 517 | | | Sections 85, 92 and 107, Block 5, I&GN RR Co. Survey |
| | | | | | | | Burnett 1-108 Well |

**RW077844 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| S B Burnett Estate, et al | Panhandle Eastern Pipeline Company | 6/10/1977 | 172 | 357 | | | Sections 79, 80, & 97, Block 5, I&GN RR Co. Survey |

**RW077846 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| G D Milner, et ux | Panhandle Eastern Pipe Line Company | 3/28/1978 | 175 | 157 | | | S2 Sec 3, Blk 3, AB&M Survey, Carson & Hutchinson Co. |
| | | | | | | Unrecorded | |

**RW077847 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Lee Walton Poling, et ux | Panhandle Eastern Pipeline Company | 3/1/1978 | 175 | 38 | 279 | | E2 Sec 24, SE Sec 22, Blk Y-2, AB&M Survey |

**RW077849 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Lee Walton Poling, et ux | Panhandle Eastern Pipeline Company | 6/4/1975 | 164 | 179 | 615 | | Section 24 and 26, Blk Y-2, TT RR Co Survey |

**RW077919 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Anne Burnett et al | Antioch Texas Gathering Company | 11/6/1990 | 244 | 311 | 1848 | | Sec 60, Blk 5, I&GN Survey.  Burnett A 160 |

**RW077920 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Sanford Texas Ranch | Panhandle Eastern Pipe Line Company | 12/3/1981 | 191 | 809 | 205 | | The N2 of Sec 5, and the N2 of Sec 4, all in Blk 3, AB&M |
| | | | | | | | Survey. |

**RW077926 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| D G Hughes et ux | Anadarko Gathering Company | 11/10/1992 | 259 | 744 | | | A strip of land 50' in width with a centerline |
| | | | 626 | 268 | 260786 | | description as shown on the plat attached thereto, being |
| | | | | | | | out of all that part of the following lying within |
| | | | | | | | Hutchinson and Carson Counties, Texas, to-wit: |
| | | | | | | | Tract One: 16.99 acres, more or less, in the East one- |
| | | | | | | | half of Section 2, Block 3, AB&M RR CO Survey North, |
| | | | | | | | Carson and Hutchinson Counties, Texas, and being more |
| | | | | | | | particularly described in that certain Warranty Deed |
| | | | | | | | dated September 19, 1977 from G D Milner to D G Hughes |
| | | | | | | | and being recorded in Vol. 173, Page 451 of the deed |
| | | | | | | | records of Carson County, Texas. |

**RW077926 / 000 (continued)**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| | | | | | | | Tract Two: 10.0 acres, more or less, out of Section 2, |
| | | | | | | | Block 3, AB&M RR CO Survey North, Carson and Hutchinson |
| | | | | | | | Counties, Texas, and being more particularly described |
| | | | | | | | in that certain Warranty Deed dated August 30, 1977 from |
| | | | | | | | G D Milner to D G Hughes and being recorded in Vol. 173, Page 505. |

**RW077946 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| F W Deahl | Panhandle Eastern Pipe Line Company | 4/19/1951 | 89 | 536 | | | Section 23 and Section 21, Block Y-2, TT RR Survey |

**RW077947 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| Sarah M Bost et al | Panhandle Eastern Pipe Line Company | 4/18/1951 | 141 | 494 | | | Section 10, Block Y-2, TTRR Survey; Section 1, Block Y- |
| | | | | | | Unrecorded | 2, H&GN Survey, Carson and Hutchinson County. |

**RW088370 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| F W Deahl Trust | ConocoPhillips Company | 12/3/2004 | 400 | 54 | 952 | | Sections 3 and 4, both in (no block), H&GN Survey.  This |
| | | | | | | | is a right of way for a tie over of the Sneed and Carson |
| | | | | | | | systems. |

**RW099507 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| Anne Burnett Windfohr et al | ConocoPhillips Company | 1/1/2010 | | | 2010-00001157 | | A single pipe line not to exceed 3" in diameter over and |
| | | | | | | | through Secs 50, 45, 44, 43, 42, 41, 40, 39 in Blk 5, |
| | | | | | | | I&GN RR Co Survey. |

**RW099508 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Anne Burnett Windfohr et al | ConocoPhillips Company | 1/1/2010 | | | 2010-00001156 | | A single pipe line not to exceed 12" in diameter over |
| | | | | | | | and through Secs 50, 45, 44, 43, 42, 41, 40, 39 in Blk |
| | | | | | | | 5, I&GN RR Co Survey. |

**RW099509 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Montford T Johnson | ConocoPhillips Company | 4/4/2007 | | | | Not recorded | Electric line across Secs 13, 14, 16, 17, Blk 3, AB&M |
| | | | | | | | Survey. |

**RW101525 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Anne Burnett Windfohr et al | ConocoPhillips Company | 9/1/2008 | 494 | 3 | 1746 | | Compressor Site located in Sec 39, Block 5, I&GN RR Survey |
| | | | | | | | containing approx 16.6 acs. (Carson County Gas Gathering) |

**RWBNG001**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| GTP Acquisition Partners II, LLC | Bravo Natural Gas LLC | 12/20/2010 | | | | In process of being recorded | 2400 FM 294, in the City of Skellytown |

| Type of Agreement | Date | Parties | Well | County |
|---|---|---|---|---|
| Pipeline Lease* | 6/1/2012 | DCP Midstream, L.P., as Lessor, and Kimbrel Oil Corporation, as Lessee | Beavers #1; Beavers #G-2 | Gray |
| Assignment, Conveyance and Bill of Sale Pipeline* | 5/19/2011 | Kimbrel Oil Corporation, as Seller, asn DCP Midstream, L.P., as Buyer | Metering Facilities and two four inch (4") Drisco Pipelines located in the NE/4 of Section 45 and NW/4 of Section 66, Block 7, I. & G.N.RR Co. Survey | Carson |
| Compressor Rental Contract* | 10/1/2012 | Midwest Compressor Systems, LLC, as Lessor, and Kimbrel Oil Corporation, as Lessee | Brown #2 | Carson |
| Compressor Rental Contract* | 10/1/2012 | Midwest Compressor Systems, LLC, as Lessor, and Kimbrel Oil Corporation, as Lessee | Ballard 4-45 | Carson |
| Compressor Rental Contract* | 5/20/2012 | Midwest Compressor Systems, LLC, as Lessor, and Kimbrel Oil Corporation, as Lessee | Baker | Gray |
| Compressor Rental Contract* | 3/12/2012 | Midwest Compressor Systems, LLC, as Lessor, and Kimbrel Oil Corporation, as Lessee | Brown #4 | Carson |
| Compressor Rental Contract* | 3/12/2012 | Midwest Compressor Systems, LLC, as Lessor, and Kimbrel Oil Corporation, as Lessee | Brown #1 | Carson |
| Compressor Rental Contract* | 4/1/2012 | Midwest Compressor Systems, LLC, as Lessor, and Kimbrel Oil Corporation, as Lessee | Ballard 3-45 | Carson |

*All agreements described in the table directly above are hereby incorporated by reference into Exhibit A – Schedule 5.

# HUTCHINSON COUNTY TX

### RW077405 / 000

| Lessor | Lessee | Date | Bk | Pg | Recpt # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| J M Sanford | Panhandle Eastern Pipe Line Company | 7/9/1930 | 57 | 184 | | | Sec 87, Blk 46, H&TC RR Co Survey and Sec 1, J C |
| | | | | | | | WHittenburg Survey |

### RW077524 / 000

| Lessor | Lessee | Date | Bk | Pg | Recpt # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Miles G Bivins, et al | Texas Interstante Pipe Line Comapny | 7/28/1930 | 209 | 530 | | | Secs 39, 38, 33, 31, 15 and 16, Blk 20, G&M; Sec 5, |
| | | | | | | Unknown | W T Palmer Survey; Secs 103 and 105, Blk 46, H&TC, |
| | | | | | | | all in Potter County, Texas; and Sec 88, Blk 46, H&TC, |
| | | | | | | | Hutchinson County, Texas; and Sec 43, Blk 20, G&M, |
| | | | | | | | Carson and Potter Counties. |

### RW077558 / 000

| Lessor | Lessee | Date | Bk | Pg | Recpt # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| John Q Bost | Texas-Interstate Pipe Line Company | 6/13/1930 | 453 | 45 | | | Section 9, Block Y2, TTRR Survey; and Section 1, BS&F |
| | | | 57 | 185 | | | Survey |

### RW077559 / 000

| Lessor | Lessee | Date | Bk | Pg | Recpt # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Estate of E B Johnson & Sons | Texas-Interstate Pipe Line Company | 7/1/1930 | 57 | 183 | | | Sections 1, 3, and 8, Block Y 2, T T R R Co Survey |

### RW077560 / 000

| Lessor | Lessee | Date | Bk | Pg | Recpt # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| State Department of Highways | Panhandle Eastern Pipeline Co | 8/25/1982 | | | | Unrecorded | 8 inch natural gas pipeline will be in Section 9, T&T RR |
| | | | | | | | Co Survey, Block Y2 |

### RW077561 / 000

| Lessor | Lessee | Date | Bk | Pg | Recpt # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Texas Highway Department | Panhandle Eastern Pipeline Co | 10/28/1968 | | | | Unrecorded | Sec 9, TT RR Survey, Block Y2 |

**RW077562 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| F W Deahl | Panhandle Eastern Pipe Line Company | 4/10/1984 | | | | No rec info | Section 2, Block 3, AB&M Survey |

**RW077581 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| Roy Buchanan et ux | ConocoPhillips Company | 11/23/2010 | 1631 | 136 | | | A 140' X 25' (0.0803 acre, more or less) tract of land |
| | | | | | | | out of Lot 1, Block No 2, Section A, in Sanford Estates |
| | | | | | | | Subdivision, as shown by the plat thereof recorded in |
| | | | | | | | Volume 4 at Page 23 of the Plat Records of Hutchinson |
| | | | | | | | County, Texas.  Fritch Booster Entrance Road. |

**RW077606 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| S B Burnett Estate, et al | Panhandle Eastern Pipeline Company | 1/6/1978 | 174 | 686 | 185 | | All that part of Section 132, Blk 5, I&GN Survey, being |
| | | | 436 | 291 | 182955 | | in Hutchinson County, Texas; and All Sections 107, 108, |
| | | | | | | | 109, 112, 131 and All that part of Section 132, Blk 5, |
| | | | | | | | I&GN Survey, being in Carson County, Texas |

**RW077631 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| Florence R Feltz, et al | North American Oil And Gas Company | 10/9/1935 | 55 | 320 | | | Section 92, Blk 46, H&TC Survey, Hutchinson and Moore |
| | | | | | | Unknown | Counties, Texas |

**RW077668 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| S B Burnette Estate et al | Panhandle Eastern Pipe Line Company | 10/22/1937 | 78 | 17 | | | Sec 120, Blk 5, I&GN RR Company Survey, Carson County; |
| | | | | | | Unrecorded | Sec 123, Blk 5, I&GN RR Company Survey, Carson And |
| | | | | | | | Hutchinson County. |

**RW077672 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Robert D Stephenson Jr. et ux | ConocoPhillips Company | 11/17/2010 | 1629 | 131 | | Out to record | A 100' X 150" (0.34 acre, more or less) tract of land |
| | | | | | | | known as the Snow Booster Station located in the Mrs. |
| | | | | | | | Emily L. Snow Survey acdcording to the Exhibit "A" |
| | | | | | | | attached hereto and being more particularly described as |
| | | | | | | | follows: |
| | | | | | | | Commencing at a 1/2" iron pin, the established Southeast |
| | | | | | | | Corner of Snow Booster, said point being located 2605' |
| | | | | | | | East and 143' North of a 4"X 8" red sandstone, set for |
| | | | | | | | the Northeast Corner of Survey Number 2, the Northwest |
| | | | | | | | Corner of Survey Number 3 and on the South line of said |
| | | | | | | | Mrs. E. L. Snow Survey; Thence South 65 degrees 11' West |
| | | | | | | | and along the South line of said Snow Booster for a |
| | | | | | | | distance of 150 feet to the Southwest Corner of said |
| | | | | | | | Booster, Thence North 24 degrees 49' West for a distance |
| | | | | | | | of 100 feet; Thence North 65 degrees 11' East for a |
| | | | | | | | distance of 150 feet; Thence South 24 degrees 49' East |
| | | | | | | | for a distance of 100 feet to the point of beginning and |
| | | | | | | | containing 0.34 acres, more or less. |

**RW077673 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Sanford Texas Ranch, Inc. | Antioch Texas Gathering Company | 7/31/1997 | 852 | 3 | | | A tract of land containing 5.0 acres, more or less, out |
| | | | | | | | of Survey 1, Block OB, GR Yantis, Abstract 1181, SF |
| | | | | | | | 9195, Hutchinson County, Texas being more fully |
| | | | | | | | described by metes and bounds as follows:  Beginning at |
| | | | | | | | the Northwest corner of Section 8, Block Y-2, TT RR Company |
| | | | | | | | Survey, Hutchinson County, Texas; Thence North 400 feet; |
| | | | | | | | Thence East 544 feet; Thence South 400 feet to a point on the |
| | | | | | | | North line of said Section 8; Thence West 544 feet to the point of |
| | | | | | | | beginning, all in Survey 1, Block OB, GR Yantis, Hutchinson Co TX. |

**RW077674 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Panhandle Eastern Pipe Line Company | Antioch Texas Gathering Company | 8/1/1990 | 578 | 955 | | | All of Lots 7 and 8, Block No. 2, in Section A, in |
| | | | | | | | Sanford Estates Subdivision, as shown by the plat |
| | | | | | | | thereof recorded in Volume 4 at Page 23 of the Plat |
| | | | | | | | Records of Hutchinson County, Texas |

**RW077675 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Gillem Alvin Ingerton et ux | Panhandle Eastern Pipe Line Company | 1/11/1963 | 292 | 617 | | | Survey 1 and 2, Block B, BS&F, Survey. |

**RW077676 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Enid Marsh et vir | Panhandle Eastern Pipe Line Company | 1/9/1963 | 292 | 620 | | | Survey 1, Block B, BS&F; Sur. No. 327, Certificate No. |
| | | | | | | | 323, EL & RR Co. Survey. |

**RW077677 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Madelyne Ingerton | Panhandle Eastern Pipe Line Company | 1/11/1963 | 292 | 623 | | | Survey 1 and S2 Survey 2, Block B, BS&F. |

**RW077678 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Hall Medford | Panhandle Eastern Pipe Line Company | 1/9/1963 | 292 | 626 | | | All of the North 320 Acres of Survey 2, Block "B", |
| | | | | | | | Original Grantee, BS&F. |

**RW077679 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Adeline Bradley et vir | Panhandle Eastern Pipe Line Company | 1/9/1963 | 292 | 629 | | | A part of the James T White Survey, and a part of |
| | | | | | | | Section 327. |

**RW077681 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| E B Johnson & Sons Estate | Texas Interstate Pipe Line Company | 11/1/1930 | 59 | 451 | | | Section One (1) Block Y-2 TT RR Co. |

**RW077703 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| John Armstrong Trust | Panhandle Eastern Pipe Line Company | 11/9/1978 | 285 | 74 | 61862 | | W2N2 of the J W Proctor Survey, Moore and Hutchinson |
| | | | | | | Unrecorded | Counties, Texas, save and except a tract 1700' by 835' |
| | | | | | | | out of NW corner by Getty Oil Company. |

**RW077846 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| G D Milner, et ux | Panhandle Eastern Pipe Line Company | 3/28/1978 | 175 | 157 | | | S2 Sec 3, Blk 3, AB&M Survey, Carson & Hutchinson Co. |
| | | | | | | Unrecorded | |

### RW077921 / 000

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|-----|-----|----------|---------|-------------------|
| John Q Bost et ux | Panhandle Eastern Pipe Line Company | 12/6/1930 | 60 | 266 | | | Survey 6, Block Y2, TT RR CO Survey. |

### RW077922 / 000

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|-----|-----|----------|---------|-------------------|
| Miles G Bivens et al | Panhandle Eastern Pipe Line Company | 12/13/1930 | 60 | 265 | | | Survey 88 and 89, Blk 46 H&TC RR Co. |

### RW077923 / 000

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|-----|-----|----------|---------|-------------------|
| Garland S Sanford | Panhandle Eastern Pipe Line Company | 1/24/1951 | 139 | 589 | 77807 | | All of Section 88, Block 46, H&TC RR CO Survey; and All |
| | | | | | | | of Section 1, J Whittenberg Survey |

### RW077924 / 000

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|-----|-----|----------|---------|-------------------|
| Roy D Brinson et al | Panhandle Eastern Pipe Line Company | 3/28/1978 | 438 | 94 | | | E2 Sec 1, (no Block) BS&F Surv. West Panhandle A-11. |

### RW077925 / 000

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|-----|-----|----------|---------|-------------------|
| Apolinar Adame et ux | Anadarko Gathering Company | 11/13/1992 | 259 | 742 | | | 13.62 acres, more or less, in Section 2, Block 3, AB&M |
| | | | 626 | 266 | | | Survey, and being described in that certain Warranty |
| | | | | | | | Deed dated November 10, 1982, recorded in Vol. 486, Page |
| | | | | | | | 689 of the deed records of Hutchinson County, Texas, |
| | | | | | | | LESS & EXCEPT that certain acreage as described in that |
| | | | | | | | certain dedication dated September 28, 1990, recorded in |
| | | | | | | | Col. 580, Page 307 of the deed records of Hutchinson |
| | | | | | | | County, Texas. |

**RW077926 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| D G Hughes et ux | Anadarko Gathering Company | 11/10/1992 | 259 | 744 | | | A strip of land 50' in width with a centerline |
| | | | 626 | 268 | 260786 | | description as shown on the plat attached thereto, being |
| | | | | | | | out of all that part of the following lying within |
| | | | | | | | Hutchinson and Carson Counties, Texas, to-wit: |
| | | | | | | | Tract One: 16.99 acres, more or less, in the East one- |
| | | | | | | | half of Section 2, Block 3, AB&M RR CO Survey North, |
| | | | | | | | Carson and Hutchinson Counties, Texas, and being more |
| | | | | | | | particularly described in that certain Warranty Deed |
| | | | | | | | dated September 19, 1977 from G D Milner to D G Hughes |
| | | | | | | | and being recorded in Vol. 173, Page 451 of the deed |
| | | | | | | | records of Carson County, Texas. |
| | | | | | | | Tract Two: 10.0 acres, more or less, out of Section 2, |
| | | | | | | | Block 3, AB&M RR CO Survey North, Carson and Hutchinson |
| | | | | | | | Counties, Texas, and being more particularly described |
| | | | | | | | in that certain Warranty Deed dated August 30, 1977 from |
| | | | | | | | G D Milner to D G Hughes and being recorded in Vol. 173, |
| | | | | | | | Page 505 of the deed records of Carson County, Texas. |

**RW077927 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Montford T Johnson et ux | Anadarko Gathering Company | 6/18/1992 | 605 | 96 | | | SE Sec 1, Blk Y2, Tyler Tap RR CO Survey, lying North of |
| | | | | | | | Hwy 136. |

**RW077928 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| State of Texas | Panhandle Eastern Pipe Line Company | 2/22/1963 | 283 | 354 | | | From a point of beginning which is approximately 2610 |
| | | | | | | | feet southwesterly of the intersection of the east line |
| | | | | | | | of Section 88, H&TC Survey, Block 46, Hutchinson County, |
| | | | | | | | Texas, and the south line of the Lula Kermicle Survey of |
| | | | | | | | the Canadian Rover, thence 1670 feet northwesterly to |
| | | | | | | | point which is approximately 275 feet northeasterly of |
| | | | | | | | the point of intersection of the west line of Section |
| | | | | | | | 44, H&TC Survey, Block 44, Hutchinson County, Texas, and |
| | | | | | | | the north line of the Lula Kermicle Survey of the |
| | | | | | | | Canadian River Bed.  Sanford Reservoir Project 18" River |
| | | | | | | | Crossing |

**RW077929 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Chicago, Rock Island & Gulf Railway Co. | Texas Interstate Pipe Line Company | 9/3/1930 | | | | No rec info | Beginning at a point in the easterly right of way line |
| | | | | | | | of the Chicago, Rock Island and Gulf Railway Company in |
| | | | | | | | Sec 4 A&BM block opposite Sta 1733+11.7; thence |
| | | | | | | | westerly 205' to a point in the westerly right of |
| | | | | | | | way line of said railway Company opposite Sta 1732+67.3 |
| | | | | | | | passing under the centerline of the main line track of |
| | | | | | | | said Railway Company at Sta 1732+89.5. |

**RW077930 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Vernon Payton et al | Panhandle Eastern Pipe Line Company | 12/13/1977 | 435 | 620 | 182640 | | Section 1, Block Y, M&C Survey. |

Schedule 2 to Exhibit A

**RW077938 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Sarah M Bost et al | Panhandle Eastern Pipe Line Company | 11/22/1950 | 140 | 88 | | | Sections 14, 6 and 9, all in Block Y-2, TTRR Survey. |

**RW077939 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Mattie V Dunaway et al | Panhandle Eastern Pipe Line Company | 12/6/1950 | 140 | 71 | | | South side of Sec 5, Blk Y-2, TTRR Survey. |

**RW077940 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Berneta W Bivins | Panhandle Eastern Pipe Line Company | 11/28/1950 | 140 | 94 | | | Section 91, Block 46, H&TC RR Co Surveys |

**RW077941 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Chicago, Rock Island and Pacific Railroa | Panhandle Eastern Pipe Line Company | 11/20/1950 | | | | Unrecorded | At Engineer's Chaining Station 1985 plus 74.4, Mile Post |
| | | | | | | | 37 plus 22 poles on the ACR Line of the first party, |
| | | | | | | | said pipe line is located 0.33 miles East of Fritch, |
| | | | | | | | Hutchison County, Texas, and crossing at an angle of 81 |
| | | | | | | | degrees 48 minutes measures in the northwest quadrant. |

**RW077942 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Chicago, Rock Island and Pacific Railroa | Panhandle Eastern Pipe Line Company | 11/27/1950 | | | | Unrecorded | At Engineers Chaining Station 29 plus 61.5 on the Texoma |
| | | | | | | | Natural Gas Co Spur of the ACR Line of the first party, |
| | | | | | | | said pipe line located 2961.5' East of the Head Block to |
| | | | | | | | said Texoma Spur Tract near the city of Fritch, |
| | | | | | | | Hutchinson County, Texas and crossing under the first |
| | | | | | | | party's said Texoma Spur Tract at an angle of 70 degrees |
| | | | | | | | and 10 minutes measured in the Southeast Quadrant. |

**RW077943 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Julia Dunaway Irick | Panhandle Eastern Pipe Line Company | 1/10/1951 | 140 | 90 | | | South side of Sec 5, Blk Y-2, TT RR Survey. |

**RW077944 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Floyd W Dunaway et ux | Panhandle Eastern Pipe Line Company | 12/6/1950 | 140 | 89 | | | Along the south side of Section Five (5), Block Y-2, TT |
| | | | | | | | RR Survey, approximately 94 rods in length. |

**RW077945 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| J Q Bost | Texas Interstate Pipe Line Company | 5/26/1931 | 61 | 84 | | | Section 6, Block Y-2, TT RR Co Survey |

**RW077947 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Sarah M Bost et al | Panhandle Eastern Pipe Line Company | 4/18/1951 | 141 | 494 | | | Section 10, Block Y-2, TTRR Survey; Section 1, Block Y- |
| | | | | | | Unrecorded | 2, H&GN Survey, Carson and Hutchinson County. |

**RW077948 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Neil R Johnson et al | Panhandle Eastern Pipe Line Company | 4/20/1951 | 141 | 433 | | | Section 1, Block Y-2, TT RR Survey |

**RW077949 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Miles G Bivins et ux | Texas Interstate Pipe Line Co | 7/14/1931 | 60 | 201 | | | Sec 90, Blk 46, H&TC RR Co Survey |

**RW077981 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Chicago, Rock Island and Pacific RR Co | Panhandle Eastern Pipe Line Co | 6/4/1981 | 472 | 145 | 200500 | | Sec 31, Blk 5T, T&NO RR Co. Survey; Sec 64, Blk 5T, T&NO |
| | | | | | | | RR Co. Survey; Sec 90, Blk 46, H&TC RR Company Survey; |
| | | | | | | | Sec 6, Blk Y-2, TT RR Co. Survey; Sec 87, Blk 46, H&TC |
| | | | | | | | RR Co. Survey. |

**RW077982 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Chicago Rock Island and Pacific Rail Co | Panhandle Eastern Pipeline Company | 5/23/1931 | | | | Unrecorded | A 6" gas pipeline beginning at a point in the Railway |
| | | | | | | | Company's easterly ROW opposite Engineer's Profile |
| | | | | | | | Station 2,000+25, Fritch, thence northwesterly 223' to a |
| | | | | | | | point in the Railway Company's westerly ROW line |
| | | | | | | | opposite Engineer's Profile Station 2,000+90. |

**RW077983 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Johnson Interests | Anadarko Gathering Company | 6/18/1992 | 605 | 94 | 258465 | | SE Sec 1, Blk Y-2, Tyler Tap RR Co Survey, lying South |
| | | | | | | | of Hwy 136. |

## RW077984 / 000

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| John Q Bost et ux | North American Oil and Gas Company | 9/24/1935 | 70 | 98 | | | Section 14, Block Y-2, TT RR Co. Survey, Hutchinson |
| | | | | | | | County, Texas.  Bivins I-93 6" well line. |

## RW077985 / 000

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Lake Meredith Harbor | Anadarko Gathering Company | 1/20/1995 | | | | Unrecorded | Permit to bore under Boat Ramp Drive at the intersection |
| | | | | | | | of Meredith Way and Boat Ramp Drive and to entrench a |
| | | | | | | | cable from their esisting ground bed located in the |
| | | | | | | | barrow ditch between Boat Ramp Drive and and Lot 1, |
| | | | | | | | Block 1, Section D of the Lake Meredith Harboer |
| | | | | | | | Development and to continue 6 feet from the payment |
| | | | | | | | along Boat Ramp Drive turning west on Boston Street and |
| | | | | | | | continuing to a point approximately between Boston |
| | | | | | | | Street and Lot 184, Block 10, Section C of Lake Meredith |
| | | | | | | | Harbor Development, located in the H&TC RR Co Survey, |
| | | | | | | | Blk 46, Survey 9D, Lake Harbor Estates, Fritch, Texas, |
| | | | | | | | Hutchinson County, Texas |

## RW077986 / 000

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| D Rubin | Panhandle Eastern Pipe Line Company | 7/5/1935 | 68 | 598 | | | D Rubin Survey Number 6 - joining the south end of |
| | | | | | | | Section 87, Block 46, H&TC Ry Company Survey. |

## RW088073 / 000

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Johnson Borger Ranch Partnership | ConocoPhillips Company | 12/16/2007 | 1146 | 275 | 27190 | | NW Section 1, Block Y-2, T.T. RR Co Survey. Johnson |
| | | | 1486 | 18 | 331808 | | Booster Station. |
| | | | 1572 | 251 | | | |
| | | | 1572 | 261 | | | |

## MOORE COUNTY TX

### RW077400 / 000

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| First National Bank of Amarillo, Gdn, et | Anadarko Production Company | 1/31/1963 | 175 | 388 | 19479 | | 1.  The following is an Easement conveyed unto Anadarko, |
| | | | 175 | 397 | 19480 | | styled "Surface Tract", to-wit: |
| | | | 175 | 398 | 19480 | | |
| | | | | | | | Commencing at the well location point, herein after |
| | | | | | | | described, running thence due East a distance of 75 feet |
| | | | | | | | to the point of beginning, thence running North and |
| | | | | | | | parallel with the East line of said Section 48 a |
| | | | | | | | distance of 75 feet, thence running West and parallel |
| | | | | | | | with the North line of said Section 48 a distance of 150 |
| | | | | | | | feet, thence running South and parallel with the East |
| | | | | | | | line of said Section 48 a distance of 150 feet, thence |
| | | | | | | | running East and parallel with the North line of said |
| | | | | | | | Section 48 a distance of 150 feet, thence running North |
| | | | | | | | and parallel with the East line of said Section 48 a |
| | | | | | | | distance of 75 feet to the point of beginning.  together |
| | | | | | | | with the right of ingress and egress to said tract, for |
| | | | | | | | the purpose of conducting drilling and production |
| | | | | | | | operations for oil and gas upon the surface thereof. |
| | | | | | | | Said right of ingress and egress to be along, over and |
| | | | | | | | across the existing roadway leading to the Amarillo Oil |
| | | | | | | | Company A-6 Well located in said Section 49, and thence |
| | | | | | | | in a southeasterly direction following the existing |
| | | | | | | | contours and in as direct a route as possible for said |

**RW077400 / 000 (continued)**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| | | | | | | | Amarillo Shelton A-6 Well site to the Surface Tract |
| | | | | | | | above described.  The new roadway to be constructed |
| | | | | | | | between said Amarillo Shelton A-6 Well site and Surface |
| | | | | | | | Tract above described. |
| | | | | | | | 2.  The following is conveyed unto Anadarko the right to |
| | | | | | | | conduct drilling and production operations in, upon and |
| | | | | | | | under said Section 48, through a well bore and equipment |
| | | | | | | | installed in connection therewith, said well to commence |
| | | | | | | | at approximately the following described point: |
| | | | | | | | Beginning at the NW corner of said Section 48, thence |
| | | | | | | | South along the West line of said Section 48 a distance |
| | | | | | | | of 4955 feet to a point, thence East and parallel with |
| | | | | | | | the North line of said Section 48 a distance of 407 feet |
| | | | | | | | to the point being the well location. |

**RW077401 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| The First National Bank of Amarillo, Gdn | Anadarko Production Company | 4/28/1964 | 154 | 58 | | | All that part of a strip of land 30 feet in width for |
| | | | 184 | 58 | | | the purpose of a roadway lying within Moore & |
| | | | 982 | 334 | | | Potter County, Texas, to-wit: Said road crossing the |
| | | | 982 | 58 | | | West line of Sec 55, Blk 47, H&TC Ry Co Survey, Moore |
| | | | | | | | County, Texas, at a point 2,200' south of the Northwest |
| | | | | | | | corner of Sec 55; thence in a Southeasterly direction |
| | | | | | | | over an existing road for a distance of 3,578'.  Said |
| | | | | | | | roadway will be constructed and continued from the last |
| | | | | | | | mentioned point in a Southeasterly direction for a |
| | | | | | | | distance of 3,377' to a point where it crosses the |

**RW077401 / 000 (continued)**

| Lessor | Lessee | Date | Bk | Pg | Receipt # | Comment | Legal Description |
|--------|--------|------|----|----|-----------|---------|-------------------|
| | | | | | | | section line common to Sec 54 and 55, said point being |
| | | | | | | | located 6,934' South of the NW/C Sec 54, Blk 47; |
| | | | | | | | thence continuing in a Southeasterly direction for a |
| | | | | | | | distance of 231' over Sec 54 to a point where it enters |
| | | | | | | | land condemned by the USA, said point being 7,028' South |
| | | | | | | | and 212' East of NW/C of Sec 54 and containing 4.95 |
| | | | | | | | acres, more or less. |

**RW077404 / 000**

| Lessor | Lessee | Date | Bk | Pg | Receipt # | Comment | Legal Description |
|--------|--------|------|----|----|-----------|---------|-------------------|
| Panhandle & Santa Fe Railway | Texas Interstate Pipeline | 11/11/1930 | | | | Unrecorded | Railroad crossing NE Sec 75, Blk 5, I&GN RR Co Survey |
| | | | | | | | (Main Tract #4) |

**RW077500 / 000**

| Lessor | Lessee | Date | Bk | Pg | Receipt # | Comment | Legal Description |
|--------|--------|------|----|----|-----------|---------|-------------------|
| David J Smith, et ux | Anadarko Gathering Company | 9/20/1995 | 463 | 452 | 120475 | | Sec 18, Blk 6T, T&NO Survey, Moore County, Texas |

**RW077501 / 000**

| Lessor | Lessee | Date | Bk | Pg | Receipt # | Comment | Legal Description |
|--------|--------|------|----|----|-----------|---------|-------------------|
| David Smith, et ux | Anadarko Gathering Company | 1/19/2000 | 519 | 864 | 136156 | | SW, SE Sec 18, Blk 6T, T&NO Survey, Moore County, Texas |
| | | | | | | | Jester 3018-R |

**RW077502 / 000**

| Lessor | Lessee | Date | Bk | Pg | Receipt # | Comment | Legal Description |
|--------|--------|------|----|----|-----------|---------|-------------------|
| The Terry Thompson Grandchildren's Trust | Anadarko Gathering Company | 7/15/1996 | 483 | 805 | 126413 | | NW Sec 55, Blk 6T, T&NO Survey, Moore County, Texas |

**RW077503 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| W Dale Murphy Murphy, et al | Anadarko Gathering Company | 1/14/1997 | 483 | 798 | 126412 | | NE Sec 29, SWNW, SW Sec 30, NW Sec 31, all in Blk PMc, |
| | | | | | | | EL&RR Ry Co Survey. |

**RW077504 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Texas Department of Transportation | Anadarko Gathering Company | 1/8/1997 | | | | Unrecorded | A Steel pipeline for transporting oil, gas and |
| | | | | | | | hydrocarbons line within the right-of-way of State |
| | | | | | | | Highway 354 in Moore County, as follows:  Undercrossing |
| | | | | | | | State Highway 354 in Sec 29, Blk PMc, EL&RR Ry Co Survey. |

**RW077505 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Ray Oglesby, et ux | Anadarko Gathering Company | 12/19/1996 | 483 | 795 | 126411 | | The West 226.25 acres, more or less, out of the S2 Sec |
| | | | | | | | 31, Blk PMc, EL&RR Ry Co Survey |

**RW077506 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Anna Bern Bella Trust | Anadarko Gathering Company | 9/14/1999 | 515 | 254 | | | Sec 64, Blk 44, H&TC Survey, Moore County, Texas |
| | | | 516 | 508 | | | |

**RW077507 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Anna Fern Bellah Trust | Anadarko Gathering Company | 5/18/2000 | 523 | 738 | 137144 | | W2, SE Sec 64, Blk 44, H&TC Survey. Brown A-6064R, |
| | | | | | | | A-7064R, A-8064R, A-9064R. |

**RW077508 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Anna Fern Bellah Trust | Anadarko Gathering Company | 11/3/1999 | 519 | 864 | 136156 | | NE, SE Sec 64, Blk 44, H&TC Survey. Brown A-5064-R |

**RW077509 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Lillian Bond Denson Estate | Anadarko Gathering Company | 11/5/1999 | 518 | 266 | 135738 | | SW, SE Sec 50, Blk 6T, T&NO Survey. Sneed 4R-50 |

**RW077510 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Lillian Bon Denson Estate | Anadarko Gathering Company | 6/1/2000 | 525 | 221 | 137498 | | NE, SE Sec 50, Blk 6T, T&NO Survey. Sneed A-8050R; Sneed C-9050R |

**RW077511 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Terry Thompson, Jr Trust | Anadarko Gathering Company | 7/25/2000 | 527 | 176 | 138042 | | N2SE Sec 63; SW Sec 23, Blk 44, H&TC Survey. Thompson 116R, Thompson 6063R, Thompson 7063R, Thompson 8063R Brent 7023R |

**RW077514 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| United States of America | Panhandle Eastern Pipeline Company | 4/16/1965 | 1006 | 379 | | | Secs 105, 101, 100, 96, Blk 46, H&TC Survey, Potter County; Sec 52, Blk 3, G&M; Sec 51 and 52, Blk 47, H&TC, Moore County. |
| | | | 191 | 540 | | | |

**RW077532 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Alice Sneed West, et vir | Texas Interstate Pipe Line Company | 5/13/1930 | 44 | 438 | | | All Sec 33; all Sec 37; N2 Sec 48; N2 Sec 49; N2 Sec 50; W2, NE Sec 20, all in Blk 6-T, T&NO Ry Co Survey. |

**RW077533 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Anna Fern Bellah Trust | Anadarko Petroleum Corporation | 10/17/1995 | | | 774860 | | Sec 104, Blk 44, H&TC Survey |

**RW077534 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| David J Smith, et ux | Anadarko Petroleum Corporation | 9/20/1995 | | | | Unrecorded | Sec 18, Blk 6T, T&NO Survey |

**RW077543 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Terry Thompson, Jr | Panhandle Eastern Pipe Line Company | 11/17/1965 | | | | Unknown | All Sec 19, Blk 44, H&TC RR Survey; and All Sec 20, Blk |
| | | | | | | | 26, EL&RR RR Survey, Moore County, Texas |

**RW077544 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| J T Sneed Jr Estate | Panhandle Eastern Pipe Line Company | 7/20/1966 | | | | Unknown | Sec 1, Blk J, J Poitevent Survey, Moore County, Texas |

**RW077545 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| J T Snned, Jr Estate | Panhandle Eastern Pipe Line Company | 11/5/1965 | | | | Unknown | N2 Sec 8; S2 Sec 9, BLK M-1, L Morrison Survey |

**RW077546 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| J T Sneed, Jr Estate | Panhandle Eastern Pipe Line Company | 11/11/1939 | | | | Unknown | Part Sec 4, O Lindsay Survey. |

**RW077547 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Bond Sneed Denson Trust | Panhandle Eastern Pipe Line Company | 5/19/1965 | | | | Unknown | Sec 39, Blk 6, T&NO RR Survey. |

**RW077548 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Denson Trust | Panhandle Eastern Pipe Line Company | 9/14/1929 | | | | Unknown | Sec 47, Blk 6, T&NO RR Survey. |
| | | | | | | | |

**RW077549 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| J T Sneed, Jr Estate | Panhandle Eastern Pipe Line Company | 7/20/1966 | | | | Unknown | E2 Sec 65, Blk 3, G&M Survey. |

**RW077550 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| J T Sneed, Jr | Panhandle Eastern Pipe Line Company | 10/11/1932 | 49 | 390 | | | SE Sec 31; S2 Sec 45, Blk 6-T, T&NO RR Co Survey; N/4 |
| | | | | | | | Sec 71, Block G&M-3, and NW Sec 2 TTRR Co Survey |

**RW077551 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Wm H Brown | Panhandle Eastern Pipe Line Company | 7/27/1935 | 54 | 43 | | | SW Section 36, Block 6T, T & N O Railway Survey |

**RW077552 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Alice Sneed West et al | Panhandle Eastern Pipe Line Company | 12/2/1935 | 55 | 144 | | | Section 35, Block 6T, T & N O RR Co Survey |

**RW077553 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Terry Thompson et ux | Panhandle Eastern Pipe Line Company | 6/29/1936 | 58 | 274 | | | Section 63, Block 44, H & T C R R Company Survey |

**RW077554 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Wm H Brown | Panhandle Eastern Pipe Line Company | 9/16/1936 | 59 | 290 | | | Section 36, Block 6T, T & N O Railway Company Survey |

**RW077555 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Wm H Brown | Panhandle Eastern Pipe Line Company | 9/1/1939 | 71 | 117 | | | Section 34, Block 6T, T & N O RR Co Survey |

**RW077556 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Oma E Allen et al | Panhandle Eastern Pipe Line Company | 4/8/1940 | 73 | 133 | | | Section 5, Block M-1, A H Sadler Grantee |

**RW077564 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Estate of J T Sneed, Jr | Panhandle Eastern Pipe Line Company | 2/6/1926 | | | | No rec info | All of Section 31, Block 6T, T&NO RR Survey |

**RW077565 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Estate of J T Sneed, Jr | Panhandle Eastern Pipe Line Company | 11/1/1958 | | | | No rec info | All of Section 31, Block 6T, T&NO RR Survey |

**RW077566 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Terry Thompson Grandchildren Trust | Panhandle Eastern Pipe Line Company | 5/21/1979 | | | | No rec info | SE Section 55, Block 6T, T&NO RR Survey |

**RW077567 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| F L Livingston | Panhandle Eastern Pipe LIne Company | 1/26/1945 | | | | No rec info | SW Section 31, Block PMC, EL&RR RR Survey |

**RW077568 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| C L Killgore et ux | Panhandle Eastern Pipe Line Company | 11/15/1944 | | | | No rec info | Center of Section 10, Block PMC, EL&RR RR Survey |

**RW077569 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| C L Kilgore | Panhandle Eastern Pipe Line Company | 12/18/1947 | | | | No rec info | N2 Section 57, Block 44, H&TC RR Survey |

**RW077570 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| C L Kilgore et ux | Panhandle Eastern Pipe Line Company | 11/15/1934 | | | | No rec info | SE Section 29, Block 44, H&TC RR Survey |

**RW077571 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Estate of J T Sneed | Panhandle Eastern Pipe Line Company | 8/1/1936 | | | | No rec info | All Sec 9, Blk M-1, Lee Morrison Survey; S2 Sec 26, |
| | | | | | | | Blk 1, J Poitevent Survey |

**RW077572 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Estate of J T Sneed, Jr | Panhandle Eastern Pipe Line Company | 8/31/1936 | | | | No rec info | All Section 24, Block 6T, T&NO RR Survey |

**RW077573 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|-----|-----|----------|---------|-------------------|
| Estate of J T Sneed, Jr | Panhandle Eastern Pipe Line Company | 11/5/1965 | | | | No rec info | Center of Section South to Sneed 2-28, Section 28, Block |
| | | | | | | | 6T, T&NO RR Survey |

**RW077574 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|-----|-----|----------|---------|-------------------|
| Estate of J T Sneed, Jr | Panhandle Eastern Pipe Line Company | 8/1/1936 | | | | No rec info | All Section 25 and 28, Block 6T, T&NO RR Survey |

**RW077575 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|-----|-----|----------|---------|-------------------|
| Estate of J T Sneed, Jr | Panhandle Eastern Pipe Line Company | 8/1/1936 | | | | No rec info | All Section 43 and 44, Block 6T, T&NO RR Survey |

**RW077576 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|-----|-----|----------|---------|-------------------|
| Bond Sneed Denson Trust | Panhandle Eastern Pipe Line Company | 5/19/1965 | | | | No rec info | SW Section 45, Block 6T, T&NO RR Survey |

**RW077579 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|-----|-----|----------|---------|-------------------|
| Panhandle Eastern Pipe Line Company | Moore County, Texas | 7/15/1955 | | | | No rec info | A stip of land out of the Matilda Robinson Survey in |
| | | | | | | | Moore County, Texas and more particularly described as |
| | | | | | | | follows; Beginning at a point on the East line of said |
| | | | | | | | Matilda Robinson Survey 1794.4' South of the NE/C; |
| | | | | | | | thence South 1320' along the East line of said Matilda |
| | | | | | | | Robinson Survey; thence West 17'; thence North 1320'; |
| | | | | | | | thence East 17' to the POB, containing 0.515 acres of |
| | | | | | | | additional ROW. |

Schedule 2 to Exhibit A

**RW077582 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| Alice Sneed West et al | Panhandle Eastern Pipe Line Company | 8/21/1939 | | | | No rec info | SE Section 20, Block 6T, T&NO RR Survey |

**RW077630 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| C E Weymouth, et ux | Panhandle Eastern Pipeline Company | 3/1/1953 | 120 | 138 | | | Survey 47, Blk 3, Gunter & Munson Original Grantees; |
| | | | | | | | Survey 20, Blk B-10, EL&RR Railroad Co SUrvey; SUrvey |
| | | | | | | | 16, Blk B-10, EL&RR Railroad Co SUrvey; Survey 3, Blk |
| | | | | | | | RBM, R B Masterson, Original Grantee; C E Wemouth |
| | | | | | | | Survey, SF 14978, A-1346 |

**RW077631 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| Florence R Feltz, et al | North American Oil And Gas Company | 10/9/1935 | 55 | 320 | | | Section 92, Blk 46, H&TC Survey, Hutchinson and Moore |
| | | | | | | Unknown | Counties, Texas |

**RW077632 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| J T Sneed, Jr | Panhandle Eastern Pipeline Company | 8/31/1931 | 48 | 61 | | | John Griffith Survey. Zofness #2 |

**RW077633 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| C L Killgore, et ux | Panhandle Eastern Pipeline Company | 11/12/1946 | 94 | 587 | | | Secs 12, 13, 29, all in Blk 44, H&TC RR Co; Secs 5, 8, |
| | | | | | | | 9, 10, 11, all in Blk PMc, EL&RR Co. Killgore 1-8 |

**RW077634 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| Sarah A Lowry, et al | Panhandle Eastern Pipeline Company | 12/11/1946 | 99 | 624 | | | W2 Section 14; Blk 44, H&TC Railroad Company |

### RW077635 / 000

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| J T Sneed, Jr | Texas Inter-State Pipe Line Company | 5/16/1931 | 47 | 327 | | | From a point in the SW of Sec 30, Blk 6-T, T&NO Ry Co |
| | | | | | | | Survey on the 12" line now crossing said quarter section |
| | | | | | | | to the North line of said SW Sec 30; |
| | | | | | | | And |
| | | | | | | | From a point in the east boundary line of the NE of |
| | | | | | | | Section 55, Blk 6-T, T&NO Ry Co Survey, eastward across |
| | | | | | | | a portion of the John Griffith Survey to the 16" gas |
| | | | | | | | line of said company now crossing said John Griffith |
| | | | | | | | Survey; |
| | | | | | | | and |
| | | | | | | | From a point in the east line of the NW of Sec 45, Blk |
| | | | | | | | 6-T, T&NO Ry Co Survey, westward to the 16" gas line of |
| | | | | | | | said company now crossing the said NW of Sec 45; and |
| | | | | | | | From a point in the north line of the S2 Sec 49, and |
| | | | | | | | across Sec 52, Blk 6-T, T&NO Ry Co Survey and across the |
| | | | | | | | H Hall Survey, and thence in a southwesterly direction |
| | | | | | | | to the north line of Sec 6 in said Blk. |

### RW077636 / 000

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| Berneta W Bivins Johnson | Panhandle Eastern Pipeline Company | 12/8/1960 | 164 | 123 | | | Sec 95 & 96, in Blk 46, H&TC Ry Co Survey. |

### RW077637 / 000

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| John H Feltz, et al | Texas Inter-State Pipe Line Company | 11/15/1960 | 164 | 127 | | | All of Sec 96, Blk 46, H&TC Ry Co Survey. |

**RW077638 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| Berneta W Bivins | Panhandle Eastern Pipeline Company | 9/11/1951 | 115 | 470 | | | All of Sections 93, 94 and 95, Blk 46, H&TC Ry Co |
| | | | | | | | Survey. |
| | | | | | | | The location of pipe lines shall be approximately the |
| | | | | | | | locations of the lines denominated A2X-1658, AW 1083 and |
| | | | | | | | AW 1084 on the attached plat and no pipe lines, other |
| | | | | | | | than those so designated, shall be installed under this grant. |

**RW077639 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| Double D Trust, et al | Anadarko Gathering Company | 8/17/1994 | 451 | 199 | 116702 | | NW Sec 16, Blk 44, HT&C Ry Co Survey |

**RW077640 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| Joseph Harold Pool | Anadarko Gathering Company | 2/24/1997 | 485 | 89 | 126778 | | A 6.395 acre (278,549 Sq ft) tract of land out of |
| | | | | | | | Section 29, Blk 6-T, T&NO Ry Co Survey, Moore County, |
| | | | | | | | Texas, being described by metes and bounds as follows: |
| | | | | | | | Beginning at the SW corner of Sec 29; Thence N 0 deg 15' |
| | | | | | | | 00" W along the West line of said Section 29, 1,461.21 |
| | | | | | | | feet to a point; Thence S 0 deg 00' 00" E 1,365.35 feet |
| | | | | | | | to a fence corner, a Southwest corner and the Point of |
| | | | | | | | Beginning of this tract;  Thence N 01 deg 54' 47" W |
| | | | | | | | along a fence, 283.20 feet to a fence corner, the |
| | | | | | | | Northwest corner of this tract; Thence N 88 deg 44' 00" |
| | | | | | | | E along a fence, 798.05 feet to a fence corner, the |
| | | | | | | | Northeast corner of this tract; Thence S 03 deg 33' 55" |
| | | | | | | | E along a fence, 410.56 feet to a fence corner, a |

**RW077640 / 000 (continued)**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| | | | | | | | Southeast corner of this tract; Thence S 31 deg 03' 17" |
| | | | | | | | W along a fence 30.26 feet to a fence corner, the most |
| | | | | | | | westerly Southeast corner of this tract; Thence N 84 deg |
| | | | | | | | 07' 10" W along a fence, 296.75 feet to a fence corner, |
| | | | | | | | the most southerly Southeast corner of this tract; |
| | | | | | | | Thence N 58 deg 36' 10" W along a fence, 198.05 feet to |
| | | | | | | | a fence corner, an interior corner of this tract; Thence |
| | | | | | | | N 73 deg 15' 29" W along a fence, 40.04 feet to a fence |
| | | | | | | | corner, and the interior corner of this tract; Thence S |
| | | | | | | | 88 deg 02' 48" W along a fence, 295.92 feet to the point |
| | | | | | | | of beginning of this tract; Said tract contains 6.395 |
| | | | | | | | acres of lamd, more or less. Zoffness Booster Station |

**RW077641 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| J T Sneed, Jr | Texas Inter-State Pipe Line Company | 6/11/1930 | | | | Unknown | Beginning at a point in Section 70, Blk G&M3, G&M, Moore |
| | | | | | | | County, Texas, to be selected by the Grantee, |
| | | | | | | | THence in a Southwesterly direction across Section 1, |
| | | | | | | | I&GN RR Co SUrvey, across the Joseph F Johnson Survey, |
| | | | | | | | across the O H Lindsay Survey, across the J T Sneed, Jr |
| | | | | | | | Survey, across Sec 1, Blk B-12, D&P Ry Co Survey, across |
| | | | | | | | Sec 2, Blk M-3 W R Ozier Survey, across Sections 26, 27, |
| | | | | | | | 28, 29 and 30, Blk 6-T, T&NO Ry Co Survey all in Moore |
| | | | | | | | County, Texas, and being approximately 3300 rods; |
| | | | | | | | Thence West across Section 31 a distance of 380 rods; |
| | | | | | | | and a second such right of way over and through certain |

**RW077641 / 000 (continued)**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| | | | | | | | real estate in Moore County, Texas, owned by me and |
| | | | | | | | described as follows, to-wit:  Beginning at a point in |
| | | | | | | | Section 29, Blk 6-T, T&NO Ry Co Survey, at some point on |
| | | | | | | | the line run on the hereinablve described right of way, |
| | | | | | | | Thence South across section 40, and Section 45, Blk 6-T, |
| | | | | | | | T&NO Ry Co Survey, and the John Griffith SUrvey, |
| | | | | | | | approximately 1150 rods; and a third such right of way |
| | | | | | | | over and through certain real estate in Moore County, |
| | | | | | | | Texas, owned by me and described as follows, to-wit: |
| | | | | | | | Beginning at a point in Section 70, Blk G&M3, THence in |
| | | | | | | | a Southeasterly direction across Section 71, Blk G&M3, |
| | | | | | | | and the Emily Snow Survey, being approximately 400 rods. |

**RW077642 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| J T Sneed, Jr Estate, et al | Panhandle Eastern Pipeline Company | 3/8/1956 | 134 | 446 | | | All of Sections 27, 28 & 29, Blk 6-T, T&NO Ry Co Survey |

**RW077643 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| J T Sneed, Jr Estate | Panhandle Eastern Pipeline Company | 3/30/1967 | 206 | 447 | 30845 | | E2SW Section 29, Blk 6-T, T&NO Ry Co Survey |

**RW077644 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| J T Sneed, Jr Estate | Panhandle Eastern Pipeline Company | 4/5/1973 | 240 | 567 | 43385 | | Section 29, Blk 6-T, T&NO Ry Co Survey |

**RW077645 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|-----|-----|----------|---------|-------------------|
| Joseph Harold Pool | Anadarko Gathering Company | 1/20/1995 | 457 | 823 | 118714 | | E2SW, W2SE Section 29, Blk 6-T, T&NO Ry Co Survey |
| | | | | | | | |

**RW077646 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|-----|-----|----------|---------|-------------------|
| Thomas E Harbert, et ux | Anadarko Gathering Company | 1/20/1997 | 483 | 792 | 126410 | | Section 15, H&TC Ry Co Survey |
| | | | | | | | |

**RW077647 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|-----|-----|----------|---------|-------------------|
| Thomas E Harbert, et ux | Anadarko Gathering Company | 2/20/1995 | 457 | 824 | 118715 | | N2 Section 15, H&TC Ry Co Survey |
| | | | | | | | |

**RW077648 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|-----|-----|----------|---------|-------------------|
| Frances Diane Neal Trust | Anadarko Gathering Company | 9/14/1994 | 451 | 194 | 116701 | | Sec 27, Blk 44, H&TC Ry Co Survey, Moore County, Texas |

**RW077700 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|-----|-----|----------|---------|-------------------|
| Clay Herbert et ux | Panhandle Eastern Pipe Line Company | 1/9/1952 | 117 | 113 | | | Sec 15, Blk 44, H&TC Railroad Company Survey. |
| | | | | | | | |

**RW077701 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|-----|-----|----------|---------|-------------------|
| C L Killgore et ux | Panhandle Eastern Pipe Line Company | 1/12/1952 | 117 | 111 | | | E2 Sec 29; SW Sec 30; W2 Sec 31; Block PMC, all in EL & |
| | | | | | | | RR RR Co. Survey. |

**RW077702 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| J T Sneed, Jr estate | Panhandle Eastern Pipe Line Company | 9/10/1958 | 152 | 555 | 10720 | | All Sec 22 and 23, Blk 6-T, T&NO RR Company Survey. |

**RW077703 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| John Armstrong Trust | Panhandle Eastern Pipe Line Company | 11/9/1978 | 285 | 74 | 61862 | | W2N2 of the J W Proctor Survey, Moore and Hutchinson |
| | | | | | | Unrecorded | Counties, Texas, save and except a tract 1700' by 835' |
| | | | | | | | out of NW corner by Getty Oil Company. |

**RW077704 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| J T Sneed, Jr. estate | Panhandle Eastern Pipe Line Company | 10/10/1979 | 283 | 100 | 61064 | | Matilda Robinson Survey |

**RW077705 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| B H Record et al | Panhandle Eastern Pipe Line Company | 7/11/1960 | 161 | 344 | 13853 | | Section 2, Block J, J Poitevent Survey |

**RW077706 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| J T Sneed, Jr. estate | Panhandle Eastern Pipe Line Company | 10/24/1945 | | | 6554 | | Sec 1, Tyler Tap Survey; Sec 69 Blk G&M 3, Gunter & |
| | | | | | | | Munson Survey; Sec 1, I&GN RR Company Survey. |

**RW077707 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| Lillian Bond Denson | Panhandle Eastern Pipe Line Company | 3/25/1980 | 296 | 271 | 66303 | | SW Sec 49; S2 Sec 50, all in Blk 6T, T&NO Ry. |

**RW077708 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Elizabeth Sneed Pool Robinett | Panhandle Eastern Pipe Line Company | 4/2/1974 | 248 | 503 | 46505 | | S2 Sec 23; S2 Sec 26, all in Blk 1, J Poitevent. |

**RW077709 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| J T Sneed, Jr. Estate | Panhandle Eastern Pipe Line Company | 10/10/1979 | 248 | 501 | 465504 | | W2; NE Sec 9, Block M-1, Lee Morrison. |

**RW077710 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Bond Sneed Denson Trust | Panhandle Eastern Pipe Line Company | 5/4/1978 | 280 | 290 | 59881 | | SW Sec 46, Sec 48, Blk 6-T, T&NO Co. Survey. |

**RW077711 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| John Armstrong Trust | Panhandle Eastern Pipe LIne | 8/6/1981 | 306 | 368 | 71002 | | Freeman Bazemore Survey, except those parcels of land |
| | | | | | | | described in the following:  V 40, P 38; V94, P 190-191; |
| | | | | | | | V80, P 70-71; V 58, P 112-113; V 40, P 34; V 83, P 467 & |
| | | | | | | | 470; Deed of Records, Moore County, Texas. |

**RW077712 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| J T Sneed, Jr. | Texas Interstate Pipe Line Company | 4/16/1930 | 41 | 497 | | | For some point in the North 160 acres of Section 71, |
| | | | | | | | Block G&M 3 Gunter & Munson; Thence in a Northeasterly |
| | | | | | | | direction across the  Southeast portion of Section 70, |
| | | | | | | | Block G&M 3, Gunter & Munson Grantee; Thence in a |
| | | | | | | | Northeasterly direction across the Northwest portion of |
| | | | | | | | the Emily L. Snow Survey; and continuing thence in a |
| | | | | | | | Northeasterly direction across the Matilda Robinson Survey. |

**RW077713 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Edgar Kempson et ux | Panhandle Eastern Pipe LIne | 3/22/1956 | 133 | 228 | 4066 | | All Sec 2, Block M1, W.F. Bennet. |

**RW077714 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| Zella Sneed, Estate | Panhandle Eastern Pipe LIne | 8/26/1939 | 71 | 118 | | | Sec 1, Blk B12, D&P Ry. Co. Survey; JT Sneed Jr. Survey; |
| | | | | | | | Tract Nos. 3 and 5, Sneed's Subdivision of Owen H |
| | | | | | | | Lindsay Survey. |

**RW077715 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| J T Sneed, Jr. Estate | Panhandle Eastern Pipe Line Company | 9/13/1949 | 109 | 310 | | | Sec 1, Tyler Tap Railway Company Survey; and Tracts 2, 3 |
| | | | | | | | and 4 of Sneed Subdivision of O. H. Lindsay Survey |

**RW077716 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| J T Sneed, Jr. Estate | Panhandle Eastern Pipe Line Company | 3/8/1956 | 134 | 446 | 4557 | | All of Secs 28 and 29, Blk 6T, T&NO Ry. Co. Survey |

**RW077717 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| E R Bennett et ux | Panhandle Eastern Pipe LIne | 4/8/1940 | 73 | 86 | | | All  of Sec 1, Block M-1. |

**RW077718 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| E R Bennett et ux | Panhandle Eastern Pipe LIne | 4/8/1940 | 73 | 45 | | | All of Sec 2, Block M1. |

**RW077719 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Charles F Bennett | Panhandle Eastern Pipe LIne | 8/6/1981 | 73 | 84 | | | All of Sec 22, except 142 acres in the SW/C of said Sec, |
| | | | | | | | deeded to E. R. Bennett, Blk 1, J. Poitvent Survey. |

**RW077720 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| J T Sneed, Jr. Estate | Panhandle Eastern Pipe Line Company | 1/19/1982 | 306 | 371 | 71003 | | All of Sec 3, Block M-1, W. E. Bennett Survey |

**RW077721 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| E R Bennett et ux | Panhandle Eastern Pipe LIne | 9/26/1940 | 73 | 639 | | | All of the SW, except the north 18 acres, of Sec 22, |
| | | | | | | | Block 1, J. Poitevent Survey. |

**RW077722 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| C L Killgore et ux | Panhandle Eastern Pipe Line Company | 3/24/1941 | 75 | 54 | | | Sec 28, Blk 44, H&TC Ry Company Survey. |

**RW077723 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| T A Massay et al | Panhandle Eastern Pipe Line Company | 9/8/1941 | 76 | 40 | | | Sec 15, Blk 44, H&TC Ry Co. Survey. |

**RW077724 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| J T Sneed, Jr. Estate | Panhandle Eastern Pipe Line Company | 4/5/1973 | 240 | 567 | 43385 | | Sec 29, Blk 6T T&NO Railway Company Survey |

**RW077725 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Wm H Brown | Panhandle Eastern Pipe Line Company | 10/9/1939 | 71 | 436 | | | Sec 64, Blk 44, H&TC RR Co. Survey |

**RW077726 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| J T Sneed Jr. Estate | Panhandle Eastern Pipe Line Company | 7/14/1969 | 220 | 161 | 36026 | | SE Sec 22, S2 Sec 23, all in Blk 6T, T&NO R.Ry. Survey |

**RW077727 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Megargel Drilling Company | Panhandle Eastern Pipe Line Company | 4/19/1972 | | | 41170 | | SW Sec 31, Blk (PMC), EL&RR Ry. Co. Survey |

**RW077728 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Dr. William C Curtis et ux | Panhandle Eastern Pipe Line Company | 4/14/1972 | 234 | 540 | 41171 | | NW Sec 32, Blk (PMC) EL&RR Ry. Co. Survey |

**RW077729 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| J S McLaughlin et ux | Panhandle Eastern Pipe Line Company | 4/20/1972 | 234 | 543 | 41172 | | SW Sec 32, Blk (PMC), EL&RR Ry Co. Survey |

**RW077730 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| William H Brown Estate | Panhandle Eastern Pipe Line Company | 4/25/1973 | 241 | 50 | 43497 | | W2 Sec 36, Blk 6T T&NO Ry Co. Survey |

Schedule 2 to Exhibit A

**RW077731 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| Weymouth Corporation | Panhandle Eastern Pipe Line Company | 4/11/1973 | | | | | Sec 1, R B Masterson Surv; North 36.5 acs of Sec 31, Blk |
| | | | | | | | B-10, EL&RR Ry. Co. Surv; Sec 47, Blk G & M3, Gunter and |
| | | | | | | | Munson Surv; Sec 16, Blk B10, EL&RR Ry. Co. Survey. |

**RW077732 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| Gary Lee Herbert et ux | Panhandle Eastern Pipe Line Company | 3/12/1974 | 247 | 587 | 46186 | | NE Sec 15, Blk 44 H&TC RR Co. Survey |

**RW077733 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| State Department of Highways and Public | Panhandle Eastern Pipe Line Company | 8/18/1981 | | | | Unrecorded | In a southwesterly direction across FM 1913 at an angle |
| | | | | | | | of 60 degrees 27' and being approximately 267' south of |
| | | | | | | | the North Line of Matilda Robinson Survey 3. |

**RW077734 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| Moore County Commissioners Court | Panhandle Eastern Pipe Line Company | 10/1/1981 | | | | Unrecorded | Sections 1-M. Robinson Survey |

**RW077735 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| Fanny Fern Weymouth et vir | Panhandle Eastern Pipe Line Company | 7/22/1930 | 258 | 188 | | | Sec 37, Gunter & Munson, Blk 3 in both Potter and |
| | | | 41 | 505 | | | Moore Counties; Sec 35, Gunter & Munson Blk 3, Potter County. |

**RW077736 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| Fanny Fern Weymouth et vir | Panhandle Eastern Pipe Line Company | 7/22/1930 | 41 | 506 | | | Sec 17 EL&RR RR Co. Surv; Sec 38 Gunter & Munson Blk 3. |

**RW077737 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| N H Read | Panhandle Eastern Pipe Line Company | 5/19/1932 | 49 | 70 | | | Secs 16 and 18, Blk B-10, EL&RR Co. Survey; Sec 47, M-3. |

**RW077738 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Panhandle and Santa Fe Railway Company | Panhandle Eastern Pipe Line Company | 11/23/1946 | | | | Unrecorded | Sec 13, Blk 44, H&TC RR Co. Survey, near Bautista. |

**RW077739 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Berneta W Bivins Johnson et vir | Panhandle Eastern Pipe Line Company | 11/8/1960 | 164 | 123 | | | A strip of land 30' in width, beg at a point in the |
| | | | | | | | common line of Secs 95 and 96, in Blk 46, H&TC Ry. Co. |
| | | | | | | | Survey, which is approx 5,127' north and approx 2,640' |
| | | | | | | | west of the SW/C of Sec 94; thence in a northeasterly |
| | | | | | | | direction for approx 590' to a point to intersect with a |
| | | | | | | | present gas line owned and operated by the grantee, |
| | | | | | | | which ROW is more completely described on map entitled |
| | | | | | | | "Proposed Revision Line AW 1083-4" |

**RW077740 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| John H Feltz et al | Panhandle Eastern Pipe Line Company | 11/15/1960 | 164 | 127 | 14890 | | All Sec 96, Blk 46, H&TC Ry Co. Survey. |

**RW077741 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Terry Thompson Grandchildren Trust | Panhandle Eastern Pipe Line Company | 4/6/1978 | 279 | 473 | 59521 | | Sec 55, Blk 6T T&NO Ry. Co. Survey; John Griffith |
| | | | | | | | Survey. |

**RW077742 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| State Department of Highways and Public | Panhandle Eastern Pipe Line Company | 4/3/1978 | | | | Unrecorded | 8" natural gas pipe line crossing approximately 1944.8' |
| | | | | | | | East of the SW/C Sec 46, T&NO RR Co. Survey, Blk 6-T. |

**RW077743 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Mary Ann Campbell et al | Panhandle Eastern Pipe Line Company | 4/11/1973 | 240 | 603 | | | Sec 27, 29, 31, 32, all in Blk B-10, E L & RR Ry. |
| | | | | | | | Co. Survey; Sec 45, Blk G&M-3, Gunter and Munson Survey; |
| | | | | | | | Sec 7, R B Masterson Survey. |

**RW077744 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Moses L Purvin Estate et al | Panhandle Eastern Pipe Line Company | 12/10/1944 | | | | | E2 Sec 69, Blk 44, H&TC RR Co. Survey |

**RW077745 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Alice Bond Sneed Estate et al | Texas Inter-State Pipe Line Company | 6/27/1931 | 47 | 587 | | | Tract 1 from a point in the south line of Sec 32, Blk |
| | | | | | | | 6-T, T&NO Ry. Co. Survey, northward to a point in the |
| | | | | | | | 12" gas line of said company now crossing said Sec 32; |
| | | | | | | | Tract 2 from a point in the south line of Sec 33, Blk |
| | | | | | | | 6-T, T&NO Ry. Co. Survey, thence northward to a point in |
| | | | | | | | the 12" gas line now crossing said Sec 33; Tract 3 from |
| | | | | | | | a point in the North line of the N2 Sec 49, Blk 6-T, |
| | | | | | | | T&NO Ry. Co. Survey, to a point in the South line of |
| | | | | | | | said Sec 49, as now traversed by the line of said |
| | | | | | | | Company. |

**RW077746 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| W H Brown | Texas Interstate Pipe Line Company | 1/21/1931 | 47 | 194 | | | Sec 36, Blk 6-T, T&NO Ry. Co. Survey |

**RW077747 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Terry Thompson Grandchildren Trust | Panhandle Eastern Pipe Line Company | 6/8/1977 | 272 | 270 | | | NE Sec 6, Blk B-10, EL&RR Ry. Co. Survey; Horace Hall |
| | | | | | | | Survey |

**RW077748 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Terry Thompson Jr | Panhandle Eastern Pipe Line Company | 8/31/1937 | 66 | 11 | | | Sec 25, Blk 44, H&TCRR Company Survey. |

**RW077750 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Albert W Zimmer Estate | Anadarko Gathering Co | 3/16/2000 | 522 | 186 | 136740 | | NW Sec 36, Blk 6T, T&NO Survey. Brown D-4036-R |

**RW077751 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Elizabeth Sneed Pool Robinett | Antioch Texas Gathering Co | 5/23/1988 | 398 | 952 | 101418 | | Secs 23 and 26, Block 1, Poitevent Original Grantee. |
| | | | | | | | Pollard Creek Carol No 1 |

**RW077752 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| J T Sneed, Jr Estate | Antioch Texas Gathering Co | 5/23/1988 | 398 | 957 | 101419 | | Sec 9, Blk M-1, Lee Morrison Original Grantee. Pollard |
| | | | | | | | Creek Carol No 1 |

**RW077753 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| J T Sneed, Jr Estate | Antioch Texas Gathering Co | 5/23/1988 | 398 | 961 | 101420 | | Owen H Lindsay Survey; NE, E2NW, S2 Sec 1, Tyler Tap |
| | | | | | | | Survey, Pollard Creek Carol No 1 |

**RW077754 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| J T Sneed, Jr Estate | Antioch Texas Gathering Co | 12/18/1990 | 405 | 731 | 103463 | | Sec 43, Blk 6-T, T&NO RR Co Survey. APX Sneed No 1-43A |

**RW077755 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Mildred Bennett Morton | Anadarko Gathering Co | 1/10/1995 | 456 | 010 | 118115 | | Secs 20, 22, Blk 1, J Poitevent Survey. Bennett No 1-22A |

**RW077757 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| J T Sneed, Jr Estate | Anadarko Petroleum Corp | 8/4/1989 | 398 | 943 | 101416 | | A tract of land 150' by 150' (0.517 acre), being |
| | | | | | | | a part of Sec 70, Blk G&M 3, G&M Survey, and being more |
| | | | | | | | particularly described as: BEGINNING at a 5/8 inch iron |
| | | | | | | | rod with cap set for the NW corner of this tract or |
| | | | | | | | parcel from whence the NW corner of said Section 70 |
| | | | | | | | bears N 0 deg 11 min 51 sec E a distance of 1950.75 feet |
| | | | | | | | and N 89 deg 48 min 09 sec W a distance of 1611.08 feet; |
| | | | | | | | THENCE East a distance of 150 feet to a 5/8 inch iron |
| | | | | | | | rod with cap; THENCE South a distance of 150 feet to a |
| | | | | | | | 5/8 inch iron rod with cap; THENCE West a distance of |
| | | | | | | | 150 feet to a 5/8 iron rod with cap; THENCE North a |
| | | | | | | | distance of 150 feet to the POB and containing 0.517 |
| | | | | | | | acres, more or less. Sneed D No 12 |

**RW077758 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| J T Sneed, Jr Estate | Antioch Texas Gathering Co | 12/15/1988 | 384 | 452 | 97312 | | Sec 70, Blk 3, G&M Survey.  Anadarko No D-6 A |

**RW077759 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| J T Sneed, Jr Estate | Antioch Texas Gathering Co | 12/15/1988 | 384 | 456 | 97313 | | Sec 70, Blk 3, G&M Survey,  Anadarko Sneed No D-8A |

**RW077760 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| J T Sneed, Jr Estate | Antioch Texas Gathering Co | 12/15/1988 | 384 | 460 | 97314 | | Secs 65 and 70, Blk 3, G&M Survey. Anadarko Sneed D-7A |

**RW077761 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| J T Sneed, Jr Estate | Antioch Texas Gathering Co | 12/14/1988 | 384 | 464 | 97316 | | NE Sec 70, SE Sec 65, Blk 3, G&M Survey. Anadarko Sneed |
| | | | | | | | No D-2A |

**RW077762 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| J T Sneed, Jr Estate | Antioch Texas Gathering Co | 4/18/1989 | 385 | 469 | 97629 | | Sec 65 and 70, Block 3, G&M Survey. Anadarko Sneed No |
| | | | | | | | D-7A, Anadarko Sneed No D-11 |

**RW077763 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| J T Sneed, Jr Estate | Antioch Texas Gathering Co | 4/18/1989 | 385 | 474 | 97630 | | Sec 70, Blk 3, G&M Survey. Anadarko Sneed D-8, D-10, |
| | | | | | | | D-12, D-13, D-3A, D-6A. |

**RW077764 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| J T Sneed, Jr Estate | Anadarko Petroleum Corp | 7/10/1989 | 390 | 46 | 98817 | | Sec 65, Blk 3, G&M Survey. This grant is for the |
| | | | | | | | Anadarko-Sneed D 18 well with three lines to be laid in |
| | | | | | | | one ditch. |

**RW077765 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| Joseph Harold Pool | ConocoPhillips Company | 5/25/2010 | 691 | 20 | | | A tract of land containing 0.23 acres in Sec 65, Blk 3, |
| | | | | | | | G&M Survey, Moore County, TX, more particularly |
| | | | | | | | described as follows: BEGINNING at a point from whence |
| | | | | | | | the SE corner of said Section 65 bears South 00 deg 01 |
| | | | | | | | min 59 sec West a distance of 261 feet and East a |
| | | | | | | | distance of 317 feet; THENCE North 16 deg 12 min 57 sec |
| | | | | | | | East a distance of 100 feet to a 1/2 inch iron rod with |
| | | | | | | | cap; THENCE North 73 deg 47 min 03 sec West a distance |
| | | | | | | | of 100 feet to 1/2 inch iron rod with cap; THENCE South |
| | | | | | | | 16 deg 12 min 57 sec West a distance of 100 feet to a |
| | | | | | | | 1/2 inch iron rod with cap; THENCE South 73 deg 47 min |
| | | | | | | | 03 sec East a distance of 100 feet to a 1/2 inch iron |
| | | | | | | | rod with cap to the POB. |
| | | | | | | | Sneed D Lease Valve Site. |

**RW077766 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| Stephen Zimmer | Anadarko Gathering Co | 5/22/2000 | 524 | 783 | 137401 | | W2 Sec 34, Blk 6T, T&NO Survey. Brown B No 1134R |
| | | | | | | | Brown B No 7034R |

**RW077767 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Albert William Zimmer | Antioch Texas Gathering Co | 11/24/1989 | 393 | 143 | 99722 | | Sec 36, Blk 6-T, T&NO Ry Co Survey. Brown A No 1-36 |

**RW077768 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| J T Sneed, Jr Estate | Antioch Texas Gathering Co | 11/15/1988 | 403 | 295 | 102712 | | E2 of Section 65, Block 3, Gunter and Munson Original |
| | | | | | | | Grantees, Moore County, TX; and All of the Matilda |
| | | | | | | | Robinson Survey, except 40 acres owned by Panhandle |
| | | | | | | | Eastern Pipe Line Company |

**RW077769 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| J T Sneed, Jr Estate | Anadarko Petroleum Corp | 10/10/1990 | 403 | 291 | 102711 | | Sec 70, Blk 3, G&M Survey. Anadarko Sneed D-12 SWD |

**RW077770 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Terry Thompson, Jr Trust | Anadarko Gathering Co | 5/25/2000 | 524 | 772 | 137400 | | NE Sec 20; S2 and NE Sec 23; N2 and SW Sec 63, Blk 44, |
| | | | | | | | H&TC Survey. Anadarko Brent No 5023 R, Anadarko Brent No |
| | | | | | | | 6023 R, Anadarko Brent No 1-23 A, Anadarko Nield D No |
| | | | | | | | 1-20A, Anadarko Thompson No 3063 R, Anadarko Thompson No |
| | | | | | | | 4063 R, Anadarko Thompson No 5063 R. |
| | | | | | | | According to the plats attached to grant, Sec 20 acreage |
| | | | | | | | is in Blk 26, EL & RR Survey, not Blk 44 H&TC. |

**RW077818 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Terry Thompson, et ux | Texas-Interstate Pipe Line Company | 6/10/1930 | 41 | 503 | | | Secs 58, 59, 60, 61, 62 and 63, Blk 44, H&TC RR Co. |

**RW077819 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| John P Zimmer, Trustee | Anadarko Gathering Company | 5/26/1995 | 459 | 677 | 119292 | | Sec 64, Blk 44, H&TC Survey. Brown 2R-64 Well Extension |

**RW077820 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| Panhandle and Santa Fe Railway Company | Panhandle Eastern Pipe Line Company | 11/23/1946 | | | | Unrecorded | One pipe line 6" in diameter for carrying natural gas |
| | | | | | | | across or along the right of way of Licensor at or near |
| | | | | | | | the station of Bautista, Moore County, Texas, the exacto |
| | | | | | | | location of the pipe line being more particularly shown |
| | | | | | | | by red coloring upon the print hereto attached, No. |
| | | | | | | | DEOA-1426, dated November 14, 1946, marked "Exhibit A" |
| | | | | | | | and made a part hereof. |

**RW077821 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| C Willienell Zimmer Haynes | Antioch Texas Gathering Company | 12/27/1989 | 394 | 249 | | | Sec 22, Blk 44, H&TC Survey. Brown 1-22-A |

**RW077822 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| C Willienell Haynes | Antioch Texas Gathering Company | 5/9/1995 | 459 | 683 | 119294 | | Sec 22, Blk 44, H&TC Survey.  Brown 2R-22 Well |

**RW077823 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| C Willienell Zimmer Haynes | Anadarko Gathering Company | 8/23/1999 | 515 | 252 | 134938 | | Sec 22, Blk 44, H&TC Survey.  Brown C4022R |
| | | | 516 | 504 | 135260 | | |

**RW077824 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| C Willienell Zimmer Haynes | Anadarko Gathering Company | 9/29/1999 | 516 | 512 | 135262 | | NE Sec 22, Blk 44, H&TC Survey.  Brown C5022R |

**RW077825 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| C Willienell Zimmer Haynes | Anadarko Gathering Company | 9/29/1999 | 516 | 516 | 135263 | | SW, SE Sec 22, Blk 44, H&TC Survey.  Brown "C" 3022R |

**RW077826 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| C Willienell Zimmer Haynes | Anadarko Gathering Company | 5/17/2000 | 523 | 727 | 137142 | | SW, NE Sec 22, Blk 44, H&TC Survey.  Brown C-6022R; |
| | | | | | | | 7022R; 8022R and 9022E wells |

**RW077866 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| John Mark Zimmer | Anadarko Gathering Company | 5/18/2000 | 523 | 734 | 137143 | | SE Section 34, Block 6T, T&NO Survey |
| | | | | | | | Brown B-9034-R |

**RW077867 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| John Mark Zimmer | Anadarko Gathering Company | 2/8/2000 | 530 | 531 | 138908 | | SE Section 34, Block 6T, T&NO Survey |
| | | | | | | | Brown B-6034-R |

**RW077868 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Jim Shirley et ux | Antioch Texas Gathering Company | 12/17/1991 | 416 | 690 | 106558 | | S2 Sec 93, Blk 46, H&TC RR Co Survey. |

**RW077869 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Estate of J T Sneed, Jr | Anadarko Petroleum Corporation | 3/22/1990 | 396 | 609 | 100750 | | Section 70, Block G&M-Three (3), G & M Survey |

**RW077870 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Estate of J T Sneed, Jr | Anadarko Petroleum Corporation | 4/12/1988 | 398 | 7 | 101150 | | NE, E2NW, S2 Sec 1, TT RR Co Survey; Sec 4, O H Lindsey |
| | | | | | | | Survey. Sneed B-13R well. |

**RW077871 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Estate of J T Sneed, Jr | Anadarko Petroleum Corporation | 4/12/1988 | 398 | 11 | 101152 | | NE, E2NW, S2 Sec 1, TT RR Co Survey; Sec 69 and 70, Blk |
| | | | | | | | G&M 3, G&M Survey; Sec 1, I&GN RR Co Survey. |

**RW077872 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Estate of J T Sneed, Jr | Antioch Texas Gathering Company | 5/23/1988 | 398 | 18 | 101154 | | Owen H Lindsey Survey; Secs 5 and 6, A H Sadler, Blk |
| | | | | | | | M-1; Secs 23, 24 and 25, T&NO Survey, Blk 6-T. |

**RW077873 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Estate of J T Sneed, Jr | Anadarko Petroleum Corporation | 8/30/1990 | 398 | 948 | 101417 | | J S Johnson Survey |

**RW077874 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| John Curtis Coon et al | Antioch Texas Gathering Company | 6/16/1988 | 398 | 9 | 101151 | | Section 105, Block 44, H&TC Ry Co Survey |

## RW077875 / 000

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Estate of J T Sneed, Jr | Antioch Texas Gathering Company | 8/15/1991 | 412 | 317 | 105251 | | N2 Sec 25, NW Sec 26, Blk 6-T, T&NO RR Co Survey; Sec 5, |
| | | | | | | | Blk M-1, A H Sadler Survey; a portion of tracts 3 and 5 |
| | | | | | | | of Owen H Lindsay Survey. |

## RW077876 / 000

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Estate of J T Sneed, Jr | Antioch Texas Gathering Company | 8/15/1991 | 412 | 323 | 105252 | | Section 24 and Section 25, Block 6-T, T & N O RR Co |
| | | | | | | | Survey |

## RW077877 / 000

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Estate of J T Sneed, Jr | Antioch Texas Gathering Company | 8/15/1991 | 412 | 327 | 105253 | | Section 25, Block 6-T, T & N O RR Co Survey and Section |
| | | | | | | | 6, Block M-1, A H Sadler Survey |

## RW077878 / 000

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Estate of J T Sneed, Jr | Antioch Texas Gathering Company | 10/17/1991 | 414 | 178 | 105799 | | N2 Sec 4, TT RR Co Survey. |

## RW077879 / 000

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Estate of J T Sneed, Jr | Antioch Texas Gathering Company | 11/25/1991 | 415 | 494 | 106220 | | Sec 4, TT RR Co Survey. |

## RW077880 / 000

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Estate of Lillian Bond Denson | Anadarko Gathering Company | 7/25/2000 | 526 | 274 | 137799 | | N2, SE Sec 50; SW Sec 21; SE Sec 20, Blk 6T, T&NO Surv. |
| | | | | | | | Sneed A-1150R, C-1250R, C-1350R, A-1450R, 4021R. |

**RW077881 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Harold Dean Morton | Anadarko Gathering Company | 1/18/1994 | 450 | 636 | | | Thomas Ross Survey Abstract #761/HCR01 |

**RW077882 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Joseph Harold Pool | Anadarko Gathering Company | 1/18/1995 | 456 | 006 | 118114 | | Section 65, Block 3, G & M Survey, Matilda Robinson |
| | | | | | | | Survey and J T Sneed, Jr, Survey |

**RW077883 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| E J Franz Partnership | Anadarko Gathering Company | 1/27/1994 | 450 | 645 | 116528 | | Thomas Ross Survey A-761 |

**RW077884 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| S J Long | Anadarko Gathering Company | 1/18/1994 | 450 | 636 | 116526 | | Thomas Ross Survey Abstract #761/HCR01 |

**RW077885 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Ida Huckabay | Texas Interstate Pipe Line Company | 6/20/1930 | 41 | 502 | | | W2 A Duboic Survey |

**RW077886 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| E J Franz Partnership | Anadarko Gathering Company | 1/1/1994 | 450 | 638-644 | 116527 | | Thomas Ross Survey, A-761, consisting of approx 0.516 |
| | | | | | | | acres. |

**RW077887 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| AE & E Investments | Anadarko Gathering Company | 1/4/1994 | 450 | 633 | 116525 | | Survey 17, Block 1-PD.  Harrington "D" |

**RW077888 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| Estate of Alice Bond Sneed et al | Texas Interstate Pipe Line Company | 6/16/1930 | 41 | 511 | | | Sec 31, 32, 33, Blk 6-T, T&NO Ry Co Survey. |

**RW077889 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| John Bradford Pemberton | Anadarko Gathering Company | 12/3/1993 | 450 | 619 | 116518 | | Sections 54 and 55, Block 47, H & TC Survey |

**RW077890 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|------|----|----------|---------|-------------------|
| Richard Brown | Anadarko Gathering Company | 12/6/1993 | 450 | 623 | 116520 | | Sections 54 and 55, Block 47, H & TC Survey |

**RW077891 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|------|----|----------|---------|-------------------|
| Betty Nell Garner | Anadarko Gathering Company | 12/6/1993 | 450 | 629 | 116523 | | Sections 54 and 55, Block 47, H & TC Survey |

**RW077892 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|------|----|----------|---------|-------------------|
| Becky Love Dodson | Anadarko Gathering Company | 12/7/1993 | 450 | 627 | 116522 | | Sections 54 and 55, Block 47, H & TC Survey |

**RW077893 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Savannah Jane Bradley | Anadarko Gathering Company | 12/10/1993 | 450 | 625 | 116521 | | Sections 54 and 55, Block 47, H & TC Survey |

**RW077894 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Bradley Apodaca | Anadarko Gathering Company | 12/13/1993 | 450 | 621 | 116519 | | Sections 54 and 55, Block 47, H & TC Survey |

**RW077895 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| James Lyle Pemberton, Jr | Anadarko Gathering Company | 1/18/1994 | 450 | 617 | 116517 | | Sections 54 and 55, Block 47, H & TC Survey |
| | | | | | | | State CR 5-3B |

**RW077896 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Robert Toll Garner | Anadarko Gathering Company | 2/15/1994 | 450 | 631 | 116524 | | Sections 54 and 55, Block 47, H & TC Survey |

**RW077897 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Albert C Schofield et al | Panhandle Eastern Pipe Line Company | 3/19/1941 | 75 | 55 | | | SE Sec 57, Blk 44, H&TC Ry Company Survey. |

**RW077898 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| W H Brown | Texas Interstate Pipe Line Company | 11/4/1930 | 46 | 632 | | | Sec 34, Blk 6-T, T&NO RR Co Survey. |

**RW077899 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Terry Thompson et ux | Texas-Interstate Pipe Line Company | 6/10/1930 | 41 | 503 | | | Secs 58, 59, 60, 61, 62 and 63, Blk 44, H&TC RR Co |
| | | | | | | | Survey. |

**RW077931 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Lillian Bond Denson | Antioch Texas Gathering Company | 11/8/1988 | 384 | 462 | 97315 | | Sec 47, Blk 6-T, T&NO Survey. |

**RW077932 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Lillian Bond Denson | Antioch Texas Gathering Company | 1/5/1990 | 395 | 175 | 100328 | | Sec 49, Blk 6T, T&NO Survey.  Sneed 1-49 |

**RW077933 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| J T Sneed Jr Estate | Antioch Texas Gathering Company | 10/10/1990 | 403 | 287 | 102710 | | Sec 29, Blk 6T, T&NO Survey. Sneed C-11 |

**RW077934 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| J T Sneed, Jr | Texas Interstate Pipe Line Company | 6/11/1930 | 46 | 149 | | | BEGINNING at a point in Sec 70, Blk 3, G&M Survey, |
| | | | | | | | thence in a Southwesterly direction across Sec 1, I&GN |
| | | | | | | | RR CO Surv, across the Joseph F Johnson Surv, across the |
| | | | | | | | O H Lindsay Surv, across the J T Sneed, Jr Surv across |
| | | | | | | | Sec 1 Blk B12, D&P RR CO Survey, across Sec 2, Blk M3, W |
| | | | | | | | R Ozier Surv, across Secs 26, 27, 28, 29 and 30, Blk 6T, |
| | | | | | | | T&NO RR CO Surv, all in Moore County, Texas, and being |
| | | | | | | | approx 3300 rods; thence West across Sec 31 a distance |
| | | | | | | | of 480 rods; and |

**RW077934 / 000 (continued)**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| | | | | | | | BEGINNING at a point in Sec 29, Blk 6T, T&NO RR CO Surv, |
| | | | | | | | at some point on the line run on the hereinabove |
| | | | | | | | described ROW, THENCE South across Sec 40 and 45, Blk |
| | | | | | | | 6T, T&NO RR CO Surv, and the John Griffith Surv, approx |
| | | | | | | | 1150 rods; and |
| | | | | | | | BEGINNING at a point in Sec 70, Blk 3, G&M Survey, |
| | | | | | | | THENCE in a Southeasterly direction across Sec 71, G&M |
| | | | | | | | Surv, and the Emily Snow Surv, being approx 400 rods. |

**RW077935 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| Joseph Harold Pool | ConocoPhillips Company | 11/17/2010 | 691 | 857 | | | A 0.291 acre tract of land out of Sect 29, Blk 6-T, |
| | | | | | | | T&NO RR Co Survey, and being described by metes and |
| | | | | | | | bounds as follows:  Beginning at the Southeast corner of |
| | | | | | | | said Sec 29; Thence S 89 deg 45' W along the South line |
| | | | | | | | of said Sec 29, 3107.59' to a point; Thence N 00 deg 15' |
| | | | | | | | W, parallel to the West line of said Sec 29, 1,111.99' |
| | | | | | | | to a 1/2 inch iron rod set with cap stamped Gresham PLS |
| | | | | | | | 1939, the Southeast and Beginning corner of the tract; |
| | | | | | | | Thence N 57 deg 36' 26" W, 150.0' to a 1/2 inch iron rod |
| | | | | | | | set with cap stamped Gresham PLS 1939, the SW/C of this |
| | | | | | | | tract; Thence N 27 deg 28' 36" E, 100.0' to a 1/2 inch |
| | | | | | | | rod set with cap stamped Gresham PLS 1939, the NW/C of |
| | | | | | | | this tract; Thence S 53 deg 33' 13" E, 118.04' to a 1/2 |
| | | | | | | | inch iron rod set with cap stamped Gresham 1939, the |
| | | | | | | | NE/C of this tract; Thence S 8 deg 17' 56" W, 100.0' to |
| | | | | | | | the Beginning corner of this tract.  Zofness Tank Farm |

**RW077936 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| Lillian Bond Denson | Anadardo Gathering Company | 7/26/1996 | 485 | 93 | 126779 | | NW Sec 49, Blk 6T, T&NO Ry Co Survey. |

**RW077937 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| R P Brent III et al | Anadarko Gathering Company | 5/25/1995 | 459 | 686 | 119295 | | Section 67, Block 44, H&TC Survey |

**RW077974 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| Vernon Denson et al | Anadarko Gathering Company | 11/5/1999 | 518 | 262 | 135737 | | NW, NE Section 50, Block 6T, T&NO Survey. |

**RW077975 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| John K Ballard | Anadarko Gathering Company | 6/26/1995 | 460 | 906 | 119662 | | Sect 33, Blk 6T, T&NO Survey.  Sneed 3R-33 |

**RW077976 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| Lillian Bond Denson Estate, by gdn | Anadarko Gathering Company | 11/5/1999 | 518 | 250 | 135734 | | SW Sec 20, Block 6T, T&NO Survey. Sneed 3R-20 |

**RW077977 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| Lillian Bond Denson Estate by gdn | Anadarko Gathering Company | 11/11/1999 | 518 | 242 | 135732 | | NW Sec 33, Block 6T, T&NO Survey. Sneed A 5033R |

**RW077978 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| Lillian Bond Denson Estate, by gdn | Anadarko Gathering Company | 11/11/1999 | 518 | 254 | 135735 | | NW Sec 33, Blk 6T, T&NO Survey. Sneed A 4033R |

**RW077979 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| Lillian Bond Denson Estate, by Gdn | Anadarko Gathering Company | 11/5/1999 | 518 | 258 | 135736 | | NE Sec 50, Block 6T, T&NO Survey. Sneed 5R-50 |

**RW077980 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| Lillian Bond Denson Estate, by gdn | Anadarko Gathering Company | 3/28/2000 | 522 | 178 | 136738 | | SW Sec 33, Block 6T, T&NO Survey. Sneed 3R-33 |

**RW077987 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| Four S Ranch Ltd | Anadarko Gathering Company | 12/3/1993 | 2384 | 110 | 762402 | | Sec 56, Blk 47, H&TC Survey and part of Sec 43, Blk 3, |
| | | | 441 | 780 | 113838 | | G&M Survey in Moore and Potter Counties. |

**RW077989 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| J T Sneed, Jr Estate, et al | Panhandle Eastern Pipe Line Company | 8/17/1967 | | | | Unknown | NE Section 6, Block 10, EL&RR Ry Co Survey. |

**RW077990 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| Sneed Denson Trust | Panhandle Eastern Pipeline Company | 2/27/1937 | | | | Unknown | Sec 32, Blk 6, T&NO RR Survey. |

**RW077991 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| Lillian Bond Denson Estate | Anadarko Gathering Company | 11/5/1999 | 518 | 246 | 135733 | | SE Sec 21, Blk 6T, T&NO Survey. |

**RW077992 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| Elizabeth Sneed Pool Robinett, et al | Anadarko Petroleum Corporation | 3/7/1988 | 371 | 563 | 93679 | | Sec 1, TT RR Company Surv, Secs 69, 70, Blk 3, G&M Surv, |
| | | | | | | | Sec 1, IGN RR Company Surv. Sneed D 24 connection. |

**RW077993 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Elizabeth Sneed Pool Robinett, et al | Antioch Texas Gathering Company | 5/16/1989 | 390 | 42 | 98816 | | Sec 65, Blk 3, G&M Survey. King Sneed Wells |

**RW077995 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Elizabeth Sneed Pool Robinett et al | Anadarko Petroleum Corporation | 7/10/1989 | 390 | 50 | 98818 | | Sec 70, Blk 3, G&M Survey.  Anadarko-Sneed D-16, D-22. |

**RW077996 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Elizabeth Sneed Pool Robinett et al | Antioch Texas Gathering Company | 11/21/1989 | 393 | 145 | 99723 | | Secs 65 and 70, Blk 3, G&M Survey. |

**RW077997 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Elizabeth Sneed Pool Robinett et al | Anadarko Petroleum Corporation | 3/22/1990 | 396 | 607 | 100749 | | Sec 65, Blk 3, G&M Survey. |

**RW077998 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Elizabeth Sneed Pool Robinett et al | Anadarko Petroleum Company | 3/9/1989 | 397 | 997 | 101146 | | SE Sec 65, NE Sec 70, Blk 3, Gunter and Munson Survey. |
| | | | | | | | Anadarko Sneed D-1A, D-1B |

**RW078127 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| J T Sneed, Jr Estate | Antioch Texas Gathering Co | 3/22/1990 | 396 | 611 | 100751 | | Sec 22, Blk 6-T, T&NO Survey. |

**RW078128 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| J T Sneed, Jr Estate | Antioch Texas Gathering Co | 12/31/1990 | 405 | 739 | 103465 | | S2 Sec 22, N2 Sec 31, Blk 6-T, T&NO RR Co Survey |

Schedule 2 to Exhibit A

**RW078129 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Terry Thompson Grandchildren Trust | Antioch Texas Gathering Co | 12/28/1989 | 394 | 245 | 100072 | | Sec 55, T&NO Survey, Blk 6-T. |

**RW078130 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Caviness Cattle Co | Panhandle Eastern Pipe Line Co | 8/12/1985 | 337 | 394 | 84786 | | Sec 45, Blk 3, G&M Survey; Sec 31, Blk B-10, EL&RR RR Co |
| | | | | | | | Survey. |

**RW078131 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Lillian Bond Denson | Antioch Texas Gathering Co | 12/14/1989 | 394 | 251 | 100074 | | Sec 20, Blk 6-T, T&NO Survey. |

**RW078132 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Lillian Bond Denson | Antioch Texas Gathering Co | 9/20/1990 | 403 | 481 | 102760 | | Sec 33, Blk 6-T, T&NO Survey. |

**RW078133 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| J T Sneed, Jr Estate | Antioch Texas Gathering Co | 12/31/1990 | 405 | 743 | 103466 | | NW Sec 23, Blk 6-T, T&NO RR Co Survey; SW Sec 8, Blk |
| | | | | | | | M-1, Lee Morrison Survey. |

**RW078134 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| John M Zimmer | Anadarko Gathering Co | 1/22/1992 | 417 | 610 | 106853 | | W2N2 Sec 104, Blk 44, H&TC Survey. |

**RW078135 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Albert William Zimmer | Anadarko Gathering Co | 1/27/1992 | 417 | 598 | 106849 | | S2 Sec 104, Blk 44, H&TC Survey. |

**RW078136 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| John P Zimmer | Anadarko Gathering Co | 1/22/1992 | 417 | 601 | 106850 | | S2 Sec 104, Blk 44, H&TC Survey. |

**RW078137 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| Anna Fern Zimmer Bellah Trust | Anadarko Gathering Co | 1/22/1992 | 417 | 604 | 106851 | | S2 Sec 104, Blk 44, H&TC Survey. |

**RW078138 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| C Willienell Zimmer Haynes | Anadarko Gathering Co | 1/22/1992 | 417 | 607 | 106852 | | S2 Sec 104, Blk 44, H&TC Survey. |

**RW078139 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| John P Zimmer | Antioch Texas Gathering Co | 12/10/1990 | 405 | 735 | 103464 | | SW Sec 34, Blk 6-T, T&NO RR Co Survey |

**RW078140 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| Stephen A Zimmer | Anadarko Gathering Co | 9/10/1999 | 515 | 250 | 134937 | | NW, SW Sec 34, Blk 6T, T&NO Survey. Brown B4-34R |
| | | | 516 | 500 | 135259 | | |

**RW078141 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| Stephen A Zimmer | Anadarko Gathering Co | 9/29/1999 | 516 | 760 | 135348 | | SW Sec 34, Blk 6T, T&NO Survey. Brown C-5022-R |

**RW078142 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| John Mark Zimmer | Anadarko Gathering Co | 11/8/1999 | 518 | 640 | 135832 | | NE Sec 34, Blk 6T, T&NO Survey.  Brown B-5034-R |

**RW078143 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Stephen A Zimmer | Anadarko Gathering Co | 11/8/1999 | 518 | 643 | 135833 | | NW Sec 34, Blk 6T, T&NO Survey.  Brown B-4034-R |

**RW078144 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Anna Fern Bellah Trust | Anadarko Petroleum Corp | 5/26/1995 | | | | No rec info | Sec 64, Blk 44, H&TC Survey.  Brown 2R-64 |

**RW078145 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| C Willienell Haynes | Anadarko Petroleum Corp | 5/9/1995 | | | | No rec info | Sec 22, Blk 44, H&TC Survey.  Brown 2R-22 |

**RW078146 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Albert W Zimmer | Anadarko Gathering Co | 6/22/1995 | 460 | 909 | 119663 | | Sec 36, Blk 6T, T&NO Survey.  Brown 3R-36 Extension |

**RW078147 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Albert W Zimmer | Anadarko Petroleum Corp | 6/22/1995 | | | | No rec info | Sec 36, Blk 6T, T&NO Survey.  Brown 3R-36 Extension |

**RW078148 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Albert W Zimmer | Anadarko Gathering Co | 10/26/1999 | 517 | 267 | 135512 | | SE Sec 36, Blk 6T, T&NO Survey.  Brown D-6036-R |

**RW078149 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Albert W Zimmer Estate | Anadarko Gathering Co | 3/16/2000 | 522 | 182 | 136739 | | SW Sec 36, Blk 6T, T&NO Survey.  Brown D-5036-R |

**RW078193 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Last Will and Testament of J T Sneed Jr | Panhandle Eastern Pipe Line Company | 7/20/1944 | 83 | 204 | | | Sec 25, Blk 6T, T&NO RR Co. Survey. |

**RW078194 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| O B Atkinson et ux | Panhandle Eastern Pipe Line Company | 7/12/1944 | 82 | 442 | | | SW Sec 57, Block 44, H&TC RR Co. Survey. |

**RW078195 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| W H Coon | Panhandle Eastern Pipe Line Company | 7/10/1944 | 82 | 443 | | | SW Sec 105, Blk 44, H&TC RR Survey. |

**RW078196 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Winnie M Pinkerton | Panhandle Eastern Pipe Line Company | 11/23/1946 | 94 | 588 | | | Sec 15, Blk 44, H&TC Ry. Co Survey. |

**RW078197 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Terry Thompson, Jr. | Panhandle Eastern Pipe Line Company | 5/2/1955 | 127 | 530 | | | NW Sec 27, Blk 44, H&TC Ry. Co. Survey. |

**RW078198 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Fanny Fern Weymouth et vir | Panhandle Eastern Pipe Line Company | 10/23/1950 | 113 | 169 | | | Sec 17, 29, 27, 32 and 31, Blk 10, EL &RR Survey; Secs |
| | | | | | | | 38 and 45, Blk 3, G&M Survey; Secs 1 and 7, R.B. |
| | | | | | | | Masterson Survey. |

**RW078199 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Weymouth Corporation | Panhandle Eastern Pipe Line Company | 10/10/1979 | 291 | 494 | 64594 | | The West 455 acres of Sec 47, Blk G&M-3, Gunter and |
| | | | | | | | Munson Original Grantees; all Sec 5, R B Masterson |
| | | | | | | | Survey; Secs 16 and 20, Blk B-10, East Line and Red |
| | | | | | | | River Railroad Company Survey. |

**RW102192 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Moore County Commissioners' Court | ConocoPhillips Company | 1/9/2007 | | | | NR | One 6" gas pipeline labeled as State 4-4B loop line |
| | | | | | | | under Plum Creek Road in Sec 44, Blk 3, G&M Survey. |

**RW102438 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Joseph Harold Pool | ConocoPhillips Company | 5/30/2000 | 691 | 10 | | | King Sneed Booster site located in Sec 65, Blk 3, G&M |
| | | | | | | | Survey and described as: |
| | | | | | | | Beginning at a point from whence the NE/C of said Sec |
| | | | | | | | 65 bears N 84 deg 13'E a distance of 241' and N a |
| | | | | | | | distance of 2881'; thence S 84 deg 13' W a distance of |
| | | | | | | | 150' to a corner; thence S 05 deg 47' E a distance of |
| | | | | | | | 225' to a corner; thence N 84 deg 13' E a distance of |
| | | | | | | | 150' to a corner; thence N 05 deg 47' W a distance of |
| | | | | | | | 225' to the POB and containing 0.775 acres of land. |
| | | | | | | | Agreement combined and replaced RW077994 and RW077580. |

RE095926 / 000

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| Anadarko Petroleum Company | ConocoPhillips Comapny | 9/1/2004 | 665 | 884 | 0169257 | | TRACT NO. 1: Being a survey of 40 acres out of the |
| | | | | | | | north portion of the Matilda Robinson Survey in |
| | | | | | | | Moore County, TX, described by metes and bounds |
| | | | | | | | as follows: |
| | | | | | | | Beginning at an iron pipe set for the NE corner of the |
| | | | | | | | said Matilda Robinson Survey; thence South 1794.4 ft. |
| | | | | | | | along the east line of Matilda Robinson Survey to an |
| | | | | | | | iron Pipe for the beginning corner of this particular 40 |
| | | | | | | | acre tract; thence South 1320 ft. along said east line |
| | | | | | | | to an iron pipe at the NE corner of Phillips lease; |
| | | | | | | | thence North 89 deg 55' West 1320 ft. along the North |
| | | | | | | | line of Phillips lease to an iron pipe, thence North |
| | | | | | | | 1320 ft., thence South 89 deg 55' East 1320 ft. to the |
| | | | | | | | place of beginning and being the same property described |
| | | | | | | | in that certain Deed dated November 3, 1930, recorded in |
| | | | | | | | Bk. 46 at Pg. 363 of the records of Moore County, TX, |
| | | | | | | | wherein J. T. Sneed et ux are Grantors and Texas- |
| | | | | | | | Interstate Pipeline Company is Grantee, |
| | | | | | | | SAVE AND EXCEPT, however, and RESERVING UNTO GRANTOR the |
| | | | | | | | following described parcel being a part of TRACT NO. 1 |
| | | | | | | | described above: |

RE095926 / 000 (continued)

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| | | | | | | | Beginning at a found 2" iron pipe located on the East |
| | | | | | | | line of the Matilda Robinson Survey, said pipe being the |
| | | | | | | | NE corner of said 40 acre tract and the beginning corner |
| | | | | | | | of this parcel, thence South 0 deg 00' West on an |
| | | | | | | | assumed bearing along the East line of the Matilda |
| | | | | | | | Robinson Survey a distance of 402.60 ft.; thence North |
| | | | | | | | 89 deg 55' West a distance of 489.31 ft.; thence North 0 |
| | | | | | | | deg 00' East a distance of 402.60 ft. to a point on the |
| | | | | | | | North line of said 40 acre tract; thence South 89 deg |
| | | | | | | | 55' East along said line a distance of 489.31 ft. to the |
| | | | | | | | POB, containing 4.52 acres, more or less |
| | | | | | | | |
| | | | | | | | TRACT NO. 2: Being a part of the F. Bazemore Survey: |
| | | | | | | | Beginning at a point 3820 ft. North of the SW corner of |
| | | | | | | | the F. Bazemore Survey, in Moore County, TX; thence |
| | | | | | | | North along the West line of the F. Bazemore Survey a |
| | | | | | | | distance of 995 ft.; thence East at right angles to the |
| | | | | | | | last mentioned line a distance of 900 ft.; thence South |
| | | | | | | | at right angles to the last mentioned line a distance of |
| | | | | | | | 995 ft.; thence West at right angles to the last |
| | | | | | | | mentioned line a distance of 900 ft. to the POB, said |
| | | | | | | | tract containing 20.55 acres, more or less, situated |

**RE095926 / 000 (continued)**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| | | | | | | | wholly in Moore County, TX, Abstract #14, Certificate |
| | | | | | | | #738. Said F. Bazemore Survey is situated partly on |
| | | | | | | | Moore and partly in Hutchinson Counties, TX and is |
| | | | | | | | sometime referred to at the "F. Bozeman Survey," and |
| | | | | | | | being the same property described in that certain deed |
| | | | | | | | dated April 14, 1936, recorded in Bk. 58 at Pg. 112-113 |
| | | | | | | | of the records of Moore County, TX, wherein M. B. |
| | | | | | | | Armstrong et ux are Grantors and Panhandle Eastern Pipe |
| | | | | | | | Line Company is Grantee, |
| | | | | | | | SAVE AND EXCEPT, however, and RESERVING UNTO GRANTOR the |
| | | | | | | | following described parcel being a part of said TRACT |
| | | | | | | | NO. 2: |
| | | | | | | | Beginning at a found 1 1/4" iron pipe located on the |
| | | | | | | | West line of F. Bazemore Survey, Moore County, TX, said |
| | | | | | | | pipe being the NW corner of Tract No. 2 described above |
| | | | | | | | from which a 2" iron pipe bears North 14.5 ft.; thence |
| | | | | | | | South 0 deg 00' East on an assumed bearing along the |
| | | | | | | | West line of F. Bazemore Survey a distance of 244.86 |
| | | | | | | | ft.; thence South 90 deg 00" East a distance of 598.20 |
| | | | | | | | ft. to the true POB; thence South 0 deg 06'12" West a |
| | | | | | | | distance of 47.88 ft.; thence South 44 deg 56'28" East a |
| | | | | | | | distance of 72.86 ft.; thence South 89 deg 53'48" East a |

**RE095926 / 000 (continued)**

Schedule 2 to Exhibit A

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| | | | | | | | distance of 103.76 ft.; thence North 0 deg 06'12" East a |
| | | | | | | | distance of 99.39 ft.; thence North 89 deg 53'48" West a |
| | | | | | | | distance of 155.27 ft. to the true POB, containing 0.32 |
| | | | | | | | acres, more or less. |
| | | | | | | | |
| | | | | | | | TRACT NO. 3: Being a part of the F. Bazemore Survey, |
| | | | | | | | Moore County, TX; beginning at the SE corner of TRACT |
| | | | | | | | NO. 2 described above, said point being 3820 ft. North |
| | | | | | | | and 900 ft. East of the SW corner of the F. Bazemore |
| | | | | | | | Survey, Moore County, TX; thence North along the East |
| | | | | | | | line of said TRACT NO. 2 693 ft.; thence East at right |
| | | | | | | | angles to the last described course a distance of 428 |
| | | | | | | | ft.; thence South at right angles to last described |
| | | | | | | | course a distance of 693 ft.; thence West at right |
| | | | | | | | angles to last described course 428 ft. to the POB, |
| | | | | | | | containing 6.8 acres, more or less, and being the same |
| | | | | | | | property described in that certain deed dated August 19, |
| | | | | | | | 1946, recorded in Bk. 94 at page 190 of the records of |
| | | | | | | | Moore County, TX, wherein M. B. Armstrong, et ux are |
| | | | | | | | Grantors and Panhandle Eastern Pipe Line Company is |
| | | | | | | | Grantee, |
| | | | | | | | SAVE AND EXCEPT, however, and RESERVING UNTO GRANTOR the |

**RE095926 / 000 (continued)**

Schedule 2 to Exhibit A

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| | | | | | | | following described parcel, being a part of TRACT NO. 3 |
| | | | | | | | described above; Beginning at a found 1 1/4" iron pipe |
| | | | | | | | located on the West line of the F. Bazemore Survey, |
| | | | | | | | Moore County, TX, said pipe being the NW corner of |
| | | | | | | | TRACT NO. 2 described above, from which a 2" iron pipe |
| | | | | | | | bears North 14.5 ft.; thence South 0 deg 00' East on an |
| | | | | | | | assumed bearing along the West line of the F. Bazemore |
| | | | | | | | Survey a distance of 396.11 ft.; thence South 90 deg 00' |
| | | | | | | | East a distance of 995.50 ft. to the true POB; thence |
| | | | | | | | South 27 deg 30'20" West a distance of 82.50 ft.; thence |
| | | | | | | | South 62 deg 29'40" East a distance of 94.70 ft.; thence |
| | | | | | | | North 27 deg 30'20" East a distance of 109.80 ft.; |
| | | | | | | | thence North 80 deg 07'50" West a distance of 98.67 ft. |
| | | | | | | | to the true POB, and containing 0.21 acres, more or |
| | | | | | | | less; |
| | | | | | | | FURTHER, SAVE AND EXCEPT, however and RESERVING UNTO |
| | | | | | | | GRANTOR the following described parcel being a portion |
| | | | | | | | of TRACT NO. 2 and TRACT NO. 3 described above: |
| | | | | | | | Beginning at a found 1 1/4" iron pipe located on the |
| | | | | | | | West line of the F. Bazemore Survey, Moore County, TX, |
| | | | | | | | said pipe being the NW corner of TRACT NO. 2 described |
| | | | | | | | above, from which a 2" iron pipe bears North 14.5 ft.; |

**RE095926 / 000 (continued)**

Schedule 2 to Exhibit A

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
|        |        |      |    |    |          |         | thence South 0 deg 00' East on an assumed bearing along |
|        |        |      |    |    |          |         | the West line of the F. Bazemore Survey a distance of |
|        |        |      |    |    |          |         | 520.69 ft.; thence South 90 deg 00' East a distance of |
|        |        |      |    |    |          |         | 798.62 ft. to the true POB; thence South 0 deg 07'10" |
|        |        |      |    |    |          |         | East a distance of 65.33 ft., thence South 59 deg 21'15" |
|        |        |      |    |    |          |         | East a distance of 102.48 ft.; thence South 27 deg |
|        |        |      |    |    |          |         | 29'45" West a distance of 82.90 ft.; thence North 89 deg |
|        |        |      |    |    |          |         | 51'50" East a distance of 50.29 ft.; thence North 27 deg |
|        |        |      |    |    |          |         | 30'20" East a distance of 215.06 ft.; thence South 89 |
|        |        |      |    |    |          |         | deg 53'10" West a distance of 199.14 ft. to the true |
|        |        |      |    |    |          |         | POB, containing 0.48 acres, more or less. |

Schedule 2 to Exhibit A

**RE095927 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Anadarko Petroleum Company | ConocoPhillips Comapny | 9/1/2004 | 665 | 884 | 0169257 | | Beginning at a 1" Iron Pipe found in a fence on the West |
| | | | | | | | Line of said Freeman Bazemore Survey, also being the SW |
| | | | | | | | corner of the tract or parcel, from whence the SW corner |
| | | | | | | | of said Freeman Bazemore Survey bears South a distance |
| | | | | | | | of 3496.63 ft.; |
| | | | | | | | THENCE: North, along the West Line of said Freeman |
| | | | | | | | Bazemore Survey, a distance of 310.66 ft. to a 5/8" Iron |
| | | | | | | | Rod with cap found for the NW corner of this tract or |
| | | | | | | | parcel. |
| | | | | | | | THENCE: East a distance of 900.00 ft.; |
| | | | | | | | THENCE: East, along a fence, a distance of 428.00 ft. to |
| | | | | | | | a 5/8" Iron Rod with cap found for the NE corner of this |
| | | | | | | | tract or parcel; |
| | | | | | | | THENCE: South a distance of 310.66 ft. to a 5/8" Iron |
| | | | | | | | Rod with cap set for the SE corner of this tract or |
| | | | | | | | parcel; |
| | | | | | | | THENCE: West, a distance of 1328.00 ft. to the POB, and |
| | | | | | | | containing 9.47 acres, more or less. |

Schedule 2 to Exhibit A

## POTTER COUNTY TX

### RW077401 / 000

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|-----|-----|----------|---------|-------------------|
| The First National Bank of Amarillo, Gdn | Anadarko Production Company | 4/28/1964 | 154 | 58 | | | All that part of a strip of land 30 feet in width for |
| | | | 184 | 58 | | | the purpose of a roadway lying within Moore & |
| | | | 982 | 334 | | | Potter County, Texas, to-wit: Said road crossing the |
| | | | 982 | 58 | | | West line of Sec 55, Blk 47, H&TC Ry Co Survey, Moore |
| | | | | | | | County, Texas, at a point 2,200' south of the Northwest |
| | | | | | | | corner of Sec 55; thence in a Southeasterly direction |
| | | | | | | | over an existing road for a distance of 3,578'.  Said |
| | | | | | | | roadway will be constructed and continued from the last |
| | | | | | | | mentioned point in a Southeasterly direction for a |
| | | | | | | | distance of 3,377' to a point where it crosses the |
| | | | | | | | section line common to Sec 54 and 55, said point being |
| | | | | | | | located 6,934' South of the NW/C Sec 54, Blk 47; |
| | | | | | | | thence continuing in a Southeasterly direction for a |
| | | | | | | | distance of 231' over Sec 54 to a point where it enters |
| | | | | | | | land condemned by the USA, said point being 7,028' South |
| | | | | | | | and 212' East of NW/C of Sec 54 and containing 4.95 |
| | | | | | | | acres, more or less. |

**RW077512 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Fanny Fern Weymouth, et vir | Texas Inter-State Pipe Line Company | 12/3/1930 | 222 | 146 | | | Secs 35 & 36, Blk G&M3, Sec 35, Blk B10, EL&RR Survey. |

**RW077513 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Mary Miles Batson, et vir | Panhandle Eastern Pipeline Company | 10/7/1950 | 522 | 347 | | | Secs 105, 106 and 107, Blk 46, H&TC Ry Co Survey. |

**RW077514 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| United States of America | Panhandle Eastern Pipeline Company | 4/16/1965 | 1006 | 379 | | | Secs 105, 101, 100, 96, Blk 46, H&TC Survey, Potter |
| | | | 191 | 540 | | | County; Sec 52, Blk 3, G&M; Sec 51 and 52, Blk 47, H&TC, |
| | | | | | | | Moore County. |

**RW077515 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Mary Miles Batson, et vir | Panhandle Eastern Pipeline Company | 10/7/1950 | 522 | 321 | | | Sec 5, W T Palmer; Sec 101, Blk 46, H&TC RR Co Survey |

**RW077516 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Robert Arthur Keeter | Antioch Texas Gathering Company | 12/24/1991 | 2222 | 426 | | | Sec 102, Blk 46, H&TC RR Co. |

**RW077517 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Genna Louise Mayberry | Antioch Texas Gathering Company | 12/26/1991 | 2222 | 422 | 740804 | | Sec 102, Blk 46, H&TC RR Co. |

**RW077518 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Montye Keeter | Antioch Texas Gathering Company | 12/27/1991 | 2222 | 418 | 740803 | | Sec 102, Blk 46, H&TC RR Co. |

**RW077519 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Kathryn Gayle Keeter Thornton | Antioch Texas Gathering Company | 1/2/1992 | 2222 | 430 | 740806 | | Sec 102, Blk 46, H&TC RR Co. |

**RW077520 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Montie G Rockwell, et vir | Texas Interstante Pipe Line Comapny | 7/7/1930 | 205 | 426 | | | S2 Section 102, Block 46, H&TC RR Co Survey |

**RW077521 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| The Spool Trust | Antioch Texas Gathering Company | 1/11/1992 | 417 | 445 | 106817 | | N2 Sec 102, Blk 46, H&TC RR Co Survey. |

**RW077522 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Mary Miles Batson, et al | Anadarko Production Company, et al | 9/28/1964 | 1001 | 140 | | | Sec 11, Blk Y-2, B&B Survey; Sec 15, Blk Y-2, GB&CN RR |
| | | | 132 | 391 | | | Co Survey; Secs 43 and 46, Blk M-20, G&M Survey; J L |
| | | | | | | | Summer Survey, all in Carson County, and |
| | | | | | | | Secs 42, 43, 46, 33, 36, 38, 16, Blk M-20, G&M Survey; J |
| | | | | | | | L Summer Survey; Sec 15, Blk 2, GB&CN RR Co Survey; Sec |
| | | | | | | | 5, W T Palmer Survey, Potter County, |
| | | | | | | | and |
| | | | | | | | That portion of the following Sections not condemned by |
| | | | | | | | the USA for the Sanford Dam Project being Secs 40, 41, |
| | | | | | | | 39, 31, 15, Blk M-20, G&M Survey; Secs 101 and 103, Blk |
| | | | | | | | 46, H&TC RR Co Survey. |

**RW077523 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| Mary Miles Batson, et vir | Panhandle Eastern Pipeline Company | 10/15/1964 | 1001 | 594 | | | Secs 15 and 16, Blk M-20, G&M Survey; Sec 101, H&TC RR |
| | | | | | | | Co Survey, Blk 46. |

**RW077524 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| Miles G Bivins, et al | Texas Interstate Pipe Line Comapny | 7/28/1930 | 209 | 530 | | | Secs 39, 38, 33, 31, 15 and 16, Blk 20, G&M; Sec 5, |
| | | | | | | Unknown | W T Palmer Survey; Secs 103 and 105, Blk 46, H&TC, |
| | | | | | | | all in Potter County, Texas; and Sec 88, Blk 46, H&TC, |
| | | | | | | | Hutchinson County, Texas; and Sec 43, Blk 20, G&M, |
| | | | | | | | Carson and Potter Counties. |

**RW077525 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| Mary Miles Batson Co-Trustee | Panhandle Eastern Pipeline Company | 4/2/1964 | 980 | 37 | | | Secs 32, 39 and 43, Blk M-20, G&M Survey; Sec 8, Blk 5, |
| | | | | | | | G&M Survey. |

**RW077526 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| Mary Miles Batson, et vir | Panhandle Eastern Pipeline Company | 4/2/1964 | 980 | 40 | | | Sec 43, G&M Survey, Blk M-20. |

**RW077527 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| Berneta W Bivins | Panhandle Eastern Pipeline Company | 8/27/1951 | 557 | 471 | | | Sec 8, Blk G&M-5; Sec 97, Blk 46, H&TC RR Co Survey. |

**RW077528 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| Berneta W Bivins | Panhandle Eastern Pipeline Company | 11/28/1950 | 529 | 525 | | | Sec 99, Blk 46, H&TC RR Co Survey. |

**RW077529 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|--------|--------|------|----|----|----------|---------|-------------------|
| Berneta W Bivins | Panhandle Eastern Pipeline Company | 11/28/1950 | 529 | 531 | | | Sec 97 & 98, Blk 46, H&TC RR Co Survey. |

**RW077530 / 000**

| Lessor | Lessee | Date | Bk | Pg | Receipt # | Comment | Legal Description |
|--------|--------|------|----|----|-----------|---------|-------------------|
| T L McBride | Texas Interstate Pipe Line Company | 7/7/1930 | 529 | 529 | | | Sec 104, Blk 46, H&TC RR Co Survey. |

**RW077531 / 000**

| Lessor | Lessee | Date | Bk | Pg | Receipt # | Comment | Legal Description |
|--------|--------|------|----|----|-----------|---------|-------------------|
| Lee Walton Poling, et ux | Anadarko Gathering Company | 1/17/1992 | 2227 | 716 | 742328 | | SW Sec 43, Blk M-20, G&M Survey. |

**RW077535 / 000**

| Lessor | Lessee | Date | Bk | Pg | Receipt # | Comment | Legal Description |
|--------|--------|------|----|----|-----------|---------|-------------------|
| Berneta W Bivins | Panhandle Eastern Pipeline Company | 11/28/1950 | 529 | 521 | | | N2 Sec 100, Blk 46, H&TC RR Co Survey |

**RW077536 / 000**

| Lessor | Lessee | Date | Bk | Pg | Receipt # | Comment | Legal Description |
|--------|--------|------|----|----|-----------|---------|-------------------|
| US Department of Interior | Panhandle Eastern Pipe Line Company | 7/31/1968 | | | | Unrecorded | N2 Sec 10, Blk 46, H&TC RR Co Survey |

**RW077537 / 000**

| Lessor | Lessee | Date | Bk | Pg | Receipt # | Comment | Legal Description |
|--------|--------|------|----|----|-----------|---------|-------------------|
| Weymouth Trust | Panhandle Eastern Pipe Line Company | 6/1/1917 | | | | Unknown | SW Sec 35, S2 Sec 85, Blk 3, G&M Survey |

**RW077601 / 000**

| Lessor | Lessee | Date | Bk | Pg | Receipt # | Comment | Legal Description |
|--------|--------|------|----|----|-----------|---------|-------------------|
| Mary Miles Batson, et al | Panhandle Eastern Pipe Line Company | 7/9/1975 | 1251 | 800 | 416667 | | E2 Sec 46, Gunter and Munson Survey, Blk M-20, Carson |
| | | | 164 | 574 | 831 | | and Potter County, Texas. |

**RW077604 / 000**

| Lessor | Lessee | Date | Bk | Pg | Receipt # | Comment | Legal Description |
|--------|--------|------|----|----|-----------|---------|-------------------|
| Mary Miles Batson, et vir | Panhandle Eastern Pipe Line Company | 3/24/1950 | 495 | 537 | | | Sec 46, Gunter and Munson Survey, Blk M-20, Carson and |
| | | | 87 | 253 | | | Potter County, Texas |

**RW077605 / 000**

| Lessor | Lessee | Date | Bk | Pg | Receipt # | Comment | Legal Description |
|--------|--------|------|----|----|-----------|---------|-------------------|
| Anne Clifton Summers | Panhandle Eastern Pipeline Company | 3/23/1950 | | | | unknown | Section 1, Certificate #8F-12207 J L Summers Original |
| | | | | | | Unknown | Grantee |

**RW077735 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Fanny Fern Weymouth et vir | Panhandle Eastern Pipe Line Company | 7/22/1930 | 258 | 188 | | | Sec 37, Gunter & Munson, Blk 3 in both Potter and |
| | | | 41 | 505 | | | Moore Counties; Sec 35, Gunter & Munson Blk 3, Potter |
| | | | | | | | County. |

**RW077771 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| C E Weymouth et ux | Panhandle Eastern Pipe Line Co | 3/20/1958 | 813 | 203 | | | Secs 32, 34, 84 and 85, Block 3, G&M Survey |

**RW077987 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Four S Ranch Ltd | Anadarko Gathering Company | 12/3/1993 | 2384 | 110 | 762402 | | Sec 56, Blk 47, H&TC Survey and part of Sec 43, Blk 3, |
| | | | 441 | 780 | 113838 | | G&M Survey in Moore and Potter Counties. |

**RW078252 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Jennie M Wright | Panhandle Eastern Pipeline Company | 11/30/1950 | 529 | 529 | | | NW Sec 98,  Blk 46, H&TC RR Co Survey |

**RW078376 / 000**

| Lessor | Lessee | Date | Bk | Pg | Recept # | Comment | Legal Description |
|---|---|---|---|---|---|---|---|
| Berneta W Bivins Johnson, et vir | Panhandle Eastern Pipeline Company | 9/6/1961 | 970 | 608 | | | Sec 8, G&M Survey, Blk 5. |

**Schedule 3 to EXHIBIT A**

**<u>ROYALTY INTERESTS AND OVERRIDING ROYALTY INTERESTS</u>**

*None.*

Schedule 4 to **EXHIBIT A**

## MINERAL INTERESTS

*None.*

## Schedule 5 to EXHIBIT A

## ASSUMED CONTRACTS

**Amendments and Ratifications**
The below-described Related Contracts shall include all amendments and ratifications thereof, whether or not listed.

**CARSON COUNTY**

| CONTRACT # | ORIGINAL PARTY | OTHER PARTIES | DATE | CONTRACT TYPE | STATE | COUNTY |
|---|---|---|---|---|---|---|
| **104825** | CONTINENTAL GAS PRODUCING COMPANY | CONTINENTAL OIL COMPANY | 4/15/1965 | CERTIFICATE OF DISSOLUTION | TX | CARSON |
| **109604** | CONOCO, INC | CITIES SERVICE OIL AND GAS | 4/1/1987 | PURCHASE AGREEMENT | TX | CARSON |
| **112623** | CONOCO, INC | LARRY HARPER (D.B.A. HARCO OPERATING) | 4/8/1994 | AGREEMENT | TX | CARSON |
| **114104** | CONOCO, INC | ANNE BURNETT WINDFOHR & TEXAS CHRISTIAN UNIVERSITY | 1/9/1996 | SETTLEMENT AGREEMENT | TX | CARSON |
| **114405** | J. PAT CUNNINGHAM | CONOCO INC | 6/1/1996 | RELEASE | TX | CARSON |
| **114406** | CONOCO, INC | ERIC DEAHL COMBS, ET AL | 6/1/1996 | SETTLEMENT AGREEMENT | TX | CARSON |
| **114413** | CONOCO, INC | ROSS C. BENNETT, ET AL | 12/1/1996 | SETTLEMENT AGREEMENT | TX | CARSON |

| CONTRACT # | ORIGINAL PARTY | OTHER PARTIES | DATE | CONTRACT TYPE | STATE | COUNTY |
|---|---|---|---|---|---|---|
| **115275** CARSON | CONOCO, INC | LUXOR OIL & GAS INC | 4/26/2000 | ASSIGNMENT | TX | |
| **PHC001** | ANNE BURNETT WINDFOHR AND TEXAS CHRISTIAN UNIVERSITY | CONOCO INC | 6/5/1996 | POOLING AGREEMENT | TX | CARSON |
| **PHC003** | ANNE BURNETT WINDFOHR & TEXAS CHRISTIAN UNIVERSITY | CONOCO INC | 6/5/1996 | POOLING AGREEMENT | TX | CARSON |
| **PHC004** | ANNE BURNETT WINDFOHR & TEXAS CHRISTIAN UNIVERSITY | CONOCO INC | 6/5/1996 | POOLING AGREEMENT | TX | CARSON |
| **PHC005** | ANNE BURNETT WINDFOHR & TEXAS CHRISTIAN UNIVERSITY | CONOCO INC | 6/5/1996 | POOLING AGREEMENT | TX | CARSON |
| **PHC006** | ANNE BURNETT WINDFOHR & TEXAS CHRISTIAN UNIVERSITY | CONOCO INC | 6/5/1996 | POOLING AGREEMENT | TX | CARSON |
| **PHC007** | ANNE BURNETT WINDFOHR & TEXAS CHRISTIAN UNIVERSITY | CONOCO INC | 6/5/1996 | POOLING AGREEMENT | TX | CARSON |
| **PHC008** | ANNE BURNETT WINDFOHR & TEXAS CHRISTIAN UNIVERSITY | CONOCO INC | 6/5/1996 | POOLING AGREEMENT | TX | CARSON |
| **PHC009** | ANNE BURNETT WINDFOHR & TEXAS CHRISTIAN UNIVERSITY | CONOCO INC | 6/5/1996 | POOLING AGREEMENT | TX | CARSON |
| **PHC010** | ANNE BURNETT WINDFOHR & TEXAS CHRISTIAN UNIVERSITY | CONOCO INC | 6/5/1996 | POOLING AGREEMENT | TX | CARSON |

| CONTRACT # | ORIGINAL PARTY | OTHER PARTIES | DATE | CONTRACT TYPE | STATE | COUNTY |
|---|---|---|---|---|---|---|
| PHC011 | ANNE BURNETT WINDFOHR & TEXAS CHRISTIAN UNIVERSITY | CONOCO INC | 6/5/1996 | POOLING AGREEMENT | TX | CARSON |
| PHC012 | ANNE BURNETT WINDFOHR & TEXAS CHRISTIAN UNIVERSITY | CONOCO INC | 6/5/1996 | POOLING AGREEMENT | TX | CARSON |
| PHC013 | ANNE BURNETT WINDFOHR & TEXAS CHRISTIAN UNIVERSITY | CONOCO INC | 6/5/1996 | POOLING AGREEMENT | TX | CARSON |
| PHC014 | ANNE BURNETT WINDFOHR & TEXAS CHRISTIAN UNIVERSITY | CONOCO INC | 6/5/1996 | POOLING AGREEMENT | TX | CARSON |
| PHC015 | ANNE BURNETT WINDFOHR & TEXAS CHRISTIAN UNIVERSITY | CONOCO INC | 6/5/1996 | POOLING AGREEMENT | TX | CARSON |
| PHC018 | ANNE BURNETT WINDFOHR & TEXAS CHRISTIAN UNIVERSITY | CONOCO INC | 6/5/1996 | POOLING AGREEMENT | TX | CARSON |
| PHC019 | ANNE BURNETT WINDFOHR & TEXAS CHRISTIAN UNIVERSITY | CONOCO INC | 6/5/1996 | POOLING AGREEMENT | TX | CARSON |
| PHC020 | ANNE BURNETT WINDFOHR & TEXAS CHRISTIAN UNIVERSITY | CONOCO INC | 5/1/1998 | POOLING AGREEMENT | TX | CARSON |
| PHC021 | ANNE BURNETT WINDFOHR & TEXAS CHRISTIAN UNIVERSITY | CONOCO INC | 6/5/1996 | POOLING AGREEMENT | TX | CARSON |
| PHC023 | ANNE BURNETT WINDFOHR & TEXAS CHRISTIAN UNIVERSITY | CONOCO INC | 6/5/1996 | POOLING AGREEMENT | TX | CARSON |
| PHC028 | ANNE BURNETT WINDFOHR & TEXAS CHRISTIAN UNIVERSITY | CONOCO INC | 6/5/1996 | POOLING AGREEMENT | TX | CARSON |
| PHC029 | ANNE BURNETT WINDFOHR & TEXAS CHRISTIAN UNIVERSITY | CONOCO INC | 6/5/1996 | POOLING AGREEMENT | TX | CARSON |

| CONTRACT # COUNTY | ORIGINAL PARTY | OTHER PARTIES | DATE | CONTRACT TYPE | STATE | |
|---|---|---|---|---|---|---|
| PHC030 | J PAT CUNNINGHAM, ET AL | CONOCO INC | 7/7/2000 | POOLING AGREEMENT | TX | CARSON |
| SF-007 | A F BENNETT & ANNIE M BENNETT | PANHANDLE EASTERN PIPE LINE COMPANY | 11/2/1938 | POOLING AGREEMENT | TX | CARSON |
| SF-009 | DAISY L POLING, ET AL | PANHANDLE EASTERN PIPE LINE COMPANY | 7/1/1952 | POOLING AGREEMENT | TX | CARSON |
| SF-011 | JNO C BURNS, ET AL | PANHANDLE EASTERN PIPE LINE COMPANY | 11/25/1938 | POOLING AGREEMENT | TX | CARSON |
| SF-012 | JNO C BURNS, ET AL | PANHANDLE EASTERN PIPE LINE COMPANY | 11/20/1938 | POOLING AGREEMENT | TX | CARSON |
| SF-015 | GARLAND S SANFORD, FEME SOLE, ACTING FOR HERSELF & AS IND. EXECUTRIX OF ESTATE OF J M SANFORD, DECEASED | PANHANDLE EASTERN PIPE LINE COMPANY | 9/16/1937 | POOLING AGREEMENT | TX | CARSON |
| SF-016 | GARLAND S SANFORD, A FEME SOLE, ACTING FOR HERSELF & AS IND. EXECUTRIX OF THE ESTATE OF J M SANFORD, DECEASED, ET AL | PANHANDLE EASTERN PIPE LINE COMPANY | 9/16/1937 | POOLING AGREEMENT | TX | CARSON |
| SF-034 | DAISY L POLING, A WIDOW, ET AL | PANHANDLE EASTERN PIPE LINE COMPANY | 7/1/1952 | POOLING AGREEMENT | TX | CARSON |
| SF-038 | JNO C BURNS & E B MORGAN, TRUSTEES OF THE ESTATE OF S. B | TEXAS INTERSTATE PIPE LINE COMPANY | 6/25/1936 | POOLING AGREEMENT | TX | CARSON |

| CONTRACT # | ORIGINAL PARTY | OTHER PARTIES | DATE | CONTRACT TYPE | STATE | COUNTY |
|---|---|---|---|---|---|---|
| SF-039 | JNO C BURNS & E B MORGAN, TRUSTEES OF THE ESTATE OF S B BURNETT, DECEASED, ET AL | TEXAS INTERSTATE PIPE LINE COMPANY | 9/22/1936 | POOLING AGREEMENT | TX | CARSON |
| SF-040 | JNO C BURNS & E B MORGAN, TRUSTEES OF THE ESTATE OF S B BURNETT, DECEASED, ET AL | TEXAS INTERSTATE PIPE LINE COMPANY | 9/22/1936 | POOLING AGREEMENT | TX | CARSON |
| SF-041 | JNO C BURNS & E B MORGAN, TRUSTEES OF THE ESTATE OF S B BURNETT, DECEASED, ET AL | PANHANDLE EASTERN PIPE LINE COMPANY | 11/25/1938 | POOLING AGREEMENT | TX | CARSON |

**GAS CONTRACTS**

| CONTRACT # | ORIGINAL PARTY | OTHER PARTIES | DATE | CONTRACT TYPE | STATE | COUNTY |
|---|---|---|---|---|---|---|
| 100110 | Midstream Energy Services, LLC | ConocoPhillips Company | 8/01/2001 | GATHERING/ PROCESSING | TX | |
| 20545 | Anadarko Gathering Company | Midguard Energy Company | 2/28/1997 | PROCESSING | TX | |
| 20608 | Oneok Texas Field Services, LP | Anadarko Petroleum Company | 5/1/2003 | GAS PURCHASE | TX | |

## HUTCHISON COUNTY

**GAS CONTRACTS**

| CONTRACT # | ORIGINAL PARTY | OTHER PARTIES | DATE | CONTRACT TYPE | STATE | COUNTY |
|---|---|---|---|---|---|---|
| **100110** | Midstream Energy Services, LLC | ConocoPhillips Company | 8/01/2001 | GATHERING/ PROCESSING | TX | |
| **20545** | Anadarko Gathering Company | Midguard Energy Company | 2/28/1997 | PROCESSING | TX | |
| **20608** | Oneok Texas Field Services, LP | Anadarko Petroleum Company | 5/1/2003 | GAS PURCHASE | TX | |

## MOORE COUNTY

| CONTRACT # | ORIGINAL PARTY | OTHER PARTIES | DATE | CONTRACT TYPE | STATE | COUNTY |
|---|---|---|---|---|---|---|
| 206809 & | ANN ELIZA MASTERSON , IND & EXEC, ET AL | PANHANDLE EASTERN PIPELINE COMPANY | 8/5/1937 | UNIT AGREEMENT | TX | MOORE POTTER |
| SF-001 & | GENERAL LAND OFFICE, STATE OF TEXAS | PANHANDLE EASTERN PIPE LINE COMPANY | 2/1/1950 | POOLING AGREEMENT | TX | MOORE POTTER |
| 048757 | PHILLIPS PETROELUM COMPANY | KAISER-FRANCIS | 5/9/1990 | ACREAGE EXCHANGE | TX | MOORE |
| 049543 | PHILLIPS PETROELUM COMPANY | ANADARKO PETROLEUM CORPORATION | 3/1/1997 | SALE | TX | MOORE |
| 051569 | MAXUS EXPLORATION COMPANY | PHILLIPS PETROLEUM COMPANY | 6/29/1989 | JOA | TX | MOORE |
| 201178 | CONOCOPHILLIPS COMPANY | ANADARKO PETROLEUM CORPORATION | 9/1/2004 | ACREAGE EXCHANGE | TX | MOORE |

Schedule 5 to Exhibit A

| CONTRACT # | ORIGINAL PARTY | OTHER PARTIES | DATE | CONTRACT TYPE | STATE | COUNTY |
|---|---|---|---|---|---|---|
| 201697 | PHILLIP THOMPSON, INDIVIDUALLY AND AS TRUSTEE OF THE TERRY THOMPSON CHILDREN'S TRUST, ET AL | ANADARKO PETROLEUM CORPORATION | 4/1/2000 | AGREEMENT | TX | MOORE |
| 201698 | ANADARKO PETROLEUM CORPORATION | AMARILLO NATIONAL BANK, ET AL | 9/1/1990 | PURCHASE AGREEMENT | TX | MOORE |
| 201914 | OMA E ALLEN, ET AL | PANHANDLE EASTERN PIPE LINE COMPANY | 9/26/1939 | POOLING AGREEMENT | TX | MOORE |
| 202017 | EMMA R REDMOND, A WIDOW, ET AL | PANHANDLE EASTERN PIPE LINE COMPANY | 1/15/1941 | POOLING AGREEMENT | TX | MOORE |
| 202049 | J.T. SNEED, J.R. INDIVIDUALLY AND AS INDEPENDENT EXECUTOR OF THE ESTATE OF ZELLA SNEED, DECEASED; ELIZABETH SNEED POOL, INDIVIDUALLY AND AS INDEPENDENT EXECUTRIX OF THE ESTATE OF ZELLA SNEED, DECEASED. | TEXAS INTERSTATE PIPE LINE COMPANY | 10/30/1936 | POOLING AGREEMENT | TX | MOORE |
| 202407 | PHILLIPS PETROLEUM COMPANY | L.J. HAILE ET AL | 10/23/1952 | POOLING AGREEMENT | TX | MOORE |
| 202408 | ANADARKO PETROLEUM CORPORATION, ET AL | JT SNEED JR, ET UX, ET AL | 9/12/1995 | POOLING AGREEMENT | TX | MOORE |
| SF-006 | ALICE SNEED WEST, JOINED PRO FORMA BY HER HUSBAND J MARION WEST, ET AL | PANHANDLE EASTERN PIPE LINE COMPANY | 8/8/1939 | POOLING AGREEMENT | TX | MOORE |

| CONTRACT # | ORIGINAL PARTY | OTHER PARTIES | DATE | CONTRACT TYPE | STATE | COUNTY |
|---|---|---|---|---|---|---|
| SF-014 | D C JESTER & LAURA JESTER | PANHANDLE EASTERN PIPE LINE COMPANY | 8/29/1939 | POOLING AGREEMENT | TX | MOORE |
| SF-020 | SHAMROCK OIL AND GAS COMPANY | PHILLIPS PETROLEUM COMPANY | 2/1/1944 | AGREEMENT | TX | MOORE |
| SF-021 | PHILLIPS PETROLEUM COMPANY | J..T. SNEED, JR. ESTATE; ET AL | 4/17/1952 | POOLING AGREEMENT | TX | MOORE |
| SF-022 | SHAMROCK OIL AND GAS COMPANY | J.T. SNEED, JR AND ELIZABETH SNEED POOL, ET AL | 1/23/1937 | POOLING AGREEMENT | TX | MOORE |
| SF-023 | D N MASSAY & R A MASSAY | PANHANDLE EASTERN PIPE LINE COMPANY | 7/18/1939 | POOLING AGREEMENT | TX | MOORE |
| SF-025 | NOBLE THOMAS & LEONA BELL THOMAS, HIS WIFE, ET AL | PANHANDLE EASTERN PIPE LINE COMPANY | 11/12/1946 | POOLING AGREEMENT | TX | MOORE |
| SF-029 | SKIRBALL CULTURAL CENTER & JAMES J ZOFNESS, TRUSTEE, BANK BOSTON, NA, SUCCESSOR TRUSTEE SUCCESSOR TO GREATMORE ROYALTY CORPORATION | ANADARKO PETROLEUM CORPORATION | 7/1/1997 | POOLING AGREEMENT | TX | MOORE |
| SF-031 | WILLIAM H BROWN, A WIDOWER | PANHANDLE EASTERN PIPE LINE COMPANY | 3/25/1939 | POOLING AGREEMENT | TX | MOORE |
| SF-032 | ARTHUR NIELD & DAISY C NIELD, HIS WIFE | SINCLAIR PRAIRIE OIL COMPANY | 10/3/1936 | POOLING AGREEMENT | TX | MOORE |
| SF-033 | PHILLIPS PETROLEUM COMPANY | ANADARKO PETROLEUM CORPORATION | 1/15/1964 | ACREAGE EXCHANGE | TX | MOORE |

| CONTRACT # | ORIGINAL PARTY | OTHER PARTIES | DATE | CONTRACT TYPE | STATE | COUNTY |
|---|---|---|---|---|---|---|
| SF-035 | THE PRAIRIE OIL & GAS COMPANY | TEXAS PACIFIC COAL & OIL CO, ET AL | 12/27/1929 | AGREEMENT | TX | MOORE |
| SF-036 | H C TIPTON & WIFE SHIRLEY BENNETT TIPTON | PANHANDLE EASTERN PIPE LINE COMPANY | 6/1/1980 | POOLING AGREEMENT | TX | MOORE |
| SF-037 | D C JESTER & LAURA JESTER | TEXOMA NATURAL GAS COMPANY | 2/23/1939 | POOLING AGREEMENT | TX | MOORE |
| SF-042 | J T SNEED, JR & WIFE ZELLA SNEED | TEXAS INTER-STATE PIPE LINE COMPANY | 7/31/1930 | POOLING AGREEMENT | TX | MOORE |
| SF-043 | WILLIAM H BROWN, A WIDOWER | TEXAS- INTERSTATE PIPE LINE COMPANY | 2/16/1935 | POOLING AGREEMENT | TX | MOORE |

## GAS CONTRACTS

| CONTRACT # | ORIGINAL PARTY | OTHER PARTIES | DATE | CONTRACT TYPE | STATE | COUNTY |
|---|---|---|---|---|---|---|
| 100110 | Midstream Energy Services, LLC | ConocoPhillips Company | 8/01/2001 | GATHERING/ PROCESSING | TX | |
| 20545 | Anadarko Gathering Company | Midguard Energy Company | 2/28/1997 | PROCESSING | TX | |
| 20608 | Oneok Texas Field Services, LP | Anadarko Petroleum Company | 5/1/2003 | GAS PURCHASE | TX | |

Schedule 5 to Exhibit A

## POTTER COUNTY

| CONTRACT # | ORIGINAL PARTY | OTHER PARTIES | DATE | CONTRACT TYPE | STATE | COUNTY |
|---|---|---|---|---|---|---|
| 206809 & | ANN ELIZA MASTERSON , IND & EXEC, ET AL | PANHANDLE EASTERN PIPELINE COMPANY | 8/5/1937 | UNIT AGREEMENT | TX | MOORE POTTER |
| SF-001 & | GENERAL LAND OFFICE, STATE OF TEXAS | PANHANDLE EASTERN PIPE LINE COMPANY | 2/1/1950 | POOLING AGREEMENT | TX | MOORE POTTER |
| SF-003 | MONTIE G ROCKWELL & M H ROCKWELL, HER HUSBAND | TEXAS-INTERSTATE PIPE LINE COMPANY | 4/30/1935 | POOLING AGREEMENT | TX | POTTER |
| SF-004 | JENNIE M WRIGHT & BERT B WRIHT, HER HUSBAND & GENERAL LAND OFFICE, STATE OF TEXAS | PANHANDLE EASTERN PIPE LINE COMPANY | 8/25/1950 | POOLING AGREEMENT | TX | POTTER |

**GAS CONTRACTS**

| CONTRACT # | ORIGINAL PARTY | OTHER PARTIES | DATE | CONTRACT TYPE | STATE | COUNTY |
|---|---|---|---|---|---|---|
| 100110 | Midstream Energy Services, LLC | ConocoPhillips Company | 8/01/2001 | GATHERING/ PROCESSING | TX | |

**GAS CONTRACTS**

| CONTRACT # | ORIGINAL PARTY | OTHER PARTIES | DATE | CONTRACT TYPE | STATE | COUNTY |
|---|---|---|---|---|---|---|
| 20545 | Anadarko Gathering Company | Midguard Energy Company | 2/28/1997 | PROCESSING | TX | |
| 20608 | Oneok Texas Field Services, LP | Anadarko Petroleum Company | 5/1/2003 | GAS PURCHASE | TX | |

| Agreement | Date | Seller | Buyer |
|---|---|---|---|
| Purchase and Sale Agreement | 4/25/2013 | Millbrae Cargray LLC as Seller | Parallel Energy LP as Purchaser |
| Purchase and Sale Agreement | 9/27/2012 | Bravo Natural Gas, LLC as Seller | Parallel Energy LP as Buyer |
| Purchase and Sale Agreement | 1/31/2014 | Kimbrel Oil Corporation and KOG, LLC as Sellers | Parallel Energy LP as Buyer |
| Purchase and Sale Agreement | 7/1/2010 | ConocoPhillips Company as Seller | Bravo Natural Gas, LLC as Buyer |
| Purchase and Sale Agreement | 4/14/2011 | Bravo Natural Gas, LLC as Seller | Parallel Energy Acquisitions LP as Buyer |
| Purchase and Sale Agreement | 9/17/2014 | Millbrae Energy VII LLC as Seller | Parallel Energy LP as Purchaser |

| License | Licensee | File Number | Effective Date | Expiration Date | FCC Registration Number |
|---|---|---|---|---|---|
| Radio Station Authorization | Parallel Energy Trust | 0005700303 | 3/29/2013 | 3/29/2021 | 0021881404 |
| Radio Station Authorization | Parallel Energy Trust | 0005808703 | 8/19/2013 | 9/19/2023 | 0021881404 |
| Radio Station Authorization | Parallel Energy LP | 0005345699 | 12/27/2012 | 12/27/2022 | 0021881404 |
| Radio Station Authorization | Parallel Energy LP | 0005297862 | 10/1/2012 | 10/1/2022 | 021881404 |
| Radio Station Authorization | Parallel Energy LP | 0006231484 | 11/24/2012 | 11/27/2022 | 0021881404 |

| Contract # | Original Party | Other Parties | Date | Contract Type | State | County |
|---|---|---|---|---|---|---|
|  | Badger Midstream Energy LP | Parallel Energy LP | 7/20/2015 | Oper Expense for Gray Gadger Plant | TX | Carson |
| 100110 | Midstream Energy Services, LLC | Conoco Phillips Company | 8/1/2007 | Processing Agreement | TX | Carson |
| 100110 | Midstream Energy Services, LLC | Conoco Phillips Company | 9/1/2007 | Amendment 1 | TX | Carson |
| 100110 | Midstream Energy Services, LLC | Conoco Phillips Company | 11/1/2007 | Amendment 2 | TX | Carson |
| 100110 | Midstream Energy Services, LLC | Conoco Phillips Company | 5/15/2009 | Amendment 3 | TX | Carson |
| 100110 | Midstream Energy Services, LLC | Conoco Phillips Company | 1/1/2010 | Amendment 4 | TX | Carson |
| 100110 | Midstream Energy Services, LLC | Parallel Energy LP | 8/17/2012 | Amendment 5 | TX | Carson |
| 100110 | Midstream Energy Services, LLC | Parallel Energy LP | 8/1/2013 | Amendment 6 | TX | Carson |
| BOR1543000 | Kimbrel Oil Corporation | DCP Midstream, LP | 2/1/2011 | Gas Purchase | TX | Carson, Gray |
| NHC0545000 | Parallel Energy LP | DCP Midstream, LP | 8/1/2014 | Interruptible Gas Purchase | TX | Moore |
| 50257 | Eagle Rock Field Services, LP | Parallel Energy LP | 9/1/2012 | Interruptible Gas Purchase | TX | Carson |
| 50257 | Eagle Rock Field Services, LP | Parallel Energy LP | 1/17/2014 | Amendment | TX | Carson |
| 431621 | Oneok Texas Field Services, LP | Bluegrass Energy Inc | 6/1/2004 | Gas Purchase | TX | Roberts |
| 431621 | Oneok Texas Field Services, LP | Bluegrass Energy Inc | 4/1/2005 | Amendment | TX | Roberts |
| 431621 | Oneok Texas Field Services, LP | Bluegrass Energy Inc | 2/17/2005 | Amendment | TX | Roberts |
| 431621 | Eagle Rock Field Services, LP | Bluegrass Energy Inc | 3/1/2007 | Amendment | TX | Roberts |

| | | | | | | |
|---|---|---|---|---|---|---|
| 431287 | Oneok Texas Field Services, LP | Anadarko Petroleum Corporation | 5/1/2003 | Gas Purchase | TX | Hutchinson, Moore, Potter |
| 144822 | Natural Gas Pipeline Co. of America | Parallel Energy LP | 11/1/2014 | Transportation | TX | Carson |
| P15-1044 | Murphy Energy Corporation | Parallel Energy LP | 2/1/2015 | NGL Purchase Agreement | TX | Moore |
| 31104 | Panhandle Eastern Pipe Line Co. LP | Bravo Natural Resources, LLC | 1/1/2011 | Balancing Agreement | TX | Moore |
| | Phillips 66 Company | Parallel Energy LP | 12/13/2012 | NGL Purchase Agreement | TX | Carson |
| | Phillips 66 Company | Parallel Energy LP | 7/19/2013 | Amendment 3 | TX | Carson |
| | Phillips 66 Company | Parallel Energy LP | 1/7/2015 | Amendment 4 | TX | Carson |
| | Phillips 66 Company | Parallel Energy LP | 12/13/2012 | NGL Purchase Agreement | TX | Moore |
| | Phillips 66 Company | Parallel Energy LP | 7/19/2013 | Amendment 3 | TX | Moore |
| | Phillips 66 Company | Parallel Energy LP | 1/7/2015 | Amendment 4 | TX | Moore |
| 20545 | Anadarko Gathering Company | Midguard Energy Company | 2/28/1997 | Gas Processing | TX | Moore |
| 20545 | ConocoPhillips Company | BP America Production Company | 1/27/2010 | Amendment | TX | Moore |
| 495183 | Wicklund Petroleum Corporation | Mustang Gas Products | 8/1/2011 | Gas Purchase | OK | Garfield |
| 495183 | Wicklund Petroleum Corporation | Mustang Gas Products | 8/1/2011 | Amendment | OK | Garfield |
| | Pioneer Trucking | Parallel Energy LP | 9/17/2015 | Oil Purchase | TX | Moore |

| | | | | | | |
|---|---|---|---|---|---|---|
| | Plains All American | Parallel Energy LP | 11/1/2012 | Oil Purchase | TX | Roberts |
| | CP Energy | Parallel Energy LP | 2/1/215 | Condensate Purchase | TX | Carson, Moore |
| | Seminole Energy | Bravo Natural Resources, LLC | 12/2/2010 | Gas Purchase - NAESB | TX | Carson, Moore |
| | Tenaska Marketing Ventures | Parallel Energy LP | 10/1/2012 | Gas Purchase - NAESB | TX | Carson, Moore |
| | BP Energy | Parallel Energy LP | 11/1/2012 | Gas Purchase - NAESB | TX | Carson, Moore |
| | MacQuarie Energy | Parallel Energy LP | 11/14/2014 | Gas Purchase - NAESB | TX | Carson, Moore |
| | Freepoint Commodities | Parallel Energy LP | 11/13/2012 | Gas Purchase - NAESB | TX | Carson, Moore |

Schneider Electric End User License Agreement with Schneider Electric Software, LLC dated July 15, 2015

Software License Agreement with WIN-911 Software (a DBA of Specter Instruments, Inc.), a Delaware corporation

Software License Agreement with ABB Inc.

License Agreement between Invensys and Parallel Energy LLC (Agreement Number 104082) effective from December 10, 2014

| Type of Agreement | Date | Parties | Well | County |
|---|---|---|---|---|
| Operating Agreement | 11/11/1947 | Cabot Carbon Company, as Operator, and H.E. Schwartz, et al, as Non-Operator | Bradford #2 | Gray |
| Operating Agreement | 9/16/1957 | Cabot Carbon Company, as Operator, and U-Tex Oil Companyl, as Non-Operator | U-Tex Riggins #2 | Carson |
| Operating Agreement | 2/16/1973 | Cabot Corporation, as Operator, and Southland Royalty Company, as Non-Operator | Barrett 1G | Gray |
| Operating Agreement | 6/21/1973 | Cabot Corporation, as Operator, and B.L. Hoover, Jr., et al, as Non-Operator | Bradford #1 | Gray |
| Gas Purchase Agreement | 1/1/1993 | Cabot Oil & Gas Marketing Corporation, as Seller, and American Processing, L.P., as Buyer | Various | Carson and Gray |
| Operating Agreement | 12/1/2010 | Kimbrel Oil Corporation, as Operator, and Millbrae Cargray, LLC, as Non-Operator | Various | Carson and Gray |
| Operating Agreement | 12/1/2010 | Kimbrel Oil Corporation, as Operator, and KOG, LLC, as Non-Operator | Various | Carson and Gray |
| Operating Agreement | 12/1/2010 | Kimbrel Oil Corporation, as Operator, and Rampart Resources, LLC, as Non-Operator | Various | Carson and Gray |
| Gas Purchase Agreement | 2/1/2011 | Kimbrel Oil Corporation, as Seller, and DCP Midstream, L.P., as Buyer | Various | Carson and Gray |

| Type of Agreement | Date | Parties | Property | County |
|---|---|---|---|---|
| Operating Agreement | 10/28/1978 | Argonaut Energy Corporation, as Operator, and Cominco American, Inc., as Non-Operator | Section 5, Block B-1, H&GN Railroad Company Survey | Roberts |
| Operating Agreement | 1/21/1988 | Bison Petroleum Corporation, as Operator, and Brock Resources, Inc., as Non-Operator | Section 5, Block B-1, H&GN Railroad Company Survey | Roberts |
| Operating Agreement | 7/1/2004 | Bluegrass Energy, Inc., as Operator, and Key Production Company, Inc., et al, as Non-Operators | Section 5, Block B-1, H&GN Railroad Company Survey LESS AND EXCEPT the wellbore of the Byrum 1-5 well located 467' FNL and 617' FWL of said Section 5 | Roberts |
| Operating Agreement | 1/1/2006 | Bluegrass Energy, Inc., as Operator, and Cimarex Energy Company, et al, as Non-Operators | Section 66, Block M-2, H&GN Railroad Company Survey, containing 641.44 acres, more or less, and 31.9 acres of land, more or less, being all of that part of S.F. 15958, Nellie E. Osborne, Original Grantee, lying West of the Northward projection or extension of the East line of Section 66, Block M-2, H&GN Railroad Company Survey | Roberts |
| Farmout Agreement | | Bluegrass Energy Enhancement Fund, L.L.C., Grantor, and Cimarex Energy Co., Grantee | Section 66, Block M-2, H&GN Railroad Company Survey, containing 641.44 acres, more or less, and 31.9 acres of land, more or less, being all of that part of S.F. 15958, Nellie E. Osborne, Original Grantee, lying West of the Northward projection or extension of the East line of Section 66, Block M-2, H&GN Railroad Company Survey, from 4268' to the base of the Lower Morrow formation | Roberts |

| Type of Agreement | Date | Parties |
|---|---|---|
| Gas Purchase Agreement | 8/1/2011 | Wicklund Petroleum Corporation and Mustang Gas Products, LLC |
| Offer Letter | 8/24/2009 | W F D Oil Corp. and Millbrae Energy VII LLC |
| Oil and Gas Exploration Agreement | 3/1/2010 | Wicklund Petroleum Corporation and Millbrae Energy VII, LLC |
| Operating Agreement | 3/1/2010 | Wicklund Petroleum Corporation and Millbrae Energy VII, LLC |

| Agreement | Date | Parties | County |
|---|---|---|---|
| Gas Compression Proposal | 2/4/2013 | J-W Power Company and Parallel Energy LP | Carson |
| Gas Compression Services Proposal | 10/12/2015 | J-W Power Company and Parallel Energy | Potter |
| Gas Compression Contract | 2/4/2013 | J-W Power Company and Parallel Energy LP | Moore |

Schedule 5 to Exhibit A

**Schedule 6 to EXHIBIT A**

**<u>DEPOSITS</u>**

None.

**Schedule 7 to EXHIBIT A**

## PROPERTY COSTS TO BE PAID ON OR BEFORE CLOSING

None.

**EXHIBIT B**

Attached to and made a part of
Purchase and Sale Agreement
effective December 1, 2015
between Parallel Energy LP
and Scout Energy Group II, LP

## PENDING LITIGATION AND CLAIMS AFFECTING THE PROPERTY

None.

## EXHIBIT C

Attached to and made a part of
Purchase and Sale Agreement
effective December 1, 2015
between Parallel Energy LP
and Scout Energy Group II, LP

## FORM OF ASSIGNMENT AND BILL OF SALE

PARALLEL ENERGY LP, a Delaware limited partnership ("**ASSIGNOR**"), in consideration of the agreements set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, hereby GRANTS, SELLS, CONVEYS, ASSIGNS, AND TRANSFERS to SCOUT ENERGY GROUP II, LP, a Texas limited partnership ("**ASSIGNEE**"), all of ASSIGNOR's right, title and interest in and to the Property described in this Assignment and Bill of Sale (this "**Assignment**"), subject to the terms of this Assignment, effective as of December 1, 2015 (the "**Effective Date**"). This Assignment relates to the Purchase and Sale Agreement dated November 8, 2015, between ASSIGNOR and ASSIGNEE (the "**Purchase and Sale Agreement**").

TO HAVE AND TO HOLD the Property unto ASSIGNEE, its successors and assigns, forever, subject to the terms and matters set forth herein:

### ARTICLE I. CONVEYANCE

1.1    <u>Capitalized Terms</u>. Each capitalized term used in this Assignment that is not otherwise defined herein shall have the meaning for such capitalized term as defined in the Purchase and Sale Agreement, which terms are incorporated herein by such reference.

1.2    <u>Description of the Property</u>. The Property consists of all of ASSIGNOR's right and title to, and interest in, and all privileges and obligations appurtenant to, the following described property rights, interests, privileges and obligations (such property rights, interests, privileges and obligations, SAVE and EXCEPT the Excluded Assets described in Section 1.3, are hereafter referred to collectively as the "**Property**"):

1.2.1    All oil, gas and mineral leases, and operating rights in which ASSIGNOR holds any right, title or interest of any kind (wherever located) (the "**Leases**"), including those described in Exhibit A, Schedule 1 together with any and all other right, title and interest, including all royalty, overriding royalty, net profits and mineral interests, of ASSIGNOR in the lands (or portion thereof) described in the Leases or in Exhibit A, Schedule 1 (collectively, the "**Lands**");

1.2.2    All rights, obligations and interests in any unit or pooled area in which the Leases or Lands are included, including all rights and obligations derived from any unitization, pooling, operating, communitization or other Assumed Contract or from any Order (the "**Units**");

1.2.3    All oil, gas and condensate wells (whether producing, not producing or abandoned), water source, water injection and other injection or disposal wells and systems in which ASSIGNOR holds any right, title or interest of any kind (wherever located) (the "**Wells**") or located on the Leases or the Lands, including those wells described in Exhibit A, Schedule 1A;

1.2.4    (i) All flow lines, pipelines, gathering systems and related equipment located on the Leases, the Units, or the Permits, Easements and Surface Rights or otherwise associated with the transportation of production from the Leases, the Wells or the Units, and (ii) all facilities, equipment, compressors, booster stations, field offices, plants, meters, well pads, tank batteries, radio towers, remote terminal units, supervisory control and data acquisition (SCADA) equipment and other similar equipment, personal computer equipment, vehicles, communication equipment, improvements, fixtures, inventory, spare parts, tools, abandoned property and junk and other personal property located on the Leases, the Units, or the Permits, Easements and Surface Rights or otherwise associated with (A) operations on the Leases, the Units or the Permits, Easements and Surface Rights or (B) the sale, processing or transportation of production from Leases, the Wells and the Units, including all off-Lease facilities and other personal property described in Exhibit A, Schedule 1B (items (i) and (ii) referred to collectively as the "**Equipment**");

1.2.5    All easements, rights-of-way, licenses, permits (including to the extent transferable, FCC licenses), servitudes, surface leases, surface use agreements, surface fee tracts, and similar rights, obligations and interests applicable to or used in operating the Leases, Lands, Units, Wells, or Equipment (the "**Permits, Easements and Surface Rights**"), including those described in Exhibit A, Schedule 2;

1.2.6    All royalty, overriding royalty, net profits or other similar oil or gas interests not described above in which ASSIGNOR holds any right, title or interest of any kind (wherever located) (the "**Royalty Interests**"), including those described in Exhibit A, Schedule 3 and including all rights and obligations pertaining to the Royalty Interests under any of the Assumed Contracts (as defined below);

1.2.7    All mineral interests in which ASSIGNOR holds any right, title or interest of any kind (wherever located) (the "**Mineral Interests**"), including those described in Exhibit A, Schedule 4 and including all rights and obligations pertaining to the Mineral Interests under any of the Assumed Contracts;

1.2.8    All Contracts set forth on Exhibit A, Schedule 5 (collectively, the "**Assumed Contracts**"), including all rights, obligations and interests in all such Assumed Contracts and applicable to the other rights, titles and interests included in this definition of the term "Property";

1.2.9    Subject to Section 8.4(a) of the Purchase and Sale Agreement, all lease files, right-of-way files, well files (including well logs), production records, division order files, abstracts, title opinions, and Contract files and reservoir and field studies related to any or all of the Leases, Units, Wells, Equipment, Permits, Easements and Surface Rights, Royalty Interests,

Mineral Interests and Assumed Contracts (the "**Property Records**"), and all other tangibles, movables, immovables, miscellaneous interests or other assets on the Leases or Units;

1.2.10    To extent transferrable without payment (unless ASSIGNEE makes such payment), all (i) seismic, geological, geochemical, or geophysical data (including cores and other physical samples or materials from wells or tests) belonging to ASSIGNOR or licensed from third parties, and (ii) interpretations of seismic, geological, geochemical or geophysical data belonging to ASSIGNOR or licensed from third parties; and

1.2.11    All Claims arising from acts, omissions or events, or damage to or destruction of items following within this definition of the "Property", whether on or after the Effective Date, and all related rights, titles, claims and interests of ASSIGNOR.

1.3    <u>Exclusions from the Property</u>. The Property to be conveyed and assigned under this Assignment does not include the following, which are reserved by ASSIGNOR (the "**Excluded Assets**"):

1.3.1    To extent not transferrable without payment (unless ASSIGNEE makes such payment), all (i) seismic, geological, geochemical, or geophysical data (including cores and other physical samples or materials from wells or tests) belonging to ASSIGNOR or licensed from third parties, and (ii) interpretations of seismic, geological, geochemical or geophysical data belonging to ASSIGNOR or licensed from third parties;

1.3.2    ASSIGNOR's corporate, financial and tax records, and legal files (except title opinions, abstracts and other muniments of title), excluding tax records related to the Property;

1.3.3    (i) Employee information, internal valuation data, business plans, reserve reports, transaction proposals and related information and correspondence, business studies, bids and documents protected by any privilege, and (ii) any other records or information that would otherwise be included in the Property Records but which ASSIGNOR cannot legally provide to ASSIGNEE because of confidentiality restrictions in favor of third parties;

1.3.4    Trade credits and rebates from contractors, vendors and co-owners (including unpaid joint interest billings), and adjustments or refunds attributable to ASSIGNOR's interest in the Property that relate to any period before the Effective Date, including transportation tax credits and refunds, tariff refunds, take-or-pay claims, insurance premium adjustments, and audit adjustments under the Assumed Contracts and Excluded Contracts;

1.3.5    Claims of ASSIGNOR for refund of or loss carry forwards with respect to (i) production, windfall profit, severance, ad valorem or any other taxes attributable to any period prior to the Effective Date, (ii) income or franchise taxes and (iii) any taxes attributable to the excluded items described in this definition of "Excluded Assets";

1.3.6    Except Suspense Funds paid to ASSIGNEE pursuant to Section 14.4 of the Purchase and Sale Agreement, all deposits, cash, checks in process of collection, cash

equivalents, accounts and notes receivable and other funds attributable to any periods before the Effective Date, and security or other deposits made with third parties prior to the Effective Date;

        1.3.7     All proceeds, benefits, income or revenues with respect to the Property attributable to periods prior to the Effective Date;

        1.3.8     All swap, futures, or derivative Contracts backed by or related to the Hydrocarbons;

        1.3.9     All furniture, fixtures, equipment and other assets (other than the Property Records and subject to Section 8.4(c) of the Purchase and Sale Agreement) in ASSIGNOR's offices in Tulsa, Oklahoma, and all leases related thereto;

        1.3.10    That certain Services Agreement, dated April 7, 2010, between Parallel Energy GP LLC, a Delaware corporation, and Parallel Energy Inc., an Alberta corporation; and

        1.3.11    All of ASSIGNOR's Contracts that are not Assumed Contracts.

        1.4    <u>Purchase and Sale Agreement</u>. This Assignment is made and accepted subject to all of the terms of the Purchase and Sale Agreement, which are hereby deemed incorporated by reference into this Assignment to the fullest extent permitted by law. In the event of a conflict between the provisions of this Assignment and the provisions of the Purchase and Sale Agreement, the provisions of the Purchase and Sale Agreement shall take precedence.

        1.5    <u>Sale Order</u>. This Assignment is made and accepted subject to all of the terms and conditions of the Sale Order approved by the United States Bankruptcy Court for the District of Delaware on _____, 20__, in the bankruptcy proceedings involving ASSIGNOR (Case No. _____), a copy of such order being attached hereto as Exhibit B and incorporated herein by reference.  In the event of a conflict between the provisions of this Assignment and the provisions of the Sale Order, the provisions of the Sale Order shall take precedence.

        1.6    <u>ASSIGNEE's Assumed Obligations</u>. Except to the extent discharged by the Sale Order and the conveyance of ASSIGNOR's assets to ASSIGNEE thereunder Free and Clear (except for Permitted Encumbrances and the Assumed Obligations (as defined below)), ASSIGNEE shall assume, pay and perform all obligations, liabilities and duties with respect to the ownership and (if applicable) operation of the Property, arising on or after the Effective Date or, with respect to the items set forth below in Sections  1.6.3, 1.6.4 and 1.6.5, after the Closing Date (subject to any Upward Adjustments pursuant to Section 3.2(b) of the Purchase and Sale Agreement), together with the Plugging and Abandonment Obligations (as defined below), Environmental Obligations (as defined below), all obligations arising under the Assumed Contracts and those obligations expressly assumed or required to be performed by ASSIGNEE under this Assignment and/or the Purchase and Sale Agreement (collectively, the "**Assumed Obligations**"); provided that, for the avoidance of doubt and subject to the Upward Adjustment set forth in Section 3.2(b)(iii) of the Purchase and Sale Agreement, the Assumed Obligations hereunder do not include any liabilities, duties, or Claims related to the Chapter 11 Cases, the cost or administration of the Chapter 11 Cases, or ASSIGNOR's duties or obligations arising under the Bankruptcy Code.  Without limiting the generality of the foregoing and except to the

extent discharged by the Sale Order and the conveyance of ASSIGNOR's assets to ASSIGNEE thereunder Free and Clear (except for Permitted Encumbrances and the Assumed Obligations), the Assumed Obligations shall also specifically include the following:

1.6.1    Responsibility for payment of all Property Costs attributable to the period on and after the Effective Date that are not reflected on the Settlement Statement;

1.6.2    Responsibility for performance of all express and implied obligations and covenants under the terms of the Leases, other instruments in the chain of title, the Assumed Contracts, Permits, Easements and Surface Rights and all other Orders and Assumed Contracts to which the Property or the operation thereof is subject;

1.6.3    Subject to any Upward Adjustment pursuant to Section 3.2(b) of the Purchase and Sale Agreement, for the period on and after the Closing Date, responsibility for payment of all royalties, overriding royalties, production payments, net profits obligations, rentals, severance taxes and other burdens or encumbrances to which the Property is subject;

1.6.4    Subject to any Upward Adjustment pursuant to Section 3.2(b) of the Purchase and Sale Agreement, for the period on and after the Closing Date, responsibility for proper accounting for and disbursement of production proceeds from the Property, including Suspense Funds received from ASSIGNOR;

1.6.5    Subject to any Upward Adjustment pursuant to Section 3.2(b) of the Purchase and Sale Agreement, for the period on and after the Closing Date, responsibility for compliance with all applicable Laws and Orders pertaining to the Property, and the procurement and maintenance of all permits, consents, authorizations, and bonds required by public authorities in connection with the Property;

1.6.6    Subject to Section 14.1 of the Purchase and Sale Agreement, responsibility for all obligations with respect to Imbalances with third parties attributable to the Property; and

1.6.7    Responsibility for its taxes and expenses as provided in Article 11 of the Purchase and Sale Agreement.

1.7    Plugging and Abandonment Obligations. ASSIGNEE assumes full responsibility and liability for the following plugging and abandonment obligations related to the Property (the "**Plugging and Abandonment Obligations**"), regardless of whether they are attributable to the ownership or operation of the Property before, on or after the Effective Date and regardless of whether resulting from any acts or omissions of ASSIGNOR (INCLUDING THOSE ARISING FROM ASSIGNOR'S SOLE, JOINT, CONCURRENT OR COMPARATIVE NEGLIGENCE, STRICT LIABILITY OR OTHER FAULT) or the condition of the Property when acquired:

1.7.1    The necessary and proper plugging, replugging and abandonment of all wells included in the Property, whether plugged and abandoned before, on or after the Effective Date;

1.7.2     The necessary and proper removal, abandonment, and disposal of all structures, pipelines, facilities, equipment, abandoned property and junk comprising part of the Property;

1.7.3     The necessary and proper capping and burying of all flow lines associated with the Wells comprising part of the Property;

1.7.4     The necessary and proper restoration of the Property, both surface and subsurface, as may be required by applicable Law or Assumed Contract;

1.7.5     Any necessary clean-up or disposal of Property contaminated by naturally occurring radioactive material ("**NORM**"), as may be required by applicable Laws or Assumed Contract;

1.7.6     All obligations arising from contractual requirements and demands made by courts, authorized regulatory bodies or parties claiming a vested interest in the Property; and

1.7.7     Obtaining and maintaining all bonds, or supplemental or additional bonds, that may be required by Assumed Contract or by Governmental Authorities.

1.8     Environmental Obligations. ASSIGNEE assumes full responsibility and liability for the following occurrences, events, conditions, and activities on or related to the Property (the "**Environmental Obligations**"), regardless of whether arising from the ownership or operation of the Property before, on or after the Effective Date, and regardless of whether resulting from any acts or omissions of ASSIGNOR (INCLUDING THOSE ARISING FROM ASSIGNOR'S SOLE, JOINT, CONCURRENT, OR COMPARATIVE NEGLIGENCE, STRICT LIABILITY OR OTHER FAULT) or the condition of the Property when acquired:

1.8.1     Environmental pollution or contamination, including pollution or contamination of the soil, groundwater or air by Hydrocarbons, drilling fluid or other chemicals, brine, produced water, NORM, or any other substance;

1.8.2     Underground injection activities and waste disposal on the Property;

1.8.3     Clean-up responses, and the cost of remediation, control, assessment or compliance with respect to surface and subsurface pollution caused by spills, pits, ponds, lagoons or subsurface storage tanks;

1.8.4     Non-compliance with applicable land use, surface disturbance, licensing or notification Laws or Orders;

1.8.5     Disposal on the Property of any hazardous substances, wastes, materials and products generated by or used in connection with the ownership or operation of the Property before, on or after the Effective Date; and

1.8.6     Non-compliance with Environmental Laws.

1.9    ASSIGNEE SHALL RELEASE, INDEMNIFY, DEFEND AND HOLD ASSIGNOR HARMLESS from and against any and all Claims to the extent provided in the Purchase and Sale Agreement.

## ARTICLE 2. DISCLAIMER OF WARRANTIES

2.1    Title; Encumbrances. ASSIGNOR CONVEYS THE PROPERTY TO ASSIGNEE WITHOUT WARRANTY OF TITLE, EXPRESS, STATUTORY OR IMPLIED.    IT IS UNDERSTOOD AND AGREED THAT ANY STATEMENT OF INTERESTS IN EXHIBIT A OR IN THIS ASSIGNMENT IS NOT A WARRANTY OR REPRESENTATION BY ASSIGNOR REGARDING ASSIGNOR'S OWNERSHIP INTEREST IN THE PROPERTY. ASSIGNOR MAKES NO REPRESENTATION REGARDING, AND SHALL HAVE NO LIABILITY FOR, ANY FAILURE TO MAINTAIN ANY LEASE OR PORTION THEREOF IN ACCORDANCE WITH ITS TERMS.

SPECIFICALLY WITH RESPECT TO THE PERMITS, EASEMENTS AND SURFACE RIGHTS AND EXCEPT AS OTHERWISE SET FORTH IN SECTION 4.12 OF THE PURCHASE AND SALE AGREEMENT: (A) ASSIGNOR EXPRESSLY DISCLAIMS, AND ASSIGNEE HEREBY WAIVES, ALL WARRANTIES AND REPRESENTATIONS THAT ASSIGNOR OWNS THE PERMITS, EASEMENTS AND SURFACE RIGHTS, THAT THEY ARE IN FORCE AND EFFECT, THAT THEY MAY BE ASSIGNED, THAT THEY ARE CONTIGUOUS, THAT THE EQUIPMENT LIES WITHIN THE PERMITS, EASEMENTS AND SURFACE RIGHTS, OR THAT THEY GRANT THE RIGHT TO LAY, MAINTAIN, REPAIR, REPLACE, OPERATE, CONSTRUCT, OR REMOVE THE EQUIPMENT, AND (B)    ASSIGNOR EXPRESSLY DISCLAIMS, AND ASSIGNEE HEREBY WAIVES, ALL WARRANTIES AND REPRESENTATIONS THAT THERE ARE ANY PERMITS, EASEMENTS AND SURFACE RIGHTS IN FORCE AND EFFECT WITH RESPECT TO THE EQUIPMENT.

2.2    Condition and Fitness of the Property. ASSIGNOR CONVEYS THE PROPERTY TO ASSIGNEE WITHOUT ANY EXPRESS, STATUTORY OR IMPLIED WARRANTY OR REPRESENTATION OF ANY KIND, INCLUDING WARRANTIES RELATING TO (A) THE CONDITION OR MERCHANTABILITY OF THE PROPERTY, (B) THE FITNESS OF THE PROPERTY FOR A PARTICULAR PURPOSE, OR (C) FREEDOM FROM OTHER DEFECTS.    ASSIGNEE ACKNOWLEDGES THAT IT HAS INSPECTED AND HAS BEEN GIVEN THE OPPORTUNITY TO INSPECT, THE PROPERTY AND SUBJECT TO ASSIGNEE'S RIGHTS UNDER ARTICLE 7 OF THE PURCHASE AND SALE AGREEMENT, ACCEPTS THE PROPERTY "AS IS," "WHERE IS," AND "WITH ALL FAULTS" AND IN ITS PRESENT CONDITION AND STATE OF REPAIR.    WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, ASSIGNOR MAKES NO REPRESENTATION OR WARRANTY AS TO (I) THE VALUE, QUALITY, QUANTITY, VOLUME OR DELIVERABILITY OF ANY OIL, GAS OR OTHER MINERALS OR RESERVES (IF ANY) IN, UNDER OR ATTRIBUTABLE TO THE PROPERTY (INCLUDING PRODUCTION RATES, DECLINE RATES AND RECOMPLETION OR DRILLING OPPORTUNITIES), (II) GAS BALANCING OR PAYOUT ACCOUNT INFORMATION, ALLOWABLES, OR OTHER REGULATORY MATTERS, (III) THE PHYSICAL, OPERATING, REGULATORY COMPLIANCE, SAFETY OR

ENVIRONMENTAL CONDITION OF THE PROPERTY, (IV) PROJECTIONS AS TO EVENTS THAT COULD OR COULD NOT OCCUR, OR (V) THE GEOLOGICAL OR ENGINEERING CONDITION OF THE PROPERTY OR ANY VALUE THEREOF.

2.3    <u>Information About the Property</u>.  EXCEPT AS EXPRESSLY SET FORTH IN THE PURCHASE AND SALE AGREEMENT, THE PARTIES EACH DISCLAIM ALL LIABILITY AND RESPONSIBILITY FOR ANY REPRESENTATION, WARRANTY, STATEMENTS OR COMMUNICATIONS (ORALLY OR IN WRITING) TO THE OTHER PARTY (INCLUDING ANY INFORMATION CONTAINED IN ANY RESERVOIR STUDY, FIELD STUDY, OPINION, INFORMATION, OR ADVICE THAT MAY HAVE BEEN PROVIDED TO ANY SUCH PARTY BY ANY EMPLOYEE, OFFICER, DIRECTOR, AGENT, CONSULTANT, ENGINEER OR ENGINEERING FIRM, TRUSTEE, REPRESENTATIVE, PARTNER, MEMBER, BENEFICIARY, STOCKHOLDER OR CONTRACTOR OF SUCH DISCLAIMING PARTY OR ITS AFFILIATES) WHENEVER, WHEREVER AND HOWEVER MADE, INCLUDING THOSE MADE IN ANY DATA ROOM AND ANY SUPPLEMENTS OR AMENDMENTS THERETO OR DURING ANY NEGOTIATIONS WITH RESPECT TO THIS AGREEMENT OR ANY CONFIDENTIALITY AGREEMENT PREVIOUSLY EXECUTED BY THE PARTIES WITH RESPECT TO THE PROPERTY.  ASSIGNOR MAKES NO WARRANTY OR REPRESENTATION, EXPRESS OR IMPLIED, AS TO THE ACCURACY, COMPLETENESS, OR MATERIALITY OF ANY DATA, INFORMATION OR RECORDS FURNISHED TO ASSIGNEE IN CONNECTION WITH THE PROPERTY.   ANY DATA, INFORMATION OR OTHER RECORDS FURNISHED BY ASSIGNOR ARE PROVIDED TO ASSIGNEE AS A CONVENIENCE AND ASSIGNEE'S RELIANCE ON OR USE OF THE SAME IS AT ASSIGNEE'S SOLE RISK.

2.4    <u>NORM</u>. ASSIGNEE ACKNOWLEDGES THAT IT HAS BEEN INFORMED THAT OIL AND GAS PRODUCING FORMATIONS CAN CONTAIN NORM.  SCALE FORMATION OR SLUDGE DEPOSITS CAN CONCENTRATE LOW LEVELS OF NORM ON EQUIPMENT, MATERIALS AND OTHER PROPERTY.  SOME OR ALL OF THE EQUIPMENT, MATERIALS AND OTHER PROPERTY SUBJECT TO THIS ASSIGNMENT MAY HAVE LEVELS OF NORM ABOVE BACKGROUND LEVELS.  A HEALTH HAZARD MAY EXIST IN CONNECTION WITH THIS EQUIPMENT, MATERIALS AND OTHER PROPERTY BY REASON THEREOF.  THEREFORE, ASSIGNEE MAY NEED TO FOLLOW SAFETY PROCEDURES WHEN HANDLING THIS EQUIPMENT, MATERIALS AND OTHER PROPERTY.

2.5    <u>Subrogation of Warranties</u>. To the extent transferable, ASSIGNOR gives and grants to ASSIGNEE, its successors and assigns, full power and right of substitution and subrogation in and to all covenants and warranties (including warranties of title) given or made with respect to the Property or any part thereof by preceding owners, vendors, or others, excluding, however, ASSIGNOR or any Affiliate of ASSIGNOR.

**ARTICLE 3. OTHER PROVISIONS**

3.1     <u>Further Assurances</u>. ASSIGNOR and ASSIGNEE agree to execute and deliver from time to time such further instruments and do such other acts as may be reasonably requested and necessary to effectuate the purposes of this Assignment.

3.2     <u>Successors and Assigns</u>. This Assignment binds and inures to the benefit of the Parties their respective permitted successors and assigns, and all the terms, provisions, covenants, obligations, indemnities, representations, warranties and conditions of this Assignment shall be enforceable by the Parties and their respective permitted successors and assigns.

3.3     <u>Assumption of Obligations</u>. By its acceptance of this Assignment, ASSIGNEE shall comply with and does hereby assume and agree to perform ASSIGNEE's proportionate part of all express and implied covenants, obligations and reservations contained in the Leases and to which the Property is subject and shall bear its proportionate share of all existing burdens on the Leases, all to the extent provided in the Purchase and Sale Agreement.

3.4     <u>Counterparts</u>. This Assignment may be executed in multiple counterparts, each of which shall for all purposes constitute one and the same instrument; provided, that, to facilitate recordation, in any particular counterpart portions of the Exhibits and Schedules attached hereto which describe Property situated in states and counties other than the state and county in which such counterpart is to be recorded may have been omitted.

3.5     <u>Exhibits</u>. The Exhibits and Schedules attached to this Assignment are incorporated into and made a part of this Assignment for all purposes.  In the event of a conflict or inconsistency between the provisions of the Exhibits or Schedules and the provisions of this Assignment, the provisions of this Assignment shall take precedence.

3.6     <u>Governing Law</u>. This Assignment is governed by and must be construed according to the laws of the state in which the PROPERTY, OR APPLICABLE PORTION THEREOF TO WHICH THIS ASSIGNMENT PERTAINS, IS LOCATED, excluding any conflicts-of-law rule or principle that might apply the law of another jurisdiction.

3.7     <u>Severability</u>. If any provision of this Assignment is found by a court of competent jurisdiction to be invalid or unenforceable, that provision will be deemed modified to the extent necessary to make it valid and enforceable and if it cannot be so modified, it shall be deemed deleted and the remainder of the Assignment shall continue and remain in full force and effect.

*[Remainder of this page is left blank; signatures follow.]*

(Signatures and acknowledgements)

The authorized representatives of ASSIGNOR and ASSIGNEE execute this Assignment on the dates set forth in their respective acknowledgements hereto, but this Assignment shall be effective for all purposes as of 7:00 a.m., Central Standard Time, on the Effective Date.

**ASSIGNOR:**                                    **ASSIGNEE:**

PARALLEL ENERGY, LP                     SCOUT ENERGY GROUP II, LP


By: Parallel Energy GP, LLC,            By: Scout Energy Group II GP, LLC,
    its General Partner                         its General Partner


By: _____              By: _____

Name: _____               Name: _____

Title: _____             Title: _____

Date: _____              Date: _____


## ACKNOWLEDGMENTS


**STATE OF _____**          §
                        §
**COUNTY OF _____**         §

This instrument was acknowledged before me on _____, 20___, by _____, as _____ of Parallel Energy GP, LLC, a Delaware limited liability company and the general partner of Parallel Energy, LP, a Delaware limited partnership, on behalf of said company.

In witness whereof, I hereunto set my hand and official seal.


                                    _____

My Commission Expires:                  Notary Public in and for the
                                    State of _____

_____

**STATE OF** _____    §
                                 §
**COUNTY OF** _____    §

This instrument was acknowledged before me on _____, 20__, by _____, as _____ of Scout Energy Group II GP, LLC, a Texas limited liability company and the general partner of Scout Energy Group II, LP, a Texas limited partnership, on behalf of said company.

In witness whereof, I hereunto set my hand and official seal.


My Commission Expires:                    _____
                                          Notary Public in and for the
                                          State of _____

_____

**EXHIBIT D**

Attached to and made a part of
Purchase and Sale Agreement
effective December 1, 2015
between Parallel Energy LP
and Scout Energy Group II, LP

## CERTIFICATE OF NON-FOREIGN STATUS

This Certificate of Non-Foreign Status is being delivered pursuant to Section 8.3(c) of that certain Purchase and Sale Agreement, effective December 1, 2015, between Parallel Energy LP, a Delaware limited partnership (the "**Transferor**") and Scout Energy Group II, LP, a Texas limited partnership (the "**Transferee**").

Section 1445 of the Internal Revenue Code provides that a transferee of a U.S. real property interest must withhold tax if the transferor is a foreign person. To inform the Transferee that withholding of tax is not required upon the disposition of a U.S. real property interest by the Transferor, the undersigned hereby certifies the following on behalf of Transferor:

      1.    Transferor is not a foreign corporation, foreign partnership, foreign trust or foreign estate (as those terms are defined in the Internal Revenue Code and Income Tax Regulations);

      2.    Transferor is not a disregarded entity as defined in Section 1.1445-2(b)(2)(iii) of the Income Tax Regulations;

      3.    Transferor's U.S. employer identification number is 99-0369322; and

      4.    Transferor's office address is:

      1323 E. 71st Street
      Suite 200
      Tusla, Oklahoma 74136

Transferor understands that this certification may be disclosed to the Internal Revenue Service by the Transferee and that any false statement contained herein could be punished by fine, imprisonment or both.

Under penalties of perjury, I declare that I have examined this certification and to the best of my knowledge and belief it is true, correct and complete, and I further declare that I have authority to sign this document on behalf of Transferor.

*[Signature Page Follows.]*

518185 000003 16280506.3

Date: _____, 20____

**PARALLEL ENERGY LP**

By: Parallel Energy GP LLC, its General Partner

By: _____

Name: _____

Title: _____

**EXHIBIT E**

Attached to and made a part of
Purchase and Sale Agreement
effective December 1, 2015
between Parallel Energy LP
and Scout Energy Group II, LP

**IMBALANCES**

Processing Plant Imbalances

The Purchase Price adjustments described in Section 14.1 of the Agreement shall be calculated with respect to processing plant Imbalances on the basis of actual Imbalances as of the Effective Date times the actual weighted average price received for gas at the applicable receipt points during the full calendar month preceding the Effective Date. A net under delivered Imbalance as of the Effective Date shall result in payment being due from Seller to Purchaser, and a net over delivered Imbalance as of the Effective Date shall result in payment being due from Purchaser to Seller.

| Processing Plant | Date | Status | Amount (MMbtu) |
|---|---|---|---|
| MES Grey Badger | 9-30-15 | Under delivered | 20,040 |
| PEPL | 9-30-15 | Over delivered | 127,150 |
| Energy Transfer | 8-31-15 | Under delivered | 121,051 |
| NET | | Under delivered | 13,941 |

Wellhead Imbalances

The Purchase Price adjustments described in Section 14.1 of the Agreement shall be calculated with respect to wellhead Imbalances on the basis of actual Imbalances as of the Effective Date times $2.75 per Mcf. A net over produced Imbalance as of the Effective Date shall result in payment being due from Seller to Purchaser, and a net under produced Imbalance as of the Effective Date shall result in payment being due from Purchaser to Seller.

| Well | Date | Status | Amount (Mcf) |
|---|---|---|---|
| Barrett 1G (#11420) | 9-30-15 | Over produced | 110 |

**EXHIBIT F**

Attached to and made a part of
Purchase and Sale Agreement
effective December 1, 2015
between Parallel Energy LP
and Scout Energy Group II, LP

## <u>TAX PARTNERSHIPS</u>

None.

**EXHIBIT G**

Attached to and made a part of
Purchase and Sale Agreement
effective December 1, 2015
between Parallel Energy LP
and Scout Energy Group II, LP

## <u>CERTAIN ENVIRONMENTAL MATTERS</u>

None.

**EXHIBIT H**

Attached to and made a part of
Purchase and Sale Agreement
effective December 1, 2015
between Parallel Energy LP
and Scout Energy Group II, LP

**PREFERENTIAL RIGHTS AND CONSENTS**

Preferential Rights

| Type of Agreement | Date | Parties | Well | County | Value (for purposes of Section 7.4(a)(iii)) |
|---|---|---|---|---|---|
| Operating Agreement | 11/11/1947 | Cabot Carbon Company, as Operator, and H.E. Schwartz, et al, as Non-Operators | Bradford #2 | Gray | $25,000 |

Consents

| Type of Agreement | Date | Parties | Well | County |
|---|---|---|---|---|
| Gas Purchase Agreement | 1/1/1993 | Cabot Oil & Gas Marketing Corporation, as Seller, and American Processing, L.P., as Buyer, as amended | Various | Carson and Gray |
| Oil and Gas Lease | 6/1/2010 | Cabot Oil & Gas Corporation, as Lessor, and Millbrae Energy VII, LLC, as Lessee | | Gray |
| Pipeline Lease | 6/1/2012 | DCP Midstream, L.P., as Lessor, and Kimbrel Oil Corporation, as Lessee | Beavers #1 and Beavers #2 | Gray |

Consents (Continued):

| Doc No | Lessor | Lessee | State | County |
|--------|--------|--------|-------|--------|
| RW077756 | Anne Burnett Windfohr et al | Anadarko Gathering Co | TX | Carson |
| RW077832 | Anne Burnett Windfohr et al | Antioch Texas Gathering Company | TX | Carson |
| RW044085 | Anne Burnett Windfohr et al | Williams Natural Gas Company | TX | Carson |
| RW044106 | Anne Burnett Windfohr et al | Williams Natural Gas Company | TX | Carson |
| RW101525 | Anne Burnett Windfohr et al | ConocoPhillips Company | TX | Carson |
| RW099507 | Anne Burnett Windfohr et al | ConocoPhillips Company | TX | Carson |
| RW099508 | Anne Burnett Windfohr et al | ConocoPhillips Company | TX | Carson |
| RW077757 | J T Sneed, Jr Estate | Anadarko Petroleum Corp | TX | Moore |
| Gas Contract 100110 | Midstream Energy Services, LLC | ConocoPhillips Company | TX | |

Consents (Railroad):

| Doc No | | Lessor | Lessee | Assignment Issues | St | County |
|--------|-----|--------|--------|-------------------|-----|--------|
| RW077660 | 000 | The Atchinson, Topeka and Santa Fe RR | Panhandle Eastern Pipe Line Company | Y | TX | CARSON |
| RW077663 | 000 | The Atchinson, Topeka and Santa Fe RR | Panhandle Eastern Pipe Line Company | Y | TX | CARSON |
| RW077664 | 000 | The Panhandle and Santa Fe Railway Co. | Panhandle Eastern Pipe Line Company | Y | TX | CARSON |
| RW077840 | 000 | Chicago, Rock Island and Pacific RR Co | Panhandle Easter Pipe Line Company | Y | TX | CARSON |
| RW077929 | 000 | Chicago, Rock Island & Gulf Railway Co. | Texas Interstate Pipe Line Company | Y | TX | HUTCHINSON |
| RW077941 | 000 | Chicago, Rock Island and Pacific Railroa | Panhandle Eastern Pipe Line Company | Y | TX | HUTCHINSON |
| RW077942 | 000 | Chicago, Rock Island and Pacific Railroa | Panhandle Eastern Pipe Line Company | Y | TX | HUTCHINSON |
| RW077982 | 000 | Chicago Rock Island and Pacific Rail Co | Panhandle Eastern Pipeline Company | Y | TX | HUTCHINSON |
| RW077404 | 000 | Panhandle & Santa Fe Railway | Texas Interstate Pipeline | Y | TX | MOORE |
| RW077738 | 000 | Panhandle and Santa Fe Railway Company | Panhandle Eastern Pipe Line Company | Y | TX | MOORE |
| RW077820 | 000 | Panhandle and Santa Fe Railway Company | Panhandle Eastern Pipe Line Company | Y | TX | MOORE |
| RW043966 | 000 | PANHANDLE AND SANTA FE RAILWAY CO | CITIES SERVICE GAS COMPANY | Y | TX | CARSON |
| RW043973 | 000 | Atchison, Topeka & Santa Fe Railway | Cities Service Gas Company | Y | TX | CARSON |
| RW044094 | 000 | PANHANDLE AND SANTA FE RAILWAY CO | CITIES SERVICE GAS COMPANY | Y | TX | CARSON |
| RW044098 | 000 | PANHANDLE AND SANTA FE RAILWAY CO | CITIES SERVICE GAS COMPANY | Y | TX | CARSON |

**EXHIBIT I-1**

Attached to and made a part of
Purchase and Sale Agreement
effective December 1, 2015
between Parallel Energy LP
and Scout Energy Group II, LP

## <u>SELLER'S KNOWLEDGE PERSONS</u>

Janet L. Mc Gehee
Margaret Gwartney
Rick Miller
Tony M. Swindell

**EXHIBIT I-2**

Attached to and made a part of
Purchase and Sale Agreement
effective December 1, 2015
between Parallel Energy LP
and Scout Energy Group II, LP

## <u>BUYER'S KNOWLEDGE PERSONS</u>

John Baschab
Juan Nevarez
Todd Flott
Jon Piot

# EXHIBIT J

Attached to and made a part of
Purchase and Sale Agreement
effective December 1, 2015
between Parallel Energy LP
and Scout Energy Group II, LP

## <u>TRANSFERRED EMPLOYEES</u>

| Employee | Emp Id | Position | Dept | Type |
|---|---|---|---|---|
| Barker, Billy R | 3072 | Multi-Skilled Operator | Carson | Hourly |
| Bechtel, Kurtis W | 3037 | Multi-Skilled Operator | Carson | Hourly |
| Cabrales, Jose G | 3033 | Multi-Skilled Operator | Carson | Hourly |
| Flaharity, Larry E | 3017 | Booster Station Operator | Carson | Hourly |
| Green, Ray D | 3087 | Multi-Skilled Operator | Carson | Hourly |
| Hickman, John L | 3015 | Superintendent | Carson | Salaried |
| Horst, Kevon W | 3098 | Multi-Skilled Operator | Carson | Hourly |
| Hudson, Harmon A | 3023 | Multi-Skilled Operator | Carson | Hourly |
| Lee, Samantha N | 3062 | Administrative Assistant | Carson | Hourly |
| Lovato, Fedil L | 3105 | Multi-Skilled Operator | Carson | Hourly |
| Meraz, Daniel | 3096 | Multi-Skilled Operator | Carson | Hourly |
| Ponce, Ramon | 3041 | Multi-Skilled Operator | Carson | Hourly |
| Ponce, Ruben | 3025 | I & E Tech | Carson | Hourly |
| Poole, Greg W | 3034 | Foreman | Carson | Salaried |
| Reining, Gary T | 3027 | Booster Station Operator | Carson | Hourly |
| Tracy, Roy G | 3080 | Special Projects | Carson | Hourly |
| Brown, Timothy F | 3081 | Multi-Skilled Operator | SE Roberts | Hourly |
| Burger, Sean R | 3103 | Booster Station Operator | Sneed | Hourly |
| Childress, Derry G | 3057 | Meter Tech | Sneed | Hourly |
| Farrar, Shawn M | 3067 | Multi-Skilled Operator | Sneed | Hourly |
| Fleming, Michael T | 3060 | Booster Station Operator | Sneed | Hourly |
| Goodheart, Damon L | 3064 | Foreman | Sneed | Salaried |
| Green, Randy S | 3020 | Multi-Skilled Operator | Sneed | Hourly |
| Hammit, Gary A | 3021 | Multi-Skilled Operator | Sneed | Hourly |
| Hight, Keith D | 3065 | Multi-Skilled Operator | Sneed | Hourly |
| Jaramillo, Abel | 3095 | Multi-Skilled Operator | Sneed | Hourly |
| Johnson, Michael W | 3079 | P & M Mechanic | Sneed | Hourly |
| Lucero, Michael A | 3104 | Multi-Skilled Operator | Sneed | Hourly |
| May, Lori R | 3088 | Administrative Assistant | Sneed | Hourly |
| Reece, Jeffrey W | 3026 | Booster Station Operator | Sneed | Hourly |
| Reeves, Jim D | 3068 | Booster Station Operator | Sneed | Hourly |

| Rowlan, Jeremy R | 3089 | Multi-Skilled Operator | Sneed | Hourly |
| Slater, Michael E | 3029 | Cleaner Specialist | Sneed | Hourly |
| Smith, James R | 3030 | Mechanic | Sneed | Hourly |
| Trumbly, Mark A | 3040 | Multi-Skilled Operator | Sneed | Hourly |

**EXHIBIT K**

Attached to and made a part of
Purchase and Sale Agreement
effective December 1, 2015
between Parallel Energy LP
and Scout Energy Group II, LP

**<u>FORM OF ESCROW AGREEMENT</u>**

[*See attached*.]

*Execution Version*



## ESCROW AGREEMENT

This Escrow Agreement (this "**Agreement**"), dated November 8, 2015, is among Parallel Energy LP, a Delaware limited partnership ("**Seller**"), Scout Energy Group II, LP, a Texas limited partnership ("**Buyer**"), Canadian Imperial Bank of Commerce, a chartered bank in Canada ("**CIBC**"), and BOKF, N.A. dba Bank of Texas, a national banking corporation ("**Escrow Agent**").

**WHEREAS,** Buyer has caused or will cause certain funds to be deposited in escrow with Escrow Agent, on terms and conditions more particularly described herein and pursuant to that certain Purchase and Sale Agreement, dated of the date hereof, between Buyer and Seller (the "**Purchase Agreement**").

**WHEREAS,** Seller is a party to that certain Credit Agreement (the "**Credit Agreement**"), dated as of or around the date hereof among CIBC as administrative agent and collateral agent and the lenders party thereto.

**NOW, THEREFORE,** in consideration of the premises, the undersigned hereby agree as follows:

## ARTICLE I
## TERMS AND CONDITIONS

**1.1      Establishment of Fund.**  The undersigned have caused or will cause to be deposited with Escrow Agent the sum of Eleven Million Dollars ($11,000,000.00) (such sum, or the balance thereof remaining from time to time being referred to herein as the "**Fund**").

**1.2      Treatment of Fund.**  The monies constituting the Fund shall be deposited in a segregated, interest-bearing account pursuant to the terms of this Escrow Agreement.  Such account shall be styled "Parallel Scout Escrow" (the "**Escrow Account**" and together with the Fund and any interest, property or proceeds credited thereto, collectively, the "**Escrow Property**").

**1.3      Investment of Fund.**  The Fund shall be invested and reinvested by Escrow Agent the investments as shall be directed in writing by Buyer and Seller and as shall be acceptable to Escrow Agent until disbursed as provided in this Escrow Agreement.  Escrow Agent will provide periodic statements to Buyer and Seller reflecting transactions executed on behalf of the Fund.  Escrow Agent shall have the right to liquidate any investments held in order to make required disbursements under this Escrow Agreement.  Escrow Agent shall have no liability for any loss sustained as a result of any investment made pursuant to the instructions of Buyer and Seller or as a result of any liquidation of any investment prior to its maturity or for the failure of Buyer and Seller to give investment instructions to Escrow Agent.

**1.4      Escrow Procedure and Payment Instruction.**

**A.**      The Fund, together with all interest earned thereon, which interest shall become and remain a part of the Fund, shall be held and disbursed in accordance with the terms of this Escrow Agreement as set forth in this Section 1.4.  The parties each acknowledge that Escrow Agent is authorized to use the following funds transfer instructions to disburse funds without a verifying call-back as set forth in Section 3.2.  If distribution is in accordance with this Section 1.4, (i) with respect to amounts to be disbursed from the Fund to Buyer, by providing written instructions to Escrow Agent in the form of Exhibit A or (ii) with respect to amounts to be disbursed from the Fund to Seller, pursuant to instructions originated by CIBC directing disposition of such amounts to CIBC's Suspense Account (as hereinafter defined), as applicable pursuant to Section 1.4B., no call-back as provided in Schedule 1 is required. For the avoidance of doubt, after the disposition of such amounts to CIBC's Suspense Account, CIBC shall disburse such amounts to the Loan Account (as defined in the Credit Agreement).

If to Seller (such account being referred to herein as "**CIBC's Suspense Account**"):

|  |  |
|---|---|
| Payment Format: | MT202 /MT205 Financial Institution Transfer |
| For Bank Use Only: | Pay direct to CIBCCATT and provide cover to |

| | |
|---|---|
| Intermediary Bank: | Wells Fargo bank, NA, 375 Park Avenue, New York, NY |
| SWIFT: | PNBPUS3NNYC (ABA 026005092) |
| | (CHIPS: 0509) (CIBC's CHIP's UID: 015035) |

| | |
|---|---|
| Beneficiary Bank: | CIBC, 199 Bay St, Toronto, ON, M5L 1G9 |
| Ben Routing Code: | //CC001000002 |
| Beneficiary Name: | CIBC Asset Trading USD Suspense |
| Beneficiary Account: | /0213616 |
| Beneficiary Address: | 595 Bay Street 5th Floor, Toronto, ON M5G 2C2 |

| | |
|---|---|
| Payment Details: | Parallel Energy LP + Transaction Detail. |
| Payment Details: | CIBC as Agent Tel: 416-542-4821. |
| Details of Charges: | OUR = paid by Lender / Participant |

If to Buyer:

| | |
|---|---|
| Bank Name: | Bank of Texas |
| Bank Address: | 5956 Sherry Lane, suite 1100 |
| | Dallas, Texas 75225 |
| ABA Number: | 111014325 |
| Account Name: | Scout Energy Group II, LP |
| Account Number: | 8095286094 |

**B.**     Escrow Agent shall release the Fund as follows:

(i)     with respect to amounts to be disbursed from the Fund to Buyer, Escrow Agent shall release such amounts promptly upon receipt of joint written instructions from Buyer and Seller in the form attached hereto as Exhibit A;

(ii)     with respect to amounts to be disbursed from the Fund to Seller: (a) Seller and Buyer shall each confirm in writing to Escrow Agent that Seller is entitled to such amounts and (b) Escrow Agent agrees to comply with instructions originated by CIBC directing disposition of such amounts to CIBC's Suspense Account without further consent by Seller, or

(iii)     if a final, non-appealable judgment or order of a court of competent jurisdiction (a "**Final Court Order**") is hereafter entered with respect to a claim establishing the right to payment from the Fund, and the party presenting such Final Court Order delivers to Escrow Agent a copy of such Final Court Order and an opinion of counsel to the effect that the Final Court Order is final and non-appealable: (a) the Escrow Agent shall promptly notify the other parties to this Agreement that a copy of a Final Court Order and related opinion have been received by Escrow Agent and (b) the amount specified in the Final Court Order shall be paid by Escrow Agent pursuant to the terms of such Final Court Order no earlier than three (3) business days after Escrow Agent's delivery of such notice to such other parties and, in any event, no later than five (5) business days after Escrow Agent's delivery of such notice to such other parties; provided, however, that, with respect to any amounts to be paid to Seller pursuant to such Final Court Order and to the extent not in conflict with the terms of such Final Court Order, Escrow Agent agrees to comply with instructions originated by CIBC directing disposition of such amounts to CIBC's Suspense Account without further consent by Seller.

**1.5     Seller's limited rights in the Escrow Property.**

A.     It is the intention of the parties hereto that this Agreement create a true escrow with respect to the Escrow Property in accordance with the provisions of this Agreement, and Seller shall not have ownership of, or rights in, the Escrow Account, the Fund or any Escrow Property other than Seller's limited contractual right to receive the Escrow Property under the circumstances in Section 1.4 and the right to direct investments specified in Section 1.3 hereof.

B.     If, notwithstanding the intention of the parties set forth in Section 1.5A hereof, Seller is determined to have ownership of or right, title or interest in any Escrow Property, whether now owned or hereafter acquired, then

Seller has granted a security interest to CIBC in Seller's right, title and interest in the Escrow Property under a separate Guarantee and Collateral Agreement, dated on or around the date hereof to secure the Secured Obligations (as defined therein).  To the extent that Seller is determined to have any right, title or interest in the Escrow Property other than the limited circumstances in Sections 1.3 and 1.4 hereof, and solely to the extent to perfect CIBC's security interest in the Escrow Property, Escrow Agent hereby agrees to comply with instructions originated by CIBC with respect to the Escrow Account and any Escrow Property without further consent of Seller; provided, that any such instructions with respect to any Escrow Property that has not been released to Seller in accordance with Section 1.4 hereof shall be given with the written consent of the Buyer.

**1.6      Termination.**  This Escrow Agreement shall terminate upon the disbursement of the balance of the Fund in accordance with the provisions of Section 1.4 hereof.

**ARTICLE II**
**PROVISIONS AS TO ESCROW AGENT**

**2.1.      Limitation of Escrow Agent's Capacity.**

**A.**      This Escrow Agreement expressly and exclusively sets forth the duties of Escrow Agent with respect to any and all matters pertinent hereto, and no implied duties or obligations shall be read into this Escrow Agreement against Escrow Agent.  This Escrow Agreement constitutes the entire agreement between Escrow Agent and the other parties hereto in connection with the subject matter of this escrow, and no other agreement entered into between the parties, or any of them, shall be considered as adopted or binding, in whole or in part, upon Escrow Agent notwithstanding that any such other agreement may be referred to herein or deposited with Escrow Agent or Escrow Agent may have knowledge thereof, and Escrow Agent's rights and responsibilities shall be governed solely by this Escrow Agreement.

**B.**      Escrow Agent acts hereunder as a depository only, and is not responsible or liable in any manner whatsoever for the sufficiency, correctness, genuineness or validity of the subject matter of this Escrow Agreement or any part thereof, or for the form of execution thereof, or for the identity or authority of any person executing or depositing such subject matter.  Escrow Agent shall be under no duty to investigate or inquire as to the validity or accuracy of any document, agreement, instruction or request furnished to it hereunder believed by it to be genuine and Escrow Agent may rely and act upon, and shall not be liable for acting or not acting upon, any such document, agreement, instruction or request.  Escrow Agent shall in no way be responsible for notifying, nor shall it be its duty to notify, any party hereto or any other party interested in this Escrow Agreement of any payment required or maturity occurring under this Escrow Agreement or under the terms of any instrument deposited herewith.

**2.2      Authority to Act.**

**A.**      Escrow Agent is hereby authorized and directed by the undersigned to deliver the subject matter of this Escrow Agreement only in accordance with the provisions of Article I of this Escrow Agreement.

**B.**      Escrow Agent shall be protected in acting upon any written notice, request, waiver, consent, certificate, receipt, authorization, power of attorney or other paper or document which Escrow Agent in good faith believes to be genuine and what it purports to be, including, but not limited to, items directing investment or non-investment of funds, items requesting or authorizing release, disbursement or retainage of the subject matter of this Escrow Agreement and items amending the terms of this Escrow Agreement.

**C.**      Escrow Agent may consult with legal counsel at the joint and several cost and expense of Buyer and Seller in the event of any dispute or question as to the construction of any of the provisions hereof or its duties hereunder, and it shall incur no liability and shall be fully protected in acting in accordance with the advice of such counsel.

**D.**      In the event of any disagreement between any of the parties to this Escrow Agreement, or between any of them and any other person, resulting in adverse claims or demands being made in connection with the matters covered by this Escrow Agreement, or in the event that Escrow Agent, in good faith, be in doubt as to what action it should take hereunder, Escrow Agent may, at its option, refuse to comply with any claims or demands on it, or refuse to take any other action hereunder, so long as such disagreement continues or such doubt exists, and in any such

event, Escrow Agent shall not be or become liable in any way or to any person for its failure or refusal to act, and Escrow Agent shall be entitled to continue so to refrain from acting until (i) the rights of all interested parties shall have been fully and finally adjudicated by a court of competent jurisdiction, or (ii) all differences shall have been adjudged and all doubt resolved by agreement among all of the interested persons, and Escrow Agent shall have been notified thereof in writing signed by all such persons.  Notwithstanding the foregoing, Escrow Agent may in its discretion obey the order, judgment, decree or levy of any court, whether with or without jurisdiction, or of any agency of the United States or any political subdivision thereof, or of any agency of the State of TEXAS or of any political subdivision thereof, and Escrow Agent is hereby authorized in its sole discretion, to comply with and obey any such orders, judgments, decrees or levies.  The right of Escrow Agent under this sub-paragraph are cumulative of all other rights which it may have by law or otherwise.

       **E.**     In the event that any controversy should arise among the parties with respect to the Escrow Agreement, or should Escrow Agent resign and the parties fail to select another Escrow Agent to act in its stead, Escrow Agent shall have the right to institute a bill of interpleader in any court of competent jurisdiction to determine the rights of the parties.

**2.3**     **Compensation.**  Escrow Agent shall be entitled to reasonable compensation as well as reimbursement for its reasonable costs (equal to TWENTY-FIVE DOLLARS ($25.00) per check issued after the first twenty (20) checks are issued) and expenses incurred in connection with the performance by it of service under this Escrow Agreement (including reasonable fees and expenses of Escrow Agent's counsel) and the undersigned (other than Escrow Agent) agree to so pay Escrow Agent reasonable compensation and reimburse Escrow Agent for reasonable costs and expenses.  The parties hereto agree that escrow fees shall be due and payable in the amount of  THREE THOUSAND DOLLARS ($3,000.00) each year.  Such fees will be borne twenty-five percent (25%) by Buyer and seventy-five percent (75%) by Seller and shall be billed by Escrow Agent to Buyer and Seller and thereafter deducted from the Fund on each anniversary, if any, of the date hereof.

**2.4**     **Indemnification.**  Buyer and Seller hereby jointly and severally agree to indemnify and hold Escrow Agent, its affiliates and their officers, employees, successors, assigns, attorneys and agents (each an "Indemnified Party") harmless from all losses, costs, claims, demands, expenses, damages, penalties and attorney's fees suffered or incurred by any Indemnified Party or Escrow Agent as a result of anything which it may do or refrain from doing in connection with this Escrow Agreement or any litigation or cause of action arising from or in conjunction with this Escrow Agreement or involving the subject matter hereof or escrow funds or monies deposited hereunder or for any interest upon any such monies, including, without limitation, arising out of the negligence of Escrow Agent; provided that the foregoing indemnification shall not extend to the gross negligence or willful misconduct of Escrow Agent. This indemnity shall include, but not be limited to, all costs incurred in conjunction with any interpleader which Escrow Agent may enter into regarding this Escrow Agreement.

**2.5**     **Miscellaneous.**

       **A.**     Escrow Agent shall make no disbursement, investment or other use of funds until and unless it has collected funds.  Escrow Agent shall not be liable for collection items until the proceeds of the same in actual cash have been received or the Federal Reserve has given Escrow Agent credit for the funds.

       **B.**     Escrow Agent may resign at any time by giving thirty (30) days' prior written notice to the parties hereto.  Buyer and Seller may remove Escrow Agent by furnishing to Escrow Agent a joint written notice of its removal along with payment of all fees and expenses to which it was entitled through the date of termination.  In the event of Escrow Agent's resignation or removal, Buyer and Seller will immediately appoint a successor Escrow Agent.  Until a successor Escrow Agent has been named and accepts its appointment or until another disposition of the subject matter of this Escrow Agreement has been agreed upon by all parties hereto, Escrow Agent shall be discharged of all of its duties hereunder save to keep the subject matter whole.

       **C.**     All representations, covenants, and indemnifications contained in this Article II shall survive the termination of this Escrow Agreement.

## ARTICLE III
## GENERAL PROVISIONS

**3.1     Discharge of Escrow Agent.**  Upon the delivery of all of the subject matter or monies pursuant to the terms of this Escrow Agreement, the duties of Escrow Agent shall terminate and Escrow Agent shall be discharged from any further obligation hereunder.

**3.2     Escrow Instructions.**  Where directions or instructions from more than one of the undersigned are required, such directions or instructions may be given by separate instruments of similar tenor.  Attached hereto as Schedule 1 (the "Security Schedule") is a list of authorized signatories (with signature identification) and authorized call-back persons for each of the parties to this Escrow Agreement (other than Escrow Agent).  In the event funds transfer instructions or other disbursement instructions or directions in the form of Exhibit A to this Escrow Agreement are given in writing, whether by telecopier or otherwise, which differ from the funds transfer instructions to disburse funds without a verifying call-back that are set out in Section 1.4, Escrow Agent shall seek confirmation of such instructions or directions by telephone call-back to the person or persons designated on the Security Schedule, and Escrow Agent may rely upon the confirmation of anyone purporting to be the person or persons so designated.  The authorized signatures and the persons and telephone numbers for call-backs may be changed only in a writing actually received and acknowledged by Escrow Agent, and in the case of an addition of an authorized signatory, accompanied by an incumbency certificate with signature identification certified by an existing authorized signatory. If Escrow Agent is unable to contact any of the authorized representatives identified in the Security Schedule for call-back confirmation, Escrow Agent is hereby authorized to seek confirmation of such instructions by telephone call-back to any one or more of the party's officers.  Such officer shall deliver to Escrow Agent a fully executed incumbency certificate certified by an existing authorized signatory, and Escrow Agent may rely upon the confirmation of anyone purporting to be such officer.  Any of the undersigned may act hereunder through an agent or attorney-in-fact, provided satisfactory written evidence of authority is first furnished to any party relying on such authority.

**3.3     Notice.**  Any payment, notice, request for consent, report, or any other communication required or permitted in this Escrow Agreement shall be in writing and shall be deemed to have been given when (i) personally delivered to the party hereunder specified, (ii) transmitted via fax or e-mail to the party  hereunder specified, or (iii) placed in the United States mail, registered or certified, with return receipt requested, postage prepaid and addressed as follows:

If to Escrow Agent:

> BOKF NA, dba Bank of Texas
> Corporate Trust Department
> 5956 Sherry Lane, Suite 1201
> Dallas, TX 75225
> Attn:  Kathy McQuiston, Vice President
> Telephone: (214) 932-3061
> E-mail:  kmcquiston@bokf.com

If to Seller:

> Parallel Energy LP
> c/o Parallel Energy Inc.
> Suite 840, 517 10th Avenue SW
> Calgary, Alberta T2R 0A8
> Attention:  Mr. Richard N. Miller
> Facsimile:  (403) 781-7895
> Telephone:  (403) 781-7842
> E-mail:  rick.miller@parallelenergy.ca

> with a copy to (which shall not constitute notice):

Thompson & Knight, LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Attention:  Mr. Lawrence A. Hall
Facsimile:  (214) 999-9218
Telephone: (214) 969-1635
E-mail:  larry.hall@tklaw.com


If to Buyer:

Scout Energy Group II, LP
4901 LBJ Freeway, Suite 300
Dallas, Texas 75244
Attention: Jon Piot
Facsimile: (214) 540-8473
Telephone: (972) 277-1373
Email: jpiot@scoutep.com

with a copy to (which shall not constitute notice):

Winstead PC
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
Attention: Daniel Sargon
Facsimile: (214) 745-5390
Telephone: (214) 745-5841
Email: s.daniel@winstead.com

If to CIBC:

CIBC as Administrative Agent on behalf of the Lenders
Credit Processing Services, Global Agency Services
595 Bay Street, 5th Floor, Toronto, Ontario M5G 2C2
Attention: Wilma Sevilleja
Facsimile: 416-956-3830
Telephone: 416-542-4821
Email: Wilma.Sevilleja@cibc.ca


Any party may unilaterally designate a different address by giving notice of each such change in the manner specified above to each other party.  Notwithstanding the foregoing, no notice to Escrow Agent shall be deemed given to or received by Escrow Agent unless actually delivered to an officer of Escrow Agent having responsibility under this Escrow Agreement.

**3.4      Governing Law.**  This Escrow Agreement is being made in and is intended to be construed according to the laws of the State of Texas.  It shall inure to and be binding upon the parties hereto and their respective successors, heirs and assigns.

**3.5      Construction.**  Words used in the singular number may include the plural and the plural may include the singular.  The section headings appearing in this instrument have been inserted for convenience only and shall be given no substantive meaning or significance whatsoever in construing the terms and conditions of this Escrow Agreement.

**3.6      Amendment.**  The terms of this Escrow Agreement may be altered, amended, modified or revoked only by an instrument in writing signed by the undersigned and Escrow Agent.

**3.7**    **Force Majeure**.  Escrow Agent shall not be liable to the undersigned for any loss or damage arising out of any acts of God, strikes, equipment or transmission failure, war, terrorism, or any other act or circumstance beyond the reasonable control of Escrow Agent.

**3.8**    **Written Agreement.**  This Escrow Agreement represents the final agreement between the parties, and may not be contradicted by evidence of prior, contemporaneous or subsequent oral agreements of the parties.  There are no unwritten oral agreements between the parties.  Notwithstanding the foregoing, as between Buyer and Seller, this Escrow Agreement is made, delivered and subject to the Purchase Agreement, which shall survive the delivery of this Escrow Agreement in accordance with its terms.

[<em>Signature Pages Follow</em>]

EXECUTED as of the dates set forth below.

**PARALLEL ENERGY LP**

By: Parallel Energy GP LLC, its General Partner

Date:  November ___, 2015

By:_____

Name:

Title:

**SCOUT ENERGY GROUP II, LP**

By: Scout Energy Group II GP, LLC, its General Partner

Date:  November ___, 2015                    By:_____
                                             Name:
                                             Title:

**CANADIAN IMPERIAL BANK OF COMMERCE**

Date:  November ___, 2015

By:_____
Name:
Title:

Date:  November ___, 2015

By:_____
Name:
Title:

BOKF, NA dba BANK OF TEXAS, Escrow Agent, hereby accepts its appointment as Escrow Agent as described in the foregoing Escrow Agreement, subject to the terms and conditions set forth therein.

**BOKF, NA dba BANK OF TEXAS**

Date:  November ___, 2015

By: _____

Name: _____

Title: _____

## EXHIBIT A

### DISBURSEMENT REQUEST

Pursuant to that certain Escrow Agreement dated effective November 8, 2015 among Parallel Energy LP, Scout Energy Group II, LP, Canadian Imperial Bank of Commerce, and BOKF, N.A. dba Bank of Texas the parties hereto hereby request disbursement of funds in the amount and manner described below from account number 820934016 styled "Parallel Scout Escrow."

**Please disburse to:** _____

**Amount to disburse:** _____

**Form of disbursement:** _____

_____

_____

IN WITNESS WHEREOF:  the parties hereto have executed this Agreement in multiple counterparts, each of which is and shall be considered an original for all intents and purposes, effective as of the date first written above.

**PARALLEL ENERGY LP**                    **SCOUT ENERGY GROUP II, LP**

By:    Parallel Energy GP LLC,              By:    Scout Energy Group II GP, LLC,
       its General Partner                          its General Partner

By:    _____            By:    _____

Name:  _____            Name:  _____

Title: _____            Title: _____

Date:  _____            Date:  _____

Schedule 1

**SECURITY SCHEDULE**

**Telephone Number(s) for Call-Backs and
Person(s) Designated to Confirm Funds Transfer Instructions and
Execute Instructions, and Other Documents in Connection with this
Escrow Agreement (Acquisitions)**


If to Seller:

| Name | Telephone Number | Signature Identification |
|------|------------------|--------------------------|
| 1.  Richard N. Miller | (403) 781-7842 | _____ |
| 2.  _____ | _____ | _____ |
| 3.  _____ | _____ | _____ |


If to Buyer:

| Name | Telephone Number | Signature Identification |
|------|------------------|--------------------------|
| 1.  Todd Flott | (214) 385-5830 | _____ |
| 2.  Jon Piot | (214) 418-1603 | _____ |
| 3.  John Baschab | (214) 418-0581 | _____ |


Authorized Signatories of CIBC:

| Name | Telephone Number | Signature Identification |
|------|------------------|--------------------------|
| 1.  Doug Brown, Vice President and Deputy, CIBC Special Loans | (416) 980-5437 | _____ |
| 2.  Supriya Sarin, Senior Director, CIBC Special Loans | (416) 304-8609 | _____ |
| 3.  _____ | _____ | _____ |

Telephone call-backs shall be made to Seller and Buyer if joint instructions are required pursuant to this Escrow Agreement.

**EXHIBIT L**

Attached to and made a part of
Purchase and Sale Agreement
effective December 1, 2015
between Parallel Energy LP
and Scout Energy Group II, LP

<u>**FORM OF BIDDING PROCEDURES MOTION**</u>

**EXHIBIT M**

Attached to and made a part of
Purchase and Sale Agreement
effective December 1, 2015
between Parallel Energy LP
and Scout Energy Group II, LP

**<u>FORM OF BID PROCEDURES ORDER</u>**