IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PARALLEL ENERGY LP, et al.[1] | § | Case No. 15-12263 (KG) |
| | § | (Joint Administration Requested) |
| Debtors. | § | |
| | § | **Related D.I.: 6** |

**INTERIM ORDER (A) AUTHORIZING THE PAYMENT OF (I) OPERATING EXPENSES, (II) JOINT INTEREST BILLINGS, (III) TRANSPORTATION AND WAREHOUSING CLAIMS, AND (IV) 503(B)(9) CLAIMS, AND (B) CONFIRMING ADMINISTRATIVE EXPENSE PRIORITY OF OUTSTANDING ORDERS**

Having considered the Debtors'[2] *Motion for Interim and Final Orders (a) Authorizing the Payment of Certain Pre-Petition (i) Operating Expenses, (ii) Joint Interest Billings, (iii) Transportation and Warehousing Claims and (iv) 503(b)(9) Claims and (b) Confirming Administrative Expenses Priority of Outstanding Orders* (the "Motion"), the Miller Declaration, and the evidence and arguments presented at the hearing, the Court finds that: (a) jurisdiction over the matters in the Motion is proper pursuant to 28 U.S.C. §§1334 and 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; (b) this matter is a core proceeding pursuant to 23 U.S.C. § 157(b)(2); (c) that this Court may enter interim order consistent with Article III of the United States Constitution; (d) venue is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409; (e) proper and adequate notice of the Motion has been provided and no further notice is needed; (f) the relief sought in the Motion is in the best interests of the Debtors' estates,

---

[1] The Debtors are Parallel Energy LP and Parallel Energy GP LLC.

[2] All capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

{BAY:02804250v2}

1

518185 000003 16149439.6

their creditors, and all parties-in-interest; and (g) good and sufficient cause exists for granting the relief requested in the Motion. Accordingly, it is

**ORDERED** that the Motion is **GRANTED** on interim basis as set forth herein. It is further

**ORDERED** that the Debtors are authorized, but not directed, to pay pre-petition Operating Expenses, Joint Interest Billings, and Shipping Claims, and section 503(b)(9) Claims in an amount not to exceed the Critical Vendor Basket of $300,000. It is further

**ORDERED** that the Debtors are authorized, but not directed, to pay pre-petition Warehousing Claims in an amount not to exceed $400,000. It is further

**ORDERED** that all undisputed obligations related to the Outstanding Orders are granted administrative expense priority in accordance with section 503(b)(1)(A) of the Bankruptcy Code. It is further

**ORDERED** that the Debtors are authorized to pay all undisputed amounts related to the Outstanding Orders in the ordinary course of business consistent with the parties' customary practices in effect prior to the Petition Date. It is further

**ORDERED** that all applicable banks and financial institutions on which checks were drawn or electronic payment requests were made in payment of the pre-petition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the debtors' designation of any particular check or electronic payment request as approved by this Interim Order. It is further

{BAY:02804250v2}

2

518185 000003 16149439.6

**ORDERED** that notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Interim Order or any payment made pursuant to this Interim Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtors, a waiver of the Debtors' rights to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code. It is further

**ORDERED** that the Debtors are authorized to issue post-petition checks, or to affect post-petition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to pre-petition amounts owed in connection with any of the Obligations. It is further

**ORDERED** that notwithstanding anything to the contrary in this Interim Order or the Motion, any payment, obligations, or other relief authorized by this Interim Order shall be subject to the terms, conditions, and limitations of the order of this Court approving any debtor-in-possession financing and cash collateral use, including any budget in connection therewith. It is further

**ORDERED** that the notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a). It is further

**ORDERED** that the Debtors, their officers, employees, and agents, are authorized to take or refrain from taking such acts as are necessary and appropriate to implement and effectuate the relief requested herein. It is further

**ORDERED** that, notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective immediately and enforceable upon its entry [handwritten: 12:00 PM]. It is further [handwritten: ORDERED that a final hearing will be held on December 2 at ~~9:30 a.m.~~ Objections are due November 30 at 4 p.m.] **ORDERED** that this Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

Dated: [handwritten: November 10], 2015
Wilmington, Delaware

_____
United States Bankruptcy Judge