# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PARALLEL ENERGY LP, et al.[1] | § | Case No. 15-12263 (KG) |
| | § | (Jointly Administered) |
| Debtors. | § | |
| | § | **Related D.I. Nos.: 78, 79, 142, 143,** |
| | § | **144** |

## ORDER APPROVING MOTION OF THE DEBTORS FOR AN ORDER AUTHORIZING AND APPROVING IMPLEMENTATION OF KEY EMPLOYEE INCENTIVE PROGRAM AND KEY EMPLOYEE RETENTION PROGRAM PURSUANT TO SECTIONS 363(b), 503(b), AND 503(c) OF THE BANKRUPTCY CODE

Having considered the Debtors' *Motion to Implement Key Employee Incentive Program and Non-Insider Key Employee Retention Program Pursuant to Sections 105(a), 363(b), 503(b) and 503(c) of the Bankruptcy Code* (the "Motion")[2]; (b) the *Declarations of Tony Swindell* [D.I. 144] and *Brian L. Cumberland* [D.I. 145] *in Support of the Motion of the Debtors to Implement Key Employee Incentive Program and Non-Insider Key Employee Retention Program Pursuant to Sections 105(a), 363(b), 503(b), and 503(c) of the Bankruptcy Code*; (c) the *Reply in Support of Motion of the Debtors to Implement Key Employee Incentive Program and Non-Insider Key Employee Retention Program* (the "Reply"); and (d) the evidence and arguments presented at the hearing, the Court finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334(b); (ii) this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interest of

---

[1] The Debtors in this case and the last four digits of each Debtor's taxpayer identification number are as follows: Parallel Energy LP (9322); and Parallel Energy GP, LLC (9321). The Debtors' principal offices are located at 1323 E. 71st Street, Suite 200, Tulsa, OK 74136.

[2] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

{BAY:02834661v1}

the Debtors, their estates and their creditors; (iv) proper and adequate notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary, (v) and the record herein after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein. Therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as provided herein.

2. The Debtors are authorized to implement the Key Employee Incentive Program (the "KEIP") and the non-insider Key Employee Retention Program (the "KERP", and together with the KEIP, the "Key Employee Programs").

3. The Key Employee Programs are **APPROVED**. Notwithstanding the foregoing, the Stage 1 KEIP payments are payable if (a) the Sale is closed by February 4, 2016 and (b) there are no defaults that result in termination of the Purchase and Sale Agreement, the Restructuring Support Agreement, or the Debtor-In-Possession Credit Agreement, including, but not limited to, a default due to (i) expenditures exceeding 110% of anticipated costs based on historical averages; (ii) the failure to achieve net revenues of at least 90% of estimated net revenue based on previously forecasted production rates and commodity prices at the time of filing; and (iii) the failure to achieve production targets.

4. Any payments earned by the KEIP Participants and/or the KERP Participants under the Key Employee Programs shall be entitled to administrative expense priority pursuant to sections 503(b)(1) and 503(c)(3) of the Bankruptcy Code.

5. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

6. The Debtors are authorized and empowered to take such actions and may be necessary and appropriate to implement the terms of this Order.

Dated: December 28, 2015
Wilmington, Delaware

*[signature]*
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE